Matthew T. Christensen, ISB: 7213
J. Justin May, ISB: 5818
JOHNSON MAY
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
       jjm@johnsonmaylaw.com


Krystal Mikkilineni, *PHV pending*
Robert E. Richards, *PHV pending*
Tirzah Roussell, *PHV pending*
DENTONS
215 10th Street, Ste 1300
Des Moines, IA 50309
Phone: (515) 288-2500
Fax: (515) 243-0654
Email: krystal.mikkilineni@dentons.com
       Robert.richards@dentons.com
       Tirzah.roussell@dentons.com

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re<br><br>IDAHO JERSEY GIRLS, LLC,<br><br>                    Debtor. | Case No. 24-40159-NGH<br><br>DEBTORS' *EX PARTE* EMERGENCY MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b) |

Millenkamp Cattle, Inc.; Idaho Jersey Girls, LLC; East Valley Cattle, LLC; Millenkamp Properties, L.L.C.; Millenkamp Properties II, LLC; Millenkamp Family LLC; Goose Ranch LLC; Idaho Jersey Girls Jerome Dairy LLC; Black Pine Cattle LLC; and Millenkamp Enterprises LLC (each, a "Debtor"; together, the "Debtors"), move the Court pursuant to Bankruptcy Code § 105 and Bankruptcy Rule 1015(b) for an order directing the joint administration of their respective Chapter 11 cases under the lead case of Millenkamp Cattle, Inc., Case 24-40158-NGH.  This motion is based on the files and records herein and the Declaration of Bill Millenkamp filed in Case No. 24-40158-NGH in support of this motion.

1. **Background**

Each of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on April 2, 2024.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  *Id.*  No trustee, examiner, or unsecured creditors' committee has been appointed in any of the Debtors' cases.  *Id.*

The Debtors are ten affiliates that collectively own and operate several businesses, including a calf ranch raising approximately 50,000 calves located in Jerome, Idaho; a dairy heifer feedlot in Declo, Idaho, raising approximately 60,000 head of dairy cattle; a dairy operation at the Declo facility where the dairy cattle are milked several times a day; farming operations in Jerome, Twin Falls and Cassia counties; and custom harvest & trucking throughout the Magic Valley. Millenkamp Decl., ¶ 7-24.  While ten legal entities, the Debtors operate as a single enterprise, which includes common usage of debt and banking facilities.  *Id.*  William and Susan Millenkamp are the members (with Bill acting as managing member) of Idaho Jersey Girls, LLC, Goose Ranch LLC, Idaho Jersey Girls Jerome Diary LLC, Millenkamp Enterprises LLC, Black Pine Cattle, LLC

and East Valley Cattle, LLC.  *Id.*  Millenkamp Family LLC, by its Mangers William and Susan Millenkamp, is a member or Millenkamp Properties, LLC, Millenkamp Properties II, LLC, and Goose Ranch, LLC.  William and Susan Millenkamp are the shareholders of Millenkamp Cattle, Inc., with Bill acting as President.

2. **Joint Administration**

To administer the Debtors' pending reorganization cases economically, the Debtors request that their cases be jointly administered for procedural purposes.  Pursuant to Bankruptcy Rule 1015(b), "[i]f … two or more petitions are pending in the same court by or against … (4) a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b). An affiliate is an entity that "20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor …."  11 U.S.C. § 101(2).  As set forth above, each Debtor in these cases is an affiliate of another Debtor.  Further, Section 105 of the Bankruptcy Code provides this Court with the power to order joint administration of chapter 11 cases. Under section 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).

Joint administration is typical when related debtors seek to employ similar reorganization strategies, and when the success of one entity may depend on success of another. *See* 9 COLLIER ON BANKRUPTCY, ¶1015.03 (15th ed. Rev. 2008). Rule 1015 promotes the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark.

1986); *In re H & S Transportation Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985). As set forth in the official 1983 Advisory Committee Note to Rule 1015:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Many of the motions, hearings, and orders that will arise in these Chapter 11 proceedings will jointly affect all of the Debtors. Joint administration will ease the onerous burden of filing and mailing duplicative pleadings in each of the cases, and will thereby reduce the fees and costs arising from the administration of the cases. Joint administration will also relieve the Court of the burden of entering duplicative orders and the Clerk's Office of maintaining duplicative files and dockets.

Joint administration will not adversely affect any of the Debtors' respective creditors. This motion does not seek substantive consolidation of the cases. Therefore, creditors will be able to file claims against a specific Debtor or multiple Debtors, while benefiting from the reduced expense of joint administration.

3. **Proposed Procedure for Joint Administration**

The Debtors propose the following procedure for joint administration:

a. The use of single docket and caption, with the Millenkamp Cattle, Inc., Case designated as the lead case (*In re Millenkamp Cattle, Inc., et al.*, Case No. 24-40158-NGH), for administrative matters, including the filing, lodging, and docketing of pleadings and orders. All interested parties shall be directed to use the caption attached hereto as Exhibit "1." Each pleading or paper filed, however, shall designate which of the Debtors are affected by or is a

party to the subject filing;

      b.      The combining of notices to creditors and interested parties;

      c.      The joint scheduling of hearings;

      d.      The combining of financial reporting by the Debtors;

      e.      The joint and several liability of the estates for allowed professional fees and costs;

      f.      The joint handling of administrative matters; and

      g.      Notice of the joint administration of the estates will be separately filed and docketed in the Cases in a form substantially similar to the form in Exhibit "2." In Debtors' case, creditors and interested parties will be directed to the Millenkamp Cattle, Inc. case to locate all pleadings filed subsequent to the date on which the Court enters an order authorizing the joint administration of the Cases.

Based on the foregoing, the Debtors respectfully request the immediate entry of an *ex parte* order providing for the joint administration of the Debtors' Chapter 11 cases under the lead case of Millenkamp Cattle, Inc.

      DATED this 2nd day of April 2024.

                                              JOHNSON MAY

                                              /s/ Matt Christensen
                                              MATTHEW T. CHRISTENSEN
                                              Attorney for the Debtor

**(EXHIBIT 1 – Caption)**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**(EXHIBIT 2 – Proposed Notice)**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No. 24-40158-NGH |
| Filing relates to:<br><br>☒ ALL DEBTORS<br>☐ Millenkamp Cattle, Inc.<br>☐ Idaho Jersey Girls<br>☐ East Valley Cattle<br>☐ Millenkamp Properties<br>☐ Millenkamp Properties II<br>☐ Millenkamp Family<br>☐ Goose Ranch<br>☐ Black Pine Cattle<br>☐ Millenkamp Enterprises<br>☐ Idaho Jersey Girls Jerome Dairy | Jointly Administered With<br>Case Nos.:<br><br>24-40159-NGH (Idaho Jersey Girls)<br>24-40160-NGH (East Valley Cattle)<br>24-40161-NGH (Millenkamp Properties)<br>24-40162-NGH (Millenkamp Properties II)<br>24-40163-NGH (Millenkamp Family)<br>24-40164-NGH (Goose Ranch)<br>24-40166-NGH (Black Pine Cattle)<br>24-40167-NGH (Millenkamp Enterprises)<br>24-40165-NGH (Idaho Jersey Girls Jerome Dairy)<br><br>Chapter 11 Cases |

**NOTICE OF JOINT ADMINISTRATION OF CASES AND**

**REQUIREMENTS FOR FILING DOCUMENTS**

**TO ALL INTERESTED PARTIES:**

On _____, 2024, an order was entered granting a motion to approve joint administration of cases pursuant to FRBP 1015, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents:** All documents filed must contain a caption substantially the same format and content as the caption of this notice.

2. **Debtors Affected by a Filed Document:** All documents filed must indicated, by checking appropriate boxes, the debtor or debtors affected by the filed document.

3. **Filing Documents on Main Case Docket:** Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case:** Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Notice of Appearance and Request for Notice:** To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Notice of Appearance and Request for Notice.