J.B. Evans (SBN 10537)
evans.jb@dorsey.com
DORSEY & WHITNEY LLP
101 South Capitol Boulevard Suite 1701
Boise, ID 83702
Telephone:  (208) 617-2550
Facsimile:  (208) 545-5343

*Attorneys for Creditor Western States Equipment Company*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>MILLENKAMP CATTLE, INC.,<br><br>Debtor. | Case No.  24-40158-NGH<br><br>Chapter 11 |

**MOTION TO CONDITION USE OF WSECO's EQUIPMENT
ON RECEIPT OF ADEQUATE PROTECTION**

Western States Equipment Company ("***WSECO***"), a Creditor, moves this Court to condition the use of WSECO's Equipment upon adequate protection (this "***Motion***") pursuant to sections 361 and 363(e) of the Bankruptcy Code in the case of debtor Millenkamp Cattle, Inc. ("***MK Cattle***").[1] By the Motion, WSECO respectfully requests that the Court enter an order conditioning the use of WSECO's Equipment (as defined below) on receipt of adequate protection

---

[1] A number of MK Cattle affiliates also filed bankruptcy petitions on April 2, 2024, and MK Cattle has moved for joint administration of such cases. [Dkt. No. 3]. The affiliated entities are Idaho Jersey Girls LLC; East Valley Cattle, LLC; Millenkamp Properties, L.L.C.; Millenkamp Properties II LLC; Millenkamp Family LLC; Goose Ranch, LLC; Idaho Jersey Girls Jerome Dairy LLC; Black Pine Cattle LLC; and Millenkamp Enterprises LLC (together with MK Cattle, the "***Debtors***").

MOTION TO CONDITION USE OF WSECO's EQUIPMENT ON RECEIPT OF ADEQUATE PROTECTION - 1
4882-8474-0019\4

as requested herein.  This Motion is supported by the Declaration of Alex J. Freter filed contemporaneously herewith (the "*Freter Decl.*").

### A.  FACTUAL BACKGROUND

On or about July 1, 2022, WSECO and MK Cattle entered into a Rental Agreement (together with the terms and conditions applicable thereto, the "*Previous Rental Agreement*") pursuant to which WSECO provided equipment to MK Cattle on the terms and conditions set forth therein.  *See* Freter Decl. ¶ 2. The equipment that WSECO provided and continues to provide to MK Cattle consists of Caterpillar loaders that are absolutely essential to the survival of the Debtors' livestock. *See id.* ¶ 3. Without the loaders or like replacements, the Debtors' livestock will surely die. *See id.*

On February 16, 2024, the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada (the "*Receivership Court*") entered an order (the "*Receivership Order*," giving rise to the "*Receivership Case*") appointing Ampleo as the court-appointed receiver (the "*Receiver*") of certain of the assets of MK Cattle and its affiliates and principals ("*Receivership Assets*"). WSECO did not appear in the Receivership Case and WSECO's Equipment was not included among the Receivership Assets, although the Receivership needed the WSECO Equipment for operations.  The Receivership Order required that the Receiver approve and be a party to any agreement proposed to be entered into on behalf of MK Cattle.

On March 8, 2024, WSECO provided MK Cattle with notice of the occurrence of an Event of Default under the Previous Rental Agreement (the "*Event of Default*"). *See* Freter Decl. ¶ 4. MK Cattle did not dispute the occurrence of the Event of Default and began negotiating with WSECO and the Receiver to ensure a path to the continued use of WSECO's equipment.  *See id.*

MOTION TO CONDITION USE OF WSECO's EQUIPMENT ON RECEIPT OF ADEQUATE PROTECTION - 2

WSECO, MK Cattle, and the Receiver entered into an Amended and Restated Rental Agreement, dated as of March 25, 2024 (the "**Rental Agreement**"). *See id.*, Ex. A; ¶ 5. Pursuant to the terms of the Rental Agreement, WSECO agreed to rent forty-one units of Caterpillar equipment to MK Cattle ("**WSECO's Equipment**") through June 30, 2024, in exchange for, among other things, (1) rent and expense payments for April 2024 ($171,097.42), May 2024 ($173,268.74), and June 2024 ($175,440.05) and (2) Back Rent payments (as defined in the Rental Agreement) totaling $596,071.03. *See id.* ¶ 6. The parties agreed that the Back Rent payments would be paid in three equal installments of $198,690.34 on April 15, May 15, and June 15, 2024. *See id.*

In addition, the Rental Agreement also contained the following key provisions:

- Upon the occurrence of an Event of Default (as defined in the Rental Agreement), WSECO shall have the immediate right to physical possession of the WSECO Equipment, and MK Cattle shall not use or add hours to any of the WSECO Equipment other than for the purpose of preparing the equipment for delivery and return to WSECO.

- MK Cattle agreed to file a motion to assume the Rental Agreement within three days of its bankruptcy petition filing date (the "**Motion to Assume**").

- MK Cattle agreed to surrender the equipment either on July 1, 2024, or immediately upon the occurrence of an uncured Event of Default.

- MK Cattle agreed to cooperate with and not oppose the entry of a Writ of Replevin upon the occurrence of an Event of Default.

*See id.*, Ex. A.

On April 2, 2024, MK Cattle filed a petition under chapter 11 of the Bankruptcy Code, initiating the above-captioned bankruptcy case (the "**Bankruptcy Case**"). WSECO's Equipment

MOTION TO CONDITION USE OF WSECO's EQUIPMENT ON RECEIPT OF ADEQUATE PROTECTION - 3

is at risk during the early stages of the Bankruptcy Case due to the continuing, near-nonstop use of the Equipment to sustain MK Cattle and Debtors' operations. *See id.* ¶ 7. Although insurance and other provisions of the agreement are important to adequately protect WSECO, each hour of use of the WSECO's Equipment causes it to depreciate to WSECO's detriment, such that if WSECO does not receive timely payments for the WSECO Equipment or, alternatively, immediate possession of the WSECO Equipment, then it is not adequately protected in the Bankruptcy Case. *See id.*

### B. LEGAL ARGUMENT

By this Motion, WSECO seeks an order from the Court pursuant to sections 361 and 363(e) of the Bankruptcy Code, providing WSECO with adequate protection of its interest in the Equipment by (1) requiring MK Cattle to timely issue the payments called for by the Rental Agreement, (2) requiring MK Cattle to maintain the required insurance coverage on WSECO's Equipment, (3) requiring MK Cattle to immediately assemble and surrender the WSECO Equipment to WSECO at a reasonable location of WSECO's choosing upon the earlier of the occurrence of an uncured Event of Default or July 1, 2024, (4) confirming that WSECO has no obligation to continue renting any equipment to MK Cattle after June 30, 2024, (5) prohibiting all use of WSECO's Equipment after July 1, 2024, and, if necessary, (6) providing for the immediate termination of the automatic stay provided by 11 U.S.C. § 362 and the issuance of a Writ of Replevin by this Court requiring the immediate surrender and return of WSECO's Equipment to WSECO.

Because the Rental Agreement only extends through June 30, 2024, and the WSECO Equipment is depreciating by each hour of use, WSECO asserts that sufficient cause exists that it is appropriate for the Court to enter such an order on shortened time pursuant to Federal Rule of

MOTION TO CONDITION USE OF WSECO's EQUIPMENT ON RECEIPT OF ADEQUATE PROTECTION - 4

Bankruptcy Procedure 9006(c), as requested in the Motion to Shorten Time filed contemporaneously herewith.[2] As a matter of administrative efficiency, and to the extent permissible in the view of the Court, the Motion may best be considered in connection with the Debtor's first-day motion hearing on April 4, 2024, or in connection with the Motion to Assume that MK Cattle will file on or before April 5, 2024.

When adequate protection is required in connection with the lease of property, a debtor may provide a lessor with such adequate protection by making cash payments or "granting such other relief . . . as will result in the realization by [the lessor] of the indubitable equivalent of such [lessor's] interest in such property." 11 U.S.C. § 361. Here, adequate protection of WSECO's interests as lessor is required by section 363(e), which provides, in relevant part:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

11 U.S.C. § 363(e). The last sentence of section 363(e) expressly applies to the Rental Agreement, which is an unexpired lease of personal property from WSECO to MK Cattle.

Here, MK Cattle is in possession and use of the WSECO Equipment and, absent timely payments from MK Cattle, then WSECO's interest in the value of the WSECO Equipment is not adequately protected. Without such payments, WSECO's only protection from nonpayment and further depreciation of the WSECO Equipment is repossession.

---

[2] Federal Rule of Bankruptcy Procedure 9006(c) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

MOTION TO CONDITION USE OF WSECO's EQUIPMENT ON RECEIPT OF ADEQUATE PROTECTION - 5

Accordingly, WSECO requests that the Court enter an order conditioning MK Cattle's continued use of the WSECO Equipment pursuant to section 363(e) by (1) requiring MK Cattle to timely issue the payments called for by the Rental Agreement, (2) requiring MK Cattle to maintain the required insurance coverage on WSECO's Equipment, (3) requiring MK Cattle to immediately assemble and surrender the WSECO Equipment to WSECO at a reasonable location of WSECO's choosing upon the earlier of the occurrence of an uncured Event of Default or July 1, 2024, (4) confirming that WSECO has no obligation to continue renting any equipment to MK Cattle after June 30, 2024, (5) prohibiting all use of WSECO's Equipment after July 1, 2024, and, if necessary (6) providing for the immediate termination of the automatic stay provided by 11 U.S.C. § 362 and the issuance of a Writ of Replevin by this Court requiring the immediate surrender and return of WSECO's Equipment to WSECO.

MK Cattle and the Debtors desperately need the WSECO Equipment to sustain operations and reorganize as a going concern. Without the WSECO Equipment or similar replacement equipment, the parties anticipate that cattle will die *en masse*, thus crippling the reorganization before it begins. The WSECO Equipment is WSECO's property—not the Debtors—and must be adequately protected. Without such protection, WSECO is unfairly required to bear the risk of the success of a reorganization for the benefit of others while its interests remain unprotected.

WSECO's Equipment is used heavily every day, resulting in substantial and ongoing depreciation of WSECO's Equipment each hour. *See id.* ¶¶ 3,7. For this reason, WSECO requests that the Court enter an order granting the Motion pursuant to Federal Rule of Bankruptcy Procedure 9006(c) and the Motion to Shorten Time filed contemporaneously herewith either (1) on an immediate and *ex parte* basis, or (2) immediately following an emergency hearing on the Motion to occur on April 4, 2024. WSECO has provided adequate notice of the Motion to all

parties-in-interest as required by the Federal and Local Rules of Bankruptcy Procedure and does not anticipate that any other party-in-interest will oppose the Motion due to the critical importance of the Equipment to the Debtors' operations.

### C. CONCLUSION

Based on the foregoing, WSECO respectfully requests that the Court enter an order granting the Motion and 1) requiring MK Cattle to timely issue the payments called for by the Rental Agreement, (2) requiring MK Cattle to maintain the required insurance coverage on WSECO's Equipment, (3) requiring MK Cattle to immediately assemble and surrender the WSECO Equipment to WSECO at a reasonable location of WSECO's choosing upon the earlier of the occurrence of an uncured Event of Default or July 1, 2024, (4) confirming that WSECO has no obligation to continue renting any equipment to MK Cattle after June 30, 2024, (5) prohibiting all use of WSECO's Equipment after July 1, 2024, and, if necessary (6) providing for the immediate termination of the automatic stay provided by 11 U.S.C. §362 and the issuance of a Writ of Replevin by the Court requiring the immediate return of WSECO's Equipment to WSECO. Pursuant to the Motion to Shorten Time filed contemporaneously herewith, WSECO further requests that such an order be ordered immediately, either on an *ex parte basis* or after the consideration of the Motion at the hearing on April 4, 2024.

DATED this 3rd day of April, 2024.

                                             DORSEY & WHITNEY LLP

                                             */s/ J.B. Evans*

                                             J.B. Evans
                                             Attorneys for Creditor
                                             Western States Equipment Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of April 2024, I filed the foregoing **MOTION TO CONDITION USE OF WSECO's EQUIPMENT ON RECEIPT OF ADEQUATE PROTECTION** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

| | |
|---|---|
| U.S. Trustee, Brett R. Cahoon | ustp.region18.bs.ecf@usdoj.gov |
| Matthew T. Christensen | mtc@johnsonmaylaw.com |
| Kimbell D. Gourley | kgourley@idalaw.com |
| Scott C. Powers | spowers@spencerfane.com |
| Sheila Rae Schwager | sschwager@hawleytroxell.com |
| Brent R. Wilson | bwilson@hawleytroxell.com |
| Daniel C. Green | dan@racineolson.com |
| Heidi Buck Morrison | heidi@racineolson.com |

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participant(s) in the manner indicated:

Via First Class Mail, postage prepaid addressed as follows:

| | | |
|---|---|---|
| US Trustee<br>550 West Fort St Ste 698<br>Boise, ID  83724-0101 | Matthew T. Christensen<br>Johnson May, PLLC<br>199 N Capitol Blvd Ste 200<br>Boise ID  83702-6197 | Twin Falls<br>U.S. Bankruptcy Court<br>801 East Sherman<br>Pocatello, ID  83201-5730 |
| MetLife Real Estate Lending LLC<br>c/o Kimbell D. Gourley<br>POB 1097<br>Boise, ID  83701-1097 | Rabo AgriFinance LLC<br>c/o Sheila R. Schwager<br>P.O. Box 1617<br>Boise, ID  83701-1617 | Viterra USA Grain, LLC<br>Viterra USA Ingre<br>c/o Racine Olson, PLLP<br>P.O. Box 1391<br>Pocatello, ID  83204-1391 |
| Metropolitan Life Insurance Company<br>c/o Kimbell D. Gourley<br>POB 1097<br>Boise, ID  83701-1097 | | |

/s/ J.B. Evans<br>
J.B. Evans