CASSIA COUNTY
RECORDED FOR:
TITLEONE - TWIN FALLS
12:57:30 PM  04-21-2021
**2021-002100**
NO. PAGES: 12      FEE: $44.00
**JOSEPH W. LARSEN**
**COUNTY CLERK**
**DEPUTY: EV**
Electronically Recorded by Simplifile

WHEN RECORDED RETURN TO:
MetLife Real Estate Lending LLC
c/o MetLife Investment Management
Agricultural Investments
205 E. River Park Circle, Suite 430
Fresno, California  93720
Attn: Director

Loan Nos. 201559, 201560
18311603-B

(space above reserved for recorder's use)

### SECOND AMENDMENT TO MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING

### (Cassia County and Jerome County, Idaho)

THIS SECOND AMENDMENT TO MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING (this "**Amendment**") is made effective as of April 21, 2021, by and among WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"); IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**") (W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, Goose Ranch and Millenkamp Properties are herein individually and collectively, "**Grantor**"), to and in favor of METLIFE REAL ESTATE LENDING LLC, a Delaware limited liability company ("**Mortgagee**").

<u>RECITALS</u>

A.      Mortgagee has made loans in the combined total original principal sum of up to $178,400,000.00 (the "**Existing Loans**") to Grantor, Millenkamp Cattle, Inc., an Idaho corporation ("**Millenkamp Cattle**"), Millenkamp Family LLC, an Idaho limited liability company ("**Millenkamp Family**"), and Millenkamp Properties II LLC, an Idaho limited liability company ("**Millenkamp Properties II**") (Grantor, Millenkamp Cattle, Millenkamp Family and Millenkamp Properties II are individually and collectively, "**Borrower**") evidenced by (i) that certain Promissory Note A by Borrower in favor of Mortgagee in the original principal amount of $106,000,000.00 dated September 26, 2018, (ii) that certain Promissory Note B by Borrower in favor of Mortgagee in the original principal amount of up to $59,400,000.00 dated September 26, 2018, and (iii) that certain Promissory Note C by Borrower in favor of Mortgagee in the original principal amount of $13,000,000.00 dated April 15, 2020 (collectively, the "**Existing Notes**").  The Existing Notes are secured by that certain Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing dated as of September 26, 2018 and recorded October 1, 2018 as Instrument No. 2018-003845 in the records of Cassia County, Idaho, and as Instrument No. 2184031 in the records of Jerome County, Idaho, executed by Grantor for the benefit of Mortgagee, as amended by that certain First Amendment thereto dated as of April 15, 2020 and recorded April 15, 2020 as Instrument No. 2020-001707 in the records of Cassia County, Idaho, and as Instrument No. 2201724 in the records of Jerome County, Idaho (as amended, the "**Mortgage**"), encumbering certain real personal property located in Cassia County and

Second Amendment to Mortgage
Millenkamp
Loan Nos. 201559, 201560
109806962.3 0053564-00504


**EXHIBIT**
**9**

WHEN RECORDED RETURN TO:
MetLife Real Estate Lending LLC
c/o MetLife Investment Management
Agricultural Investments
205 E. River Park Circle, Suite 430
Fresno, California  93720
Attn: Director

**Instrument # 2212265**
JEROME COUNTY, JEROME, IDAHO
04-21-2021    12:27:54 PM    No. of Pages: 12
Recorded for: TITLEONE - TWIN FALLS
MICHELLE EMERSON    Fee: $45.00
Ex-Officio Recorder Deputy: jw
Electronically Recorded by Simplifile

Loan Nos. 201559, 201560
18311603-B

(space above reserved for recorder's use)

## SECOND AMENDMENT TO MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING

### (Cassia County and Jerome County, Idaho)

THIS SECOND AMENDMENT TO MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT AND FIXTURE FILING (this "**Amendment**") is made effective as of April 21, 2021, by and among WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"); IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**") (W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, Goose Ranch and Millenkamp Properties are herein individually and collectively, "**Grantor**"), to and in favor of METLIFE REAL ESTATE LENDING LLC, a Delaware limited liability company ("**Mortgagee**").

<u>RECITALS</u>

A.      Mortgagee has made loans in the combined total original principal sum of up to $178,400,000.00 (the "**Existing Loans**") to Grantor, Millenkamp Cattle, Inc., an Idaho corporation ("**Millenkamp Cattle**"), Millenkamp Family LLC, an Idaho limited liability company ("**Millenkamp Family**"), and Millenkamp Properties II LLC, an Idaho limited liability company ("**Millenkamp Properties II**") (Grantor, Millenkamp Cattle, Millenkamp Family and Millenkamp Properties II are individually and collectively, "**Borrower**") evidenced by (i) that certain Promissory Note A by Borrower in favor of Mortgagee in the original principal amount of $106,000,000.00 dated September 26, 2018, (ii) that certain Promissory Note B by Borrower in favor of Mortgagee in the original principal amount of up to $59,400,000.00 dated September 26, 2018, and (iii) that certain Promissory Note C by Borrower in favor of Mortgagee in the original principal amount of $13,000,000.00 dated April 15, 2020 (collectively, the "**Existing Notes**").  The Existing Notes are secured by that certain Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing dated as of September 26, 2018 and recorded October 1, 2018 as Instrument No. 2018-003845 in the records of Cassia County, Idaho, and as Instrument No. 2184031 in the records of Jerome County, Idaho, executed by Grantor for the benefit of Mortgagee, as amended by that certain First Amendment thereto dated as of April 15, 2020 and recorded April 15, 2020 as Instrument No. 2020-001707 in the records of Cassia County, Idaho, and as Instrument No. 2201724 in the records of Jerome County, Idaho (as amended, the "**Mortgage**"), encumbering certain real personal property located in Cassia County and

1

Second Amendment to Mortgage
Millenkamp
Loan Nos. 201559, 201560
109806962.3 0053564-00504

Jerome County, Idaho as more particularly described in the Mortgage.  Capitalized terms used and not otherwise defined herein shall have the meanings given to them in the Mortgage.

B.      Mortgagee has agreed to make its Loan Nos. 201559 and 201560 ("**Loans 201559 and 201560**") to Borrower, which loans are evidenced respectively by (i) that certain Promissory Note D dated as of even date herewith executed by Borrower to the order of Mortgagee in the original principal amount of up to $17,954,226.00 ("**Note D**"), and (ii) that certain Promissory Note E dated as of even date herewith executed by Borrower to the order of Mortgagee in the original principal amount of $15,978,409 ("**Note E**"), each secured by the Mortgage.  The final payment of principal and interest pursuant to Note D will be due on March 15, 2041.  The final payment of principal and interest pursuant to Note E will be due on March 15, 2028.

C.      Grantor and Mortgagee have entered into that certain Financial Covenant and Reporting Agreement dated as of even date herewith between Grantor and Mortgagee (as the same may be amended or modified from time to time by the parties thereto, the "**Reporting Agreement**") in connection with Loans 201559 and 201560.

D.      Grantor has acquired certain real property located in Cassia County, Idaho described on Exhibit B-1 attached hereto and incorporated herein and certain fixtures, improvements, equipment and personal property located thereon (collectively, the "**Additional Property**").  Lender requires Grantor to contribute the Additional Property as collateral as a condition to making Loans 201559 and 201560.

E.      Grantor and Mortgagee desire to amend the Mortgage to provide that the Mortgage secures the obligations of Borrower under Note D and Note E, that an "Event of Default" as defined in Note D and in Note E constitutes an Event of Default under the Mortgage, to add the Additional Property as collateral for the Existing Loans and Loans 201559 and 201560 and for such other matters as set forth herein.

NOW THEREFORE, in consideration of the premises, the mutual covenants and agreements hereinafter set forth and other good and valuable consideration, the receipt of which is hereby acknowledged by the parties hereto, it is agreed as follows:

1.      Confirmation of Loan.  The Existing Notes, the Mortgage and all other documents evidencing or securing the Existing Loans are hereby confirmed by Mortgagor as being in full force and effect and Mortgagor acknowledges that it has no defenses or offsets to any of its obligations thereunder and that Mortgagee has performed all of its obligations under the Existing Notes and the Mortgage and all other documents evidencing or securing the Existing Loans to this date.

2.      Amendment to Mortgage.  The Mortgage is hereby amended as follows, effective as of the date hereof:

(a)      Definition of Notes.  The definition of the "**Notes**" means, individually and together, the Existing Notes, Note D and Note E.  All references in the Mortgage to the Notes shall hereafter refer to the Existing Notes, Note D and Note E, individually and together.

(b)      Definition of Indebtedness.  The definition of "**Secured Obligations**" includes the Obligations, as defined in Note D and in Note E.

(c)      Definition of Loan Documents.  The definition of "**Loan Documents**" shall be revised to include Note D, Note E, the Reporting Agreement and all other agreements and instruments evidencing and or securing Loans 201559 and 201560.

(d)      Definition of Event of Default.  The following shall be an "Event of Default" under Article 6 of the Mortgage: Any "Event of Default" as defined in Note D, Note E or the Reporting Agreement.

(e)    Definition of Land.  The definition of "Land" in the Mortgage is hereby revised to include the Additional Land to the extent the Additional Land is or becomes real property.  Exhibit A of the Mortgage is hereby revised to include Exhibit A-1 attached hereto.

(f)    Definition of Water Rights.  The definition of "Water Rights" is hereby revised to include those water rights set forth on Exhibit B-1 attached hereto.  Exhibit B of the Mortgage is hereby revised to include Exhibit B-1 attached hereto.

(g)    Definition of Property.  The definition of "Property" is hereby revised to include the Land and the Water Rights as each is defined herein.

(h)    Grant.  To secure repayment of the Secured Obligations, including the Obligations as defined in Note D and in Note E, Grantor irrevocably and unconditionally mortgages, warrants, grants, bargains, sells and conveys to Mortgagee, with right of entry and possession, all of Grantor's estate, right, title and interest which Grantor now has or may later acquire in the Property as defined herein.  Grantor further grants to Mortgagee, its successors and assigns, as a secured party, a security interest in all goods, equipment, intangibles and other portions of the Additional Property which may be construed to be personal property, whether now existing or hereafter acquired.  Notwithstanding any other provision in the Loan Documents, the Existing Notes, Note D and Note E shall be pari passu.

3.    Reaffirmation.  Except as expressly set forth herein, the Mortgage shall remain unmodified and in full force and effect, and Grantor hereby affirms and reaffirms, as applicable, each and every term and provision of the Mortgage, as originally set forth therein, as amended hereby.

4.    Construction.  This Amendment shall be construed in accordance with the law of the State of Idaho (excluding choice-of-law principles).  The terms of this Amendment have been mutually negotiated with each party having the opportunity to seek the advice of legal counsel and shall not be construed against any party.  The headings in this Amendment are inserted solely for the purpose of convenience and shall not affect the interpretation of the provisions hereof.  If any portion of this Amendment is held to be invalid by any court of competent jurisdiction, such ruling shall not affect the remaining terms hereof unless and to the extent it includes a specific determination that the fundamental purposes of this Amendment are thereby significantly impaired.  All sums referred to in this Amendment shall be calculated by and payable in the lawful currency of the United States.

5.    Entire Agreement.  No amendments, variations, waivers, modifications or changes to this Amendment shall be effective unless in writing and signed by the Mortgagee and the Grantor subsequent to the date hereof.

6.    Counterparts.  This Amendment may be executed in two or more counterparts, all of which shall constitute but one and the same instrument.  The signature pages of exact copies of this Amendment may be attached to one copy to form one complete document.

*[Signatures on following page]*

Second Amendment to Mortgage
Millenkamp
Loan Nos. 201559, 201560
109806962.3 0053564-00504

IN WITNESS WHEREOF, Grantor has caused this Amendment to be duly executed as of the day and year first written above.

**GRANTOR:**

Address for notices:
471 North 300 West
Jerome, Idaho  83338

**WILLIAM JOHN MILLENKAMP**

Address for notices:
471 North 300 West
Jerome, Idaho  83338

**SUSAN JO MILLENKAMP**

Address for notices:
471 North 300 West
Jerome, Idaho  83338

**EAST VALLEY CATTLE, LLC**,
an Idaho limited liability company

By: _____
WILLIAM J. MILLENKAMP
Member

Address for notices:
471 North 300 West
Jerome, Idaho  83338

**IDAHO JERSEY GIRLS JEROME DAIRY LLC**,
an Idaho limited liability company

By: _____
WILLIAM J. MILLENKAMP
Manager

Address for notices:
471 North 300 West
Jerome, Idaho  83338

**GOOSE RANCH LLC**,
an Idaho limited liability company

By:     Millenkamp Family LLC,
        an Idaho limited liability company
        its sole member

        By: _____
        WILLIAM J. MILLENKAMP
        Manager

*[Signatures continue on following page]*

4

Second Amendment to Mortgage
Millenkamp
Loan Nos. 201559, 201560
109806962.3 0053564-00504

Address for notices:
471 North 300 West
Jerome, Idaho  83338

**MILLENKAMP PROPERTIES, L.L.C.**,
an Idaho limited liability company

By:    Millenkamp Family LLC,
       an Idaho limited liability company
       its sole member

       By:    _____
              WILLIAM J. MILLENKAMP
              Manager

5

**MORTGAGEE**

METLIFE REAL ESTATE LENDING LLC,
a Delaware limited liability company

By: MetLife Investment Management, LLC,
its investment manager

By: _____

Name: Jonathan B. Pressler

Its: Authorized Signatory and Director

*[Acknowledgements on following pages]*

6

[GRANTOR ACKNOWLEDGMENTS]

State of Idaho

County of ___Jerome_____

This record was acknowledged before me on __April_____, 2021, by __William John Millenkamp__

_____
Signature of Notary Public

(stamp)

My Commission Expires: __04/02/2022_____

> LAURY LAMB
> COMMISSION #41905
> NOTARY PUBLIC
> STATE OF IDAHO

State of Idaho

County of __Jerome_____

This record was acknowledged before me on __April_____, 2021, by __Susan Jo Millenkamp__

_____
Signature of Notary Public

(stamp)

My Commission Expires: __04/02/2022_____

> LAURY LAMB
> COMMISSION #41905
> NOTARY PUBLIC
> STATE OF IDAHO

State of Idaho

County of __Jerome_____

This record was acknowledged before me on __April_____, 2021, by __William J. Millenkamp__
as __member_____ of __East Valley__ Cattle, LLC, an Idaho
limited liability company

_____
Signature of Notary Public

(stamp)

My Commission Expires: __04/02/2022_____

> LAURY LAMB
> COMMISSION #41905
> NOTARY PUBLIC
> STATE OF IDAHO

7

State of Idaho

County of __Jerome_____

This record was acknowledged before me on _April_____, 2021, by _William J. Millenkamp_
as _Manager_____ of_Idaho Jersey Girls Jerome Dairy, LLC,_
_an Idaho limited liability company_

_____
Signature of Notary Public

(stamp)

My Commission Expires:_04/02/2022_____

```
LAURY LAMB
COMMISSION #41905
NOTARY PUBLIC
STATE OF IDAHO
```

State of Idaho

County of __Jerome_____

This record was acknowledged before me on _April_____, 2021, by _William J. Millenkamp_
as _manager by Millenkamp Family LLC, an Idaho limited_ liability company,
_its sole member_

_____
Signature of Notary Public

(stamp)

My Commission Expires:_04/02/2022_____

```
LAURY LAMB
COMMISSION #41905
NOTARY PUBLIC
STATE OF IDAHO
```

State of Idaho

County of __Jerome_____

This record was acknowledged before me on _April_____, 2021, by _William J. Millenkamp_
as _manager by Millenkamp Family LLC, an Idaho limited_ liability company,
_its sole member_

_____
Signature of Notary Public

(stamp)

My Commission Expires:_04/02/2022_____

```
LAURY LAMB
COMMISSION #41905
NOTARY PUBLIC
STATE OF IDAHO
```

Second Amendment to Mortgage
Millenkamp
Loan Nos. 201559, 201560
109806962.3 0053564-00504

[MORTGAGEE ACKNOWLEDGEMENT]

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
) ss.
COUNTY OF _Fresno_ )


On _April 19_, 2021 before me, _Erin E Thorpe_, Notary Public, personally appeared _Jonathan B. Dressler_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[Seal]

Name: _Erin E Thorpe_
                    Notary Public
My Commission Expires: _12 - 4 - 23_

ERIN E. THORPE
COMM. #2311628
Notary Public - California
Fresno County
My Comm. Expires Dec. 4, 2023

9

Second Amendment to Mortgage
Millenkamp
Loan Nos. 201559, 201560
109806962.3 0053564-00504

EXHIBIT A-1

Additional Property

**TRACT NO. 7 - CASSIA COUNTY**
**PARCEL NO. 1:**

**TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,**
**CASSIA COUNTY, IDAHO**

**Section 2: W½SW¼**

**Section 3: SE¼, E½SW¼, S½NW¼**

**Section 4: All**

**Section 9: SW¼**

**Section 10: All**

**Section 11: W½NW¼, NW¼SW¼; W½SE¼, SW¼SW¼, E½SW¼, SE¼NW¼, SW¼NE¼**

**Section 13: W½, W½E½**

**Section 14: All**

**Section 15: All**

**TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,**
**CASSIA COUNTY, IDAHO**

**Section 3: Lots 2, 3, 4 and W½SW¼**

      **SAVE AND EXCEPT, the following described property:**

**Part of Lot 4, more particularly described as follows:**

**Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF BEGINNING;**
**Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;**
**Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;**
**Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;**
**Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.**

**PARCEL NO. 2:**

**TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,**
**CASSIA COUNTY, IDAHO**

**Section 3: Part of Lot 4, more particularly described as follows:**

**Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch**

Second Amendment to Mortgage
Millenkamp
Loan Nos. 201559, 201560
109806962.3 0053564-00504

rebar which shall be the POINT OF BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 3:

TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN, CASSIA COUNTY, IDAHO

Section 9: E½

PARCEL NO. 4:

TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN, CASSIA COUNTY, IDAHO

Section 35: SE¼NE¼ and E½SE¼

Section 34: Part of the SE¼SW¼ more particularly described as follows:

Beginning at the Southwest corner of the SE¼SW¼ of Section 34, the TRUE POINT OF BEGINNING;
Thence North along the West boundary of the SE¼SW¼ of Section 34 for 400 feet;
Thence East along a line parallel to the South boundary of said SE¼SW¼, Section 34 for 600 feet;
Thence South 400 feet to the South boundary of the SE¼SW¼ of Section 34;
Thence West along the South boundary of the SE¼SW¼ of Section 34 for 600 feet to the POINT OF BEGINNING.

EASEMENT NO. 1:

A 25 foot easement for ingress and egress to the E½SE¼ of Section 35, Township 11 South, Range 28 East, Boise Meridian and for Section 36, Township 11 South, Range 28 East Boise Meridian, as reserved in Warranty Deed dated April 1, 1986 and recorded May 8, 1986 as Instrument No. 178224 on Film No. 180, records of Cassia County, Idaho, more particularly described as follows:

Beginning at the Southwest corner of the E½SW¼, Section 34, Township 11 South, Range 28 East Boise Meridian;
Thence East along the North boundary of Section 3, Township 12 South, Range 28 East of the Boise Meridian to a point that is 25 feet West of the Northeast corner of said Section 3;
Thence South 25 feet;
Thence East 25 feet to the East boundary of said Section 3;
Thence continuing East and 25 feet South of the North boundary of Section 2, Township 12 South, Range 28 East, Boise Meridian, to the East boundary of said Section 2;
Thence North 25 feet to the Northeast corner of said Section 2;
Thence West along the North boundary of said Section 2 to the Northwest corner of said Section 2;
Thence North 25 feet;
Thence West to the West boundary of the E½SW¼ of Section 34, Township 11 South, Range 28 East Boise Meridian;
Thence South 25 feet to the POINT OF BEGINNING.

11

EXHIBIT B-1

Additional Water Rights

43-10207

43-10208

43-10209

43-10210

43-13538

43-10362

12