**CASSIA COUNTY**
RECORDED FOR:
TITLEONE - BURLEY
04:10:34 PM  10-20-2022
**2022-004554**
NO. PAGES: 64    FEE: $149.00
**JOSEPH W. LARSEN
COUNTY CLERK**
**DEPUTY: EV**
Electronically Recorded by Simplifile

THIS INSTRUMENT PREPARED BY:
Mark A. Smith
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Attention: Lydia Denniston
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

_____

Space above this line for Recorder's Use

## MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT, AND FIXTURE FILING (THIRD PRIORITY)

### (Cassia County, Jerome County, and Twin Falls County Idaho)

FOR THE PURPOSE OF FACILITATING THE RECORD HEREOF, THIS MORTGAGE HAS BEEN EXECUTED IN THREE COUNTERPARTS, EACH OF WHICH SHALL BE TAKEN TO BE AN ORIGINAL, AND ALL OF WHICH TOGETHER OR ANY ONE THEREOF SHALL BE DEEMED TO CONSTITUTE BUT ONE AND THE SAME INSTRUMENT. THIS MORTGAGE ALSO CONSTITUTES A FINANCING STATEMENT FILED AS A FIXTURE FILING UNDER THE UCC

SEE ARTICLE 7 FOR ADDRESS OF GRANTOR AND MORTGAGEE

This mortgage is dated as of October 20, 2022, and is made by WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**"), IDAHO JERSEY GIRLS LLC, an Idaho limited liability company ("**Jersey Girls LLC**"), MILLENKAMP CATTLE, INC., an Idaho corporation ("**Cattle Inc.**"), MILLENKAMP FAMILY LLC, an Idaho limited liability company ("**Millenkamp Family**"), and MILLENKAMP PROPERTIES II, LLC, an Idaho limited liability company ("**Millenkamp Properties II**" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively, "**Grantor**" and "**Borrower**"), to and in favor of **Conterra Agricultural Capital, LLC**, an Iowa limited liability company ("**Lender**" and "**Mortgagee**").

Mortgagee, agreed to make a loan in the maximum principal sum of $16,500,000.00 (the "**Loan**") to Grantor under the terms and conditions of that certain promissory note in favor of Mortgagee, as Lender, in the amount of $16,500,000.00 (the "**Note**"). The Loan is also evidenced by, among other things, that certain Loan and Security Agreement dated October 20, 2022, by and between Lender and Borrower (the "**Loan Agreement**"), whereby, among other things, Borrower agreed to grant to Mortgagee, a third priority security interest in Borrower's real property and certain assignments and other grants ancillary thereto.

1

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 1 of 300

**TWIN FALLS COUNTY**
RECORDED FOR:
TITLEONE - BURLEY
03:46:09 PM  10-20-2022
**2022018724**
NO. PAGES 64       FEE: $147.00
KRISTINA GLASCOCK
COUNTY CLERK
DEPUTY: CT
Electronically Recorded  by Simplifile

THIS INSTRUMENT PREPARED BY:
Mark A. Smith
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Attention: Lydia Denniston
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

*23463558*

Space above this line for Recorder's Use

## MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT, AND FIXTURE FILING (THIRD PRIORITY)

### (Cassia County, Jerome County, and Twin Falls County Idaho)

FOR THE PURPOSE OF FACILITATING THE RECORD HEREOF, THIS MORTGAGE HAS BEEN EXECUTED IN THREE COUNTERPARTS, EACH OF WHICH SHALL BE TAKEN TO BE AN ORIGINAL, AND ALL OF WHICH TOGETHER OR ANY ONE THEREOF SHALL BE DEEMED TO CONSTITUTE BUT ONE AND THE SAME INSTRUMENT. THIS MORTGAGE ALSO CONSTITUTES A FINANCING STATEMENT FILED AS A FIXTURE FILING UNDER THE UCC

SEE ARTICLE 7 FOR ADDRESS OF GRANTOR AND MORTGAGEE

This mortgage is dated as of October 20, 2022, and is made by WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**"), IDAHO JERSEY GIRLS LLC, an Idaho limited liability company ("**Jersey Girls LLC**"), MILLENKAMP CATTLE, INC., an Idaho corporation ("**Cattle Inc.**"), MILLENKAMP FAMILY LLC, an Idaho limited liability company ("**Millenkamp Family**"), and MILLENKAMP PROPERTIES II, LLC, an Idaho limited liability company ("**Millenkamp Properties II**" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively, "**Grantor**" and "**Borrower**"), to and in favor of **Conterra Agricultural Capital, LLC**, an Iowa limited liability company ("**Lender**" and "**Mortgagee**").

Mortgagee, agreed to make a loan in the maximum principal sum of $16,500,000.00 (the "**Loan**") to Grantor under the terms and conditions of that certain promissory note in favor of Mortgagee, as Lender, in the amount of $16,500,000.00 (the "**Note**"). The Loan is also evidenced by, among other things, that certain Loan and Security Agreement dated October 20, 2022, by and between Lender and Borrower (the "**Loan Agreement**"), whereby, among other things, Borrower agreed to grant to Mortgagee, a third priority security interest in Borrower's real property and certain assignments and other grants ancillary thereto.

EXHIBIT 5                    Page 2 of 300

**Instrument # 2224761**
JEROME COUNTY, JEROME, IDAHO
10-20-2022    03:43:25 PM    No. of Pages: 64
Recorded for: TITLEONE - BURLEY
MICHELLE EMERSON        Fee: $147.00
Ex-Officio Recorder Deputy: jw
Electronically Recorded by Simplifile

THIS INSTRUMENT PREPARED BY:
Mark A. Smith
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Attention: Lydia Denniston
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

*23463558*

_____
Space above this line for Recorder's Use

## MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT, AND FIXTURE FILING (THIRD PRIORITY)

### (Cassia County, Jerome County, and Twin Falls County Idaho)

FOR THE PURPOSE OF FACILITATING THE RECORD HEREOF, THIS MORTGAGE HAS BEEN EXECUTED IN THREE COUNTERPARTS, EACH OF WHICH SHALL BE TAKEN TO BE AN ORIGINAL, AND ALL OF WHICH TOGETHER OR ANY ONE THEREOF SHALL BE DEEMED TO CONSTITUTE BUT ONE AND THE SAME INSTRUMENT. THIS MORTGAGE ALSO CONSTITUTES A FINANCING STATEMENT FILED AS A FIXTURE FILING UNDER THE UCC

SEE ARTICLE 7 FOR ADDRESS OF GRANTOR AND MORTGAGEE

This mortgage is dated as of October 20, 2022, and is made by WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**"), IDAHO JERSEY GIRLS LLC, an Idaho limited liability company ("**Jersey Girls LLC**"), MILLENKAMP CATTLE, INC., an Idaho corporation ("**Cattle Inc.**"), MILLENKAMP FAMILY LLC, an Idaho limited liability company ("**Millenkamp Family**"), and MILLENKAMP PROPERTIES II, LLC, an Idaho limited liability company ("**Millenkamp Properties II**" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively, "**Grantor**" and "**Borrower**"), to and in favor of **Conterra Agricultural Capital, LLC**, an Iowa limited liability company ("**Lender**" and "**Mortgagee**").

Mortgagee, agreed to make a loan in the maximum principal sum of $16,500,000.00 (the "**Loan**") to Grantor under the terms and conditions of that certain promissory note in favor of Mortgagee, as Lender, in the amount of $16,500,000.00 (the "**Note**"). The Loan is also evidenced by, among other things, that certain Loan and Security Agreement dated October 20, 2022, by and between Lender and Borrower (the "**Loan Agreement**"), whereby, among other things, Borrower agreed to grant to Mortgagee, a third priority security interest in Borrower's real property and certain assignments and other grants ancillary thereto.

1

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 3 of 300

THIS INSTRUMENT PREPARED BY:
Mark A. Smith
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Attention: Lydia Denniston
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

_23463558_

Space above this line for Recorder's Use

## MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT, AND FIXTURE FILING (THIRD PRIORITY)

### (Cassia County, Jerome County, and Twin Falls County Idaho)

FOR THE PURPOSE OF FACILITATING THE RECORD HEREOF, THIS MORTGAGE HAS BEEN EXECUTED IN THREE COUNTERPARTS, EACH OF WHICH SHALL BE TAKEN TO BE AN ORIGINAL, AND ALL OF WHICH TOGETHER OR ANY ONE THEREOF SHALL BE DEEMED TO CONSTITUTE BUT ONE AND THE SAME INSTRUMENT. THIS MORTGAGE ALSO CONSTITUTES A FINANCING STATEMENT FILED AS A FIXTURE FILING UNDER THE UCC

SEE ARTICLE 7 FOR ADDRESS OF GRANTOR AND MORTGAGEE

This mortgage is dated as of October 20, 2022, and is made by WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**"), IDAHO JERSEY GIRLS LLC, an Idaho limited liability company ("**Jersey Girls LLC**"), MILLENKAMP CATTLE, INC., an Idaho corporation ("**Cattle Inc.**"), MILLENKAMP FAMILY LLC, an Idaho limited liability company ("**Millenkamp Family**"), and MILLENKAMP PROPERTIES II, LLC, an Idaho limited liability company ("**Millenkamp Properties II**" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively, "**Grantor**" and "**Borrower**"), to and in favor of **Conterra Agricultural Capital, LLC**, an Iowa limited liability company ("**Lender**" and "**Mortgagee**").

Mortgagee, agreed to make a loan in the maximum principal sum of $16,500,000.00 (the "**Loan**") to Grantor under the terms and conditions of that certain promissory note in favor of Mortgagee, as Lender, in the amount of $16,500,000.00 (the "**Note**"). The Loan is also evidenced by, among other things, that certain Loan and Security Agreement dated October 20, 2022, by and between Lender and Borrower (the "**Loan Agreement**"), whereby, among other things, Borrower agreed to grant to Mortgagee, a third priority security interest in Borrower's real property and certain assignments and other grants ancillary thereto.

1

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 4 of 300

## ARTICLE 1 — GRANT

To secure repayment of the indebtedness evidenced by the Note and payment and performance of all other Secured Obligations (as defined below), and as consideration for Mortgagee's execution of such additional agreements, Grantor hereby irrevocably and unconditionally mortgages, warrants, grants, bargains, sells, and conveys to Mortgagee, with right of entry and possession, all of Grantor's estate, right, title and interest which Grantor now has or may later acquire in the following, wherever located, and whether constituting real estate or personal property (individually and collectively, the "**Property**"): (1) the real estate and any interest in the real estate located in Cassia County, Jerome County, and Twin Falls County, Idaho, and described in EXHIBIT A (the "**Land**"); (2) buildings, structures, improvements, and fixtures now or hereafter erected on, affixed or attached to the Land, including all farm products storage and handling units and equipment, and fences, gates and loading chutes (the "**Improvements**"); (3) (A) wells, irrigation and drainage pumps, motors, pipes, windmills, frost protection equipment, center pivot irrigators, sprinklers, drip line and emitters, filters, water measurement meters and control structures and other watering and irrigation equipment; and (B) all other equipment now or hereafter affixed or installed in any manner on the Land or the Improvements or used in connection with the operation of the Property (other than rolling stock and implements customarily towed) and all livestock handling fixtures and other non-rolling stock necessary to run the dairy business located on the Land, including dairy equipment and fixtures (the "**Equipment**"); (4) easements, rights-of-way, and other rights and entitlements appurtenant to the Land or used in connection with the Land or as a means of access thereto; (5) other tenements, hereditaments and appurtenances to the Land; (6) rights to the use and enjoyment of water, whether surface or subsurface, whether riparian, appropriative, prescriptive or otherwise, and whether or not appurtenant, now or hereafter relating or available to the Land or Improvements or used in connection therewith: (A) water allocations, water banking rights or interests, carryover rights, supplemental water, storage and exchange rights drainage rights, distribution rights, storage rights, delivery rights, and other water-related rights or entitlements, whether available through any public or private irrigation projects, companies, districts, agencies or otherwise, together with all shares of stock evidencing any such rights or entitlements, and all voting rights and other rights and privileges that now or hereafter may exist with respect to such stock or with respect to participation, membership, or other involvement in any such projects, companies, districts, or agencies; (B) water and water inventory in storage; (C) rights under well, pump and filter sharing agreements; and (D) all easements, permits, licenses, leases, contracts, grants, reservations and any other rights and entitlements, however created, to drill, install and maintain wells, pumps and pipeline systems, or to use, appropriate, pump, extract, receive, transport, store or transfer water, including the rights described on EXHIBIT B and all of Grantor's right, title, and interest in all water (including any water inventory in storage), water rights, water permits, water entitlements, water transfers, other rights to water and other rights to receive water, and all other rights to divert, deliver, use, apply, drain, or store water of every kind and description that serve the Property, including, without limitation, (i) the groundwater on, under, pumped from or otherwise available to the Property, whether as a result of groundwater rights, contractual rights or otherwise; (ii) the right to remove and extract any such groundwater including any permits, rights or licenses granted by any governmental entity or agency and any rights granted or created by any easement, covenant, agreement or contract with any person or entity; (iii) any rights to which the Property is entitled with respect to surface water, whether such right is appropriative, riparian, prescriptive, contractual or otherwise and whether or not pursuant to permit, certificate of water rights, or other

2

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 5 of 300

governmental authorization, or the right to store any such water; (iv) any water, water right, water allocation, distribution right, delivery right, water storage right, or other water-related entitlement appurtenant or otherwise applicable to the Property by virtue of the Property being situated within the boundaries of any district, agency or other governmental entity or within the boundaries of any private water company, mutual water company or other non-governmental entity; (v) any drainage rights appurtenant or otherwise applicable to the Property; (vi) all rights, including contractual rights, to divert, transport, carry, allocate or otherwise deliver water or any of the foregoing rights from or to the Property by any means, wherever located; (vii) any shares (or any rights under such shares) of any private water company, mutual water company or other non-governmental entity pursuant to which Grantor or the Property may receive any of the rights referred to in clauses (i) through (vi) above (collectively, the "**Water Rights**"); (7) shares, and rights under such shares, of any private water company, mutual water company, or other non-governmental entity pursuant to which Grantor or the Property may receive water, including the shares described on EXHIBIT C and any other certificated and uncertificated securities, securities entitlements, securities accounts and commodities accounts; (8) coal, oil, gas, and other hydrocarbon substances, geothermal resources, minerals, mineral interests, royalties, overriding royalties, production payments, net profit interests and other interests and estates in, under or produced from the Land and other coal, oil, gas, geothermal, and mineral interests with which any of the foregoing interests or estates are pooled or unitized and other "as-extracted collateral"; (9) timber now or hereafter standing on or cut from the Land; (10) all milk, cream, and other dairy products, and all receivables thereof (the "**Dairy Products**"); (11) leases, subleases, licenses and other agreements, granting a possessory interest in and to, or the right to extract, mine, reside in, sell, or use the Property, (individually and collectively, the "**Leases**"); (12) grazing leases, permits, allotments, licenses and privileges covering state or federally owned lands used or operated in connection with the land, including the those described on EXHIBIT D ("**Grazing Permits**"), together with all renewals of such Grazing Permits and any Grazing Permits acquired in the future; (13) permits and licenses relating or pertaining to the use or enjoyment of the Property; (14) proceeds of and any unearned premiums on any insurance policies covering the Property, including the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Property ("**Insurance Claims**"); (15) all awards made for the taking by condemnation or the power of eminent domain, or by any proceeding or purchase in lieu thereof, of the whole or any part of the Land or Improvements ("**Condemnation Awards**"); (16) accessions, attachments and other additions to, substitutes or replacements for, all proceeds and products of, the Property; and (17) books, records and files relating to the Property, including computer readable memory and data and any computer software or hardware reasonably necessary to access and process such memory and data.

TO HAVE AND TO HOLD the Property unto Mortgagee and its successors and assigns forever, for the benefit of the Lenders, subject to the Permitted Encumbrances (as hereinafter defined) and the provisions, terms and conditions of this mortgage.

## ARTICLE 2 - ASSIGNMENT OF RENTS

1.  Grantor irrevocably and unconditionally assigns Mortgagee all rents and other benefits derived from the Leases, and all other issues, profits, royalties, bonuses, income and other proceeds of the Property, whether now due, past due or to become due, including all prepaid rents, security deposits and other supporting obligations (collectively, the "**Rents**").

3

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                                    Page 6 of 300

2. Notwithstanding the provisions of this Article 2, Mortgagee confers upon Grantor a revocable license to collect and retain the Rents as they become due and payable, so long as there is no Event of Default (the "**License**"). If an Event of Default has occurred, Mortgagee may terminate the License without notice to or demand upon Grantor.

3. Subject to the License, Mortgagee has the right, power and authority to collect any and all Rents. Mortgagee, by its acceptance of this mortgage does not assume any duty or obligation under the Leases.

4. All lessees under the Leases are hereby irrevocably authorized and notified by Grantor to rely upon and to comply with (and are fully protected in so doing) any notice or demand by Mortgagee for the payment to Mortgagee of Rents, or for the performance of any of lessees' undertakings under the Leases, and lessees shall have no right or duty to inquire as to whether any Event of Default has actually occurred or is then existing hereunder. Subject to the License, Mortgagee may notify any person that the Leases have been assigned to Mortgagee and that all Rents are to be paid directly to Mortgagee, whether or not Mortgagee has commenced or completed foreclosure of or taken possession of the Property.

5. Mortgagee may apply all amounts received by it pursuant to this assignment to pay any of the following in such order and amounts as Mortgagee deems appropriate: (1) Secured Obligations; (2) expenses of leasing, operating, maintaining and managing the Property, including without limitation, salaries, fees, commissions and wages of a managing agent and such other employees, agents or independent contractors as Mortgagee deems necessary or desirable; (3) taxes, charges, claims, assessments, any other liens, and premiums for insurance relating to the Property that Mortgagee deems necessary or desirable; and (4) the cost of alterations, renovations, repairs or replacements, and expenses incident to taking and retaining possession of the Property.

## ARTICLE 3 — SECURITY AGREEMENT/FIXTURE FILING

1. Grantor grants Mortgagee a security interest in and pledges and assigns to Mortgagee all of Grantor's right, title and interest in all Property that may be characterized as personal property (the "**Personalty**"). Grantor authorizes Mortgagee to file any UCC financing statements required by Mortgagee, from time to time, to perfect Mortgagee's security interest in the Property, including the filing of any financing statement describing the collateral as all assets now or hereafter acquired by any Grantor, or words of similar effect.

2. The address adjacent to Grantor's signature below, (a) if Grantor is an individual, is Grantor's principal residence; (b) if Grantor is other than an individual and has only one place of business, is Grantor's principal place of business; and (c) if Grantor is anything other than an individual and has more than one place of business, is Grantor's chief executive office. The address for Mortgagee in Article 7 is its address as secured party under the Uniform Commercial Code as adopted in the Governing Law State (the "**UCC**").

3. This mortgage constitutes a financing statement filed as a fixture filing under the UCC, covering any Property which now is or later may become a fixture attached to the Land or any Improvement. For this purpose, the "debtor" is Grantor, the "secured party" is Mortgagee and the collateral is the Property.

## ARTICLE 4 - SECURED OBLIGATIONS

1. Grantor makes the mortgage, grant, conveyance, transfer and assignment in Article 1, makes the irrevocable and absolute assignment in Article 2, and grants the security interest under

EXHIBIT 5　　　　Page 7 of 300

Article 3 to secure payment and performance of the following obligations (individually and collectively, the "**Secured Obligations**"): (1) all amounts due and owing and all other obligations owed or to be performed to or for the benefit of Mortgagee pursuant to the Loan Documents (as defined below); (2) all obligations of Grantor under this mortgage; (3) all modifications, amendments, extensions, and renewals, however evidenced, of any of the Secured Obligations; and (4) any of the foregoing that arises after the filing of a petition by or against Grantor under an insolvency or bankruptcy proceeding.

2.  **Future Secured Obligations.** The Secured Obligations include future advances made by Mortgagee for any purpose, and all other future Secured Obligations. Those future advances and other future Secured Obligations, together with interest thereon, are secured by this mortgage to the same extent as if made or incurred on the date of the execution of this mortgage, and have priority as to third persons with or without actual notice from the time this mortgage is filed for record as provided by law. The total amount of indebtedness secured by this mortgage may decrease or increase from time to time. Nothing in this Section will constitute a commitment to make additional or future advances in any amount.

3.  **General.** The scheduled maturity date of the Loan is October 20, 2023. All persons who have or acquire an interest in the Property will be deemed to have received notice of, and will be bound by, the terms of the Note, this mortgage, the Loan Agreement, and all other agreements and instruments evidencing and/or securing the Loan (individually and collectively, the "**Loan Documents**"). The Loan Documents may include terms which permit or provide that the rate of interest on one or more of the Secured Obligations may vary from time to time. The obligations secured hereby may provide for the interest rate, payment terms, or balance due to be indexed, adjusted, renewed or renegotiated. Without limitation, the Note expressly provide that Mortgagee may at its option change or adjust the interest rate as referenced therein. This mortgage does not secure any indebtedness, liability or obligation that is expressly stated to be unsecured. All of the provisions of the other Loan Documents are incorporated into this mortgage to the same extent and with the same force as if fully set forth in this mortgage.

## ARTICLE 5 — WARRANTY AND COVENANTS

1.  **Warranty of Title.** Grantor represents and warrants that, other than the exceptions to title expressly listed on a schedule of exceptions to coverage in the final commitment for title insurance or pro forma policy of title insurance accepted by Mortgagee prior to the date of this mortgage, Grantor lawfully possesses and holds fee simple title to all of the Land and Improvements; and that Grantor has the right, power and authority to mortgage, grant, convey and assign the Property. Grantor especially agrees and declares that the separate estate of each of them, whether vested, contingent or in expectancy, is hereby conveyed and shall be bound for the payment and performance of the Secured Obligations.

2.  **Water Rights.** Grantor represents and warrants that the Water Rights afford the continuing, enforceable right to receive irrigation water on the Property from such sources, in such quantities and at such times and locations as has historically been available to the Property without interruption or substantially increased cost and in any event, based on current projections, sufficient to provide adequate water and/or drainage to continue the current and proposed agricultural operations on the Property

3.  **Performance of Secured Obligations.** Grantor shall promptly pay and perform each Secured Obligation in accordance with its terms.

5

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                                        Page 8 of 300

4. **Maintenance of Property.** Grantor shall: maintain and preserve all rights and privileges Grantor now has in the Property; make any repairs, renewals or replacements to keep the Property in good working condition and repair; operate the Property, whether improved pastures, orchards, groves, grazing, timber, or crop lands, in a good and husband-like manner in accordance with accepted principles of sound agricultural and forestry practices in the area in which the Land is located; take all reasonable precautions to control wind and water erosion; fertilize improved pastures, if any, where necessary to maintain a good stand of desirable grasses; protect orchards and timber, if any, by reasonable precautions against loss or damage by fire including the maintenance of appropriate fire breaks; and neither remove nor permit the removal of any oil, gas, mineral, stone, rock, clay, or gravel owned by Grantor, or any timber, buildings, top soil, or fertilizer, without the prior written consent of Mortgagee.

5. **Water Rights.** Grantor shall maintain the Water Rights during the term of the Loans at a level and of a nature sufficient to provide the continuing, enforceable right to receive irrigation water on the Property from such sources, in such quantities and at such times and locations as has historically been available to the Property without interruption or substantially increased cost and in any event sufficient to provide adequate water and/or drainage to continue the current and proposed agricultural operations on the Property. All existing Water Rights benefiting or available to the Property shall be maintained in full force and effect for the benefit of the Property by Grantor and applied to beneficial use so as to maintain the validity and priority of such rights. Grantor shall fully comply with, and not permit a default to occur under any water licenses, permits or delivery contracts used to provide water to the Property, and shall timely exercise all renewal or extension rights in such contracts. Grantor shall not modify, amend or terminate any Water Rights without Mortgagee's prior written consent. Grantor shall comply with the rules, regulations and ordinances of any water district, water agency or groundwater management agency in which the Property or any portion thereof is located and pay all related fees and assessments prior to delinquency. All irrigation wells and related facilities used to deliver irrigation water to any portion of the Property shall remain physically located within the boundaries of such Property or the subject of valid, enforceable easements appurtenant to the Property and encumbered hereby. If the use of any irrigation facilities or water serving the Property requires consent or the use of other property, Grantor shall maintain in effect all requisite easements or other legally enforceable and assignable rights to use such facilities and/or water to service the Property. Grantor shall notify Mortgagee if the irrigation water supply to any portion of the Property is interrupted or subject to interruption for any reason other than temporarily for routine maintenance or repairs in a manner that does not impair the operation of the Property.

6. **Grazing Permits.** Grantor shall renew all Grazing Permits upon or prior to their expiration date, execute any instrument deemed necessary by Mortgagee to effect a collateral assignment or waiver of such renewals to Mortgagee, and pay all fees and charges, and to perform all acts and things necessary to preserve and keep in good standing all of such Grazing Permits and all renewals thereof. Grantor shall take no action which would adversely affect any of such Grazing Permits or Grantor preference status thereunder, and that in the event of foreclosure of this mortgage, Grantor will waive all claims for preference under any such Grazing Permits upon demand from the purchaser at foreclosure sale of the Land, or any successor to such purchaser. Grantor further agrees that the lands covered by any lease, permit or privilege which Grantor, with the consent of Mortgagee, shall substitute for the Grazing Permits, shall be subject to the provisions of this mortgage. Upon foreclosure and sale of the Land, title to the improvements held by Grantor on any federal or state lands covered by the

6

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 9 of 300

Grazing Permits, together with Grantor right to be paid the reasonable value thereof, shall pass free of all encumbrances other than those of the United States to the purchaser at such sale, and Mortgagee is hereby authorized to execute, at is option, on behalf of Grantor, a bill of sale for such improvements. If title in fee simple to any of the lands covered by the Grazing Permits (or to any other lands) shall hereafter be acquired by Grantor, it is understood and agreed that such lands shall, upon such acquisition, become subject to the lien of this mortgage to the same extent as though lands had originally been included herein as part of the Land, and further, that all of the terms, covenants, conditions and stipulations of this mortgage, applicable to the Property, shall extend and be applicable to any lands hereafter so acquired. Grantor shall execute any documents reasonably requested by Mortgagee to perfect or document the pledge of the Grazing Permits to Mortgagee.

7. **Compliance with Applicable Law.** Grantor shall not commit or allow any act upon or use of the Property which would violate any applicable law, whether now existing or later to be enacted and whether foreseen or unforeseen, or any public or private covenant, condition, restriction or equitable servitude affecting the Property.

8. **Taxes and Assessments.** Grantor shall pay, prior to delinquency, all taxes, levies, charges and assessments imposed by applicable law or any public or quasi-public authority or utility company which are (or if not paid, may become) a lien on all or part of the Property or any interest in it, and any and all intangible taxes and documentary stamp taxes determined at any time to be due on or as a result of the Secured Obligations, this mortgage or any other Loan Documents, together with any and all interest and penalties thereon (individually and collectively, "**Imposition**"). If after the date of this mortgage, the State of Idaho or any other applicable authority passes any law deducting from the value of Land for the purpose of taxation any lien thereon, or changing in any way the laws for the taxation of mortgages or debts secured by a mortgage for federal, state or local purposes, or the manner of the collection of any such taxes, so as to affect this mortgage, then within 180 days after notice by Mortgagee to Grantor, Grantor shall pay all Secured Obligations. Notwithstanding the foregoing provisions of this Section, Grantor may, at its expense, contest the validity or application of any Imposition by appropriate legal proceedings promptly initiated and conducted in good faith and with due diligence, provided that: (1) Mortgagee is satisfied that neither the Property nor any part thereof or interest therein will be in danger of being sold, forfeited, or lost as a result of such contest; and (2) Grantor shall have posted a bond or furnished such other security required from time to time by Mortgagee.

9. **Damages and Insurance and Condemnation Awards.** Mortgagee may, at its option: (1) in its own name appear in or prosecute any action or proceeding to enforce any cause of action based on warranty, or for damage, injury or loss to all or part of the Property, and Mortgagee may make any compromise or settlement of the action or proceeding; (2) participate in any action or proceeding relating to any Condemnation Award; and (3) join Grantor in adjusting any Insurance Claim. All insurance proceeds, Condemnation Awards, and proceeds of any other claim based on warranty, or for damage, injury or loss to the Property which Grantor may receive or be entitled to must be paid to Mortgagee. Mortgagee may apply those proceeds first toward reimbursement of all of Mortgagee's costs and expenses, including attorneys' fees and costs, incurred in connection with such recovery. The balance shall, at Mortgagee's option, be applied to pay or prepay some or all of the Secured Obligations in such order and proportions as it may choose. GRANTOR HEREBY SPECIFICALLY, UNCONDITIONALLY AND IRREVOCABLY

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                          Page 10 of 300

WAIVES ALL RIGHTS OF A PROPERTY OWNER WITH RESPECT TO ALLOCATION OF CONDEMNATION AWARDS BETWEEN A PROPERTY OWNER AND A LIENHOLDER.

10. **Site Visits, Observation and Testing.** Mortgagee and its agents and representatives may enter and visit the Property at any reasonable time for the purposes of observing it, performing appraisals, taking and removing soil or groundwater samples, and conducting tests on any part of it, and otherwise to determine Grantor's compliance with this mortgage.

11. **Prohibited Transfers.** Grantor agrees that a material factor in Mortgagee's decision to enter into the Loan Documents is the expertise, financial status and other characteristics of Grantor. Grantor shall not make or permit any Prohibited Transfer. Upon any Prohibited Transfer Mortgagee may declare all Secured Obligations to be immediately due and payable. "**Prohibited Transfer**" means: (1) any sale, contract to sell, conveyance, encumbrance, pledge, mortgage, or other transfer of all or any material part or interest of the Property, whether voluntary, involuntary, by operation of law or otherwise, other than Permitted Encumbrances (as defined below); and, *provided, however,* that Grantor may sell or dispose of fixtures and Equipment in the ordinary course of their business so long as such items are replaced with items of equal or greater value and utility; or (2) any transfer prohibited in the Loan Agreement or any of the other Loan Documents. Any transfer permitted under this Section (other than the Permitted Encumbrances) shall be subject to the following conditions (the "**Transfer Conditions**"): (i) Grantor shall notify Mortgagee in writing of the proposed transfer no less than thirty days prior to the date such transfer is to occur; (ii) Grantor shall provide Mortgagee with copies of all documents effecting such transfer and with all documentation or other assurances reasonably requested by Mortgagee to demonstrate compliance with any of the conditions to such transfer; (iii) Grantor shall pay a reasonable service charge not to exceed $2,500 to Mortgagee for each such transfer; and (iv) no Event of Default, or any condition which, with the giving of notice or passage of time or both would constitute and Event of Default, shall exist at the time Grantor gives Mortgagee notice of such transfer or at the time such transfer occurs. "**Permitted Encumbrances**" means (a) liens securing taxes or assessments not due or payable; (b) liens in favor of Mortgagee; (c) liens created by specifically identified written documents which are recorded in the land records and listed as exceptions on Schedule B of any title insurance policy for the Loans which Mortgagee has accepted and approved in writing; and (d) any leases of any portion of the Property approved by Mortgagee.

12. **Prohibited Transfer Rate.** If there is a Prohibited Transfer, Mortgagee may deem the principal balance of the Loans and, to the extent permitted by applicable law, all other Secured Obligations, will bear interest at the rate of 18% per annum (the "**Default Rate**"), retroactive to the date of the Prohibited Transfer. Mortgagee's rights under this Section are an option available to Mortgagee, and unless elected by Mortgagee, a Prohibited Transfer will constitute an Event of Default and all Secured Obligations will bear interest at the Default Rate.

13. **Compensation and Reimbursement of Costs and Expenses.** Grantor shall pay (1) for any services rendered in connection with this mortgage; (2) all of Mortgagee's costs and expenses incurred in rendering any such services; and (3) all costs, expenses and other advances incurred or made by Mortgagee in an effort to enforce the terms of this mortgage or protect the Property, whether any lawsuit is filed or not, including any bankruptcy or other voluntary or involuntary proceeding, in or out of court, or in defending any action or proceeding arising under or relating to this mortgage, including attorneys' fees and costs, and costs of any Foreclosure Sale. If Mortgagee chooses to dispose of Property through more than one Foreclosure Sale, Grantor must pay all costs, expenses or other advances incurred by Mortgagee in each of those Foreclosure Sales.

8

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 11 of 300

14. **Indemnification.** GRANTOR SHALL INDEMNIFY MORTGAGEE AGAINST AND SHALL HOLD MORTGAGEE HARMLESS FROM ALL LOSSES, DAMAGES, LIABILITIES, CLAIMS, CAUSES OF ACTION, JUDGMENTS, COURT COSTS, LEGAL FEES, COST OF EVIDENCE OF TITLE, COST OF EVIDENCE OF VALUE, AND OTHER COSTS AND EXPENSES WHICH MORTGAGEE MAY SUFFER OR INCUR: (1) IN PERFORMING ANY ACT REQUIRED OR PERMITTED BY THIS MORTGAGE OR ANY OF THE OTHER LOAN DOCUMENTS OR BY LAW; (2) BECAUSE OF ANY FAILURE OF GRANTOR TO PAY OR PERFORM ANY OF THE SECURED OBLIGATIONS; OR (3) BECAUSE OF ANY ALLEGED OBLIGATION OF OR UNDERTAKING BY MORTGAGEE TO PERFORM OR DISCHARGE ANY OF THE REPRESENTATIONS, WARRANTIES, CONDITIONS, COVENANTS OR OTHER OBLIGATIONS IN ANY DOCUMENT RELATING TO THE PROPERTY (OTHER THAN SUCH WARRANTIES, CONDITIONS, COVENANTS OR OTHER OBLIGATIONS IN THE LOAN DOCUMENTS). THIS AGREEMENT BY GRANTOR TO INDEMNIFY MORTGAGEE SURVIVES THE RELEASE AND CANCELLATION OF ANY OR ALL OF THE SECURED OBLIGATIONS AND THE FULL OR PARTIAL RELEASE OF THIS MORTGAGE.

15. **Payments Due Under This Mortgage.** Grantor must pay all obligations to pay money arising under this mortgage immediately upon demand by Mortgagee. Each such obligation shall bear interest from the date the obligation arises at the Default Rate.

16. **Transactions with Affiliates.** Transactions with affiliates of Grantor shall not be consummated on terms materially more favorable to the affiliate than would have been obtained in an arm's length transaction in the ordinary course of business with any person or entity that is not an affiliate.

17. **Hazardous Substances.**  As used in this Section: (a) "**Hazardous Substances**" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials;  (b) "**Environmental Law**" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "**Environmental Cleanup**" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "**Environmental Condition**" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Grantor shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Grantor shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property.  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Grantor shall promptly give Mortgagee written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Grantor has actual

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 12 of 300

knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property.  If Grantor learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Grantor shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Mortgagee for Environmental Cleanup. Grantor shall indemnify and hold Mortgagee free and harmless from and against all loss, costs (including attorneys' fees and costs), damage (including consequential damages), and expenses Mortgagee may sustain by reason of the assertion against Mortgagee by any third-party of any claim in connection with Hazardous Substances on, in, or affecting the Property, and shall pay any such attorneys' fees and costs Lender incurs in connection therewith. The termination of this mortgage shall not release Grantor from Grantor's obligations under this Section.

## ARTICLE 6 — EVENTS OF DEFAULT AND REMEDIES

1. **Events of Default.** The following each shall be an event of default under this mortgage (an "**Event of Default**"): (1) a default under any of the Loan Documents, that continued beyond any applicable cure periods therein; (2) a Prohibited Transfer; (3) if Grantor is in default beyond applicable notice and grace periods under any other mortgage, deed of trust, deed to secure debt, or other security agreement covering any part of the Property, whether it be superior or junior in lien to this mortgage; (4) for more than three (3) business days after notice from Mortgagee, Grantor is in default under any term, covenant or condition of this mortgage not separately described as an Event of Default, which can be cured by the payment of a sum of money; or (5) for 30 days after notice from Mortgagee, Grantor is in default under any term, covenant or condition of this mortgage not separately described as an Event of Default; *provided* that if: (A) it is reasonably certain that the default cannot be cured by Grantor within that 30 day period; and (B) Grantor has commenced curing that default within that 30 day period and thereafter diligently and expeditiously proceeds to cure that default, then that 30 day period shall be extended for so long as reasonably required by Grantor in the exercise of due diligence to cure that default, up to a maximum of 90 days after the notice to Grantor of the Event of Default.

2. **Remedies.** At any time after an Event of Default, Mortgagee may invoke any and all of the rights and remedies described below. All of such rights and remedies are cumulative, and the exercise of any one or more of them does not constitute an election of remedies.

    a. **Acceleration.** Mortgagee may declare any or all of the Secured Obligations to be due and payable immediately.

    b. **Receiver.** Mortgagee may, to the extent permitted by applicable law, make an *ex parte* application to any court of competent jurisdiction, and obtain appointment of, a receiver, trustee, liquidator or conservator of the Property, without notice, without giving bond, and without regard for the adequacy of the security for the Secured Obligations and without regard for the solvency of Borrower, any guarantor of all or any portion of the Secured Obligations, or of any person liable for the payment of the Secured Obligations. GRANTOR HEREBY WAIVES NOTICE OF THE APPLICATION FOR, AND CONSENTS TO THE APPOINTMENT OF A RECEIVER, TRUSTEE, LIQUIDATOR OR CONSERVATOR OF THE PROPERTY IN ACCORDANCE WITH THE PROVISIONS OF THIS

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 13 of 300

SECTION; AND GRANTOR AGREES TO NOT OPPOSE SUCH APPOINTMENT.

c. **Entry.** To the fullest extent permitted by applicable law, Mortgagee, in person, by agent or by court-appointed receiver, may enter, take possession of, manage and operate all or any part of the Property, and may also do any and all other things in connection with those actions that Mortgagee may consider necessary and appropriate to protect the security of this mortgage. Such other things may include: taking and possessing all of Grantor's or the then owner's books and records; entering into, enforcing, modifying, or canceling leases on such terms and conditions as Mortgagee may consider proper; obtaining and evicting tenants; fixing or modifying rents, collecting and receiving any payment of money owing to Grantor; completing any unfinished construction; and/or contracting for and making repairs and alterations. If Mortgagee so requests, Grantor will assemble all of the Property that has been removed from the Land and make all of it available to Mortgagee at the site of the Land. GRANTOR HEREBY IRREVOCABLY CONSTITUTES AND APPOINTS MORTGAGEE AS GRANTOR'S ATTORNEY-IN-FACT TO PERFORM SUCH ACTS AND EXECUTE SUCH DOCUMENTS AS MORTGAGEE CONSIDERS APPROPRIATE IN CONNECTION WITH TAKING THESE MEASURES, INCLUDING ENDORSEMENT OF GRANTOR'S NAME ON ANY INSTRUMENTS. Regardless of any provision of this mortgage or the other Loan Documents, Mortgagee shall not be considered to have accepted any property other than cash or immediately available funds in satisfaction of any obligation of Grantor to Mortgagee, unless Mortgagee has given express written notice of its election of that remedy in accordance with the UCC.

d. **Cure; Protection of Security.** Mortgagee may cure any breach or default of Grantor, and if Mortgagee chooses to do so in connection with any such cure, Mortgagee may also enter the Property and/or do any and all other things which it considers necessary or appropriate to protect the security of this mortgage. Such other things may include: (1) appearing in and/or defending any action or proceeding which purports to affect the security of, or the rights or powers of Mortgagee under, this mortgage; (2) paying, purchasing, contesting, or compromising any encumbrance, charge, lien or claim of lien which in Mortgagee's judgment is or may be senior in priority to this mortgage, such judgment of Mortgagee to be conclusive as among the parties to this mortgage; (3) obtaining insurance and/or paying any premiums or charges for insurance required to be carried under the Note; (4) otherwise caring for and protecting any and all of the Property; and/or (5) employing counsel, accountants, contractors and other appropriate persons to assist Mortgagee. Mortgagee may take any of the actions permitted under this Article either with or without giving notice to any person. Notwithstanding the foregoing, in no event will Mortgagee have any obligation to take any of the actions set forth in this Section.

e. **Uniform Commercial Code Remedies.** Mortgagee may exercise any or all of the remedies granted to a secured party under the UCC. To the extent that applicable law imposes the duty on Mortgagee to exercise remedies in a commercially

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 14 of 300

reasonable manner, Grantor acknowledges and agrees that it is not commercially unreasonable for Mortgagee to: (1) fail to incur expenses reasonably deemed significant by Mortgagee to prepare the Personalty for disposition or to fail to complete raw material or work in process into finished goods or other finished products for disposition; (2) fail to exercise collection remedies against account debtors or other persons obligated on the Personalty (directly or through the use of collection specialists), or to fail to remove liens, encumbrances or adverse claims against the Personalty; (3) advertise dispositions of the Personalty through publications or media of general circulation, whether or not the Personalty is of a specialized nature; (4) contact persons for expressions of interest in acquiring all or any portion of the Personalty; (5) hire professional auctioneers to assist in the disposition of the Personalty, whether or not the Personalty is of a specialized nature; (6) dispose of the Personalty by utilizing Internet sites that provide for or are reasonably capable of the auction of assets of the types included in the Personalty; (7) dispose of the Personalty in wholesale rather than retail markets; (8) disclaim disposition warranties; (9) purchase insurance or credit enhancements to insure Mortgagee against risks of loss, collection or disposition of the Personalty or to provide to Mortgagee a guaranteed return from the collection or disposition of the Personalty; or (10) sell any Personalty jointly with any of the Property or to sell any Personalty in a sale separate from a sale of any of the Property. Grantor acknowledges that the purpose of this Section is to provide a non-exhaustive indication of what actions or omissions by Mortgagee would fulfill Mortgagee's duties under the UCC in Mortgagee's exercise of remedies against the Personalty, and that other actions or omissions by Mortgagee shall not be deemed to fail to fulfill such duties solely on account of not being expressly included or indicated in this Section.

f.   **Judicial Action.** Mortgagee may bring an action in any court of competent jurisdiction to foreclose this mortgage in the manner provided under applicable law for the foreclosure of mortgages on real property or to obtain specific enforcement of any of the covenants or agreements of this mortgage.

g.   **Sales of Personal Property.** Mortgagee may elect to treat as Personalty any Property which is intangible or which can be severed from the Land or Improvements without causing structural damage. If it chooses to do so, Mortgagee may dispose of any Personalty separately from the sale of real property, in any manner permitted by Article 9 of the UCC, including any public or private sale, or in any manner permitted by any other applicable law. Any proceeds of any such disposition shall not cure any Event of Default or reinstate any Secured Obligation.

h.   **Single or Multiple Foreclosure Sales.** If the Property consists of more than one lot, parcel, or item of property, in connection with any sale of the Property described in or permitted under this Article, Mortgagee may: (1) designate the order in which the lots, parcels and/or items shall be sold or disposed of or offered for sale or disposition; and (2) elect to dispose of the lots, parcels and/or items through a single consolidated sale or disposition to be held or made in connection with judicial proceedings, or by virtue of a judgment and decree of foreclosure and sale; or through two or more such sales or dispositions; or in any other manner Mortgagee

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                                    Page 15 of 300

may deem to be in its best interests (any such sale or disposition, a "**Foreclosure Sale**"). If it chooses to have more than one Foreclosure Sale, Mortgagee at its option may cause the Foreclosure Sales to be held simultaneously or successively, on the same day, or on such different days and at such different times and in such order as it may deem to be in its best interests. No Foreclosure Sale will terminate or affect the liens of this mortgage on any part of the Property which has not been sold, until all of the Secured Obligations have been paid in full.

i.   **Additional Rights.** In addition to the rights and powers given to Mortgagee under this mortgage, Mortgagee shall have all such other rights and remedies as provided in the Loan Agreement and the other Loan Documents, and all such other rights and remedies as provided both in law and equity for collection of the indebtedness secured hereby as it would have but for this mortgage.

j.   **Credit Bids.** At any Foreclosure Sale, any person, including Grantor or Mortgagee, may bid for and acquire the Property or any part of it to the extent permitted by then applicable law. Instead of paying cash for that Property, Mortgagee may settle for the purchase price by crediting the sales price of the Property against the following obligations: first, the portion of the Secured Obligations attributable to the expenses of sale, costs of any action and any other sums for which Grantor is obligated to reimburse Mortgagee; and second, all other Secured Obligations in any order and proportions as Mortgagee may choose.

k.   **Application of Foreclosure Sale Proceeds, Rents and Other Sums.** Mortgagee shall apply the proceeds of any Foreclosure Sale to pay (or reimburse Mortgagee for payment of) the Secured Obligations in any order and proportions as Mortgagee may choose, with the surplus, if any, to be paid over to Grantor. Mortgagee has no liability for any funds which it does not actually receive.

3.   **Waivers.** Grantor waives: (1) any right to require Mortgagee to proceed against Borrower, proceed against or exhaust any security held from Borrower, or pursue any other remedy in Mortgagee's power to pursue; (2) any defense based on any legal disability of Borrower, any discharge or limitation of the liability of Borrower to Mortgagee, whether consensual or arising by operation of law or any bankruptcy, reorganization, receivership, insolvency, or debtor-relief proceeding, or from any other cause, or any claim that Grantor's obligations exceed or are more burdensome than those of Borrower; (3) all presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, notices of acceptance of this mortgage and of the existence, creation, or incurring of new or additional indebtedness of Borrower, and demands and notices of every kind; (4) any defense based on or arising out of any defense that Borrower may have to the payment or performance of the Secured Obligations or any part of it; and (5) until the Secured Obligations have been paid and performed in full, all rights of subrogation, reimbursement, indemnification and contribution (contractual, statutory or otherwise), including any claim or right of subrogation under the Bankruptcy Code (Title 11 of the United States Code) or any successor statute, all rights to enforce any remedy that Mortgagee may have against Borrower, and all rights to participate in any security now or later to be held by Mortgagee for the Secured Obligations. Grantor waives all rights and defenses that Grantor may have because the Secured Obligations may be secured by real property other than the Property hereby encumbered. This

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 16 of 300

is an unconditional and irrevocable waiver of any rights and defenses Grantor may have because the Secured Obligations may be secured by real property other than the Property. Grantor waives any right or defense it may have at law or equity, to a fair market value hearing or action to determine a deficiency judgment after a foreclosure of any real property other than the Property hereby encumbered. No provision or waiver in this mortgage shall be construed as limiting the generality of any other provision or waiver contained in this mortgage.

4. **Information.** Grantor is solely responsible for keeping informed of Borrower's financial condition and business operations and all other circumstances affecting Borrower's ability to pay and perform its obligations to Mortgagee, and agrees that Mortgagee will have no duty to disclose to Grantor any information which Mortgagee may receive about Borrower's financial condition, business operations, or any other circumstances bearing on its ability to perform.

5. **No Mortgagee in Possession.** Neither the enforcement of any of the remedies under this Article, the assignment of the Rents and Leases under Article 2, the security interests under Article 3, nor any other remedies afforded to Mortgagee under the Loan Documents, at law or in equity shall cause Mortgagee to be deemed or construed to be a mortgagee in possession of the Property, to obligate Mortgagee to lease the Property or attempt to do so, or to take any action, incur any expense, or perform or discharge any obligation, duty or liability whatsoever under any of the Leases or otherwise.

### ARTICLE 7 - MISCELLANEOUS

1. **Notices.** All notices, approvals, consents, and other communications, under this mortgage ("**Notices**") must be in writing and mailed or delivered to the address specified herein. All Notices will be deemed to be given or made upon the earlier to occur of: (1) actual receipt by the intended recipient; or (2) (A) if delivered by hand or by courier, upon delivery; or (B) if delivered by mail, four business days after deposit in the U.S. mail, properly addressed, postage prepaid; except that notices and other communications to Mortgagee will not be effective until actually received by Mortgagee. Notices must be mailed or delivered, if to Grantor, to the address adjacent Grantor's signature below; if to Mortgagee, to:

> Conterra Agricultural Capital, LLC
> 5465 Mills Civic Parkway, Suite 201
> West Des Moines, IA 50266

2. **Entire Agreement.** This mortgage and the other Loan Documents collectively: (1) represent the sum of the understandings and agreements between Mortgagee and Grantor concerning the Loans; (2) replace any prior oral or written agreements between Mortgagee and Grantor concerning the Loans; and (3) are intended by Mortgagee and Grantor as the final, complete and exclusive statement of the terms agreed to by them.

3. **No Waiver or Cure.** Each waiver by Mortgagee must be in writing, and no waiver is to be construed as a continuing waiver. No waiver is to be implied from any delay or failure by Mortgagee to take action on account of any default of Grantor. Consent by Mortgagee to any act or omission by Grantor must not be construed as a consent to any other or subsequent act or omission or to waive the requirement for Mortgagee's consent to be obtained in any future or other instance. The exercise by Mortgagee of any right or remedy under this mortgage or the other Loan Documents or under applicable law, shall not: cure or waive a breach, Event of Default or notice

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                                    Page 17 of 300

of default under this mortgage or invalidate any act performed pursuant to any such default or notice; or nullify the effect of any notice of default or sale (unless all Secured Obligations then due have been paid and performed and all other defaults under the Loan Documents, have been cured); or impair the security of this mortgage; or prejudice Mortgagee or any receiver appointed in accordance with this mortgage, in the exercise of any right or remedy afforded any of them under this mortgage; or be construed as an affirmation by Mortgagee of any tenancy, lease or option, or a subordination of the lien of this mortgage.

4. **Merger.** No merger shall occur as a result of Mortgagee's acquiring any other estate in or any other lien on the Property.

5. **Waiver of Dower, Homestead, and Distributive Share.** Grantor relinquishes all right of dower, if any, and waives all right of homestead exemption and distributive share in and to the Property. Grantor waives any right of exemption as to the Property.

6. **Waiver of Marshalling.** Grantor waives all rights, legal and equitable, it may now or hereafter have to require marshalling of assets or to require upon foreclosure sales of assets in a particular order. Each successor and assign of Grantor, including any holder of a lien subordinate to this mortgage, by acceptance of its interest or lien agrees that it shall be bound by the above waiver, as if it had given the waiver itself.

7. **Waiver of Certain Other Laws.** To the extent permitted by applicable law, Grantor shall not at any time insist upon, plead, claim or take the benefit or advantage of any applicable law providing for appraisement, valuation, stay, extension, equity or redemption, any statutory or common law right of redemption, and all other exemptions, and Grantor, for Grantor, and its representatives, successors and assigns, and for any and all persons ever claiming any interest in the Property, to the extent permitted by law, hereby waives and releases all rights of redemption (including, without limitation, any common law or statutory right of redemption), and all other exceptions, as well as valuation, appraisement, stay of execution, or notice of election to mature or declare due the whole of the Secured Obligations in the event of foreclosure of the lien created by this mortgage. WITHOUT LIMITATION, IF THE UNDERSIGNED GRANTOR, OR ANY OF THEM, IS A CORPORATION, GRANTOR HEREBY RELEASES AND WAIVES ANY AND ALL RIGHTS OF REDEMPTION FROM SALE UNDER ANY JUDGMENT OF FORECLOSURE AND EACH OF THE ITEMS WAIVED AND RELEASED ABOVE, ON BEHALF OF GRANTOR, AND EACH AND EVERY PERSON ACQUIRING ANY INTEREST IN OR TITLE TO THE PROPERTY, SUBSEQUENT TO THE DATE OF THIS MORTGAGE, AND ON BEHALF OF ALL OF THE PERSONS TO THE EXTENT PERMITTED BY APPLICABLE LAW OF THE STATE OF IDAHO.

8. **Joint and Several Obligations.** If Grantor consists of more than one person, each Grantor (1) acknowledges and undertakes, together with every other Grantor, joint and several liability for the indebtedness, liabilities and obligations of Grantor under this mortgage; (2) acknowledges that this mortgage is the independent and several obligation of each Grantor and may be enforced against each Grantor separately, whether or not enforcement of any right or remedy hereunder has been sought against any other Grantor; and (3) agrees that its liability hereunder and under any other Loan Document shall be absolute, unconditional, continuing and irrevocable. GRANTOR EXPRESSLY WAIVES ANY REQUIREMENT THAT MORTGAGEE EXHAUST ANY RIGHT, POWER OR REMEDY AND PROCEED AGAINST ANY OTHER GRANTOR UNDER THIS MORTGAGE, OR ANY OTHER LOAN DOCUMENTS, OR AGAINST ANY

OTHER PERSON UNDER ANY GUARANTY OF, OR SECURITY FOR, ANY OF THE SECURED OBLIGATIONS.

9. **Governing Law/Jurisdiction and Venue.** This mortgage shall be governed exclusively by the laws of the State of Idaho without regard or reference to its conflict of laws principles.

10. **General.** This mortgage may not be amended, changed, modified, altered or terminated without the prior written consent of Mortgagee. This mortgage may be executed in counterparts, each of which will be an original and all of which together are deemed one and the same instrument. Mortgagee is authorized to execute any other documents or take any other actions necessary to effectuate this mortgage and the consummation of the transactions contemplated herein. Time is of the essence of this mortgage. Each party has participated in negotiating and drafting this mortgage, so if an ambiguity or a question of intent or interpretation arises, this mortgage is to be construed as if the parties had drafted it jointly, as opposed to being construed against a party because it was responsible for drafting one or more provisions of this mortgage. When all Secured Obligations have been irrevocably paid in full, Mortgagee shall execute and deliver to Grantor, a release of the Property from the lien of this mortgage. Headings and captions are provided for convenience only and do not affect the meaning of the text which follows.

11. **Priority.**

    **a.** Notwithstanding anything herein to the contrary, this mortgage is subordinate and inferior to: (i) that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing by Grantor in favor of MetLife Real Estate Lending LLC, dated as of September 26, 2018 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2018-003845, and in the Official Records of Jerome County, Idaho, under Document No. 2184031, as amended by that certain First Amendment dated April 15, 2020 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2020-001707, and in the Official Records of Jerome County, Idaho, under Document No. 2201724, as amended by that certain Second Amendment dated April 21, 2021 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2021-002100, and in the Official Records of Jerome County, Idaho, under Document No. 2212265; and (ii) that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing by Grantor in favor of Metropolitan Life Insurance Company, dated as of March 12, 2019 and recorded in the Official Records of Jerome County, Idaho, under Document No. 2190993, and in the Official Records of Twin Falls, Idaho, under Document No. 2019003382. The foregoing documents are as provided by and subject to the terms and conditions of the Intercreditor Agreement, dated on or about the date hereof, by and between Mortgagee and MetLife. For the avoidance of doubt and notwithstanding any term in this mortgage to the contrary, MetLife and its mortgages are prior and superior to and are not bound by or subject to any of the terms of the Loan Documents. Nothing contained in this mortgage is intended to, and shall not, alter or diminish any rights or remedies of MetLife as set forth in MetLife's mortgages or any documents and agreements related thereto.

    **b.** Notwithstanding anything herein to the contrary, this instrument and the rights and obligations evidenced hereby are subordinate to (i) that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing (Second Priority)

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 19 of 300

dated on or about October 20, 2022 (the "Senior Mortgage"), made in favor of Rabo AgriFinance LLC ("Senior Loan Agent"), as agent for certain lenders ("Senior Lenders") as described therein, and (ii) the payment in full of the obligations owing to the Senior Loan Agent as described in and pursuant to the terms of that certain Intercreditor and Subordination Agreement dated as of October 20, 2022 between Senior Loan Agent, and Conterra Agricultural Capital, LLC (as may be amended from time to time, the "Subordination Agreement"); and each holder of this instrument, by its acceptance hereof, shall be bound by the provisions of the Subordination Agreement. The herein described subordination is as provided by and subject to the terms and conditions of the Subordination Agreement. For the avoidance of doubt and notwithstanding any term in this instrument to the contrary, Senior Loan Agent and its second priority mortgage are prior and superior to and are not bound by or subject to any of the terms of the Loan Documents. Nothing contained in this instrument is intended to, and shall not, alter or diminish any rights or remedies of Senior Loan Agent and Senior Lenders as set forth in the Senior Mortgage and/or any documents and agreements related any obligations owing to it and the lenders

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 20 of 300

[SIGNATURE PAGE TO MORTGAGE]

**GRANTOR BY EXECUTION AND DELIVERY OF THIS MORTGAGE TO MORTGAGEE, AND MORTGAGEE, BY ACCEPTANCE HEREOF, TO THE EXTENT PERMITTED BY APPLICABLE LAW (1) COVENANT AND AGREE NOT TO ELECT A TRIAL BY JURY IN ANY ACTION OR PROCEEDING FOR THE RESOLUTION OF ANY CONTROVERSY OR CLAIM THAT ARISES OUT OF OR RELATES TO: (A) THIS MORTGAGE; OR (B) ANY OTHER LOAN DOCUMENT, WHETHER ARISING IN CONTRACT, TORT OR BY STATUTE (INDIVIDUALLY AND COLLECTIVELY, A "CONTROVERSY OR CLAIM"); AND (2) WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY CONTROVERSY OR CLAIM TO THE EXTENT SUCH RIGHT EXISTS NOW OR IN THE FUTURE. THE PROVISIONS OF THIS SECTION ARE GIVEN KNOWINGLY AND VOLUNTARILY AND ARE A MATERIAL INDUCEMENT FOR MORTGAGEE ENTERING INTO THE NOTE AND OTHER LOAN DOCUMENTS.**

**<u>PURSUANT TO IDAHO STATUTES § 9-505(5), A PROMISE OR COMMITMENT TO LEND MONEY OR TO GRANT OR EXTEND CREDIT IN AN ORIGINAL PRINCIPAL AMOUNT OF FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) OR MORE, MADE BY A PERSON OR ENTITY ENGAGED IN THE BUSINESS OF LENDING MONEY OR EXTENDING CREDIT, MUST BE IN WRITING TO BE LEGALLY BINDING UPON SUCH PERSON OR ENTITY.</u>**

**This Security Instrument and the rights and obligations evidenced hereby are subordinate to the payment in full of the obligations owing to the Senior Loan Agent as described in and pursuant to the terms of that certain Intercreditor and Subordination Agreement dated as of October ___, 2022 between Rabo AgriFinance LLC, as Senior Loan Agent, and Conterra Agricultural Capital, LLC; and each holder of this Note, by its acceptance hereof, shall be bound by the provisions of that Subordination Agreement.**

Grantor is executing this mortgage effective as of the day and year first written above.

**<u>GRANTOR:</u>**

<u>Address for all notices:</u>
471 North 300
West Jerome, Idaho 83338

MILLENKAMP PROPERTIES II LLC

By:   Millenkamp Family LLC
an Idaho limited liability company
its sole member

By: _____
WILLIAM J. MILLENKAMP
Manager

_____
WILLIAM JOHN MILLENKAMP

*[Mortgage Signature Pages]*

EXHIBIT 5                    Page 21 of 300

SUSAN JO MILLENKAMP


EAST VALLEY CATTLE, LLC,
an Idaho limited liability company

By: _____
WILLIAM J. MILLENKAMP
Manager


IDAHO JERSEY GIRLS JEROME DAIRY LLC,
an Idaho limited liability company

By: _____
WILLIAM J. MILLENKAMP
Manager


IDAHO JERSEY GIRLS LLC,
an Idaho limited liability company

By: _____
WILLIAM J. MILLENKAMP
Manager


GOOSE RANCH LLC,
an Idaho limited liability company

By:    Millenkamp Family LLC
       an Idaho limited liability company
       its sole member

       By: _____
       WILLIAM J. MILLENKAMP
       Manager


*[Mortgage Signature Pages]*


EXHIBIT 5                    Page 22 of 300

MILLENKAMP PROPERTIES, L.L.C.,
an Idaho limited liability company

By:   Millenkamp Family LLC
      an Idaho limited liability company
      its sole member

By: _____
      WILLIAM J. MILLENKAMP,
      Manager


MILLENKAMP CATTLE, INC.,
an Idaho corporation

By: _____
      WILLIAM J. MILLENKAMP,
      President

By: _____
      SUSAN J. MILLENKAMP,
      Secretary


MILLENKAMP FAMILY LLC,
an Idaho limited liability company

By: _____
      WILLIAM J. MILLENKAMP,
      Manager


*[Mortgage Signature Pages]*


EXHIBIT 5                    Page 23 of 300

[ACKNOWLEDGEMENTS OF MORTGAGE]

STATE OF IDAHO         )
                              )ss.
COUNTY OF __Jerome__   )

        This record was acknowledged before me on __Oct  14__, 2022 by WILLIAM
JOHN MILLENKAMP.

> LAURY LAMB
> Commission #41905
> Notary Public
> State of Idaho
> My Commission Expires: 04/02/28

_Laury Lamb_
Notary Public for Idaho
Printed Name: __Laury Lamb__
Commission Expires: __04/02/2028__

STATE OF IDAHO         )
                              )ss.
COUNTY OF __Jerome__   )

        This record was acknowledged before me on __Oct  14__, 2022, by SUSAN JO
MILLENKAMP.

> LAURY LAMB
> Commission #41905
> Notary Public
> State of Idaho
> My Commission Expires: 04/02/28

_Laury Lamb_
Notary Public for Idaho
Printed Name: __Laury Lamb__
Commission Expires: __04/02/2028__

STATE OF IDAHO         )
                              )ss.
COUNTY OF __Jerome__   )

        This record was acknowledged before me on __Oct  14__, 2022, by  WILLIAM J.
MILLENKAMP as the Member/Manager of East Valley Cattle, LLC, an Idaho limited liability
company.

> LAURY LAMB
> Commission #41905
> Notary Public
> State of Idaho
> My Commission Expires: 04/02/28

_Laury Lamb_
Notary Public for Idaho
Printed Name: __Laury Lamb__
Commission Expires: __04/02/2028__

**[*Acknowledgement pages continued*]**

[*Mortgage Signature Pages*]

STATE OF IDAHO              )
                           )ss.
COUNTY OF _Jerome_          )

    This record was acknowledged before me on _Oct  14_, 2022, by WILLIAM J. MILLENKAMP the Manager of Idaho Jersey Girls Jerome Dairy LLC, an Idaho limited liability company.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO              )
                           )ss.
COUNTY OF _Jerome_          )

    This record was acknowledged before me on _Oct  14_, 2022, by WILLIAM J. MILLENKAMP the Manager of Idaho Jersey Girls LLC, an Idaho limited liability company.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO              )
                           )ss.
COUNTY OF _Jerome_          )

    This record was acknowledged before me on _Oct  14_, 2022, by William J. Millenkamp, as the Manager of Millenkamp Family LLC, the sole Member of Goose Ranch LLC, an Idaho limited liability company.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

*[Acknowledgement pages continued]*

*[Mortgage Signature Pages]*

EXHIBIT 5                    Page 25 of 300

STATE OF IDAHO ⟩
⟩ss.
COUNTY OF _Jerome_ ⟩

This record was acknowledged before me on ___Oct 14___, 2022, by William J. Millenkamp, as Manager of Millenkamp Family LLC, an Idaho limited liability company, the sole Member of Millenkamp Properties, L.L.C., an Idaho limited liability company.

```
+------------------------------+
|        LAURY LAMB            |
|     Commission #41905       |
|       Notary Public         |
|       State of Idaho        |
| My Commission Expires: 04/02/28 |
+------------------------------+
```

_____
Notary Public for Idaho
Printed Name: _Laury Lamb_
my commission exp 04/02/2028

STATE OF IDAHO ⟩
⟩ss.
COUNTY OF _Jerome_ ⟩

This record was acknowledged before me on ___Oct 14___, 2022, by William J. Millenkamp, as Manager of Millenkamp Family LLC, an Idaho limited liability company, the sole Member of Millenkamp Properties II LLC, an Idaho limited liability company.

```
+------------------------------+
|        LAURY LAMB            |
|     Commission #41905       |
|       Notary Public         |
|       State of Idaho        |
| My Commission Expires: 04/02/28 |
+------------------------------+
```

_____
Notary Public for Idaho
Printed Name: _Laury Lamb_
my commission expires 04/02/2028

STATE OF IDAHO ⟩
⟩ss.
COUNTY OF _Jerome_ ⟩

This record was acknowledged before me on ___Oct 14___, 2022, by WILLIAM J. MILLENKAMP, the President of Millenkamp Cattle, Inc.

```
+------------------------------+
|        LAURY LAMB            |
|     Commission #41905       |
|       Notary Public         |
|       State of Idaho        |
| My Commission Expires: 04/02/28 |
+------------------------------+
```

_____
Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: 04/02/2028

[*Acknowledgement pages continued*]

[*Mortgage Signature Pages*]

EXHIBIT 5                    Page 26 of 300

STATE OF IDAHO                        )
                                      )ss.
COUNTY OF _Jerome_____                )

    This record was acknowledged before me on _____Oct 14_, 2022, by SUSAN J. MILLENKAMP, the Secretary of Millenkamp Cattle, Inc.

LAURY LAMB
COMMISSION #41905
NOTARY PUBLIC
STATE OF IDAHO

_____
Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO                        )
                                      )ss.
COUNTY OF _Jerome_____                )

    This record was acknowledged before me on _____Oct 14_, 2022, by WILLIAM J. MILLENKAMP, the Manager of Millenkamp Family LLC.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

_____
Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

*[Mortgage Signature Pages]*

EXHIBIT 5                          Page 27 of 300

## EXHIBIT A

Millenkamp

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

**Legal Description of Real Estate**

EXHIBIT 5                    Page 28 of 300

### Exhibit A

TRACT A - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          SW¼SE¼

Section 12:         NW¼NE¼

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          NW¼SE¼

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          Lots 1, 2, 3, and 4, S½NW¼, NE¼SE¼, S½NE¼

Section 2:          Lots 1 and 2, S½NE¼

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:         W½

Section 35:         E½ EXCEPTING THEREFROM:

Beginning at a point which is 25 feet West and 20 feet North of the Southeast corner of said Section 35;
Thence West 100 feet;
Thence North 100 feet;
Thence East 100 feet;
Thence South 100 feet to the Point of Beginning.

             ALSO EXCEPTING the following described tract:

Part of the SW¼SE¼, more particularly described as follows:

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;

EXHIBIT 5                    Page 29 of 300

Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          N½, EXCEPT the following described tract:

Beginning at the Northwest corner and running thence East 250 feet;
Thence South 174 feet;
Thence West 250 feet;
Thence North 174 feet to the Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 6:          Lots 1, 2, 3 and 4

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:         SW¼

PARCEL NO. 8:
A 30 foot wide Pipeline Easement as created by Warranty Deed recorded May 15, 1992 as Instrument No. 219021, records of Cassia County, Idaho, located in the SE¼ of said Section 31 of Township 11 South, Range 28 East of the Boise Meridian, Cassia County, State of Idaho, more particularly described as follows:

Beginning at the Southeast corner of said Section 31, said corner marked by a U.S. General Land Office pipe with brass cap; thence North 88°41'16" West along section line for 36.14 feet to the Point of Beginning;
Thence North 88°41'16" West along section line for 30.00 feet to a point;
Thence North 1°18'44" East for 46.48 feet to a point;
Thence North 44°29'16" West for 1841.47 feet to a point;
Thence North 88°31'26" West for 1211.50 feet to a point on the West line of the SE¼;
Thence North 0°18'45" East along the West line of the SE¼ for 30.00 feet to a point;
Thence South 88°31'26" East for 1224.24 feet to a point;
Thence South 44°29'16" East for 1866.27 feet to a point;
Thence South 1°18'44" West for 59.16 feet to the Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:         Part of the SW¼SE¼, more particularly described as follows:

EXHIBIT 5                    Page 30 of 300

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;
Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 10:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 13:        ALL

PARCEL NO. 11:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:        E½

Section 26:        NW¼ and E½, EXCEPT a part of the SE¼SE¼, described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

Section 27:        NE¼

PARCEL NO. 12:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 27:        SW¼

PARCEL NO. 13:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                    Page 31 of 300

Section 27:        NW¼ and SE¼

PARCEL NO. 14:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        S½ EXCEPTING THEREFROM the following described tract of land:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence running East along the centerline of said Section 35 to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said Section 35 to the West boundary line thereof;
Thence North along said West boundary line of said Section 35 for 24 feet to the Point of Beginning.

PARCEL NO. 15:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        N½

PARCEL NO. 16:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        ALL

PARCEL NO. 17:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:        Part of the SW¼NW¼ of said Section 31, more particularly described as follows:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with brass cap; thence South 0°06'00" West along section line for 1919.63 feet to the POINT OF BEGINNING;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 18:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        N½

Section 3:        N½

PARCEL NO. 19:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                                    Page 32 of 300

Section 4:          NE¼ (Lots 1 and 2 and the S½NE¼)

PARCEL NO. 20:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:          N½ and SE¼, EXCEPT the following described tract:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with brass cap; Thence South 0°06'00" West along section line for 1919.63 feet to the Point of Beginning;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 21:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 32:          W½

PARCEL NO. 22:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:          SW¼

PARCEL NO. 23:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          The North 24 feet of the S½ of said Section 35, more particularly described as follows:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence East along the centerline of the said section to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said section to the West boundary line of said section;
Thence North 24 feet to the Point of Beginning.

PARCEL NO. 24:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 34:          ALL

PARCEL NO. 25:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                                      Page 33 of 300

Section 26:          Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

PARCEL NO. 26:
An access easement for the benefit of Parcel No. 25 as conveyed by Quitclaim Deed between the Hunsaker Family Partnership, a Limited Partnership, and Reginald Hunsaker and Ruth J. Hunsaker, husband and wife, individually, Grantors, and Jack M. Hunsaker and Bonita P. Hunsaker, Grantees, dated August 10, 1983 and recorded August 12, 1983 as Instrument No. 154185 on Film No. 139, records of Cassia County, more particularly described as follows:

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:          Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26, said point marked by a U.S. Government Brass Cap which shall be the Point of Beginning;
Thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar;
Thence North 41°26'14" West for 33.36 feet to a point;
Thence South 89°59' East for 466.09 feet to a point on section line;
Thence South 0°21' West along said section line for 25.0 feet to the Point of Beginning.

PARCEL NO. 27:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:          W½

TRACT B - CASSIA COUNTY:

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:          All, EXCEPT the N½NW¼NW¼ and N½NE¼NW¼ of Section 10:

                     ALSO EXCEPTING the following described tracts:

                     Tract No. 1:

EXHIBIT 5                                    Page 34 of 300

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.


                    Tract No. 2:
Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning;
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.


Section 11:        Beginning at a point on the North line of Section 11, said point being 1760.7 feet West of the Northeast corner of said Section 11;
Thence at right angles South 489.7 feet;
Thence North 88°40' West 671.9 feet;
Thence South 9°34' East 160.7 feet;
Thence North 85°59' West 1253.6 feet;
Thence South 6°47' West 953.6 feet;
Thence South 4°37' West 1661.7 feet;
Thence South 89°37' West 1307.8 feet more or less to the West line;
Thence North 0°21' East along the West line 3156.8 feet, more or less to the Northwest corner;
Thence East along said North line 3430.4 feet, more or less to the Point of Beginning.


Section 14:        Beginning at the Southwest corner of Section 14;
Thence South 89°26' East along the South line 1535.1 feet;
Thence North 19°49' West 4452.0 feet more or less to the West line;
Thence South 0°21' West 4173.0 feet more or less to the Point of Beginning.


Section 15:        All

Section 16:        S½ and the NW¼

Section 17:        SE¼SE¼

PARCEL NO. 2:
A water pipeline easement as conveyed by Warranty Deed from Raft River Ranches, Inc., a corporation to Preston R. Allen and Roland R. Allen, dated October 21, 1976 and recorded December 1, 1976 as Instrument No. 94693 on Film No. 105, records of Cassia County, Idaho, described as follows:


TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO


Section 14:        An easement 60 feet wide being 30 feet left and 30 feet right of the following described line:


Beginning at a point on the East line of said Section 14, said point being 1637 feet North of the Southeast corner of Section 14;

EXHIBIT 5                    Page 35 of 300

Thence North 67°24' West 5694 feet more or less to the West line of Section 14, said point being North 0°21' West 3773 feet from the Southwest corner of Section 14.

Section 22:        An easement 60 feet wide being adjacent to and 60 feet right of the following described line:

Beginning at the North quarter corner of said Section 22;
Thence South along the Meridianal centerline of Section 22 for a distance of 2500 feet;
Thence at right angles West 154 feet.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        SW¼, W½SE¼, S½NW¼, EXCEPTING that part of the NW¼ described as follows:

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on center line of Yale Road; Thence South 57°36' West for 2,040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

AND ALSO EXCEPT the portion deeded to the Burley Highway District for highway purposes, as disclosed by Warranty Deed, dated July 28, 2005 and recorded September 20, 2007 as Instrument No. 2007-318339, records of Cassia County, Idaho.

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        W½, EXCEPTING that part of the NW¼NW¼ described as follows:

Beginning at the Northwest corner of the NW¼NW¼;
Thence South 1599 feet;
Thence North 59°02' East 324 feet;
Thence North 28°10' East 1195 feet;
Thence North 25°56' West 294 feet;
Thence North 87° West 530 feet more or less to the Point of Beginning.

Section 3:        E½, EXCEPTING that portion thereof that lies North of a line running as follows:

Beginning at the South Quarter section corner;
Thence North 1320 feet;
Thence North 42°38' East 1056 feet;
Thence North 69°26' East 1231.5 feet;
Thence North 19°42' West 924 feet;
Thence North 59°02' East 541 feet more or less to the East boundary of said Section 3.

Section 9:        All, EXCEPTING THEREFROM the following described tracts:

             Tract No. 1:
Beginning at a point in the Northeast corner of NE¼NE¼;

EXHIBIT 5                                        Page 36 of 300

Thence due South along section line 250 feet;
Thence due West 1550 feet;
Thence due North 250 feet;
Thence due East along section line to the Point of Beginning.

Tract No. 2:
Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office Pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar on section line;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.

Tract No. 3:
Beginning at the Northeast corner of said Section 9, said corner marked by a 5/8 inch rebar; Thence South 00°11'27" East (South rec.) along the East section line for a distance of 250.00 feet to the Point of Beginning;
Thence South 00°11'27" East continuing along said line for a distance of 191.53 feet;
Thence South 86°39'00" West for a distance of 37.48 feet to a ½ inch rebar;
Thence South 86°39'00" West for a distance of 1614.99 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 294.52 feet to a ½ inch rebar;
Thence North 89°46'36" West for a distance of 1401.98 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 224.97 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 25.00 feet to the North section line;
Thence South 89°46'51" East along said line for a distance of 399.52 feet to the North ¼ section corner marked by a 5/8 inch rebar;
Thence South 89°46'36" East along the North section line for a distance of 1102.45 feet;
Thence South 00°11'27" East (South rec.) for a distance of 25.00 feet to a ½ inch rebar;
Thence South 00°11'27" East (South rec.) for a distance of 225.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 1525.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 25.00 feet to the Point of Beginning.

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the NW¼, more particularly described as follows:

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning:
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the NE¼, more particularly described as follows:

EXHIBIT 5                              Page 37 of 300

Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning:
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the NE¼NW¼, more particularly described as follows:

Beginning at the Northwest corner of the NE¼ of said Section 10; Thence South 89°55' West along section line of said Section 10 for 208.72 feet to a point; Thence South 0°05' East for 52.0 feet to the True Point of Beginning;
Thence South 0°05' East for 290.4 feet to a point;
Thence South 89°55' West for 150.0 feet to a point;
Thence North 0°05' West for 290.4 feet to a point;
Thence North 89°55' East for 150.0 feet to the True Point of Beginning.

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the N½NE¼NW¼, more particularly described as follows:

Beginning at the N¼ section corner of said Section 10, said corner marked by a U.S. GLO iron pipe with brass cap which shall be the Point of Beginning:
Thence South 00°07'39" East along the East line of the NW¼ for a distance of 660.78 feet to a ½ inch rebar at the Southeast corner of the N½NE¼NW¼;
Thence South 89°55'40" West along the South line of the N½NE¼NW¼ for a distance of 418.04 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 607.86 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 52.97 feet to the North line of Section 10;
Thence North 89°56'00" East along said line for a distance of 418.04 feet to the Point of Beginning;

EXCEPTING THEREFROM, the following described parcel:

Beginning at the N¼ corner of said Section 10; Thence South 89°56'00" West (South 89°55' West, rec.) along the North section line for a distance of 208.72 feet; Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 52.00 feet to a point which shall be the Point of Beginning:
Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 290.40 feet;
Thence South 89°56'00" West (South 89°55' West, rec.) for a distance of 150.00 feet;
Thence North 00°04'00" West (North 00°05' West, rec.) for a distance of 290.40 feet;
Thence North 89°56'00" East (North 89°55' East, rec.) for a distance of 150.00 feet to the Point of Beginning.

PARCEL NO. 8:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        Part of the NW¼, more particularly described as follows:

EXHIBIT 5                    Page 38 of 300

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on the centerline of Yale Road; Thence South 57°36' West for 2040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 9:         Part of the NW¼NW¼ of said Section 9 more particularly described as follows:

Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.


TRACT C - CASSIA COUNTY

TOWNSHIP 9 SOUTH, RANGE 25 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:         All of Lots 2, 3, 4, SE¼SW¼ and S½SE¼, SAVE AND EXCEPT the following described parcel:

Beginning at a BLM brass cap at the Southeast section corner of said Section 2;
Thence South 89°54' West for 329.82 feet;
Thence North 986.08 feet;
Thence North 44°27' West for 467.29 feet to a BLM brass cap;
Thence North 89°53' East 656.7 feet;
Thence South 1320 feet to the True Point of Beginning.

Section 3:         Lot 2

Section 10:        W½NE¼, NE¼NW¼ (also designated as Lot 1) and SE¼NW¼ EXCEPTING THEREFROM the following described parcel:

A strip of land 50 feet in width, lying 25 feet on each side of the following described line:

Beginning at a point on the North and South Center line of said Section 10, 2603 feet South of the Northwest corner of the Northeast Quarter of said Section 10;
Thence North 87°20' West 890 feet;
Thence North 89°25' West 430 feet.

Section 11:        NW¼

TRACT D - JEROME COUNTY

EXHIBIT 5                                        Page 39 of 300

PARCEL NO. 1:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 27:        NW¼NW¼; SW¼NW¼

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        SE¼, EXCEPTING THEREFROM the South 25 feet of the S½SE¼ for public highway right-of-way
by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome County
records.

Section 33:        N½NE¼, EXCEPTING THEREFROM the North 25 feet of the N½NE¼ for public highway right-of-
way by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome
County records.

PARCEL NO. 3:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        SE¼NE¼

                        EXCEPTING THEREFROM a parcel of land located in the SE¼NE¼, described as follows:

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the
POINT OF BEGINNING;
Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;
Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a
5/8 inch rebar;
Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a
½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet
to a ½-inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet
to a ½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to
a ½ inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet
to the intersection with the East line of the SE¼NE¼ of Section 28;
Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to
the POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the SE¼NE¼, more particularly described as follows:

EXHIBIT 5

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the POINT OF BEGINNING;

Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;

Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a 5/8 inch rebar;

Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet to a ½-inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to a ½ inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet to the intersection with the East line of the SE¼NE¼ of Section 28;

Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to the POINT OF BEGINNING.

PARCEL NO.  5:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        SW¼NE¼;

PARCEL NO. 6:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        NW¼NE¼, EXCEPTING THEREFROM that portion lying North and West of the North Side Canal Company lateral.

PARCEL NO. 7:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        E½NW¼, NW¼NW¼, SW¼NW¼, EXCEPTING THEREFROM the South 10 Acres;

ALSO EXCEPTING THEREFROM that part of the SW¼NW¼, described as follows:

Commencing at the Northwest corner of said Section 28;

Thence South 0°23'30" East along the West boundary of said Section 28, 1761.83 feet to the TRUE POINT OF BEGINNING;

Thence South 36°14'06" East, 457.64 feet;

Thence South 38°11'57" East, 170.68 feet;

Thence South 45°28'11" East, 64.61 feet;

Thence North 89°52'42" West, 418.37 feet to the West boundary of said Section 28;

Thence North 0°23'30" West along the West boundary of said Section 28, 547.70 feet to the TRUE POINT OF BEGINNING.

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5                        Page 41 of 300

JEROME COUNTY, IDAHO

Section 28:        That portion of the NW¼NE¼ lying North and West of the North Side Canal Company lateral.

                   EXCEPTING THEREFROM that part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet, to the Northwest corner of the NW¼NE¼, said point being the TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to the TRUE POINT OF BEGINNING.

PARCEL NO. 8:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Portion of the SW¼NW¼, described as follows:

Commencing at the Southwest corner of the SW¼NW¼ of said Section;
Thence South 89°53'08" East, along the South line of the SW¼NW¼ of said Section, 1017.36 feet to the TRUE POINT OF BEGINNING;
Thence North 66°30'17" West, 415.61 feet;
Thence North 60°28'11" West, 72.97 feet;
Thence North 52°35'55" West, 141.53 feet;
Thence North 45°28'11" West, 61.96 feet;
Thence South 89°52'42" East, 904.69 feet;
Thence South 0°23'23" East, 329.77 feet to a point on the South line of the SW¼NW¼ of said Section;
Thence North 89°53'08" West along the South line of the SW¼NW¼ of said Section, 305.69 feet to the TRUE POINT OF BEGINNING.

PARCEL NO. 9:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        That part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet to the Northwest corner of the NW¼NE¼, said point being THE TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 10:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5                              Page 42 of 300

Section 34:        E½SE¼; AND That part of the SW¼SE¼ lying South of the right of way of the U-4 lateral or coulee of the North Side Canal Company, Ltd., as located and operated over and across said land,

EXCEPTING THEREFROM the following described tracts:

Tract No. 1:

Commencing at the Southeast corner of Section 34; Thence North 89°47' West, 2033.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13'00" East, 283.88 feet to the Southerly bank (right of way) of the Northside Canal Company "U-4" Lateral;
Thence along said "U-4 Lateral South 70°46'54" West, 79.00 feet;
South 52°49'10" West, 79.35 feet;
South 45°31'07" West, 73.56 feet;
Thence departing said lateral South 4°01'42" East, 158.10 feet to the Southerly boundary of Section 34;
Thence South 89°47' East, 178.11 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 2:

Beginning at the Southeast corner of Section 34;
Thence North 89°47'00" West, 1866.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13' East, 355.00 feet to the Southerly bank of the Northside Canal Company "U-4"Lateral;
Thence South 67°08'57" West, 181.51 feet along the Southerly bank of said Lateral;
Thence South 0°13' West, 283.88 feet to the Southerly boundary of Section 34;
Thence South 89°47'00" East, 167.00 feet along said Southerly boundary to THE TRUE POINT OF BEGINNING.

Tract No. 3:

Beginning at the Southeast corner for Section 34, THE TRUE POINT OF BEGINNING;
Thence North 89°47'00" West, 672.70 feet along the Southerly boundary of Section 34;
Thence North 0°11'26" West, 451.32 feet;
Thence South 89°47'00" East, 672.70 feet to the Easterly boundary of Section 34;
Thence South 0°11'26" East, 451.32 feet along the Easterly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 4:

Beginning at a point on the south line of said SW¼SE¼, which point is 287 feet east of the Southwest corner of said SW¼SE¼;
Thence in an easterly direction along said south line 144 feet;
Thence running North 5°30' West 176 feet to the center of the U-4 lateral of the North Side Canal Co. Ltd as now constructed;
Thence Southwesterly along said centerline of said lateral 242 feet to the Point of Beginning.

PARCEL NO. 11:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the SW¼NW¼, and Part of the NW¼SW¼, described as follows:

Commencing at a 5/8-inch iron pin with a plastic cap stamped PLS 3623 marking the Southwest corner of the Northwest ¼ of said Section 28, being also the POINT OF BEGINNING, from which an aluminum cap stamped PLS

EXHIBIT 5                          Page 43 of 300

884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears South 00°06'53" West at a distance of 2639.06 feet, and also from which a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the Northwest ¼ of said Section 28 bears North 00°05'13" East at a distance of 2639.50 feet;

Thence along the West line of the Southwest ¼ of the Northwest ¼ of said Section 28, North 00°05'13" East, a distance of 329.94 feet to the Northwest corner of the South 10 Acres of said Southwest ¼ of the Northwest ¼, being also the Southwest corner of a parcel of land described as Parcel No. 36 in a Quitclaim Deed to L&S Land Holdings LLC as recorded in the Jerome County Recorder's Office on December 31, 2008 as Instrument Number 2086830.

Thence along the North line of said 10 acres, being also the South line of said Parcel No. 36, South 89°21'43" East, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the Southeast corner of said Parcel No. 36, being also the Northwest corner of a parcel of land described as Parcel No. 2 in a Warranty Deed to William J. and Susie J. Millenkamp as recorded in the Jerome County Recorder's Office on March 2, 2005 as Instrument Number 2051133;

Thence along the Westerly line of said Parcel No. 2 the following bearings and distances;

South 45°00'52" East, a distance of 61.09 feet (North 45°28'11" West, 64.96 feet, record);

Thence South 52°06'54" East, a distance of 141.47 feet (North 52°35'55" West, 141.53 feet, record);

Thence South 59°59'23" East, a distance of 72.92 feet (North 60°28'11" West, 72.97 feet, record);

Thence South 66°01'21" East, a distance of 418.43 feet to a ½-inch iron rod with plastic cap stamped PLS 3623 marking the intersection with the South line of the Southwest ¼ of the Northwest ¼ of said Section 28 (North 66°30'17" West, 415.61 feet, record);

Thence along the South line of said Southwest ¼ of the Northwest ¼, North 89°21'54" West, a distance of 229.89 feet to the intersection with the W3 Lateral of the North Side Canal Company;

Thence along the center of said W3 Lateral the following bearings and distances;

South 33°36'43" West, a distance of 232.99 feet to the beginning of a curve tangent to said line;

Thence Southwesterly and Westerly a distance of 292.87 feet along the curve concave to the Northwest, having a radius of 338.33 feet, a central angle of 49°35'51", and being subtended by a chord that bears South 58°24'39" West 283.81 feet;

Thence South 83°12'35" West tangent to said curve, a distance of 96.35 feet to the beginning of a curve tangent to said line;

Thence Westerly, Southwesterly and Southerly a distance of 107.95 feet along the curve concave to the Southeast, having a radius of 75.00 feet, a central angle of 82°28'03", and being subtended by a chord that bears South 41°58'33" West 98.87 feet;

Thence South 00°44'31" West tangent to said curve, a distance of 201.65 feet to the beginning of a curve tangent to said line;

Thence Southerly, Southwesterly and Westerly a distance of 153.04 feet along the curve concave to the Northwest, having a radius of 110.00 feet, a central angle of 79°42'55", and being subtended by a chord that bears South 40°35'58" West 140.99 feet;

Thence South 80°27'26" West tangent to said curve, a distance of 141.62 feet;

Thence South 85°21'09" West, a distance of 24.78 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the West line of the Northwest ¼ of the Southwest ¼ of said Section 28;

Thence along the West line of said Northwest ¼ of the Southwest ¼, North 00°06'53" East, a distance of 770.52 feet to the POINT OF BEGINNING.


ALSO INCLUDED


TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO


Section 28:    Part of the SW¼NW¼, previously described as Parcel No. 36 in Quitclaim Deed from Luis M. & Sharon Bettencourt to L&S Land Holdings as recorded on December 31, 2008 as Instrument Number 2086830, now being described as follows:

EXHIBIT 5                            Page 44 of 300

Commencing at a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the West ½ of said Section 28; Thence along the West line of the Northwest ¼ of said Section 28, South 00°05'13" West, a distance of 1761.60 feet (South 00°23'30" East, 1761.83 feet, record), to a ½-inch iron pin marking the POINT OF BEGINNING.
Thence South 35°44'37" East, a distance of 457.46 feet (South 36°14'06" East, 457.64 feet, record);
Thence South 37°41'44" East, a distance of 170.64 feet (South 38°11'57" East, 170.68 feet, record);
Thence South 45°00'52" East, a distance of 65.53 feet (South 45°28'11" East, 64.61 feet, record) to the North line of the South 10 Acres of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the North line of said South 10 Acres, North 89°21'43" West, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the West line of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the West line of said Southwest ¼ of the Northwest ¼, North 00°05'13" East, a distance of 547.97 feet (North 00°23'30" West, 547.70 feet, record) to the POINT OF BEGINNING.

ALSO INCLUDED

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the NE¼SW¼, described as follows:

Commencing at a brass cap marking the Southeast corner of the Southwest ¼ of said Section 28, from which an aluminum cap stamped PLS 884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears North 89°22'57" West at a distance of 2646.57 feet; Thence along the East line of said Southwest ¼, North 00°05'51" East, a distance of 1931.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858 marking the POINT OF BEGINNING.
Thence North 39°19'22" West, a distance of 125.38 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 42°05'52" West, a distance of 294.98 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 44°25'46" West, a distance of 368.54 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 51°33'57" West, a distance of 89.01 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 72°47'53" West, a distance of 237.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 84°18'05" West, a distance of 124.52 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the North line of the Northeast ¼ of the Southwest ¼ of said Section 28;
Thence along the North line of said Northeast ¼ of the Southwest ¼, South 89°21'54" East, a distance of 957.25 feet to a 5/8-inch rebar with aluminum cap stamped PLS 9858 marking the Northeast corner of said Northeast ¼ of the Southwest ¼;
Thence along the East line of said Northeast ¼ of the Southwest ¼, South 00°05'51" West, a distance of 706.46 feet to the POINT OF BEGINNING.

TRACT E

CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        E½

JEROME COUNTY

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5                          Page 45 of 300

Section 21:        That portion of the N½SW¼, lying South of the centerline of the Northside Canal Company "W" Canal, more particularly described as follows:

Commencing at the Northwest corner of said N½SW¼; Thence South 0°07'58" East, 562.38 feet along the Westerly boundary of said N½SW¼ to the center of the Northside Canal Company "W" Canal and THE TRUE POINT OF BEGINNING;
Thence South 0°07'58" East, 758.11 feet to the Southwest corner of said N½SW¼;
Thence South 89°41'11" East, 2643.72 feet to the center of said "W" Canal;
Thence Westerly along the approximate center of said "W" Canal the following courses and distances:
Thence North 26°19'12" West, 237.37 feet;
Thence North 44°56'58" West, 199.28 feet;
Thence South 52°21'52" West, 240.71 feet;
Thence North 67°19'08" West, 646.97 feet;
Thence North 87°18'51" West, 178.79 feet;
Thence North 64°23'23" West, 203.61 feet;
Thence South 73°01'14" West, 419.96 feet;
Thence South 62°58'56" West, 355.62 feet (335.62 feet recorded);
Thence North 71°13'41" West, 561.62 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 10:        A parcel of land located in the N½NW¼, described as follows:

Commencing at the Northeast corner of the N½NW¼, which corner bears North 8°44'54" West, 213.81 feet from Station 296+20.43 of Interstate 80N, Project No. 1-80N-3(18)191 Highway Survey; Thence South 0°06'44" East along the East line of said N½NW¼, a distance of 378.42 feet to a point that bears South 9°11'09" East, 160.00 feet from Station 295+60.35 of said Highway Survey and being the REAL POINT OF BEGINNING;
Thence South 79°55'36" West, 640.33 feet to a point in a line parallel with and 170.0 feet Southerly from the centerline and opposite Station 289+20.09 of said Highway Survey;
Thence along said parallel line as follows:
Westerly along a 5899.58 foot radius curve right 1603.00 feet to a point which bears South 6°22'56" West, 170.0 feet from Station 273+63.28 of said Highway Survey;
North 83°37'04" West, 398.99 feet to a point in the West line of said N½NW¼ and bears South 6°22'56" West, 170.0 feet from the Station 269+64.29 of said Highway Survey;
Thence South 0°03'34" East along said West line 842.0 feet, more or less, to the Southwest corner of said N½NW¼;
Thence Easterly along the South line of said N½NW¼, a distance of 2640.0 feet, more or less, to the Southeast corner thereof;
Thence North 0°06'44" West along the East line of said N½NW¼ a distance of 942.0 feet, more or less, to THE REAL POINT OF BEGINNING.

                EXCEPTING THEREFROM a parcel of land described as follows:

Beginning at the North quarter corner of said Section 10; Thence South 0°04'39" West along the center section line of said Section 10 for a distance of 370.80 feet to the South right of way line of Interstate 80N, Project No. I-80N-3(18)191 and being the REAL POINT OF BEGINNING;
Thence from the REAL POINT OF BEGINNING South 0°04'39" West along the center section line of said Section 10 for a distance of 951.05 feet to the Southeast corner of the N½NW¼;
Thence North 89°58'21" West along the South line of the N½NW¼ for a distance of 233.66 feet;

EXHIBIT 5                    Page 46 of 300

Thence North 0°04'39" East for a distance of 910.82 feet to the South right of way line of Interstate 80N;
Thence North 79°57'46" East along the South right of way line of Interstate 80N for a distance of 223.00 feet;
Thence North 84°56'39" East along the South right of way line of Interstate 80N for a distance of 14.19 feet to the
REAL POINT OF BEGINNING.

FURTHER EXCEPTING THEREFROM that part of the NW¼, described as follows:

Commencing at the Northwest corner of said Section 10; Thence South 0°00'13" West along the West boundary of
said Section 10 for a distance of 1073.5 feet to THE TRUE POINT OF BEGINNING;
Thence North 89°30'00" East for a distance of 210.00 feet;
Thence South 0°00'13" West parallel with the West boundary of Section 10 for a distance of 211.04 feet;
Thence South 89°30'00" West for a distance of 113.0 feet;
Thence North 84°00'00" West for a distance of 97.5 feet to a point on the West boundary of Section 10;
Thence North 0°00'13" East along the West boundary of Section 10 for a distance of 200.00 feet to THE TRUE
POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 34:       SE¼NE¼; NE¼NE¼

PARCEL NO. 5
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       NE¼NE¼, more particularly described as follows:

Beginning at the Northeast corner of said Section 28, said point being the TRUE POINT OF BEGINNING;
Thence North 89°39' West along the North boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Northwest
corner of NE¼NE¼;
Thence South 0°02' East along the West boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southwest
corner of the NE¼NE¼;
Thence South 89°39' East along the South boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southeast
corner of the NE¼NE¼;
Thence North 0°02' West along the East boundary of the NE¼NE¼, 1320.00 feet, more or less, to the TRUE POINT
OF BEGINNING.

TRACT F – JEROME COUNTY

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 29:       S½NE¼NE¼

TRACT G - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                    Page 47 of 300

Section 2:        W½SW¼

Section 3:        SE¼, E½SW¼, S½NW¼

Section 4:        All

Section 9:        SW¼

Section 10:       All

Section 11:       W½NW¼, NW¼SW¼; W½SE¼, SW¼SW¼, E½SW¼, SE¼NW¼, SW¼NE¼

Section 13:       W½, W½E½

Section 14:       All

Section 15:       All

TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:        Lots 2, 3, 4 and W½SW¼

                  SAVE AND EXCEPT, the following described property:

Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with
cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF
BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:        Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with
cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF
BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5                    Page 48 of 300

CASSIA COUNTY, IDAHO

Section 9:          E½

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          SE¼NE¼ and E½SE¼

Section 34:          Part of the SE¼SW¼ more particularly described as follows:

Beginning at the Southwest corner of the SE¼SW¼ of Section 34, the TRUE POINT OF BEGINNING;
Thence North along the West boundary of the SE¼SW¼ of Section 34 for 400 feet;
Thence East along a line parallel to the South boundary of said SE¼SW¼, Section 34 for 600 feet;
Thence South 400 feet to the South boundary of the SE¼SW¼ of Section 34;
Thence West along the South boundary of the SE¼SW¼ of Section 34 for 600 feet to the POINT OF BEGINNING.

PARCEL NO. 5:
A 25 foot easement for ingress and egress to the E½SE¼ of Section 35, Township 11 South, Range 28 East, Boise
Meridian and for Section 36, Township 11 South, Range 28 East Boise Meridian, as reserved in Warranty Deed
dated April 1, 1986 and recorded May 8, 1986 as Instrument No. 178224 on Film No. 180, records of Cassia County,
Idaho, more particularly described as follows:

Beginning at the Southwest corner of the E½SW¼, Section 34, Township 11 South, Range 28 East Boise Meridian;
Thence East along the North boundary of Section 3, Township 12 South, Range 28 East of the Boise Meridian to a
point that is 25 feet West of the Northeast corner of said Section 3;
Thence South 25 feet;
Thence East 25 feet to the East boundary of said Section 3;
Thence continuing East and 25 feet South of the North boundary of Section 2, Township 12 South, Range 28 East,
Boise Meridian, to the East boundary of said Section 2;
Thence North 25 feet to the Northeast corner of said Section 2;
Thence West along the North boundary of said Section 2 to the Northwest corner of said Section 2;
Thence North 25 feet;
Thence West to the West boundary of the E½SW¼ of Section 34, Township 11 South, Range 28 East Boise
Meridian;
Thence South 25 feet to the POINT OF BEGINNING.

TRACT H – TWIN FALLS COUNTY

Lots 1 through 8, inclusive, and Parcels A and B, PAULSON SUBDIVISION, Twin Falls County, Idaho, filed in Book
17 of Plats, Page 39.  Affidavit of Correction recorded September 4, 2001 as Instrument No. 2001-015902.

TRACT I – TWIN FALLS COUNTY

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:          Part of Lot 9, more particularly described as follows:

EXHIBIT 5                              Page 49 of 300

A parcel of ground located between the Southerly high water mark of the Snake River and the Northerly right-of-way line of the County Road, being part of Lot 9 in Section 9 and Lot 12 in Section 4 of Township 9 South, Range 15 East Boise Meridian, more particularly described as follows:

Beginning at the centerline of the County Road right of way as it intersects Lot 9 in Section 9, being THE TRUE POINT OF BEGINNING;
Thence Easterly along the centerline of said County Road right-of-way for a distance of 450 feet;
Thence North approximately 250 feet to the high water line of the Snake River;
Thence Southwesterly along the high water line of the Snake River to the point where the Snake River intersects the Westerly boundary of Section 9;
Thence South approximately 150 feet to the centerline of the County Road right--of-way, being THE TRUE POINT OF BEGINNING.

TRACT J – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:          Lots 10, 19 and 20

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:          SW¼SW¼

SAVE AND EXCEPT a parcel of land located in Government Lot 22, more particularly described as follows:

Commencing at the Southwest Section corner of said Section 5 from which the S¼ corner of said Section 5 bears South 89°21'06" East, 2671.89 feet, said Southwest section corner of Section 5 being THE TRUE POINT OF BEGINNING;
Thence North 00°20'00" East along the West boundary of said Government Lot 22 for a distance of 168.01 feet;
Thence South 89°40'00" East for a distance of 11.75 feet to a point on the Southerly rim of the Snake River;
Thence along the Southerly rim of the Snake River on the following courses:
North 43°15'43" East, 23.49 feet;
South 81°49'29" East, 150.08 feet;
North 85°23'40" East, 128.99 feet;
South 87°20'13" East, 89.08 feet;
North 68°53'37" East, 45.37 feet;
Thence South 28°37'14" West for a distance of 216.48 feet to a point on the South boundary of said Government Lot 22;
Thence North 89°21'06" West along the South boundary of said Government Lot 22 for a distance of 333.58 feet to the Southwest section corner of said Section 5 and being THE TRUE POINT OF BEGINNING.

SUBJECT TO:
1.  A 25.00 foot wide county road easement along the South and West boundaries of the before described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

EXHIBIT 5                                    Page 50 of 300

Section 8:        Lots 2, 4, 5 and the NE¼NW¼


TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 8:        Part of Government Lot 1, more particularly described as follows:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly
boundary of Section 8 to the Northeast corner of Government Lot 1; Thence North 41°45'07" West, 612.36 feet along
the boundaries of Government Lots 1 and 4 to Angle Point 4; Thence North 52°52'21" West, 493.46 feet along said
boundary between Government Lots 1 and 4 to an existing fence and THE TRUE POINT OF BEGINNING;
Thence North 52°52'21" West, 152.02 feet along said boundary between Lots to Angle Point Number 3;
Thence North 68°55'21" West, 456.73 feet along said boundary to the Northwest corner of Government Lot 1;
Thence South 0°52'44" East, 272.78 feet along the Westerly boundary of Government Lot 1 to an existing fence
corner;
Thence North 88°14'05" East, 543.45 feet along said fence to the Easterly boundary of Government Lot 1 and THE
TRUE POINT OF BEGINNING.


SAVE AND EXCEPT the following described:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly
boundary of Section 8 to the Southeast corner to Government Lot 4 and THE TRUE POINT OF BEGINNING;
Thence North 0°52'21" West, 724.23 feet along the Easterly boundary of Section 8 to an existing fence corner;
Thence North 84°01'11" West, 407.11 feet along the existing fence;
Thence South 88°14'05" West, 385.47 feet along said fence to the Southwesterly boundary of Government Lot 4;
Thence South 52°52'21" East, 493.46 feet along the Southwesterly boundary of Government Lot 4 to Angle Point
Number 4;
Thence South 41°45'07" East, 612.36 feet along the Southwesterly boundary of said Government Lot 4 to THE
TRUE POINT OF BEGINNING.

TRACT K – TWIN FALLS COUNTY

Part of Lots 7, 8, 9, 11, 12, 13 and 14, of Section 9, Township 9 South, Range 15 East Boise Meridian, and part of
Lot 12 of Section 4, Township 9 South, Range 15 East Boise Meridian, Twin Falls County, Idaho, more particularly
described as follows:

Beginning at the Meander corner on the South bank of the Snake River lying on the section line common to Sections
9 and 10 of Township 9 South, Range 15 East Boise Meridian, said corner being marked by a U.S. General Land
Office pipe with brass cap; Thence South 00°10'20" West along the Section line common to Sections 9 and 10 for
427.10 feet to a point on the North side of the Upper Brandon Ditch which shall be THE POINT OF BEGINNING;
Thence South 00°10'20" West along section line for 433.61 feet to a ½ inch rebar on the South rim of the Snake
River Canyon;
Thence North 76°23'56" West (North 76°25' West rec.) along said canyon rim for 223.07 feet (223 feet rec.) to a ½
inch rebar;
Thence North 70°29'12" West (North 70°40' West rec.) along said canyon rim for 159.73 feet (160 feet rec.) to a ½
inch rebar;
Thence North 74°43'47" West (North 75°02' West rec.) along said canyon rim for 584.51 feet (585 feet rec.) to a
point;

EXHIBIT 5                    Page 51 of 300

Thence South 87°33'41" West (South 87°16' West rec.) along said canyon rim for 676.63 feet (677 feet rec.) to a point;

Thence North 81°38'59" West (North 81°57' West rec.) along said canyon rim for 853.57 feet (854 feet rec.) to a point;

Thence South 81°00'27" West (South 80°43' West rec.) along said canyon rim for 780.55 feet (781 feet rec.) to a point;

Thence North 77°19'51" West (North 77°38' West rec.) along said canyon rim for 731.66 feet (732 feet rec.) to a point;

Thence North 21°59'03" West (North 22°18' West rec.) along said canyon rim for 340.01 feet (340 feet rec.) to a point;

Thence North 86°24'08" West (North 86°42' West rec.) along said canyon rim for 384.80 feet (385 feet rec.) to a point;

Thence North 61°45'47" West (North 62°07' West rec.) along said canyon rim for 134.92 feet to a ½ inch rebar at the Southeast corner of that property as deeded to Frank Strobel by Warranty Deed recorded 6 Oct. 1978, as Instrument No. 745567;

Thence North 00°41'23" West (North 00°55'00" West rec.) along the East line of the Strobel property for 1184.54 feet (1184.61 feet rec.) to a ½ inch rebar on the centerline of a county road also being the South line of the property as deeded to Associated McCullough Enterprises by Warranty Deed recorded 10 Oct. 1986 as Instrument No. 910242;

Thence on a curve to the left on the centerline of said county road Associated McCullough Enterprises property line for 440.12 feet to a point, said curve having a central angle of 8°09'06" and a radius of 3093.47 feet with a long chord bearing of North 69°54'35" East (North 69°40'43" East rec.) for a distance of 439.75 feet from the previous point;

Thence North 65°50'02" East (North 65°36'10" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 573.60 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 346.23 feet to a point, said curve having a central angle of 39°40'28" and a radius of 500.00 feet with a long chord bearing of North 85°40'15" East for a distance of 339.35 feet from the previous point;

Thence South 74°29'30" East (South 74°43'22" East rec.) along the center line of said county road/Associated McCullough Enterprises property line for 267.72 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 238.60 feet to a point, said curve having a central angle of 13°40'16" and a radius of 1000.00 feet with a long chord bearing of South 67°39'22" East (South 67°53'13" East rec.) for a distance of 238.04 feet from the previous point;

Thence South 60°49'13" East (South 61°03'05" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 54.35 feet to a point on the section line common to Sections 4 and 9;

Thence South 89°47'46" East (North 89°58'22" East rec.) along said section line for 55.16 feet to a meander corner on the South bank of the Snake River, said corner being marked by a U.S. General Land Office pipe with brass cap;

Thence South 69°09'42" East along the high water line of the Snake River for 107.56 feet to a point;

Thence South 36°50'03" East along said high water line for 324.38 feet to a point;

Thence South 28°01'36" East along said high water line for 188.40 feet to a point;

Thence South 71°51'23" East along said high water line for 266.27 feet to a point;

Thence South 85°01'19" East along said high water line for 128.00 feet to a point;

Thence South 77°56'56" East along said high water line for 186.93 feet to a point;

Thence South 70°15'54" East along said high water line for 277.05 feet to a point;

Thence South 3°16'00" West (South 2°49'21" West rec.) for 57.04 feet to a point on the North line of that property as deeded to William S. Slaughenhauft by Warranty Deed recorded 6 June 1975 as Instrument No. 681182;

Thence North 68°21'57" West (North 68°43' West rec.) along the North line of the Slaughenhauft property for 136.00 feet to a point;

Thence on a curve to the left along the North line of the Slaughenhauft property for 35.00 feet to a ½ inch rebar, said curve having a central angle of 2°03'24.4" and a radius of 975.00 feet with a long chord bearing of North 69°23'39" West (North 69°44'42" West rec.) for a distance of 34.99 feet from the previous point;

EXHIBIT 5                    Page 52 of 300

Thence South 13°17'28" West (South 12°56'25" West rec.) along the West line of the Slaughenhauft property for 266.15 feet (266.10 feet rec.) to a ½ inch rebar on the South side of an irrigation ditch known as the Lower Brandon Ditch, said point also being the Northwest corner of that property as deeded to Philip Smith by Warranty Deed recorded 6 Nov. 1978, as Instrument No. 613816;

Thence South 23°03'03" West (South 22°42' West rec.) along the West line of the Smith property for 429.47 feet to a ½ inch rebar on the North side of the Upper Brandon Ditch;

Thence North 85°47'05" East (North 85°23' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 240.50 feet (240.0 feet rec.) to a point;

Thence South 46°41'06" East (South 47°03' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 197.00 feet to a point;

Thence South 65°36'54" East (North 65°15' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 93.80 feet to a point;

Thence North 88°11'54" East (North 87°50' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 446.20 feet to a point;

Thence South 68°30'06" East (South 68°52' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 224.60 feet to a point;

Thence South 69°48'06" East (South 70°10' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 417.00 feet to a point;

Thence South 70°34'06" East (South 70°56' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 420.00 feet to THE POINT OF BEGINNING.

SUBJECT TO an existing county road right of way along the Northern most line of the above described property being noted in the description as road centerline.

TRACT L – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 1573.95 feet along the West boundary of said Section 9 to the Southwest corner of said parcel of land and being the REAL POINT OF BEGINNING;

Thence, North 00°54'26" West 783.01 feet along said West boundary to a point on the centerline of River Road (County Road);

Thence, South 86°36'57" East 369.14 feet along said centerline;

Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51", an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline;

Thence, leaving said centerline, South 25°41'20" West 188.46 feet;

Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of officials records, in said office of the county recorder of Twin Falls County;

Thence, North 70°15'00" West 439.41 feet along said Northeasterly boundary to said REAL POINT OF BEGINNING.

EXHIBIT 5                                    Page 53 of 300

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 2356.96 feet along said West boundary to a point on the centerline of River Road (County Road); Thence, South 86°36'57" East 369.14 feet along said centerline;
Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51"; an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline and being the REAL POINT OF BEGINNING;
Thence, leaving said centerline, South 25°41'20" West 188.46 feet;
Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of official records, in the office of the county recorder of Twin Falls County;
Thence, South 70°15'00" East 297.66 feet along said Northeasterly boundary;
Thence, continuing along said Northeasterly boundary, South 62°07'00" East 7.41 feet to the Southeast corner of said parcel of land;
Thence, North 00°55'00" West 1041.23 feet along the East boundary of said parcel of land to a point on said centerline of River Road;
Thence, along the arc of a non-tangent 1156.07 foot radius curve to the right, through a central angle of 10°01'48", an arc distance of 202.38 feet and a chord distance of 202.12 feet that bears South 82°03'18" West along said centerline to said REAL POINT OF BEGINNING.

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

TRACT NO. M – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 17:        A parcel of land located in a portion of N½NE¼ and SW¼NE¼, being more particularly described as follows:

Commencing at the North quarter corner of Section 17 and being THE REAL POINT OF BEGINNING;
Thence South 89°13'29" East, 2666.01 feet to the Northeast corner of Section 17;
Thence South 00°36'24" East, 1021.06 feet along the East boundary of Section 17;
Thence North 89°22'41" West, 700.00 feet;
Thence South 00°36'24" East, 300.00 feet to a point in the South boundary of NE¼NE¼, Section 17;
Thence North 89°22'41" West, 633.33 feet to the Northeast corner of SW¼NE¼, Section 17;
Thence South 00°35'19" East, 732.86 feet along the East boundary of SW¼NE¼, Section 17;

EXHIBIT 5                    Page 54 of 300

Thence North 89°45'41" West, 296.45 feet (shown of record to be 285.9 feet) along the Southerly boundary of that parcel of land described in Deed Instrument No. 840798;

Thence North 30°40'41" West, 288.06 feet along said boundary;

Thence South 59°19'19" West, 51.25 feet along said boundary to the center of a concrete headgate spillway mentioned in said Deed Instrument No. 840798;

Thence along the spillway ditch mentioned in said Deed Instrument as follows:

North 59°30'03" West, 21.92 feet;

North 43°49'26" West, 37.21 feet;

North 37°12'27" West, 43.12 feet;

North 54°06'58" West, 164.97 feet;

North 53°53'37" West, 113.31 feet;

North 53°08'10" West, 250.16 feet;

North 47°43'30" West, 52.14 feet;

North 50°09'39" West, 67.78 feet;

North 57°46'28" West, 18.15 feet;

North 74°23'53" West, 19.55 feet;

North 80°13'05" West, 18.06 feet;

North 89°26'44" West, 214.21 feet to a point on the West boundary of NE¼, Section 17;

Thence North 00°34'15" West, 40.03 feet to the Southwest corner of NW¼NE¼, Section 17;

Thence North 00°34'15" West, 1328.18 feet along the West boundary of said NW¼NE¼, to THE REAL POINT OF BEGINNING.

PARCEL NO. 2:

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,

TWIN FALLS COUNTY, IDAHO

Section 9:          Part of the W½, more particularly described as follows:

Beginning at the Southwest corner of said Section;

Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9;

Thence North 00°05'48" West, 380.00 feet;

Thence North 89°54'12" East, 567.06 feet;

Thence South 01°56'02" East, 380.20 feet to the South boundary of Section 9;

Thence North 89°54'12" East, 1,216.54 feet to the South quarter corner of Section 9;

Thence North 00°25'31" West, 2,384.42 feet;

Thence South 89°09'26" West, 75.00 feet to the Southwest corner of Tract No. 7 as shown on the survey recorded in Book 28, Page 1589 as Instrument No. 713365, records of Twin Falls County, Idaho;

Thence South 00°25'31" East, 342.23 feet;

Thence along a curve left:

Delta - 76°48'26"

Radius - 1,355.74 feet

Arc - 1,817.42 feet

Chord - 1,684.36 feet

Long Chord Bearing - North 53°43'40" West;

Thence along a curve right:

Delta - 28°36'58"

Radius - 500.00 feet

Arc - 249.72 feet

Chord - 249.14 feet

Long Chord Bearing - North 77°49'24" West;

Thence North 63°30'55" West, 1,187.91 feet;

EXHIBIT 5                          Page 55 of 300

Thence South 00°55'00" East, 3,624.43 feet along the West boundary of Section 9 to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.00 foot wide county road easement along the West and South boundaries.

AND SUBJECT TO a 50.00 foot wide access and utility easement located in Section 9, described as follows:

Commencing at the Southwest corner of said Section 9;
Thence North 89°54'12" East, 2,669.95 feet to THE TRUE POINT OF BEGINNING, said point lies South 89°54'12" West, 25.00 feet from the South quarter corner of said Section 9;
Thence North 00°25'31" West, 2,384.10 feet;
Thence South 89°09'28" West, 50.00 feet;
Thence South 00°25'31" East, 2,383.44 feet to the South boundary of Section 9;
Thence North 89°54'12" East, 50.00 feet to THE TRUE POINT OF BEGINNING.

SAVE AND EXCEPT the East 75 feet thereof

ALSO EXCEPTING the following described:

Commencing at the Southwest corner of said Section 9, from which the South quarter corner of Section 9 bears North 89°54'12" East, 2695.04 feet, said Southwest corner of Section 9 being THE TRUE POINT OF BEGINNING;
Thence North 00°52'42" West along the West boundary of the SW¼ of Section 9 for a distance of 1032.21 feet;
Thence South 88°22'24" East for a distance of 85.17 feet;
Thence South 38°24'37" East for a distance of 258.67 feet;
Thence South 40°28'04" East for a distance of 84.45 feet;
Thence South 43°23'07" East for a distance of 80.22 feet;
Thence South 45°07'17" East for a distance of 91.34 feet;
Thence North 82°31'01" East for a distance of 16.96 feet;
Thence South 45°54'58" East for a distance of 173.02 feet;
Thence South 69°19'28" East for a distance of 318.78 feet;
Thence North 75°17'34" East for a distance of 30.82 feet;
Thence South 86°36'38" East for a distance of 444.53 feet;
Thence North 88°54'26" East for a distance of 333.64 feet;
Thence South 01°04'37" West for a distance of 359.90 feet;
Thence South 22°21'58" East for a distance of 37.36 feet to a point on the South boundary of the SW¼ of said Section 9;
Thence South 89°54'12" West along the South boundary of the SW¼ of Section 9 for a distance of 1658.59 feet to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.0 foot wide county road easement along the South and West boundaries of the before described parcel.
EXCEPT a parcel of land located in the SW¼ of said Section 9, Township 9 South, Range 15 East of the Boise Meridian, Twin Falls County, Idaho, being more particularly described as follows:
Commencing at the Southwest corner of Section 9, said point lies South 89°54'12" West, 2694.95 feet from the South quarter corner of Section 9;
Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING;
Thence North 00°05'48" West, 380.00 feet;
Thence North 89°54'12" East, 567.06 feet;
Thence South 01°56'02" East, 380.20 feet to a point on the South boundary of Section 9;

EXHIBIT 5                    Page 56 of 300

Thence South 89°54'12" West, 579.25 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING.

TOGETHER WITH a 20.00 foot wide non-exclusive vehicular access easement parallel with, adjoining and East of the East boundary of the above excepted parcel.

AND SUBJECT TO a 25.00 foot wide county roadway easement parallel with and adjoining the South boundary of the above excepted parcel.

PARCEL NO. 3
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 16:    NW¼NW¼, EXCEPT the South 190 feet of the West 490 feet thereof.

SUBJECT TO Highway District right of way.

PARCEL NO. 4:
A Right-of-Way over an existing roadway across the South 190 feet of the West 490 feet of the NW¼NW¼ of said Section for ingress and egress as created by Warranty Deed by and between Gerald G. Akland and Ann Akland, husband and wife, Grantors unto James E. Paulson and Glennys Paulson, husband and wife, grantees, dated January 6, 1982 and recorded January 18, 1982 as Instrument No. 815467, records of Twin Falls County, Idaho.

TRACT N – JEROME COUNTY

PARCEL NO. 1:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:    NW¼ and that part of the W½NE¼ lying West of the Main Canal of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM that portion thereof conveyed to the State of Idaho for highway purposes and particularly described as follows:

A parcel of land being on both sides of the centerline of Interstate 80N, Project No. I-80N-3(18)191 Highway Survey as shown on the plans thereof now on file in the office of the Department of Highways of the State of Idaho, and being a portion of the N½NW¼ and a portion of the NW¼NE¼ of Section 12, Township 10 South, Range 20 East Boise Meridian, described as follows:

Beginning at the Northwest corner of Section 12, Township 10 South, Range 20 East Boise Meridian, which corner bears North 0°01'06" East, 125.00 feet from Station 375+50.15 of said Interstate 80N, Project No. I-80N-3(18)191 Highway Survey;
Thence North 89°50'44" East along the North line of said Section 12 a distance of 3110.59 feet to a point in the centerline of the Main Canal of the North Side Canal Co., that bears North 0°12'06" East, 136.42 feet from Station 406+59.84 of said Highway Survey;
Thence South 30°32'54" East along the centerline of said canal 344.92 feet to a point in a line parallel with and 160.00 feet Southerly from the centerline and bears South 0°12'06" West from Station 408+36.19 of said Highway Survey;
Thence North 89°47'54" West along said parallel line 817.76 feet to a point opposite Station 400+18.43 and angle point of 0°11'00" left of said Highway Survey;

EXHIBIT 5                                    Page 57 of 300

Thence South 86°19'16" West, 1089.74 feet to a point that bears South 0°01'06" West 230.29 feet from Station 389+30.47 of said Highway Survey;

Thence South 71°05'03" West, 564.86 feet to a point that bears South 0°01'06" West, 413.57 feet from Station 383+96.17 of said Highway Survey;

Thence South 56°08'59" West, 639.57 feet to a point in a line parallel with and 770.00 feet Southerly from the centerline and bears South 0°01'06" West from Station 378+65.12 of said Highway Survey;

Thence North 89°58'54" West along said last parallel line 262.21 feet to a point opposite Station 376+02.91 of said Highway Survey;

Thence South 0°11'14" East, 245.38 feet to a point that bears South 0°01'06" West, 1015.38 feet from Station 376+03.79 of said Highway Survey;

Thence South 7°31'58" West, 186.13 feet to a point that bears South 0°01'06" West, 1199.90 feet from Station 375+79.34 of said Highway Survey;

Thence South 89°48'46" West, 25.00 feet to a point in the West line of said Section 12 that bears South 0°01'06" West, 1200.00 feet from Station 375+54.34 of said Highway Survey;

Thence North 0°11'14" West along said West line 1325.00 feet, more or less, to THE PLACE OF BEGINNING.

ALSO included that part of the NW¼SW¼ and the E½SW¼ lying North and East of Gravity Lateral of North Side Canal Co., Ltd., and that part of the SW¼SW¼ lying North and East of the "C" Lateral of the North Side Canal Co., Ltd., all in Section 12, Township 10 South, Range 20 East Boise Meridian, Jerome County, Idaho.

ALSO included that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East Boise Meridian, lying North and East of the Gravity Lateral of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM the following described tracts:

       Tract No. 1:
A parcel of land in the SE¼NW¼ of Section 12, described as follows:

From the Northwest Section Corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West; Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING.
From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;
Thence a distance of 170.3 feet on a bearing of South 0°05' East;
Thence a distance of 171.8 feet on a bearing of South 89°55' West;
Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

       Tract No. 2:
Part of the W½NE¼ of Section 12, described as follows:

Beginning at the East Quarter corner for Section 12; Thence South 89°59'38" West, 2196.92 feet; Thence along the Southerly boundary of the NE¼ of said Section 12 to the center of the Northside Canal Company "Northside Main Canal" the TRUE POINT OF BEGINNING;
Thence South 89°59'38" West, 143.26 feet along said boundary;
Thence North 32°42'37" East, 620.34 feet;
Thence North 9°07'14" East, 226.05 feet;
Thence North 5°52'42" West, 1318.85 feet;
Thence North 12°10'06" West, 287.93 feet to the Southerly boundary of frontage road;
Thence East 130.00 feet to the center of the "Northside Main Canal";
Thence along said center line of canal the following courses:
South 12°10'06" East, 287.93 feet;
South 4°13'54" East, 1315.50 feet;

EXHIBIT 5                    Page 58 of 300

South 5°50'27" West, 224.36 feet;
South 29°38'17" West, 600.51 feet to THE TRUE POINT OF BEGINNING.

                  Tract No. 3:
That part of the SW¼ of Section 12 and that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East of the Boise Meridian, Jerome County, Idaho, described as follows:

Beginning at the Southeast corner of Section 12; Thence South 89°49'40" West, 2645.16 feet along the Southerly boundary to the South Quarter corner of Section 12, THE TRUE POINT OF BEGINNING;
Thence South 0°16'08" East, 562.06 feet along the Easterly boundary of NE¼NW¼, Section 13;
Thence North 22°15'00" West, 606.53 feet to the Northerly boundary of Section 13;
Thence North 0°52'09" West, 857.85 feet;
Thence North 0°20'27" West, 894.57 feet;
Thence North 28°39'42" East, 499.12 feet to the Easterly boundary of SW¼, Section 12;
Thence South 0°09'22" East, 2189.59 feet along said Easterly boundary to THE TRUE POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:        A parcel of land located in the SE¼NW¼, more particularly described as follows:

From the Northwest section corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West;
Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING;
From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;
Thence a distance of 170.3 feet on a bearing of South 0°05' East;
Thence a distance of 171.8 feet on a bearing of South 89°55' West;
Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

EXHIBIT B

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

LIST OF SPECIFIC WATER RIGHTS

IDWR Water Rights

| EAST VALLEY CATTLE WATER RIGHTS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Water Right | | | Basis | Status | Priority Date | Source | Water Use |
| 43 | 2313 | D | Decreed | Active | 06/19/1948 | GROUND WATER | IRRIGATION |
| 43 | 2317 | C | Decreed | Active | 08/14/1948 | GROUND WATER | IRRIGATION |
| 43 | 2317 | E | Decreed | Active | 08/14/1948 | GROUND WATER | IRRIGATION |
| 43 | 2317 | F | Decreed | Active | 08/14/1948 | GROUND WATER | IRRIGATION |
| 43 | 2320 | A | Decreed | Active | 09/10/1948 | GROUND WATER | IRRIGATION |
| 43 | 2320 | B | Decreed | Active | 09/10/1948 | GROUND WATER | IRRIGATION |
| 43 | 2321 | B | Decreed | Active | 09/24/1948 | GROUND WATER | IRRIGATION |
| 43 | 2339 | C | Decreed | Active | 02/27/1950 | GROUND WATER | IRRIGATION |
| 43 | 2339 | E | Decreed | Active | 02/27/1950 | GROUND WATER | IRRIGATION |
| 43 | 2339 | F | Decreed | Active | 02/27/1950 | GROUND WATER | IRRIGATION |
| 43 | 2340 | | Decreed | Active | 03/20/1950 | GROUND WATER | IRRIGATION |
| 43 | 2343 | | Decreed | Active | 04/28/1950 | GROUND WATER | IRRIGATION |
| 43 | 2345 | | Decreed | Active | 05/02/1950 | GROUND WATER | IRRIGATION |
| 43 | 2364 | | Decreed | Active | 07/09/1951 | GROUND WATER | IRRIGATION |
| 43 | 2365 | | Decreed | Active | 07/27/1951 | GROUND WATER | IRRIGATION |
| 43 | 2423 | C | Decreed | Active | 03/01/1955 | GROUND WATER | IRRIGATION |
| 43 | 2423 | E | Decreed | Active | 03/01/1955 | GROUND WATER | IRRIGATION |
| 43 | 2423 | F | Decreed | Active | 03/01/1955 | GROUND WATER | IRRIGATION |
| 43 | 2467 | C | Decreed | Active | 12/23/1958 | GROUND WATER | IRRIGATION |
| 43 | 2467 | E | Decreed | Active | 12/23/1958 | GROUND WATER | IRRIGATION |

EXHIBIT 5                    Page 60 of 300

| 43 | 2467 | F | Decreed | Active | 12/23/1958 | GROUND WATER | IRRIGATION |
|----|------|---|---------|--------|------------|--------------|------------|
| 43 | 2510 | C | Decreed | Active | 06/18/1961 | GROUND WATER | IRRIGATION |
| 43 | 2510 | E | Decreed | Active | 06/18/1961 | GROUND WATER | IRRIGATION |
| 43 | 2510 | F | Decreed | Active | 06/18/1961 | GROUND WATER | IRRIGATION |
| 43 | 2574 | B | Decreed | Active | 07/19/1963 | GROUND WATER | IRRIGATION |
| 43 | 2574 | E | Decreed | Active | 07/19/1963 | GROUND WATER | IRRIGATION |
| 43 | 2576 | B | Decreed | Active | 03/24/1964 | GROUND WATER | IRRIGATION |
| 43 | 2576 | E | Decreed | Active | 03/24/1964 | GROUND WATER | IRRIGATION |
| 43 | 4002 | C | Decreed | Active | 07/01/1963 | GROUND WATER | IRRIGATION |
| 43 | 4002 | E | Decreed | Active | 07/01/1963 | GROUND WATER | IRRIGATION |
| 43 | 4002 | F | Decreed | Active | 07/01/1963 | GROUND WATER | IRRIGATION |
| 43 | 4012 | B | Decreed | Active | 07/01/1952 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4012 | C | Decreed | Active | 06/01/1963 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4012 | D | 'Decreed | Active | 06/01/1954 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4013 | B | Decreed | Active | 06/15/1963 | GROUND WATER - | IRRIGATION, STOCKWATER |
| 43 | 4014 | A | Decreed | Active | 07/01/1952 | GROUND WATER | DOMESTIC, IRRIGATION, STOCKWATER |
| 43 | 4014 | B | Decreed | Active | 06/01/1954 | GROUND WATER | IRRIGATION |
| 43 | 4015 | B | Decreed | Active | 09/26/1953 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4060 | D | Decreed | Active | 04/05/1954 | GROUND WATER | IRRIGATION |
| 43 | 4063 | D | Decreed | Active | 05/01/1955 | GROUND WATER | IRRIGATION |
| 43 | 4186 |   | Decreed | Active | 01/01/1960 | GROUND WATER | DOMESTIC |
| 43 | 4187 |   | Decreed | Active | 09/02/1948 | GROUND WATER | STOCKWATER |
| 43 | 4188 |   | Decreed | Active | 01/01/1960 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 4189 |   | Decreed | Active | 01/01/1920 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 10019 |   | Decreed | Active | 06/30/1985 | GROUND WATER | IRRIGATION |

EXHIBIT 5                    Page 61 of 300

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 43 | I0020 | | Decreed | Active | 01/01/19 50 | GROUND WATER | DOMESTIC |
| 43 | I0027 | | Decreed | Active | 01/01/19 84 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | I0045 | | Decreed | Active | 04/01/19 | RAFT | IRRIGATION |
| 43 | I0046 | | Decreed | Active | 04/01/19 | RAFT | IRRIGATION |
| 43 | I0180 | | Decreed | Active | 01/01/19 48 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | I0181 | | Decreed | Active | 01/01/19 48 | GROUND WATER | DOMESTIC |
| 43 | I0365 | | Decreed | Active | 06/30/19 85 | GROUND WATER | IRRIGATION |
| 43 | I0366 | | Decreed | Active | 06/30/19 85 | GROUND WATER | IRRIGATION |
| 43 | I0394 | ■ | Decreed | Active | 12/31/19 60 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | I0443 | ■ | Decreed | Active | 08/23/19 86 | GROUND WATER | DOMESTIC |
| 43 | I0787 | ■ | Decreed | Active | 01/31/19 55 | GROUND WATER | IRRIGATION |
| 43 | I0795 | ■ | Decreed | Active | 05/01/19 57 | GROUND WATER | IRRIGATION |
| 43 | I1271 | ■ | Decreed | Active | 01/01/19 60 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | I2923 | ■ | Decreed | Active | 06/30/19 85 | GROUND WATER | IRRIGATION |
| 43 | I2933 | ■ | Decreed | Active | 06/30/19 85 | GROUND WATER | IRRIGATION |
| 43 | I3296 | ■ | Decreed | Active | 05/29/19 50 | GROUND WATER | STOCKWATER |
| 43 | I3298 | ■ | Decreed | Active | 11/27/19 57 | GROUND WATER | STOCKWATER |
| 43 | I3300 | ■ | Decreed | Active | 11/30/19 57 | GROUND WATER | STOCKWATER |
| 43 | I3301 | ■ | Decreed | Active | 05/29/19 50 | GROUND WATER | IRRIGATION |
| 43 | I3302 | ■ | Decreed | Active | 05/29/19 50 | GROUND WATER | STOCKWATER |
| 43 | I3303 | | Decreed | Active | 11/27/19 57 | GROUND WATER | IRRIGATION |
| 43 | I3304 | | Decreed | Active | 11/27/19 57 | GROUND WATER | STOCKWATER |
| 43 | I3305 | ■ | Decreed | Active | 11/30/19 57 | GROUND WATER | IRRIGATION |
| 43 | I3306 | | Decreed | Active | 11/30/19 57 | GROUND WATER | STOCKWATER |
| 43 | I3307 | ■ | Decreed | Active | 06/01/19 78 | GROUND WATER | DOMESTIC |
| 43 | I3309 | ■ | Decreed | Active | 01/01/19 60 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | I3405 | | Decreed | Active | 06/30/19 85 | GROUND WATER | IRRIGATION |

EXHIBIT 5                              Page 62 of 300

| 43 | 13448 | | Decreed | Active | 03/02/1950 | GROUND WATER | IRRIGATION |
|----|-------|--|---------|--------|------------|--------------|------------|
| 43 | 13449 | | Decreed | Active | 03/02/1950 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13450 | | Decreed | Active | 02/27/1957 | GROUND WATER | IRRIGATION |
| 43 | 13451 | | Decreed | Active | 02/27/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13452 | | Decreed | Active | 08/26/1957 | GROUND WATER | IRRIGATION |
| 43 | 13453 | | Decreed | Active | 08/26/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13454 | | Decreed | Active | 03/30/1959 | GROUND WATER | IRRIGATION |
| 43 | 13455 | | Decreed | Active | 03/30/1959 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13456 | | Decreed | Active | 04/06/1961 | GROUND WATER | IRRIGATION |
| 43 | 13457 | | Decreed | Active | 04/06/1961 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13458 | | Decreed | Active | 01/09/1959 | GROUND WATER | IRRIGATION |
| 43 | 13459 | | Decreed | Active | 01/09/1959 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13460 | | Decreed | Active | 02/24/1956 | GROUND WATER | IRRIGATION |
| 43 | 13461 | | Decreed | Active | 02/74/1956 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13462 | | Decreed | Active | 12/14/1965 | ████████ | IRRIGATION |
| 43 | 13463 | | Decreed | Active | 12/14/1965 | ████████ | COMMERCIAL. STOCKWATER |
| 43 | 13490 | | Decreed | Active | 08/14/1948 | ████████ | IRRIGATION |
| 43 | 13491 | Decreed | | Active | 08/14/1948 | ████████ | COMMERCIAL, STOCKWATER |
| 43 | 13492 | Decreed | | Active | 02/27/1950 | GROUND WATER | IRRIGATION |
| 43 | 13493 | Decreed | | Active | 02/27/1950 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13494 | Decreed | | Active | 03/02/1950 | GROUND WATER | IRRIGATION |
| 43 | 13495 | Decreed | | Active | 03/02/1950 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13496 | Decreed | | Active | 02/20/1952 | GROUND WATER | IRRIGATION |
| 43 | 13497 | Decreed | | Active | 02/20/1952 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13498 | Decreed | | Active | 03/01/1955 | GROUND WATER | IRRIGATION |

EXHIBIT 5                    Page 63 of 300

| 43 | 13499 | | Decreed | Active | 03/01/1955 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13500 | | Decreed | Active | 12/23/1958 | GROUND WATER | IRRIGATION |
| 43 | 13501 | | Decreed | Active | 12/23/1958 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13502 | | Decreed | Active | 12/14/1965 | GROUND WATER | IRRIGATION |
| 43 | 13503 | | Decreed | Active | 12/14/1965 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13504 | | Decreed | Active | 01/12/1961 | GROUND WATER | IRRIGATION |
| 43 | 13505 | | Decreed | Active | 01/12/1961 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13506 | | Decreed | | | GROUND WATER | IRRIGATION |
| 43 | 13507 | | Decreed | | | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13508 | | Decreed | | | GROUND WATER | IRRIGATION |
| 43 | 13509 | | Decreed | Active | 07/01/1963 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13510 | | Decreed | Active | 03/15/1962 | GROUND WATER | IRRIGATION |
| 43 | 13511 | | Decreed | Active | 03/15/1962 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13763 | | Decreed | Active | 08/26/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13807 | | | Active | 02/2.4/1956 | GROUND WATER | IRRIGATION |

|  MILLENKAMP PROPERTIES, LLC WATER RIGHTS | | | | | | | |
| Water Right | | | Basis | Status | Priority Date | Source | Water Use |
| 36 | 4157 | F | Decreed | Active | 06/01/1956 | GROUND WATER | STOCKWATER |
| 36 | 14152 | | Decreed | Active | 12/31/1933 | GROUND WATER | DOMESTIC, STOCKWATER |
| 36 | 14536 | | Decreed | Active | 09/01/1986 | GROUND WATER | DOMESTIC |
| 36 | 16242 | | Decreed | Active | 06/11/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 16244 | | Decreed | Active | 05/11/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 16914 | | License | Active | 04/24/1990 | GROUND WATER | IRRIGATION |
| 36 | 16915 | | License | Active | 04/24/1990 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 16927 | | Decreed | Active | 11/26/1974 | GROUND WATER | IRRIGATION |

|  IDAHO JERSEY GIRLS JEROME DAIRY, LLC WATER RIGHTS | | | | | | | |

EXHIBIT 5                                    Page 64 of 300

| Water Right | | | Basis | Status | Priority Date | Source | Water Use |
|---|---|---|---|---|---|---|---|
| 36 | 2586 | D | Decreed | Active | 01/28/1964 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 10894 | | Decreed | Active | 09/30/1981 | GROUND WATER | DOMESTIC, STOCKWATER |
| 36 | 14035 | D | Decreed | Active | 05/26/1976 | GROUND WATER | COMMERCIAL |
| 36 | 8706 | | | Active | 02/10/1993 | GROUND WATER | COMMERCIAL, STOCKWATER |

### WILLIAM & SUSAN MILLENKAMP WATER RIGHTS

| Water Right | | | Basis | Status | Priority Date | Source | Water Use |
|---|---|---|---|---|---|---|---|
| 36 | 16926 | | Decreed | Active | 11/26/1974 | GROUND WATER | IRRIGATION |
| 45 | 7290 | | Decreed | Active | 07/26/1977 | GROUND WATER | IRRIGATION |
| 45 | 7331 | | Decreed | Active | 10/12/1978 | GROUND WATER | IRRIGATION |
| 36 | 16916 | | License | Active | 04/24/1990 | GROUND WATER | IRRIGATION |
| 45 | 11912 | | Decreed | Active | 11/06/1981 | GROUND WATER | IRRIGATION |
| 45 | 11913 | | Decreed | Active | 03/01/1900 | GROUND WATER | DOMESTIC |
| 45 | 11914 | | Decreed | Active | 03/01/1960 | GROUND WATER | DOMESTIC |

EXHIBIT 5                    Page 65 of 300

<u>EXHIBIT C</u>
Millenkamp

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

LIST OF SPECIFIC WATER SHARES

| CERTIFICATE NUMBER | NUMBER OF SHARES |
|---|---|
| Northside Canal | |
| | |
| 27305 | 40 |
| 26737 | 160 |
| 27187 | 28 |
| 26736 | 80 |
| 26738 | 40 |
| 27122 | 40 |
| 26739 | 50 |
| | |
| TOTAL SHARES | 438 |

EXHIBIT 5                    Page 66 of 300

**<u>EXHIBIT D</u>**

Millenkamp

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

**LIST OF SPECIFIC GRAZING PERMITS**

Permittee:     <u>East Valley Cattle, LLC, an Idaho limited liability company</u>

Contract or
Serial Nos.:  <u>Permit No. 1102921 for Allotment No. ID-05309 YALE</u>

| <u>Livestock Number</u> | <u>Livestock Kind</u> | <u>Grazing Period</u> | <u>Aums</u> |
|---|---|---|---|
| 285 | Cattle | 01/01-05/10 | 375 |
| 297 | Cattle | 05/11-05/31 | 205 |
| 300 | Cattle | 11/10-01/20 | 710 |

EXHIBIT 5                          Page 67 of 300

**Instrument # 2224761**
JEROME COUNTY, JEROME, IDAHO
10-20-2022    03:43:25 PM    No. of Pages: 64
Recorded for: TITLEONE - BURLEY
MICHELLE EMERSON          Fee: $147.00
Ex-Officio Recorder Deputy: jw
Electronically Recorded by Simplifile

THIS INSTRUMENT PREPARED BY:
Mark A. Smith
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Attention: Lydia Denniston
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

_23463558_

Space above this line for Recorder's Use

## MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT, AND FIXTURE FILING (THIRD PRIORITY)

### (Cassia County, Jerome County, and Twin Falls County Idaho)

FOR THE PURPOSE OF FACILITATING THE RECORD HEREOF, THIS MORTGAGE HAS BEEN EXECUTED IN THREE COUNTERPARTS, EACH OF WHICH SHALL BE TAKEN TO BE AN ORIGINAL, AND ALL OF WHICH TOGETHER OR ANY ONE THEREOF SHALL BE DEEMED TO CONSTITUTE BUT ONE AND THE SAME INSTRUMENT. THIS MORTGAGE ALSO CONSTITUTES A FINANCING STATEMENT FILED AS A FIXTURE FILING UNDER THE UCC

SEE ARTICLE 7 FOR ADDRESS OF GRANTOR AND MORTGAGEE

This mortgage is dated as of October 20, 2022, and is made by WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**"), IDAHO JERSEY GIRLS LLC, an Idaho limited liability company ("**Jersey Girls LLC**"), MILLENKAMP CATTLE, INC., an Idaho corporation ("**Cattle Inc.**"), MILLENKAMP FAMILY LLC, an Idaho limited liability company ("**Millenkamp Family**"), and MILLENKAMP PROPERTIES II, LLC, an Idaho limited liability company ("**Millenkamp Properties II**" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively, "**Grantor**" and "**Borrower**"), to and in favor of **Conterra Agricultural Capital, LLC**, an Iowa limited liability company ("**Lender**" and "**Mortgagee**").

Mortgagee, agreed to make a loan in the maximum principal sum of $16,500,000.00 (the "**Loan**") to Grantor under the terms and conditions of that certain promissory note in favor of Mortgagee, as Lender, in the amount of $16,500,000.00 (the "**Note**"). The Loan is also evidenced by, among other things, that certain Loan and Security Agreement dated October 20, 2022, by and between Lender and Borrower (the "**Loan Agreement**"), whereby, among other things, Borrower agreed to grant to Mortgagee, a third priority security interest in Borrower's real property and certain assignments and other grants ancillary thereto.

1

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 68 of 300

THIS INSTRUMENT PREPARED BY:
Mark A. Smith
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Attention: Lydia Denniston
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

*2342463558*

Space above this line for Recorder's Use

## MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT, AND FIXTURE FILING (THIRD PRIORITY)

### (Cassia County, Jerome County, and Twin Falls County Idaho)

FOR THE PURPOSE OF FACILITATING THE RECORD HEREOF, THIS MORTGAGE HAS BEEN EXECUTED IN THREE COUNTERPARTS, EACH OF WHICH SHALL BE TAKEN TO BE AN ORIGINAL, AND ALL OF WHICH TOGETHER OR ANY ONE THEREOF SHALL BE DEEMED TO CONSTITUTE BUT ONE AND THE SAME INSTRUMENT. THIS MORTGAGE ALSO CONSTITUTES A FINANCING STATEMENT FILED AS A FIXTURE FILING UNDER THE UCC

SEE ARTICLE 7 FOR ADDRESS OF GRANTOR AND MORTGAGEE

This mortgage is dated as of October 20, 2022, and is made by WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**"), IDAHO JERSEY GIRLS LLC, an Idaho limited liability company ("**Jersey Girls LLC**"), MILLENKAMP CATTLE, INC., an Idaho corporation ("**Cattle Inc.**"), MILLENKAMP FAMILY LLC, an Idaho limited liability company ("**Millenkamp Family**"), and MILLENKAMP PROPERTIES II, LLC, an Idaho limited liability company ("**Millenkamp Properties II**" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively, "**Grantor**" and "**Borrower**"), to and in favor of **Conterra Agricultural Capital, LLC**, an Iowa limited liability company ("**Lender**" and "**Mortgagee**").

Mortgagee, agreed to make a loan in the maximum principal sum of $16,500,000.00 (the "**Loan**") to Grantor under the terms and conditions of that certain promissory note in favor of Mortgagee, as Lender, in the amount of $16,500,000.00 (the "**Note**"). The Loan is also evidenced by, among other things, that certain Loan and Security Agreement dated October 20, 2022, by and between Lender and Borrower (the "**Loan Agreement**"), whereby, among other things, Borrower agreed to grant to Mortgagee, a third priority security interest in Borrower's real property and certain assignments and other grants ancillary thereto.

1

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5          Page 69 of 300

## ARTICLE 1 — GRANT

To secure repayment of the indebtedness evidenced by the Note and payment and performance of all other Secured Obligations (as defined below), and as consideration for Mortgagee's execution of such additional agreements, Grantor hereby irrevocably and unconditionally mortgages, warrants, grants, bargains, sells, and conveys to Mortgagee, with right of entry and possession, all of Grantor's estate, right, title and interest which Grantor now has or may later acquire in the following, wherever located, and whether constituting real estate or personal property (individually and collectively, the "**Property**"): (1) the real estate and any interest in the real estate located in Cassia County, Jerome County, and Twin Falls County, Idaho, and described in EXHIBIT A (the "**Land**"); (2) buildings, structures, improvements, and fixtures now or hereafter erected on, affixed or attached to the Land, including all farm products storage and handling units and equipment, and fences, gates and loading chutes (the "**Improvements**"); (3) (A) wells, irrigation and drainage pumps, motors, pipes, windmills, frost protection equipment, center pivot irrigators, sprinklers, drip line and emitters, filters, water measurement meters and control structures and other watering and irrigation equipment; and (B) all other equipment now or hereafter affixed or installed in any manner on the Land or the Improvements or used in connection with the operation of the Property (other than rolling stock and implements customarily towed) and all livestock handling fixtures and other non-rolling stock necessary to run the dairy business located on the Land, including dairy equipment and fixtures (the "**Equipment**"); (4) easements, rights-of-way, and other rights and entitlements appurtenant to the Land or used in connection with the Land or as a means of access thereto; (5) other tenements, hereditaments and appurtenances to the Land; (6) rights to the use and enjoyment of water, whether surface or subsurface, whether riparian, appropriative, prescriptive or otherwise, and whether or not appurtenant, now or hereafter relating or available to the Land or Improvements or used in connection therewith: (A) water allocations, water banking rights or interests, carryover rights, supplemental water, storage and exchange rights drainage rights, distribution rights, storage rights, delivery rights, and other water-related rights or entitlements, whether available through any public or private irrigation projects, companies, districts, agencies or otherwise, together with all shares of stock evidencing any such rights or entitlements, and all voting rights and other rights and privileges that now or hereafter may exist with respect to such stock or with respect to participation, membership, or other involvement in any such projects, companies, districts, or agencies; (B) water and water inventory in storage; (C) rights under well, pump and filter sharing agreements; and (D) all easements, permits, licenses, leases, contracts, grants, reservations and any other rights and entitlements, however created, to drill, install and maintain wells, pumps and pipeline systems, or to use, appropriate, pump, extract, receive, transport, store or transfer water, including the rights described on EXHIBIT B and all of Grantor's right, title, and interest in all water (including any water inventory in storage), water rights, water permits, water entitlements, water transfers, other rights to water and other rights to receive water, and all other rights to divert, deliver, use, apply, drain, or store water of every kind and description that serve the Property, including, without limitation, (i) the groundwater on, under, pumped from or otherwise available to the Property, whether as a result of groundwater rights, contractual rights or otherwise; (ii) the right to remove and extract any such groundwater including any permits, rights or licenses granted by any governmental entity or agency and any rights granted or created by any easement, covenant, agreement or contract with any person or entity; (iii) any rights to which the Property is entitled with respect to surface water, whether such right is appropriative, riparian, prescriptive, contractual or otherwise and whether or not pursuant to permit, certificate of water rights, or other

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                                    Page 70 of 300

governmental authorization, or the right to store any such water; (iv) any water, water right, water allocation, distribution right, delivery right, water storage right, or other water-related entitlement appurtenant or otherwise applicable to the Property by virtue of the Property being situated within the boundaries of any district, agency or other governmental entity or within the boundaries of any private water company, mutual water company or other non-governmental entity; (v) any drainage rights appurtenant or otherwise applicable to the Property; (vi) all rights, including contractual rights, to divert, transport, carry, allocate or otherwise deliver water or any of the foregoing rights from or to the Property by any means, wherever located; (vii) any shares (or any rights under such shares) of any private water company, mutual water company or other non-governmental entity pursuant to which Grantor or the Property may receive any of the rights referred to in clauses (i) through (vi) above (collectively, the "**Water Rights**"); (7) shares, and rights under such shares, of any private water company, mutual water company, or other non-governmental entity pursuant to which Grantor or the Property may receive water, including the shares described on EXHIBIT C and any other certificated and uncertificated securities, securities entitlements, securities accounts and commodities accounts; (8) coal, oil, gas, and other hydrocarbon substances, geothermal resources, minerals, mineral interests, royalties, overriding royalties, production payments, net profit interests and other interests and estates in, under or produced from the Land and other coal, oil, gas, geothermal, and mineral interests with which any of the foregoing interests or estates are pooled or unitized and other "as-extracted collateral"; (9) timber now or hereafter standing on or cut from the Land; (10) all milk, cream, and other dairy products, and all receivables thereof (the "**Dairy Products**"); (11) leases, subleases, licenses and other agreements, granting a possessory interest in and to, or the right to extract, mine, reside in, sell, or use the Property, (individually and collectively, the "**Leases**"); (12) grazing leases, permits, allotments, licenses and privileges covering state or federally owned lands used or operated in connection with the land, including the those described on EXHIBIT D ("**Grazing Permits**"), together with all renewals of such Grazing Permits and any Grazing Permits acquired in the future; (13) permits and licenses relating or pertaining to the use or enjoyment of the Property; (14) proceeds of and any unearned premiums on any insurance policies covering the Property, including the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Property ("**Insurance Claims**"); (15) all awards made for the taking by condemnation or the power of eminent domain, or by any proceeding or purchase in lieu thereof, of the whole or any part of the Land or Improvements ("**Condemnation Awards**"); (16) accessions, attachments and other additions to, substitutes or replacements for, all proceeds and products of, the Property; and (17) books, records and files relating to the Property, including computer readable memory and data and any computer software or hardware reasonably necessary to access and process such memory and data.

TO HAVE AND TO HOLD the Property unto Mortgagee and its successors and assigns forever, for the benefit of the Lenders, subject to the Permitted Encumbrances (as hereinafter defined) and the provisions, terms and conditions of this mortgage.

## ARTICLE 2 - ASSIGNMENT OF RENTS

1.    Grantor irrevocably and unconditionally assigns Mortgagee all rents and other benefits derived from the Leases, and all other issues, profits, royalties, bonuses, income and other proceeds of the Property, whether now due, past due or to become due, including all prepaid rents, security deposits and other supporting obligations (collectively, the "**Rents**").

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 71 of 300

2.   Notwithstanding the provisions of this Article 2, Mortgagee confers upon Grantor a revocable license to collect and retain the Rents as they become due and payable, so long as there is no Event of Default (the "**License**"). If an Event of Default has occurred, Mortgagee may terminate the License without notice to or demand upon Grantor.

3.   Subject to the License, Mortgagee has the right, power and authority to collect any and all Rents. Mortgagee, by its acceptance of this mortgage does not assume any duty or obligation under the Leases.

4.   All lessees under the Leases are hereby irrevocably authorized and notified by Grantor to rely upon and to comply with (and are fully protected in so doing) any notice or demand by Mortgagee for the payment to Mortgagee of Rents, or for the performance of any of lessees' undertakings under the Leases, and lessees shall have no right or duty to inquire as to whether any Event of Default has actually occurred or is then existing hereunder. Subject to the License, Mortgagee may notify any person that the Leases have been assigned to Mortgagee and that all Rents are to be paid directly to Mortgagee, whether or not Mortgagee has commenced or completed foreclosure of or taken possession of the Property.

5.   Mortgagee may apply all amounts received by it pursuant to this assignment to pay any of the following in such order and amounts as Mortgagee deems appropriate: (1) Secured Obligations; (2) expenses of leasing, operating, maintaining and managing the Property, including without limitation, salaries, fees, commissions and wages of a managing agent and such other employees, agents or independent contractors as Mortgagee deems necessary or desirable; (3) taxes, charges, claims, assessments, any other liens, and premiums for insurance relating to the Property that Mortgagee deems necessary or desirable; and (4) the cost of alterations, renovations, repairs or replacements, and expenses incident to taking and retaining possession of the Property.

## ARTICLE 3 — SECURITY AGREEMENT/FIXTURE FILING

1.   Grantor grants Mortgagee a security interest in and pledges and assigns to Mortgagee all of Grantor's right, title and interest in all Property that may be characterized as personal property (the "**Personalty**"). Grantor authorizes Mortgagee to file any UCC financing statements required by Mortgagee, from time to time, to perfect Mortgagee's security interest in the Property, including the filing of any financing statement describing the collateral as all assets now or hereafter acquired by any Grantor, or words of similar effect.

2.   The address adjacent to Grantor's signature below, (a) if Grantor is an individual, is Grantor's principal residence; (b) if Grantor is other than an individual and has only one place of business, is Grantor's principal place of business; and (c) if Grantor is anything other than an individual and has more than one place of business, is Grantor's chief executive office. The address for Mortgagee in Article 7 is its address as secured party under the Uniform Commercial Code as adopted in the Governing Law State (the "**UCC**").

3.   This mortgage constitutes a financing statement filed as a fixture filing under the UCC, covering any Property which now is or later may become a fixture attached to the Land or any Improvement. For this purpose, the "debtor" is Grantor, the "secured party" is Mortgagee and the collateral is the Property.

## ARTICLE 4 - SECURED OBLIGATIONS

1.   Grantor makes the mortgage, grant, conveyance, transfer and assignment in Article 1, makes the irrevocable and absolute assignment in Article 2, and grants the security interest under

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                              Page 72 of 300

Article 3 to secure payment and performance of the following obligations (individually and collectively, the "**Secured Obligations**"): (1) all amounts due and owing and all other obligations owed or to be performed to or for the benefit of Mortgagee pursuant to the Loan Documents (as defined below); (2) all obligations of Grantor under this mortgage; (3) all modifications, amendments, extensions, and renewals, however evidenced, of any of the Secured Obligations; and (4) any of the foregoing that arises after the filing of a petition by or against Grantor under an insolvency or bankruptcy proceeding.

2. **Future Secured Obligations.** The Secured Obligations include future advances made by Mortgagee for any purpose, and all other future Secured Obligations. Those future advances and other future Secured Obligations, together with interest thereon, are secured by this mortgage to the same extent as if made or incurred on the date of the execution of this mortgage, and have priority as to third persons with or without actual notice from the time this mortgage is filed for record as provided by law. The total amount of indebtedness secured by this mortgage may decrease or increase from time to time. Nothing in this Section will constitute a commitment to make additional or future advances in any amount.

3. **General.** The scheduled maturity date of the Loan is October 20, 2023. All persons who have or acquire an interest in the Property will be deemed to have received notice of, and will be bound by, the terms of the Note, this mortgage, the Loan Agreement, and all other agreements and instruments evidencing and/or securing the Loan (individually and collectively, the "**Loan Documents**"). The Loan Documents may include terms which permit or provide that the rate of interest on one or more of the Secured Obligations may vary from time to time. The obligations secured hereby may provide for the interest rate, payment terms, or balance due to be indexed, adjusted, renewed or renegotiated. Without limitation, the Note expressly provide that Mortgagee may at its option change or adjust the interest rate as referenced therein. This mortgage does not secure any indebtedness, liability or obligation that is expressly stated to be unsecured. All of the provisions of the other Loan Documents are incorporated into this mortgage to the same extent and with the same force as if fully set forth in this mortgage.

## ARTICLE 5 — WARRANTY AND COVENANTS

1. **Warranty of Title.** Grantor represents and warrants that, other than the exceptions to title expressly listed on a schedule of exceptions to coverage in the final commitment for title insurance or pro forma policy of title insurance accepted by Mortgagee prior to the date of this mortgage, Grantor lawfully possesses and holds fee simple title to all of the Land and Improvements; and that Grantor has the right, power and authority to mortgage, grant, convey and assign the Property. Grantor especially agrees and declares that the separate estate of each of them, whether vested, contingent or in expectancy, is hereby conveyed and shall be bound for the payment and performance of the Secured Obligations.

2. **Water Rights.** Grantor represents and warrants that the Water Rights afford the continuing, enforceable right to receive irrigation water on the Property from such sources, in such quantities and at such times and locations as has historically been available to the Property without interruption or substantially increased cost and in any event, based on current projections, sufficient to provide adequate water and/or drainage to continue the current and proposed agricultural operations on the Property

3. **Performance of Secured Obligations.** Grantor shall promptly pay and perform each Secured Obligation in accordance with its terms.

5

4. **Maintenance of Property.** Grantor shall: maintain and preserve all rights and privileges Grantor now has in the Property; make any repairs, renewals or replacements to keep the Property in good working condition and repair; operate the Property, whether improved pastures, orchards, groves, grazing, timber, or crop lands, in a good and husband-like manner in accordance with accepted principles of sound agricultural and forestry practices in the area in which the Land is located; take all reasonable precautions to control wind and water erosion; fertilize improved pastures, if any, where necessary to maintain a good stand of desirable grasses; protect orchards and timber, if any, by reasonable precautions against loss or damage by fire including the maintenance of appropriate fire breaks; and neither remove nor permit the removal of any oil, gas, mineral, stone, rock, clay, or gravel owned by Grantor, or any timber, buildings, top soil, or fertilizer, without the prior written consent of Mortgagee.

5. **Water Rights.** Grantor shall maintain the Water Rights during the term of the Loans at a level and of a nature sufficient to provide the continuing, enforceable right to receive irrigation water on the Property from such sources, in such quantities and at such times and locations as has historically been available to the Property without interruption or substantially increased cost and in any event sufficient to provide adequate water and/or drainage to continue the current and proposed agricultural operations on the Property. All existing Water Rights benefiting or available to the Property shall be maintained in full force and effect for the benefit of the Property by Grantor and applied to beneficial use so as to maintain the validity and priority of such rights. Grantor shall fully comply with, and not permit a default to occur under any water licenses, permits or delivery contracts used to provide water to the Property, and shall timely exercise all renewal or extension rights in such contracts. Grantor shall not modify, amend or terminate any Water Rights without Mortgagee's prior written consent. Grantor shall comply with the rules, regulations and ordinances of any water district, water agency or groundwater management agency in which the Property or any portion thereof is located and pay all related fees and assessments prior to delinquency. All irrigation wells and related facilities used to deliver irrigation water to any portion of the Property shall remain physically located within the boundaries of such Property or the subject of valid, enforceable easements appurtenant to the Property and encumbered hereby. If the use of any irrigation facilities or water serving the Property requires consent or the use of other property, Grantor shall maintain in effect all requisite easements or other legally enforceable and assignable rights to use such facilities and/or water to service the Property. Grantor shall notify Mortgagee if the irrigation water supply to any portion of the Property is interrupted or subject to interruption for any reason other than temporarily for routine maintenance or repairs in a manner that does not impair the operation of the Property.

6. **Grazing Permits.** Grantor shall renew all Grazing Permits upon or prior to their expiration date, execute any instrument deemed necessary by Mortgagee to effect a collateral assignment or waiver of such renewals to Mortgagee, and pay all fees and charges, and to perform all acts and things necessary to preserve and keep in good standing all of such Grazing Permits and all renewals thereof. Grantor shall take no action which would adversely affect any of such Grazing Permits or Grantor preference status thereunder, and that in the event of foreclosure of this mortgage, Grantor will waive all claims for preference under any such Grazing Permits upon demand from the purchaser at foreclosure sale of the Land, or any successor to such purchaser. Grantor further agrees that the lands covered by any lease, permit or privilege which Grantor, with the consent of Mortgagee, shall substitute for the Grazing Permits, shall be subject to the provisions of this mortgage. Upon foreclosure and sale of the Land, title to the improvements held by Grantor on any federal or state lands covered by the

6

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 74 of 300

Grazing Permits, together with Grantor right to be paid the reasonable value thereof, shall pass free of all encumbrances other than those of the United States to the purchaser at such sale, and Mortgagee is hereby authorized to execute, at is option, on behalf of Grantor, a bill of sale for such improvements. If title in fee simple to any of the lands covered by the Grazing Permits (or to any other lands) shall hereafter be acquired by Grantor, it is understood and agreed that such lands shall, upon such acquisition, become subject to the lien of this mortgage to the same extent as though lands had originally been included herein as part of the Land, and further, that all of the terms, covenants, conditions and stipulations of this mortgage, applicable to the Property, shall extend and be applicable to any lands hereafter so acquired. Grantor shall execute any documents reasonably requested by Mortgagee to perfect or document the pledge of the Grazing Permits to Mortgagee.

7.  **Compliance with Applicable Law.** Grantor shall not commit or allow any act upon or use of the Property which would violate any applicable law, whether now existing or later to be enacted and whether foreseen or unforeseen, or any public or private covenant, condition, restriction or equitable servitude affecting the Property.

8.  **Taxes and Assessments.** Grantor shall pay, prior to delinquency, all taxes, levies, charges and assessments imposed by applicable law or any public or quasi-public authority or utility company which are (or if not paid, may become) a lien on all or part of the Property or any interest in it, and any and all intangible taxes and documentary stamp taxes determined at any time to be due on or as a result of the Secured Obligations, this mortgage or any other Loan Documents, together with any and all interest and penalties thereon (individually and collectively, "**Imposition**"). If after the date of this mortgage, the State of Idaho or any other applicable authority passes any law deducting from the value of Land for the purpose of taxation any lien thereon, or changing in any way the laws for the taxation of mortgages or debts secured by a mortgage for federal, state or local purposes, or the manner of the collection of any such taxes, so as to affect this mortgage, then within 180 days after notice by Mortgagee to Grantor, Grantor shall pay all Secured Obligations. Notwithstanding the foregoing provisions of this Section, Grantor may, at its expense, contest the validity or application of any Imposition by appropriate legal proceedings promptly initiated and conducted in good faith and with due diligence, provided that: (1) Mortgagee is satisfied that neither the Property nor any part thereof or interest therein will be in danger of being sold, forfeited, or lost as a result of such contest; and (2) Grantor shall have posted a bond or furnished such other security required from time to time by Mortgagee.

9.  **Damages and Insurance and Condemnation Awards.** Mortgagee may, at its option: (1) in its own name appear in or prosecute any action or proceeding to enforce any cause of action based on warranty, or for damage, injury or loss to all or part of the Property, and Mortgagee may make any compromise or settlement of the action or proceeding; (2) participate in any action or proceeding relating to any Condemnation Award; and (3) join Grantor in adjusting any Insurance Claim. All insurance proceeds, Condemnation Awards, and proceeds of any other claim based on warranty, or for damage, injury or loss to the Property which Grantor may receive or be entitled to must be paid to Mortgagee. Mortgagee may apply those proceeds first toward reimbursement of all of Mortgagee's costs and expenses, including attorneys' fees and costs, incurred in connection with such recovery. The balance shall, at Mortgagee's option, be applied to pay or prepay some or all of the Secured Obligations in such order and proportions as it may choose. GRANTOR HEREBY SPECIFICALLY, UNCONDITIONALLY AND IRREVOCABLY

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 75 of 300

WAIVES ALL RIGHTS OF A PROPERTY OWNER WITH RESPECT TO ALLOCATION OF CONDEMNATION AWARDS BETWEEN A PROPERTY OWNER AND A LIENHOLDER.

10. **Site Visits, Observation and Testing.** Mortgagee and its agents and representatives may enter and visit the Property at any reasonable time for the purposes of observing it, performing appraisals, taking and removing soil or groundwater samples, and conducting tests on any part of it, and otherwise to determine Grantor's compliance with this mortgage.

11. **Prohibited Transfers.** Grantor agrees that a material factor in Mortgagee's decision to enter into the Loan Documents is the expertise, financial status and other characteristics of Grantor. Grantor shall not make or permit any Prohibited Transfer. Upon any Prohibited Transfer Mortgagee may declare all Secured Obligations to be immediately due and payable. "**Prohibited Transfer**" means: (1) any sale, contract to sell, conveyance, encumbrance, pledge, mortgage, or other transfer of all or any material part or interest of the Property, whether voluntary, involuntary, by operation of law or otherwise, other than Permitted Encumbrances (as defined below); and, *provided, however*, that Grantor may sell or dispose of fixtures and Equipment in the ordinary course of their business so long as such items are replaced with items of equal or greater value and utility; or (2) any transfer prohibited in the Loan Agreement or any of the other Loan Documents. Any transfer permitted under this Section (other than the Permitted Encumbrances) shall be subject to the following conditions (the "**Transfer Conditions**"): (i) Grantor shall notify Mortgagee in writing of the proposed transfer no less than thirty days prior to the date such transfer is to occur; (ii) Grantor shall provide Mortgagee with copies of all documents effecting such transfer and with all documentation or other assurances reasonably requested by Mortgagee to demonstrate compliance with any of the conditions to such transfer; (iii) Grantor shall pay a reasonable service charge not to exceed $2,500 to Mortgagee for each such transfer; and (iv) no Event of Default, or any condition which, with the giving of notice or passage of time or both would constitute and Event of Default, shall exist at the time Grantor gives Mortgagee notice of such transfer or at the time such transfer occurs. "**Permitted Encumbrances**" means (a) liens securing taxes or assessments not due or payable; (b) liens in favor of Mortgagee; (c) liens created by specifically identified written documents which are recorded in the land records and listed as exceptions on Schedule B of any title insurance policy for the Loans which Mortgagee has accepted and approved in writing; and (d) any leases of any portion of the Property approved by Mortgagee.

12. **Prohibited Transfer Rate.** If there is a Prohibited Transfer, Mortgagee may deem the principal balance of the Loans and, to the extent permitted by applicable law, all other Secured Obligations, will bear interest at the rate of 18% per annum (the "**Default Rate**"), retroactive to the date of the Prohibited Transfer. Mortgagee's rights under this Section are an option available to Mortgagee, and unless elected by Mortgagee, a Prohibited Transfer will constitute an Event of Default and all Secured Obligations will bear interest at the Default Rate.

13. **Compensation and Reimbursement of Costs and Expenses.** Grantor shall pay (1) for any services rendered in connection with this mortgage; (2) all of Mortgagee's costs and expenses incurred in rendering any such services; and (3) all costs, expenses and other advances incurred or made by Mortgagee in an effort to enforce the terms of this mortgage or protect the Property, whether any lawsuit is filed or not, including any bankruptcy or other voluntary or involuntary proceeding, in or out of court, or in defending any action or proceeding arising under or relating to this mortgage, including attorneys' fees and costs, and costs of any Foreclosure Sale. If Mortgagee chooses to dispose of Property through more than one Foreclosure Sale, Grantor must pay all costs, expenses or other advances incurred by Mortgagee in each of those Foreclosure Sales.

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 76 of 300

14. **Indemnification.** GRANTOR SHALL INDEMNIFY MORTGAGEE AGAINST AND SHALL HOLD MORTGAGEE HARMLESS FROM ALL LOSSES, DAMAGES, LIABILITIES, CLAIMS, CAUSES OF ACTION, JUDGMENTS, COURT COSTS, LEGAL FEES, COST OF EVIDENCE OF TITLE, COST OF EVIDENCE OF VALUE, AND OTHER COSTS AND EXPENSES WHICH MORTGAGEE MAY SUFFER OR INCUR: (1) IN PERFORMING ANY ACT REQUIRED OR PERMITTED BY THIS MORTGAGE OR ANY OF THE OTHER LOAN DOCUMENTS OR BY LAW; (2) BECAUSE OF ANY FAILURE OF GRANTOR TO PAY OR PERFORM ANY OF THE SECURED OBLIGATIONS; OR (3) BECAUSE OF ANY ALLEGED OBLIGATION OF OR UNDERTAKING BY MORTGAGEE TO PERFORM OR DISCHARGE ANY OF THE REPRESENTATIONS, WARRANTIES, CONDITIONS, COVENANTS OR OTHER OBLIGATIONS IN ANY DOCUMENT RELATING TO THE PROPERTY (OTHER THAN SUCH WARRANTIES, CONDITIONS, COVENANTS OR OTHER OBLIGATIONS IN THE LOAN DOCUMENTS). THIS AGREEMENT BY GRANTOR TO INDEMNIFY MORTGAGEE SURVIVES THE RELEASE AND CANCELLATION OF ANY OR ALL OF THE SECURED OBLIGATIONS AND THE FULL OR PARTIAL RELEASE OF THIS MORTGAGE.

15. **Payments Due Under This Mortgage.** Grantor must pay all obligations to pay money arising under this mortgage immediately upon demand by Mortgagee. Each such obligation shall bear interest from the date the obligation arises at the Default Rate.

16. **Transactions with Affiliates.** Transactions with affiliates of Grantor shall not be consummated on terms materially more favorable to the affiliate than would have been obtained in an arm's length transaction in the ordinary course of business with any person or entity that is not an affiliate.

17. **Hazardous Substances.**  As used in this Section: (a) "**Hazardous Substances**" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials;  (b) "**Environmental Law**" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "**Environmental Cleanup**" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "**Environmental Condition**" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Grantor shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Grantor shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property.  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Grantor shall promptly give Mortgagee written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Grantor has actual

9

knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property.  If Grantor learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Grantor shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Mortgagee for Environmental Cleanup. Grantor shall indemnify and hold Mortgagee free and harmless from and against all loss, costs (including attorneys' fees and costs), damage (including consequential damages), and expenses Mortgagee may sustain by reason of the assertion against Mortgagee by any third-party of any claim in connection with Hazardous Substances on, in, or affecting the Property, and shall pay any such attorneys' fees and costs Lender incurs in connection therewith. The termination of this mortgage shall not release Grantor from Grantor's obligations under this Section.

### ARTICLE 6 — EVENTS OF DEFAULT AND REMEDIES

1. **Events of Default.** The following each shall be an event of default under this mortgage (an "**Event of Default**"): (1) a default under any of the Loan Documents, that continued beyond any applicable cure periods therein; (2) a Prohibited Transfer; (3) if Grantor is in default beyond applicable notice and grace periods under any other mortgage, deed of trust, deed to secure debt, or other security agreement covering any part of the Property, whether it be superior or junior in lien to this mortgage; (4) for more than three (3) business days after notice from Mortgagee, Grantor is in default under any term, covenant or condition of this mortgage not separately described as an Event of Default, which can be cured by the payment of a sum of money; or (5) for 30 days after notice from Mortgagee, Grantor is in default under any term, covenant or condition of this mortgage not separately described as an Event of Default; *provided* that if: (A) it is reasonably certain that the default cannot be cured by Grantor within that 30 day period; and (B) Grantor has commenced curing that default within that 30 day period and thereafter diligently and expeditiously proceeds to cure that default, then that 30 day period shall be extended for so long as reasonably required by Grantor in the exercise of due diligence to cure that default, up to a maximum of 90 days after the notice to Grantor of the Event of Default.

2. **Remedies.** At any time after an Event of Default, Mortgagee may invoke any and all of the rights and remedies described below. All of such rights and remedies are cumulative, and the exercise of any one or more of them does not constitute an election of remedies.

   a. **Acceleration.** Mortgagee may declare any or all of the Secured Obligations to be due and payable immediately.

   b. **Receiver.** Mortgagee may, to the extent permitted by applicable law, make an *ex parte* application to any court of competent jurisdiction, and obtain appointment of, a receiver, trustee, liquidator or conservator of the Property, without notice, without giving bond, and without regard for the adequacy of the security for the Secured Obligations and without regard for the solvency of Borrower, any guarantor of all or any portion of the Secured Obligations, or of any person liable for the payment of the Secured Obligations. GRANTOR HEREBY WAIVES NOTICE OF THE APPLICATION FOR, AND CONSENTS TO THE APPOINTMENT OF A RECEIVER, TRUSTEE, LIQUIDATOR OR CONSERVATOR OF THE PROPERTY IN ACCORDANCE WITH THE PROVISIONS OF THIS

10

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 78 of 300

SECTION; AND GRANTOR AGREES TO NOT OPPOSE SUCH APPOINTMENT.

c.  **Entry.** To the fullest extent permitted by applicable law, Mortgagee, in person, by agent or by court-appointed receiver, may enter, take possession of, manage and operate all or any part of the Property, and may also do any and all other things in connection with those actions that Mortgagee may consider necessary and appropriate to protect the security of this mortgage. Such other things may include: taking and possessing all of Grantor's or the then owner's books and records; entering into, enforcing, modifying, or canceling leases on such terms and conditions as Mortgagee may consider proper; obtaining and evicting tenants; fixing or modifying rents, collecting and receiving any payment of money owing to Grantor; completing any unfinished construction; and/or contracting for and making repairs and alterations. If Mortgagee so requests, Grantor will assemble all of the Property that has been removed from the Land and make all of it available to Mortgagee at the site of the Land. GRANTOR HEREBY IRREVOCABLY CONSTITUTES AND APPOINTS MORTGAGEE AS GRANTOR'S ATTORNEY-IN-FACT TO PERFORM SUCH ACTS AND EXECUTE SUCH DOCUMENTS AS MORTGAGEE CONSIDERS APPROPRIATE IN CONNECTION WITH TAKING THESE MEASURES, INCLUDING ENDORSEMENT OF GRANTOR'S NAME ON ANY INSTRUMENTS. Regardless of any provision of this mortgage or the other Loan Documents, Mortgagee shall not be considered to have accepted any property other than cash or immediately available funds in satisfaction of any obligation of Grantor to Mortgagee, unless Mortgagee has given express written notice of its election of that remedy in accordance with the UCC.

d.  **Cure; Protection of Security.** Mortgagee may cure any breach or default of Grantor, and if Mortgagee chooses to do so in connection with any such cure, Mortgagee may also enter the Property and/or do any and all other things which it considers necessary or appropriate to protect the security of this mortgage. Such other things may include: (1) appearing in and/or defending any action or proceeding which purports to affect the security of, or the rights or powers of Mortgagee under, this mortgage; (2) paying, purchasing, contesting, or compromising any encumbrance, charge, lien or claim of lien which in Mortgagee's judgment is or may be senior in priority to this mortgage, such judgment of Mortgagee to be conclusive as among the parties to this mortgage; (3) obtaining insurance and/or paying any premiums or charges for insurance required to be carried under the Note; (4) otherwise caring for and protecting any and all of the Property; and/or (5) employing counsel, accountants, contractors and other appropriate persons to assist Mortgagee. Mortgagee may take any of the actions permitted under this Article either with or without giving notice to any person. Notwithstanding the foregoing, in no event will Mortgagee have any obligation to take any of the actions set forth in this Section.

e.  **Uniform Commercial Code Remedies.** Mortgagee may exercise any or all of the remedies granted to a secured party under the UCC. To the extent that applicable law imposes the duty on Mortgagee to exercise remedies in a commercially

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 79 of 300

reasonable manner, Grantor acknowledges and agrees that it is not commercially unreasonable for Mortgagee to: (1) fail to incur expenses reasonably deemed significant by Mortgagee to prepare the Personalty for disposition or to fail to complete raw material or work in process into finished goods or other finished products for disposition; (2) fail to exercise collection remedies against account debtors or other persons obligated on the Personalty (directly or through the use of collection specialists), or to fail to remove liens, encumbrances or adverse claims against the Personalty; (3) advertise dispositions of the Personalty through publications or media of general circulation, whether or not the Personalty is of a specialized nature; (4) contact persons for expressions of interest in acquiring all or any portion of the Personalty; (5) hire professional auctioneers to assist in the disposition of the Personalty, whether or not the Personalty is of a specialized nature; (6) dispose of the Personalty by utilizing Internet sites that provide for or are reasonably capable of the auction of assets of the types included in the Personalty; (7) dispose of the Personalty in wholesale rather than retail markets; (8) disclaim disposition warranties; (9) purchase insurance or credit enhancements to insure Mortgagee against risks of loss, collection or disposition of the Personalty or to provide to Mortgagee a guaranteed return from the collection or disposition of the Personalty; or (10) sell any Personalty jointly with any of the Property or to sell any Personalty in a sale separate from a sale of any of the Property. Grantor acknowledges that the purpose of this Section is to provide a non-exhaustive indication of what actions or omissions by Mortgagee would fulfill Mortgagee's duties under the UCC in Mortgagee's exercise of remedies against the Personalty, and that other actions or omissions by Mortgagee shall not be deemed to fail to fulfill such duties solely on account of not being expressly included or indicated in this Section.

f.  **Judicial Action.** Mortgagee may bring an action in any court of competent jurisdiction to foreclose this mortgage in the manner provided under applicable law for the foreclosure of mortgages on real property or to obtain specific enforcement of any of the covenants or agreements of this mortgage.

g.  **Sales of Personal Property.** Mortgagee may elect to treat as Personalty any Property which is intangible or which can be severed from the Land or Improvements without causing structural damage. If it chooses to do so, Mortgagee may dispose of any Personalty separately from the sale of real property, in any manner permitted by Article 9 of the UCC, including any public or private sale, or in any manner permitted by any other applicable law. Any proceeds of any such disposition shall not cure any Event of Default or reinstate any Secured Obligation.

h.  **Single or Multiple Foreclosure Sales.** If the Property consists of more than one lot, parcel, or item of property, in connection with any sale of the Property described in or permitted under this Article, Mortgagee may: (1) designate the order in which the lots, parcels and/or items shall be sold or disposed of or offered for sale or disposition; and (2) elect to dispose of the lots, parcels and/or items through a single consolidated sale or disposition to be held or made in connection with judicial proceedings, or by virtue of a judgment and decree of foreclosure and sale; or through two or more such sales or dispositions; or in any other manner Mortgagee

EXHIBIT 5                    Page 80 of 300

may deem to be in its best interests (any such sale or disposition, a "**Foreclosure Sale**"). If it chooses to have more than one Foreclosure Sale, Mortgagee at its option may cause the Foreclosure Sales to be held simultaneously or successively, on the same day, or on such different days and at such different times and in such order as it may deem to be in its best interests. No Foreclosure Sale will terminate or affect the liens of this mortgage on any part of the Property which has not been sold, until all of the Secured Obligations have been paid in full.

i.   **Additional Rights.** In addition to the rights and powers given to Mortgagee under this mortgage, Mortgagee shall have all such other rights and remedies as provided in the Loan Agreement and the other Loan Documents, and all such other rights and remedies as provided both in law and equity for collection of the indebtedness secured hereby as it would have but for this mortgage.

j.   **Credit Bids.** At any Foreclosure Sale, any person, including Grantor or Mortgagee, may bid for and acquire the Property or any part of it to the extent permitted by then applicable law. Instead of paying cash for that Property, Mortgagee may settle for the purchase price by crediting the sales price of the Property against the following obligations: first, the portion of the Secured Obligations attributable to the expenses of sale, costs of any action and any other sums for which Grantor is obligated to reimburse Mortgagee; and second, all other Secured Obligations in any order and proportions as Mortgagee may choose.

k.   **Application of Foreclosure Sale Proceeds, Rents and Other Sums.** Mortgagee shall apply the proceeds of any Foreclosure Sale to pay (or reimburse Mortgagee for payment of) the Secured Obligations in any order and proportions as Mortgagee may choose, with the surplus, if any, to be paid over to Grantor. Mortgagee has no liability for any funds which it does not actually receive.

3.   **Waivers.** Grantor waives: (1) any right to require Mortgagee to proceed against Borrower, proceed against or exhaust any security held from Borrower, or pursue any other remedy in Mortgagee's power to pursue; (2) any defense based on any legal disability of Borrower, any discharge or limitation of the liability of Borrower to Mortgagee, whether consensual or arising by operation of law or any bankruptcy, reorganization, receivership, insolvency, or debtor-relief proceeding, or from any other cause, or any claim that Grantor's obligations exceed or are more burdensome than those of Borrower; (3) all presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, notices of acceptance of this mortgage and of the existence, creation, or incurring of new or additional indebtedness of Borrower, and demands and notices of every kind; (4) any defense based on or arising out of any defense that Borrower may have to the payment or performance of the Secured Obligations or any part of it; and (5) until the Secured Obligations have been paid and performed in full, all rights of subrogation, reimbursement, indemnification and contribution (contractual, statutory or otherwise), including any claim or right of subrogation under the Bankruptcy Code (Title 11 of the United States Code) or any successor statute, all rights to enforce any remedy that Mortgagee may have against Borrower, and all rights to participate in any security now or later to be held by Mortgagee for the Secured. Obligations. Grantor waives all rights and defenses that Grantor may have because the Secured Obligations may be secured by real property other than the Property hereby encumbered. This

13

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 81 of 300

is an unconditional and irrevocable waiver of any rights and defenses Grantor may have because the Secured Obligations may be secured by real property other than the Property. Grantor waives any right or defense it may have at law or equity, to a fair market value hearing or action to determine a deficiency judgment after a foreclosure of any real property other than the Property hereby encumbered. No provision or waiver in this mortgage shall be construed as limiting the generality of any other provision or waiver contained in this mortgage.

4. **Information.** Grantor is solely responsible for keeping informed of Borrower's financial condition and business operations and all other circumstances affecting Borrower's ability to pay and perform its obligations to Mortgagee, and agrees that Mortgagee will have no duty to disclose to Grantor any information which Mortgagee may receive about Borrower's financial condition, business operations, or any other circumstances bearing on its ability to perform.

5. **No Mortgagee in Possession.** Neither the enforcement of any of the remedies under this Article, the assignment of the Rents and Leases under Article 2, the security interests under Article 3, nor any other remedies afforded to Mortgagee under the Loan Documents, at law or in equity shall cause Mortgagee to be deemed or construed to be a mortgagee in possession of the Property, to obligate Mortgagee to lease the Property or attempt to do so, or to take any action, incur any expense, or perform or discharge any obligation, duty or liability whatsoever under any of the Leases or otherwise.

### ARTICLE 7 - MISCELLANEOUS

1. **Notices.** All notices, approvals, consents, and other communications, under this mortgage ("**Notices**") must be in writing and mailed or delivered to the address specified herein. All Notices will be deemed to be given or made upon the earlier to occur of: (1) actual receipt by the intended recipient; or (2) (A) if delivered by hand or by courier, upon delivery; or (B) if delivered by mail, four business days after deposit in the U.S. mail, properly addressed, postage prepaid; except that notices and other communications to Mortgagee will not be effective until actually received by Mortgagee. Notices must be mailed or delivered, if to Grantor, to the address adjacent Grantor's signature below; if to Mortgagee, to:

> Conterra Agricultural Capital, LLC
> 5465 Mills Civic Parkway, Suite 201
> West Des Moines, IA 50266

2. **Entire Agreement.** This mortgage and the other Loan Documents collectively: (1) represent the sum of the understandings and agreements between Mortgagee and Grantor concerning the Loans; (2) replace any prior oral or written agreements between Mortgagee and Grantor concerning the Loans; and (3) are intended by Mortgagee and Grantor as the final, complete and exclusive statement of the terms agreed to by them.

3. **No Waiver or Cure.** Each waiver by Mortgagee must be in writing, and no waiver is to be construed as a continuing waiver. No waiver is to be implied from any delay or failure by Mortgagee to take action on account of any default of Grantor. Consent by Mortgagee to any act or omission by Grantor must not be construed as a consent to any other or subsequent act or omission or to waive the requirement for Mortgagee's consent to be obtained in any future or other instance. The exercise by Mortgagee of any right or remedy under this mortgage or the other Loan Documents or under applicable law, shall not: cure or waive a breach, Event of Default or notice

of default under this mortgage or invalidate any act performed pursuant to any such default or notice; or nullify the effect of any notice of default or sale (unless all Secured Obligations then due have been paid and performed and all other defaults under the Loan Documents, have been cured); or impair the security of this mortgage; or prejudice Mortgagee or any receiver appointed in accordance with this mortgage, in the exercise of any right or remedy afforded any of them under this mortgage; or be construed as an affirmation by Mortgagee of any tenancy, lease or option, or a subordination of the lien of this mortgage.

4. **Merger.** No merger shall occur as a result of Mortgagee's acquiring any other estate in or any other lien on the Property.

5. **Waiver of Dower, Homestead, and Distributive Share.** Grantor relinquishes all right of dower, if any, and waives all right of homestead exemption and distributive share in and to the Property. Grantor waives any right of exemption as to the Property.

6. **Waiver of Marshalling.** Grantor waives all rights, legal and equitable, it may now or hereafter have to require marshalling of assets or to require upon foreclosure sales of assets in a particular order. Each successor and assign of Grantor, including any holder of a lien subordinate to this mortgage, by acceptance of its interest or lien agrees that it shall be bound by the above waiver, as if it had given the waiver itself.

7. **Waiver of Certain Other Laws.** To the extent permitted by applicable law, Grantor shall not at any time insist upon, plead, claim or take the benefit or advantage of any applicable law providing for appraisement, valuation, stay, extension, equity or redemption, any statutory or common law right of redemption, and all other exemptions, and Grantor, for Grantor, and its representatives, successors and assigns, and for any and all persons ever claiming any interest in the Property, to the extent permitted by law, hereby waives and releases all rights of redemption (including, without limitation, any common law or statutory right of redemption), and all other exceptions, as well as valuation, appraisement, stay of execution, or notice of election to mature or declare due the whole of the Secured Obligations in the event of foreclosure of the lien created by this mortgage. WITHOUT LIMITATION, IF THE UNDERSIGNED GRANTOR, OR ANY OF THEM, IS A CORPORATION, GRANTOR HEREBY RELEASES AND WAIVES ANY AND ALL RIGHTS OF REDEMPTION FROM SALE UNDER ANY JUDGMENT OF FORECLOSURE AND EACH OF THE ITEMS WAIVED AND RELEASED ABOVE, ON BEHALF OF GRANTOR, AND EACH AND EVERY PERSON ACQUIRING ANY INTEREST IN OR TITLE TO THE PROPERTY, SUBSEQUENT TO THE DATE OF THIS MORTGAGE, AND ON BEHALF OF ALL OF THE PERSONS TO THE EXTENT PERMITTED BY APPLICABLE LAW OF THE STATE OF IDAHO.

8. **Joint and Several Obligations.** If Grantor consists of more than one person, each Grantor (1) acknowledges and undertakes, together with every other Grantor, joint and several liability for the indebtedness, liabilities and obligations of Grantor under this mortgage; (2) acknowledges that this mortgage is the independent and several obligation of each Grantor and may be enforced against each Grantor separately, whether or not enforcement of any right or remedy hereunder has been sought against any other Grantor; and (3) agrees that its liability hereunder and under any other Loan Document shall be absolute, unconditional, continuing and irrevocable. GRANTOR EXPRESSLY WAIVES ANY REQUIREMENT THAT MORTGAGEE EXHAUST ANY RIGHT, POWER OR REMEDY AND PROCEED AGAINST ANY OTHER GRANTOR UNDER THIS MORTGAGE, OR ANY OTHER LOAN DOCUMENTS, OR AGAINST ANY

15

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 83 of 300

OTHER PERSON UNDER ANY GUARANTY OF, OR SECURITY FOR, ANY OF THE SECURED OBLIGATIONS.

9.  **Governing Law/Jurisdiction and Venue.** This mortgage shall be governed exclusively by the laws of the State of Idaho without regard or reference to its conflict of laws principles.

10.  **General.** This mortgage may not be amended, changed, modified, altered or terminated without the prior written consent of Mortgagee. This mortgage may be executed in counterparts, each of which will be an original and all of which together are deemed one and the same instrument. Mortgagee is authorized to execute any other documents or take any other actions necessary to effectuate this mortgage and the consummation of the transactions contemplated herein. Time is of the essence of this mortgage. Each party has participated in negotiating and drafting this mortgage, so if an ambiguity or a question of intent or interpretation arises, this mortgage is to be construed as if the parties had drafted it jointly, as opposed to being construed against a party because it was responsible for drafting one or more provisions of this mortgage. When all Secured Obligations have been irrevocably paid in full, Mortgagee shall execute and deliver to Grantor, a release of the Property from the lien of this mortgage. Headings and captions are provided for convenience only and do not affect the meaning of the text which follows.

11.  **Priority.**

    a.  Notwithstanding anything herein to the contrary, this mortgage is subordinate and inferior to: (i) that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing by Grantor in favor of MetLife Real Estate Lending LLC, dated as of September 26, 2018 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2018-003845, and in the Official Records of Jerome County, Idaho, under Document No. 2184031, as amended by that certain First Amendment dated April 15, 2020 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2020-001707, and in the Official Records of Jerome County, Idaho, under Document No. 2201724, as amended by that certain Second Amendment dated April 21, 2021 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2021-002100, and in the Official Records of Jerome County, Idaho, under Document No. 2212265; and (ii) that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing by Grantor in favor of Metropolitan Life Insurance Company, dated as of March 12, 2019 and recorded in the Official Records of Jerome County, Idaho, under Document No. 2190993, and in the Official Records of Twin Falls, Idaho, under Document No. 2019003382. The foregoing documents are as provided by and subject to the terms and conditions of the Intercreditor Agreement, dated on or about the date hereof, by and between Mortgagee and MetLife. For the avoidance of doubt and notwithstanding any term in this mortgage to the contrary, MetLife and its mortgages are prior and superior to and are not bound by or subject to any of the terms of the Loan Documents. Nothing contained in this mortgage is intended to, and shall not, alter or diminish any rights or remedies of MetLife as set forth in MetLife's mortgages or any documents and agreements related thereto.

    b.  Notwithstanding anything herein to the contrary, this instrument and the rights and obligations evidenced hereby are subordinate to (i) that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing (Second Priority)

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                                    Page 84 of 300

dated on or about October 20, 2022 (the "Senior Mortgage"), made in favor of Rabo AgriFinance LLC ("Senior Loan Agent"), as agent for certain lenders ("Senior Lenders") as described therein, and (ii) the payment in full of the obligations owing to the Senior Loan Agent as described in and pursuant to the terms of that certain Intercreditor and Subordination Agreement dated as of October 20, 2022 between Senior Loan Agent, and Conterra Agricultural Capital, LLC (as may be amended from time to time, the "Subordination Agreement"); and each holder of this instrument, by its acceptance hereof, shall be bound by the provisions of the Subordination Agreement. The herein described subordination is as provided by and subject to the terms and conditions of the Subordination Agreement. For the avoidance of doubt and notwithstanding any term in this instrument to the contrary, Senior Loan Agent and its second priority mortgage are prior and superior to and are not bound by or subject to any of the terms of the Loan Documents. Nothing contained in this instrument is intended to, and shall not, alter or diminish any rights or remedies of Senior Loan Agent and Senior Lenders as set forth in the Senior Mortgage and/or any documents and agreements related any obligations owing to it and the lenders

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 85 of 300

[SIGNATURE PAGE TO MORTGAGE]

**GRANTOR BY EXECUTION AND DELIVERY OF THIS MORTGAGE TO MORTGAGEE, AND MORTGAGEE, BY ACCEPTANCE HEREOF, TO THE EXTENT PERMITTED BY APPLICABLE LAW (1) COVENANT AND AGREE NOT TO ELECT A TRIAL BY JURY IN ANY ACTION OR PROCEEDING FOR THE RESOLUTION OF ANY CONTROVERSY OR CLAIM THAT ARISES OUT OF OR RELATES TO: (A) THIS MORTGAGE; OR (B) ANY OTHER LOAN DOCUMENT, WHETHER ARISING IN CONTRACT, TORT OR BY STATUTE (INDIVIDUALLY AND COLLECTIVELY, A "CONTROVERSY OR CLAIM"); AND (2) WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY CONTROVERSY OR CLAIM TO THE EXTENT SUCH RIGHT EXISTS NOW OR IN THE FUTURE. THE PROVISIONS OF THIS SECTION ARE GIVEN KNOWINGLY AND VOLUNTARILY AND ARE A MATERIAL INDUCEMENT FOR MORTGAGEE ENTERING INTO THE NOTE AND OTHER LOAN DOCUMENTS.**

**PURSUANT TO IDAHO STATUTES § 9-505(5), A PROMISE OR COMMITMENT TO LEND MONEY OR TO GRANT OR EXTEND CREDIT IN AN ORIGINAL PRINCIPAL AMOUNT OF FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) OR MORE, MADE BY A PERSON OR ENTITY ENGAGED IN THE BUSINESS OF LENDING MONEY OR EXTENDING CREDIT, MUST BE IN WRITING TO BE LEGALLY BINDING UPON SUCH PERSON OR ENTITY.**

**This Security Instrument and the rights and obligations evidenced hereby are subordinate to the payment in full of the obligations owing to the Senior Loan Agent as described in and pursuant to the terms of that certain Intercreditor and Subordination Agreement dated as of October ___, 2022 between Rabo AgriFinance LLC, as Senior Loan Agent, and Conterra Agricultural Capital, LLC; and each holder of this Note, by its acceptance hereof, shall be bound by the provisions of that Subordination Agreement.**

Grantor is executing this mortgage effective as of the day and year first written above.

**GRANTOR:**

<u>Address for all notices:</u>
471 North 300
West Jerome, Idaho 83338

MILLENKAMP PROPERTIES II LLC

By:  Millenkamp Family LLC
    an Idaho limited liability company
    its sole member

By: _____
WILLIAM J. MILLENKAMP
Manager

_____
WILLIAM JOHN MILLENKAMP

*[Mortgage Signature Pages]*

EXHIBIT 5                    Page 86 of 300

_(signature)_
SUSAN JO MILLENKAMP


EAST VALLEY CATTLE, LLC,
an Idaho limited liability company

By: _(signature)_
      WILLIAM J. MILLENKAMP
      Manager


IDAHO JERSEY GIRLS JEROME DAIRY LLC,
an Idaho limited liability company

By: _(signature)_
      WILLIAM J. MILLENKAMP
      Manager


IDAHO JERSEY GIRLS LLC,
an Idaho limited liability company

By: _(signature)_
      WILLIAM J. MILLENKAMP
      Manager


GOOSE RANCH LLC,
an Idaho limited liability company

By:    Millenkamp Family LLC
       an Idaho limited liability company
       its sole member

      By: _(signature)_
          WILLIAM J. MILLENKAMP
          Manager


*[Mortgage Signature Pages]*


EXHIBIT 5          Page 87 of 300

MILLENKAMP PROPERTIES, L.L.C.,
an Idaho limited liability company

By:    Millenkamp Family LLC
       an Idaho limited liability company
       its sole member

       By: _____
           WILLIAM J. MILLENKAMP,
           Manager


MILLENKAMP CATTLE, INC.,
an Idaho corporation

By: _____
    WILLIAM J. MILLENKAMP
    President

By: _____
    SUSAN J. MILLENKAMP
    Secretary


MILLENKAMP FAMILY LLC,
an Idaho limited liability company

By: _____
    WILLIAM J. MILLENKAMP
    Manager


*[Mortgage Signature Pages]*


EXHIBIT 5                    Page 88 of 300

[ACKNOWLEDGEMENTS OF MORTGAGE]

STATE OF IDAHO                    )
                                 )ss.
COUNTY OF _Jerome_               )

    This record was acknowledged before me on _Oct 14_, 2022 by WILLIAM
JOHN MILLENKAMP.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO                    )
                                 )ss.
COUNTY OF _Jerome_               )

    This record was acknowledged before me on _Oct 14_, 2022, by SUSAN JO
MILLENKAMP.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO                    )
                                 )ss.
COUNTY OF _Jerome_               )

    This record was acknowledged before me on _Oct 14_, 2022, by  WILLIAM J.
MILLENKAMP as the Member/Manager of East Valley Cattle, LLC, an Idaho limited liability
company.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

*[Acknowledgement pages continued]*

*[Mortgage Signature Pages]*

EXHIBIT 5                              Page 89 of 300

STATE OF IDAHO                    )
                                 )ss.
COUNTY OF _Jerome_               )

    This record was acknowledged before me on __Oct 14__, 2022, by WILLIAM J. MILLENKAMP the Manager of Idaho Jersey Girls Jerome Dairy LLC, an Idaho limited liability company.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO                    )
                                 )ss.
COUNTY OF _Jerome_               )

    This record was acknowledged before me on __Oct 14__, 2022, by WILLIAM J. MILLENKAMP the Manager of Idaho Jersey Girls LLC, an Idaho limited liability company.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO                    )
                                 )ss.
COUNTY OF _Jerome_               )

    This record was acknowledged before me on __Oct 14__, 2022, by William J. Millenkamp, as the Manager of Millenkamp Family LLC, the sole Member of Goose Ranch LLC, an Idaho limited liability company.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

*[Acknowledgement pages continued]*

*[Mortgage Signature Pages]*

EXHIBIT 5                                Page 90 of 300

STATE OF IDAHO            )
                          )ss.
COUNTY OF _Jerome_        )

    This record was acknowledged before me on ___Oct 14___, 2022, by William J. Millenkamp, as Manager of Millenkamp Family LLC, an Idaho limited liability company, the sole Member of Millenkamp Properties, L.L.C., an Idaho limited liability company.

```
┌─────────────────────────────┐
│        LAURY LAMB           │
│     Commission #41905       │
│       Notary Public         │
│       State of Idaho        │
│ My Commission Expires: 04/02/28 │
└─────────────────────────────┘
```

_____
Notary Public for Idaho
Printed Name: _Laury Lamb_
my commission exp 04/02/2028

STATE OF IDAHO            )
                          )ss.
COUNTY OF _Jerome_        )

    This record was acknowledged before me on ___Oct 14___, 2022, by William J. Millenkamp, as Manager of Millenkamp Family LLC, an Idaho limited liability company, the sole Member of Millenkamp Properties II LLC, an Idaho limited liability company.

```
┌─────────────────────────────┐
│        LAURY LAMB           │
│     Commission #41905       │
│       Notary Public         │
│       State of Idaho        │
│ My Commission Expires: 04/02/28 │
└─────────────────────────────┘
```

_____
Notary Public for Idaho
Printed Name: _Laury Lamb_
my commission expires 04/02/2028

STATE OF IDAHO            )
                          )ss.
COUNTY OF _Jerome_        )

    This record was acknowledged before me on ___Oct 14___, 2022, by WILLIAM J. MILLENKAMP, the President of Millenkamp Cattle, Inc.

```
┌─────────────────────────────┐
│        LAURY LAMB           │
│     Commission #41905       │
│       Notary Public         │
│       State of Idaho        │
│ My Commission Expires: 04/02/28 │
└─────────────────────────────┘
```

_____
Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

[*Acknowledgement pages continued*]

[*Mortgage Signature Pages*]

EXHIBIT 5                    Page 91 of 300

STATE OF IDAHO )
)ss.
COUNTY OF _Jerome_ )

    This record was acknowledged before me on ___Oct 14__, 2022, by SUSAN J. MILLENKAMP, the Secretary of Millenkamp Cattle, Inc.

```
LAURY LAMB
COMMISSION #41905
NOTARY PUBLIC
STATE OF IDAHO
```

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO )
)ss.
COUNTY OF _Jerome_ )

    This record was acknowledged before me on ___Oct 14__, 2022, by WILLIAM J. MILLENKAMP, the Manager of Millenkamp Family LLC.

```
LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28
```

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

*[Mortgage Signature Pages]*

EXHIBIT 5                Page 92 of 300

## EXHIBIT A

Millenkamp

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

**Legal Description of Real Estate**

EXHIBIT 5                    Page 93 of 300

## Exhibit A

TRACT A - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          SW¼SE¼

Section 12:         NW¼NE¼

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          NW¼SE¼

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          Lots 1, 2, 3, and 4, S½NW¼, NE¼SE¼, S½NE¼

Section 2:          Lots 1 and 2, S½NE¼

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:         W½

Section 35:         E½ EXCEPTING THEREFROM:

Beginning at a point which is 25 feet West and 20 feet North of the Southeast corner of said Section 35;
Thence West 100 feet;
Thence North 100 feet;
Thence East 100 feet;
Thence South 100 feet to the Point of Beginning.

ALSO EXCEPTING the following described tract:

Part of the SW¼SE¼, more particularly described as follows:

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;

EXHIBIT 5                    Page 94 of 300

Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          N½, EXCEPT the following described tract:

Beginning at the Northwest corner and running thence East 250 feet;
Thence South 174 feet;
Thence West 250 feet;
Thence North 174 feet to the Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 6:          Lots 1, 2, 3 and 4

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:          SW¼

PARCEL NO. 8:
A 30 foot wide Pipeline Easement as created by Warranty Deed recorded May 15, 1992 as Instrument No. 219021, records of Cassia County, Idaho, located in the SE¼ of said Section 31 of Township 11 South, Range 28 East of the Boise Meridian, Cassia County, State of Idaho, more particularly described as follows:

Beginning at the Southeast corner of said Section 31, said corner marked by a U.S. General Land Office pipe with brass cap; thence North 88°41'16" West along section line for 36.14 feet to the Point of Beginning;
Thence North 88°41'16" West along section line for 30.00 feet to a point;
Thence North 1°18'44" East for 46.48 feet to a point;
Thence North 44°29'16" West for 1841.47 feet to a point;
Thence North 88°31'26" West for 1211.50 feet to a point on the West line of the SE¼;
Thence North 0°18'45" East along the West line of the SE¼ for 30.00 feet to a point;
Thence South 88°31'26" East for 1224.24 feet to a point;
Thence South 44°29'16" East for 1866.27 feet to a point;
Thence South 1°18'44" West for 59.16 feet to the Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          Part of the SW¼SE¼, more particularly described as follows:

EXHIBIT 5

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;
Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 10:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 13:        ALL

PARCEL NO. 11:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:        E½

Section 26:        NW¼ and E½, EXCEPT a part of the SE¼SE¼, described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

Section 27:        NE¼

PARCEL NO. 12:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 27:        SW¼

PARCEL NO. 13:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5

Section 27:        NW¼ and SE¼

PARCEL NO. 14:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        S½ EXCEPTING THEREFROM the following described tract of land:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence running East along the centerline of said Section 35 to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said Section 35 to the West boundary line thereof;
Thence North along said West boundary line of said Section 35 for 24 feet to the Point of Beginning.

PARCEL NO. 15:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        N½

PARCEL NO. 16:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        ALL

PARCEL NO. 17:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:        Part of the SW¼NW¼ of said Section 31, more particularly described as follows:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with brass cap; thence South 0°06'00" West along section line for 1919.63 feet to the POINT OF BEGINNING;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 18:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:         N½

Section 3:         N½

PARCEL NO. 19:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                              Page 97 of 300

Section 4:            NE¼ (Lots 1 and 2 and the S½NE¼)

PARCEL NO. 20:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:          N½ and SE¼, EXCEPT the following described tract:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with brass cap; Thence South 0°06'00" West along section line for 1919.63 feet to the Point of Beginning;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 21:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 32:          W½

PARCEL NO. 22:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:          SW¼

PARCEL NO. 23:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          The North 24 feet of the S½ of said Section 35, more particularly described as follows:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence East along the centerline of the said section to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said section to the West boundary line of said section;
Thence North 24 feet to the Point of Beginning.

PARCEL NO. 24:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 34:          ALL

PARCEL NO. 25:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                                    Page 98 of 300

Section 26:        Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

PARCEL NO. 26:
An access easement for the benefit of Parcel No. 25 as conveyed by Quitclaim Deed between the Hunsaker Family Partnership, a Limited Partnership, and Reginald Hunsaker and Ruth J. Hunsaker, husband and wife, individually, Grantors, and Jack M. Hunsaker and Bonita P. Hunsaker, Grantees, dated August 10, 1983 and recorded August 12, 1983 as Instrument No. 154185 on Film No. 139, records of Cassia County, more particularly described as follows:

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:        Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26, said point marked by a U.S. Government Brass Cap which shall be the Point of Beginning;
Thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar;
Thence North 41°26'14" West for 33.36 feet to a point;
Thence South 89°59' East for 466.09 feet to a point on section line;
Thence South 0°21' West along said section line for 25.0 feet to the Point of Beginning.

PARCEL NO. 27:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:        W½

TRACT B - CASSIA COUNTY:

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        All, EXCEPT the N½NW¼NW¼ and N½NE¼NW¼ of Section 10:

                   ALSO EXCEPTING the following described tracts:

                   Tract No. 1:

EXHIBIT 5                    Page 99 of 300

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.

Tract No. 2:

Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning;
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.

Section 11:      Beginning at a point on the North line of Section 11, said point being 1760.7 feet West of the Northeast corner of said Section 11;
Thence at right angles South 489.7 feet;
Thence North 88°40' West 671.9 feet;
Thence South 9°34' East 160.7 feet;
Thence North 85°59' West 1253.6 feet;
Thence South 6°47' West 953.6 feet;
Thence South 4°37' West 1661.7 feet;
Thence South 89°37' West 1307.8 feet more or less to the West line;
Thence North 0°21' East along the West line 3156.8 feet, more or less to the Northwest corner;
Thence East along said North line 3430.4 feet, more or less to the Point of Beginning.

Section 14:      Beginning at the Southwest corner of Section 14;
Thence South 89°26' East along the South line 1535.1 feet;
Thence North 19°49' West 4452.0 feet more or less to the West line;
Thence South 0°21' West 4173.0 feet more or less to the Point of Beginning.

Section 15:      All

Section 16:      S½ and the NW¼

Section 17:      SE¼SE¼

PARCEL NO. 2:
A water pipeline easement as conveyed by Warranty Deed from Raft River Ranches, Inc., a corporation to Preston R. Allen and Roland R. Allen, dated October 21, 1976 and recorded December 1, 1976 as Instrument No. 94693 on Film No. 105, records of Cassia County, Idaho, described as follows:

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 14:      An easement 60 feet wide being 30 feet left and 30 feet right of the following described line:

Beginning at a point on the East line of said Section 14, said point being 1637 feet North of the Southeast corner of Section 14;

EXHIBIT 5                    Page 100 of 300

Thence North 67°24' West 5694 feet more or less to the West line of Section 14, said point being North 0°21' West 3773 feet from the Southwest corner of Section 14.

Section 22:        An easement 60 feet wide being adjacent to and 60 feet right of the following described line:

Beginning at the North quarter corner of said Section 22;
Thence South along the Meridianal centerline of Section 22 for a distance of 2500 feet;
Thence at right angles West 154 feet.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        SW¼, W½SE¼, S½NW¼, EXCEPTING that part of the NW¼ described as follows:

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on center line of Yale Road; Thence South 57°36' West for 2,040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

AND ALSO EXCEPT the portion deeded to the Burley Highway District for highway purposes, as disclosed by Warranty Deed, dated July 28, 2005 and recorded September 20, 2007 as Instrument No. 2007-318339, records of Cassia County, Idaho.

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        W½, EXCEPTING that part of the NW¼NW¼ described as follows:

Beginning at the Northwest corner of the NW¼NW¼;
Thence South 1599 feet;
Thence North 59°02' East 324 feet;
Thence North 28°10' East 1195 feet;
Thence North 25°56' West 294 feet;
Thence North 87° West 530 feet more or less to the Point of Beginning.

Section 3:        E½, EXCEPTING that portion thereof that lies North of a line running as follows:

Beginning at the South Quarter section corner;
Thence North 1320 feet;
Thence North 42°38' East 1056 feet;
Thence North 69°26' East 1231.5 feet;
Thence North 19°42' East 924 feet;
Thence North 59°02' East 541 feet more or less to the East boundary of said Section 3.

Section 9:        All, EXCEPTING THEREFROM the following described tracts:

        Tract No. 1:
Beginning at a point in the Northeast corner of NE¼NE¼;

EXHIBIT 5                                    Page 101 of 300

Thence due South along section line 250 feet;
Thence due West 1550 feet;
Thence due North 250 feet;
Thence due East along section line to the Point of Beginning.

Tract No. 2:

Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office Pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar on section line;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.

Tract No. 3:

Beginning at the Northeast corner of said Section 9, said corner marked by a 5/8 inch rebar; Thence South 00°11'27" East (South rec.) along the East section line for a distance of 250.00 feet to the Point of Beginning;
Thence South 00°11'27" East continuing along said line for a distance of 191.53 feet;
Thence South 86°39'00" West for a distance of 37.48 feet to a ½ inch rebar;
Thence South 86°39'00" West for a distance of 1614.99 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 294.52 feet to a ½ inch rebar;
Thence North 89°46'36" West for a distance of 1401.98 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 224.97 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 25.00 feet to the North section line;
Thence South 89°46'51" East along said line for a distance of 399.52 feet to the North ¼ section corner marked by a 5/8 inch rebar;
Thence South 89°46'36" East along the North section line for a distance of 1102.45 feet;
Thence South 00°11'27" East (South rec.) for a distance of 25.00 feet to a ½ inch rebar;
Thence South 00°11'27" East (South rec.) for a distance of 225.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 1525.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 25.00 feet to the Point of Beginning.

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the NW¼, more particularly described as follows:

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the NE¼, more particularly described as follows:

EXHIBIT 5                    Page 102 of 300

Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning:
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the NE¼NW¼, more particularly described as follows:

Beginning at the Northwest corner of the NE¼ of said Section 10; Thence South 89°55' West along section line of said Section 10 for 208.72 feet to a point; Thence South 0°05' East for 52.0 feet to the True Point of Beginning;
Thence South 0°05' East for 290.4 feet to a point;
Thence South 89°55' West for 150.0 feet to a point;
Thence North 0°05' West for 290.4 feet to a point;
Thence North 89°55' East for 150.0 feet to the True Point of Beginning.

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the N½NE¼NW¼, more particularly described as follows:

Beginning at the N¼ section corner of said Section 10, said corner marked by a U.S. GLO iron pipe with brass cap which shall be the Point of Beginning:
Thence South 00°07'39" East along the East line of the NW¼ for a distance of 660.78 feet to a ½ inch rebar at the Southeast corner of the N½NE¼NW¼;
Thence South 89°55'40" West along the South line of the N½NE¼NW¼ for a distance of418.04 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 607.86 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 52.97 feet to the North line of Section 10;
Thence North 89°56'00" East along said line for a distance of 418.04 feet to the Point of Beginning;

              EXCEPTING THEREFROM, the following described parcel:

Beginning at the N¼ corner of said Section 10; Thence South 89°56'00" West (South 89°55' West, rec.) along the North section line for a distance of 208.72 feet; Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 52.00 feet to a point which shall be the Point of Beginning:
Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 290.40 feet;
Thence South 89°56'00" West (South 89°55' West, rec.) for a distance of 150.00 feet;
Thence North 00°04'00" West (North 00°05' West, rec.) for a distance of 290.40 feet;
Thence North 89°56'00" East (North 89°55' East, rec.) for a distance of 150.00 feet to the Point of Beginning.

PARCEL NO. 8:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        Part of the NW¼, more particularly described as follows:

EXHIBIT 5                    Page 103 of 300

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on the centerline of Yale Road; Thence South 57°36' West for 2040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 9:          Part of the NW¼NW¼ of said Section 9 more particularly described as follows:

Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.


TRACT C - CASSIA COUNTY

TOWNSHIP 9 SOUTH, RANGE 25 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:          All of Lots 2, 3, 4, SE¼SW¼ and S½SE¼, SAVE AND EXCEPT the following described parcel:

Beginning at a BLM brass cap at the Southeast section corner of said Section 2;
Thence South 89°54' West for 329.82 feet;
Thence North 986.08 feet;
Thence North 44°27' West for 467.29 feet to a BLM brass cap;
Thence North 89°53' East 656.7 feet;
Thence South 1320 feet to the True Point of Beginning.

Section 3:          Lot 2

Section 10:         W½NE¼, NE¼NW¼ (also designated as Lot 1) and SE¼NW¼ EXCEPTING THEREFROM the following described parcel:

A strip of land 50 feet in width, lying 25 feet on each side of the following described line:

Beginning at a point on the North and South Center line of said Section 10, 2603 feet South of the Northwest corner of the Northeast Quarter of said Section 10;
Thence North 87°20' West 890 feet;
Thence North 89°25' West 430 feet.

Section 11:         NW¼

TRACT D - JEROME COUNTY

EXHIBIT 5                    Page 104 of 300

PARCEL NO. 1:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 27:          NW¼NW¼; SW¼NW¼

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:          SE¼, EXCEPTING THEREFROM the South 25 feet of the S½SE¼ for public highway right-of-way
by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome County
records.

Section 33:          N½NE¼, EXCEPTING THEREFROM the North 25 feet of the N½NE¼ for public highway right-of-
way by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome
County records.

PARCEL NO. 3:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:          SE¼NE¼

                     EXCEPTING THEREFROM a parcel of land located in the SE¼NE¼, described as follows:

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the
POINT OF BEGINNING;
Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;
Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a
5/8 inch rebar;
Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a
½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet
to a ½-inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet
to a ½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to
a ½ inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet
to the intersection with the East line of the SE¼NE¼ of Section 28;
Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to
the POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:          Part of the SE¼NE¼, more particularly described as follows:

EXHIBIT 5                                    Page 105 of 300

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the POINT OF BEGINNING;

Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;

Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a 5/8 inch rebar;

Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet to a ½-inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to a ½ inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet to the intersection with the East line of the SE¼NE¼ of Section 28;

Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to the POINT OF BEGINNING.


PARCEL NO. 5:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       SW¼NE¼;

PARCEL NO. 6:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       NW¼NE¼, EXCEPTING THEREFROM that portion lying North and West of the North Side Canal Company lateral.

PARCEL NO. 7:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       E½NW¼, NW¼NW¼, SW¼NW¼, EXCEPTING THEREFROM the South 10 Acres;

ALSO EXCEPTING THEREFROM that part of the SW¼NW¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 0°23'30" East along the West boundary of said Section 28, 1761.83 feet to the TRUE POINT OF BEGINNING;
Thence South 36°14'06" East, 457.64 feet;
Thence South 38°11'57" East, 170.68 feet;
Thence South 45°28'11" East, 64.61 feet;
Thence North 89°52'42" West, 418.37 feet to the West boundary of said Section 28;
Thence North 0°23'30" West along the West boundary of said Section 28, 547.70 feet to the TRUE POINT OF BEGINNING.


TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5                    Page 106 of 300

JEROME COUNTY, IDAHO

Section 28:        That portion of the NW¼NE¼ lying North and West of the North Side Canal Company lateral.

                        EXCEPTING THEREFROM that part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet, to the Northwest corner of the NW¼NE¼, said point being the TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to the TRUE POINT OF BEGINNING.

PARCEL NO. 8:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Portion of the SW¼NW¼, described as follows:

Commencing at the Southwest corner of the SW¼NW¼ of said Section;
Thence South 89°53'08" East, along the South line of the SW¼NW¼ of said Section, 1017.36 feet to the TRUE POINT OF BEGINNING;
Thence North 66°30'17" West, 415.61 feet;
Thence North 60°28'11" West, 72.97 feet;
Thence North 52°35'55" West, 141.53 feet;
Thence North 45°28'11" West, 61.96 feet;
Thence South 89°52'42" East, 904.69 feet;
Thence South 0°23'23" East, 329.77 feet to a point on the South line of the SW¼NW¼ of said Section;
Thence North 89°53'08" West along the South line of the SW¼NW¼ of said Section, 305.69 feet to the TRUE POINT OF BEGINNING.

PARCEL NO. 9:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        That part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet to the Northwest corner of the NW¼NE¼, said point being THE TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 10:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5                    Page 107 of 300

Section 34:        E½SE¼; AND That part of the SW¼SE¼ lying South of the right of way of the U-4 lateral or coulee of the North Side Canal Company, Ltd., as located and operated over and across said land,

EXCEPTING THEREFROM the following described tracts:

Tract No. 1:
Commencing at the Southeast corner of Section 34; Thence North 89°47' West, 2033.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13'00" East, 283.88 feet to the Southerly bank (right of way) of the Northside Canal Company "U-4" Lateral;
Thence along said "U-4 Lateral South 70°46'54" West, 79.00 feet;
South 52°49'10" West, 79.35 feet;
South 45°31'07" West, 73.56 feet;
Thence departing said lateral South 4°01'42" East, 158.10 feet to the Southerly boundary of Section 34;
Thence South 89°47' East, 178.11 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 2:
Beginning at the Southeast corner of Section 34;
Thence North 89°47'00" West, 1866.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13' East, 355.00 feet to the Southerly bank of the Northside Canal Company "U-4"Lateral;
Thence South 67°08'57" West, 181.51 feet along the Southerly bank of said Lateral;
Thence South 0°13' West, 283.88 feet to the Southerly boundary of Section 34;
Thence South 89°47'00" East, 167.00 feet along said Southerly boundary to THE TRUE POINT OF BEGINNING.

Tract No. 3:
Beginning at the Southeast corner for Section 34, THE TRUE POINT OF BEGINNING;
Thence North 89°47'00" West, 672.70 feet along the Southerly boundary of Section 34;
Thence North 0°11'26" West, 451.32 feet;
Thence South 89°47'00" East, 672.70 feet to the Easterly boundary of Section 34;
Thence South 0°11'26" East, 451.32 feet along the Easterly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 4:
Beginning at a point on the south line of said SW¼SE¼, which point is 287 feet east of the Southwest corner of said SW¼SE¼;
Thence in an easterly direction along said south line 144 feet;
Thence running North 5°30' West 176 feet to the center of the U-4 lateral of the North Side Canal Co. Ltd as now constructed;
Thence Southwesterly along said centerline of said lateral 242 feet to the Point of Beginning.

PARCEL NO. 11:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the SW¼NW¼, and Part of the NW¼SW¼, described as follows:

Commencing at a 5/8-inch iron pin with a plastic cap stamped PLS 3623 marking the Southwest corner of the Northwest ¼ of said Section 28, being also the POINT OF BEGINNING, from which an aluminum cap stamped PLS

EXHIBIT 5                    Page 108 of 300

884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears South 00°06'53" West at a distance of 2639.06 feet, and also from which a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the Northwest ¼ of said Section 28 bears North 00°05'13" East at a distance of 2639.50 feet;

Thence along the West line of the Southwest ¼ of the Northwest ¼ of said Section 28, North 00°05'13" East, a distance of 329.94 feet to the Northwest corner of the South 10 Acres of said Southwest ¼ of the Northwest ¼, being also the Southwest corner of a parcel of land described as Parcel No. 36 in a Quitclaim Deed to L&S Land Holdings LLC as recorded in the Jerome County Recorder's Office on December 31, 2008 as Instrument Number 2086830.

Thence along the North line of said 10 acres, being also the South line of said Parcel No. 36, South 89°21'43" East, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the Southeast corner of said Parcel No. 36, being also the Northwest corner of a parcel of land described as Parcel No. 2 in a Warranty Deed to William J. and Susie J. Millenkamp as recorded in the Jerome County Recorder's Office on March 2, 2005 as Instrument Number 2051133;

Thence along the Westerly line of said Parcel No. 2 the following bearings and distances;

South 45°00'52" East, a distance of 61.09 feet (North 45°28'11" West, 64.96 feet, record);

Thence South 52°06'54" East, a distance of 141.47 feet (North 52°35'55" West, 141.53 feet, record);

Thence South 59°59'23" East, a distance of 72.92 feet (North 60°28'11" West, 72.97 feet, record);

Thence South 66°01'21" East, a distance of 418.43 feet to a ½-inch iron rod with plastic cap stamped PLS 3623 marking the intersection with the South line of the Southwest ¼ of the Northwest ¼ of said Section 28 (North 66°30'17" West, 415.61 feet, record);

Thence along the South line of said Southwest ¼ of the Northwest ¼, North 89°21'54" West, a distance of 229.89 feet to the intersection with the W3 Lateral of the North Side Canal Company;

Thence along the center of said W3 Lateral the following bearings and distances;

South 33°36'43" West, a distance of 232.99 feet to the beginning of a curve tangent to said line;

Thence Southwesterly and Westerly a distance of 292.87 feet along the curve concave to the Northwest, having a radius of 338.33 feet, a central angle of 49°35'51", and being subtended by a chord that bears South 58°24'39" West 283.81 feet;

Thence South 83°12'35" West tangent to said curve, a distance of 96.35 feet to the beginning of a curve tangent to said line;

Thence Westerly, Southwesterly and Southerly a distance of 107.95 feet along the curve concave to the Southeast, having a radius of 75.00 feet, a central angle of 82°28'03", and being subtended by a chord that bears South 41°58'33" West 98.87 feet;

Thence South 00°44'31" West tangent to said curve, a distance of 201.65 feet to the beginning of a curve tangent to said line;

Thence Southerly, Southwesterly and Westerly a distance of 153.04 feet along the curve concave to the Northwest, having a radius of 110.00 feet, a central angle of 79°42'55", and being subtended by a chord that bears South 40°35'58" West 140.99 feet;

Thence South 80°27'26" West tangent to said curve, a distance of 141.62 feet;

Thence South 85°21'09" West, a distance of 24.78 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the West line of the Northwest ¼ of the Southwest ¼ of said Section 28;

Thence along the West line of said Northwest ¼ of the Southwest ¼, North 00°06'53" East, a distance of 770.52 feet to the POINT OF BEGINNING.

ALSO INCLUDED

TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:     Part of the SW¼NW¼, previously described as Parcel No. 36 in Quitclaim Deed from Luis M. & Sharon Bettencourt to L&S Land Holdings as recorded on December 31, 2008 as Instrument Number 2086830, now being described as follows:

EXHIBIT 5                    Page 109 of 300

Commencing at a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the West ½ of said Section 28; Thence along the West line of the Northwest ¼ of said Section 28, South 00°05'13" West, a distance of 1761.60 feet (South 00°23'30" East, 1761.83 feet, record), to a ½-inch iron pin marking the POINT OF BEGINNING.
Thence South 35°44'37" East, a distance of 457.46 feet (South 36°14'06" East, 457.64 feet, record);
Thence South 37°41'44" East, a distance of 170.64 feet (South 38°11'57" East, 170.68 feet, record);
Thence South 45°00'52" East, a distance of 65.53 feet (South 45°28'11" East, 64.61 feet, record) to the North line of the South 10 Acres of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the North line of said South 10 Acres, North 89°21'43" West, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the West line of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the West line of said Southwest ¼ of the Northwest ¼, North 00°05'13" East, a distance of 547.97 feet (North 00°23'30" West, 547.70 feet, record) to the POINT OF BEGINNING.

ALSO INCLUDED

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the NE¼SW¼, described as follows:

Commencing at a brass cap marking the Southeast corner of the Southwest ¼ of said Section 28, from which an aluminum cap stamped PLS 884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears North 89°22'57" West at a distance of 2646.57 feet; Thence along the East line of said Southwest ¼, North 00°05'51" East, a distance of 1931.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858 marking the POINT OF BEGINNING.
Thence North 39°19'22" West, a distance of 125.38 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 42°05'52" West, a distance of 294.98 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 44°25'46" West, a distance of 368.54 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 51°33'57" West, a distance of 89.01 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 72°47'53" West, a distance of 237.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 84°18'05" West, a distance of 124.52 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the North line of the Northeast ¼ of the Southwest ¼ of said Section 28;
Thence along the North line of said Northeast ¼ of the Southwest ¼, South 89°21'54" East, a distance of 957.25 feet to a 5/8-inch rebar with aluminum cap stamped PLS 9858 marking the Northeast corner of said Northeast ¼ of the Southwest ¼;
Thence along the East line of said Northeast ¼ of the Southwest ¼, South 00°05'51" West, a distance of 706.46 feet to the POINT OF BEGINNING.

TRACT E

CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        E½

JEROME COUNTY

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5                    Page 110 of 300

Section 21:        That portion of the N½SW¼, lying South of the centerline of the Northside Canal Company "W"
Canal, more particularly described as follows:

Commencing at the Northwest corner of said N½SW¼; Thence South 0°07'58" East, 562.38 feet along the Westerly
boundary of said N½SW¼ to the center of the Northside Canal Company "W" Canal and THE TRUE POINT OF
BEGINNING;
Thence South 0°07'58" East, 758.11 feet to the Southwest corner of said N½SW¼;
Thence South 89°41'11" East, 2643.72 feet to the center of said "W" Canal;
Thence Westerly along the approximate center of said "W" Canal the following courses and distances:
Thence North 26°19'12" West, 237.37 feet;
Thence North 44°56'58" West, 199.28 feet;
Thence South 52°21'52" West, 240.71 feet;
Thence North 67°19'08" West, 646.97 feet;
Thence North 87°18'51" West, 178.79 feet;
Thence North 64°23'23" West, 203.61 feet;
Thence South 73°01'14" West, 419.96 feet;
Thence South 62°58'56" West, 355.62 feet (335.62 feet recorded);
Thence North 71°13'41" West, 561.62 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 10:        A parcel of land located in the N½NW¼, described as follows:

Commencing at the Northeast corner of the N½NW¼, which corner bears North 8°44'54" West, 213.81 feet from
Station 296+20.43 of Interstate 80N, Project No. 1-80N-3(18)191 Highway Survey; Thence South 0°06'44" East
along the East line of said N½NW¼, a distance of 378.42 feet to a point that bears South 9°11'09" East, 160.00 feet
from Station 295+60.35 of said Highway Survey and being the REAL POINT OF BEGINNING;
Thence South 79°55'36" West, 640.33 feet to a point in a line parallel with and 170.0 feet Southerly from the
centerline and opposite Station 289+20.09 of said Highway Survey;
Thence along said parallel line as follows:
Westerly along a 5899.58 foot radius curve right 1603.00 feet to a point which bears South 6°22'56" West, 170.0 feet
from Station 273+63.28 of said Highway Survey;
North 83°37'04" West, 398.99 feet to a point in the West line of said N½NW¼ and bears South 6°22'56" West, 170.0
feet from the Station 269+64.29 of said Highway Survey;
Thence South 0°03'34" East along said West line 842.0 feet, more or less, to the Southwest corner of said N½NW¼;
Thence Easterly along the South line of said N½NW¼, a distance of 2640.0 feet, more or less, to the Southeast
corner thereof;
Thence North 0°06'44" West along the East line of said N½NW¼ a distance of 942.0 feet, more or less, to THE
REAL POINT OF BEGINNING.

                EXCEPTING THEREFROM a parcel of land described as follows:

Beginning at the North quarter corner of said Section 10; Thence South 0°04'39" West along the center section line
of said Section 10 for a distance of 370.80 feet to the South right of way line of Interstate 80N, Project No. I-80N-
3(18)191 and being the REAL POINT OF BEGINNING;
Thence from the REAL POINT OF BEGINNING South 0°04'39" West along the center section line of said Section 10
for a distance of 951.05 feet to the Southeast corner of the N½NW¼;
Thence North 89°58'21" West along the South line of the N½NW¼ for a distance of 233.66 feet;

EXHIBIT 5                    Page 111 of 300

Thence North 0°04'39" East for a distance of 910.82 feet to the South right of way line of Interstate 80N;
Thence North 79°57'46" East along the South right of way line of Interstate 80N for a distance of 223.00 feet;
Thence North 84°56'39" East along the South right of way line of Interstate 80N for a distance of 14.19 feet to the REAL POINT OF BEGINNING.

FURTHER EXCEPTING THEREFROM that part of the NW¼, described as follows:

Commencing at the Northwest corner of said Section 10; Thence South 0°00'13" West along the West boundary of said Section 10 for a distance of 1073.5 feet to THE TRUE POINT OF BEGINNING;
Thence North 89°30'00" East for a distance of 210.00 feet;
Thence South 0°00'13" West parallel with the West boundary of Section 10 for a distance of 211.04 feet;
Thence South 89°30'00" West for a distance of 113.0 feet;
Thence North 84°00'00" West for a distance of 97.5 feet to a point on the West boundary of Section 10;
Thence North 0°00'13" East along the West boundary of Section 10 for a distance of 200.00 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 34:      SE¼NE¼; NE¼NE¼

PARCEL NO. 5
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:      NE¼NE¼, more particularly described as follows:

Beginning at the Northeast corner of said Section 28, said point being the TRUE POINT OF BEGINNING;
Thence North 89°39' West along the North boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Northwest corner of NE¼NE¼;
Thence South 0°02' East along the West boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southwest corner of the NE¼NE¼;
Thence South 89°39' East along the South boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southeast corner of the NE¼NE¼;
Thence North 0°02' West along the East boundary of the NE¼NE¼, 1320.00 feet, more or less, to the TRUE POINT OF BEGINNING.

TRACT F – JEROME COUNTY

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 29:      S½NE¼NE¼

TRACT G - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                    Page 112 of 300

Section 2:          W½SW¼

Section 3:          SE¼, E½SW¼, S½NW¼

Section 4:          All

Section 9:          SW¼

Section 10:         All

Section 11:         W½NW¼, NW¼SW¼; W½SE¼, SW¼SW¼, E½SW¼, SE¼NW¼, SW¼NE¼

Section 13:         W½, W½E½

Section 14:         All

Section 15:         All

TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:          Lots 2, 3, 4 and W½SW¼

                    SAVE AND EXCEPT, the following described property:

Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with
cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF
BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:          Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with
cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF
BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5          Page 113 of 300

CASSIA COUNTY, IDAHO

Section 9:          E½

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          SE¼NE¼ and E½SE¼

Section 34:          Part of the SE¼SW¼ more particularly described as follows:

Beginning at the Southwest corner of the SE¼SW¼ of Section 34, the TRUE POINT OF BEGINNING;
Thence North along the West boundary of the SE¼SW¼ of Section 34 for 400 feet;
Thence East along a line parallel to the South boundary of said SE¼SW¼, Section 34 for 600 feet;
Thence South 400 feet to the South boundary of the SE¼SW¼ of Section 34;
Thence West along the South boundary of the SE¼SW¼ of Section 34 for 600 feet to the POINT OF BEGINNING.

PARCEL NO. 5:
A 25 foot easement for ingress and egress to the E½SE¼ of Section 35, Township 11 South, Range 28 East, Boise Meridian and for Section 36, Township 11 South, Range 28 East Boise Meridian, as reserved in Warranty Deed dated April 1, 1986 and recorded May 8, 1986 as Instrument No. 178224 on Film No. 180, records of Cassia County, Idaho, more particularly described as follows:

Beginning at the Southwest corner of the E½SW¼, Section 34, Township 11 South, Range 28 East Boise Meridian;
Thence East along the North boundary of Section 3, Township 12 South, Range 28 East of the Boise Meridian to a point that is 25 feet West of the Northeast corner of said Section 3;
Thence South 25 feet;
Thence East 25 feet to the East boundary of said Section 3;
Thence continuing East and 25 feet South of the North boundary of Section 2, Township 12 South, Range 28 East, Boise Meridian, to the East boundary of said Section 2;
Thence North 25 feet to the Northeast corner of said Section 2;
Thence West along the North boundary of said Section 2 to the Northwest corner of said Section 2;
Thence North 25 feet;
Thence West to the West boundary of the E½SW¼ of Section 34, Township 11 South, Range 28 East Boise Meridian;
Thence South 25 feet to the POINT OF BEGINNING.

TRACT H – TWIN FALLS COUNTY

Lots 1 through 8, inclusive, and Parcels A and B, PAULSON SUBDIVISION, Twin Falls County, Idaho, filed in Book 17 of Plats, Page 39.  Affidavit of Correction recorded September 4, 2001 as Instrument No. 2001-015902.

TRACT I – TWIN FALLS COUNTY

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:          Part of Lot 9, more particularly described as follows:

EXHIBIT 5                    Page 114 of 300

A parcel of ground located between the Southerly high water mark of the Snake River and the Northerly right-of-way line of the County Road, being part of Lot 9 in Section 9 and Lot 12 in Section 4 of Township 9 South, Range 15 East Boise Meridian, more particularly described as follows:

Beginning at the centerline of the County Road right of way as it intersects Lot 9 in Section 9, being THE TRUE POINT OF BEGINNING;
Thence Easterly along the centerline of said County Road right-of-way for a distance of 450 feet;
Thence North approximately 250 feet to the high water line of the Snake River;
Thence Southwesterly along the high water line of the Snake River to the point where the Snake River intersects the Westerly boundary of Section 9;
Thence South approximately 150 feet to the centerline of the County Road right--of-way, being THE TRUE POINT OF BEGINNING.

TRACT J – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:          Lots 10, 19 and 20

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:          SW¼SW¼

SAVE AND EXCEPT a parcel of land located in Government Lot 22, more particularly described as follows:

Commencing at the Southwest Section corner of said Section 5 from which the S¼ corner of said Section 5 bears South 89°21'06" East, 2671.89 feet, said Southwest section corner of Section 5 being THE TRUE POINT OF BEGINNING;
Thence North 00°20'00" East along the West boundary of said Government Lot 22 for a distance of 168.01 feet;
Thence South 89°40'00" East for a distance of 11.75 feet to a point on the Southerly rim of the Snake River;
Thence along the Southerly rim of the Snake River on the following courses:
North 43°15'43" East, 23.49 feet;
South 81°49'29" East, 150.08 feet;
North 85°23'40" East, 128.99 feet;
South 87°20'13" East, 89.08 feet;
North 68°53'37" East, 45.37 feet;
Thence South 28°37'14" West for a distance of 216.48 feet to a point on the South boundary of said Government Lot 22;
Thence North 89°21'06" West along the South boundary of said Government Lot 22 for a distance of 333.58 feet to the Southwest section corner of said Section 5 and being THE TRUE POINT OF BEGINNING.

SUBJECT TO:
1.  A 25.00 foot wide county road easement along the South and West boundaries of the before described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

EXHIBIT 5                    Page 115 of 300

Section 8:          Lots 2, 4, 5 and the NE¼NW¼

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 8:          Part of Government Lot 1, more particularly described as follows:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly
boundary of Section 8 to the Northeast corner of Government Lot 1; Thence North 41°45'07" West, 612.36 feet along
the boundaries of Government Lots 1 and 4 to Angle Point 4; Thence North 52°52'21" West, 493.46 feet along said
boundary between Government Lots 1 and 4 to an existing fence and THE TRUE POINT OF BEGINNING;
Thence North 52°52'21" West, 152.02 feet along said boundary between Lots to Angle Point Number 3;
Thence North 68°55'21" West, 456.73 feet along said boundary to the Northwest corner of Government Lot 1;
Thence South 0°52'44" East, 272.78 feet along the Westerly boundary of Government Lot 1 to an existing fence
corner;
Thence North 88°14'05" East, 543.45 feet along said fence to the Easterly boundary of Government Lot 1 and THE
TRUE POINT OF BEGINNING.

SAVE AND EXCEPT the following described:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly
boundary of Section 8 to the Southeast corner to Government Lot 4 and THE TRUE POINT OF BEGINNING;
Thence North 0°52'21" West, 724.23 feet along the Easterly boundary of Section 8 to an existing fence corner;
Thence North 84°01'11" West, 407.11 feet along the existing fence;
Thence South 88°14'05" West, 385.47 feet along said fence to the Southwesterly boundary of Government Lot 4;
Thence South 52°52'21" East, 493.46 feet along the Southwesterly boundary of Government Lot 4 to Angle Point
Number 4;
Thence South 41°45'07" East, 612.36 feet along the Southwesterly boundary of said Government Lot 4 to THE
TRUE POINT OF BEGINNING.

TRACT K – TWIN FALLS COUNTY

Part of Lots 7, 8, 9, 11, 12, 13 and 14, of Section 9, Township 9 South, Range 15 East Boise Meridian, and part of
Lot 12 of Section 4, Township 9 South, Range 15 East Boise Meridian, Twin Falls County, Idaho, more particularly
described as follows:

Beginning at the Meander corner on the South bank of the Snake River lying on the section line common to Sections
9 and 10 of Township 9 South, Range 15 East Boise Meridian, said corner being marked by a U.S. General Land
Office pipe with brass cap; Thence South 00°10'20" West along the Section line common to Sections 9 and 10 for
427.10 feet to a point on the North side of the Upper Brandon Ditch which shall be THE POINT OF BEGINNING;
Thence South 00°10'20" West along section line for 433.61 feet to a ½ inch rebar on the South rim of the Snake
River Canyon;
Thence North 76°23'56" West (North 76°25' West rec.) along said canyon rim for 223.07 feet (223 feet rec.) to a ½
inch rebar;
Thence North 70°29'12" West (North 70°40' West rec.) along said canyon rim for 159.73 feet (160 feet rec.) to a ½
inch rebar;
Thence North 74°43'47" West (North 75°02' West rec.) along said canyon rim for 584.51 feet (585 feet rec.) to a
point;

EXHIBIT 5                              Page 116 of 300

Thence South 87°33'41" West (South 87°16' West rec.) along said canyon rim for 676.63 feet (677 feet rec.) to a point;

Thence North 81°38'59" West (North 81°57' West rec.) along said canyon rim for 853.57 feet (854 feet rec.) to a point;

Thence South 81°00'27" West (South 80°43' West rec.) along said canyon rim for 780.55 feet (781 feet rec.) to a point;

Thence North 77°19'51" West (North 77°38' West rec.) along said canyon rim for 731.66 feet (732 feet rec.) to a point;

Thence North 21°59'03" West (North 22°18' West rec.) along said canyon rim for 340.01 feet (340 feet rec.) to a point;

Thence North 86°24'08" West (North 86°42' West rec.) along said canyon rim for 384.80 feet (385 feet rec.) to a point;

Thence North 61°45'47" West (North 62°07' West rec.) along said canyon rim for 134.92 feet to a ½ inch rebar at the Southeast corner of that property as deeded to Frank Strobel by Warranty Deed recorded 6 Oct. 1978, as Instrument No. 745567;

Thence North 00°41'23" West (North 00°55'00" West rec.) along the East line of the Strobel property for 1184.54 feet (1184.61 feet rec.) to a ½ inch rebar on the centerline of a county road also being the South line of the property as deeded to Associated McCullough Enterprises by Warranty Deed recorded 10 Oct. 1986 as Instrument No. 910242;

Thence on a curve to the left on the centerline of said county road Associated McCullough Enterprises property line for 440.12 feet to a point, said curve having a central angle of 8°09'06" and a radius of 3093.47 feet with a long chord bearing of North 69°54'35" East (North 69°40'43" East rec.) for a distance of 439.75 feet from the previous point;

Thence North 65°50'02" East (North 65°36'10" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 573.60 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 346.23 feet to a point, said curve having a central angle of 39°40'28" and a radius of 500.00 feet with a long chord bearing of North 85°40'15" East for a distance of 339.35 feet from the previous point;

Thence South 74°29'30" East (South 74°43'22" East rec.) along the center line of said county road/Associated McCullough Enterprises property line for 267.72 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 238.60 feet to a point, said curve having a central angle of 13°40'16" and a radius of 1000.00 feet with a long chord bearing of South 67°39'22" East (South 67°53'13" East rec.) for a distance of 238.04 feet from the previous point;

Thence South 60°49'13" East (South 61°03'05" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 54.35 feet to a point on the section line common to Sections 4 and 9;

Thence South 89°47'46" East (North 89°58'22" East rec.) along said section line for 55.16 feet to a meander corner on the South bank of the Snake River, said corner being marked by a U.S. General Land Office pipe with brass cap;

Thence South 69°09'42" East along the high water line of the Snake River for 107.56 feet to a point;

Thence South 36°50'03" East along said high water line for 324.38 feet to a point;

Thence South 28°01'36" East along said high water line for 188.40 feet to a point;

Thence South 71°51'23" East along said high water line for 266.27 feet to a point;

Thence South 85°01'19" East along said high water line for 128.00 feet to a point;

Thence South 77°56'56" East along said high water line for 186.93 feet to a point;

Thence South 70°15'54" East along said high water line for 277.05 feet to a point;

Thence South 3°16'00" West (South 2°49'21" West rec.) for 57.04 feet to a point on the North line of that property as deeded to William S. Slaughenhaught by Warranty Deed recorded 6 June 1975 as Instrument No. 681182;

Thence North 68°21'57" West (North 68°43' West rec.) along the North line of the Slaughenhaupt property for 136.00 feet to a point;

Thence on a curve to the left along the North line of the Slaughenhauft property for 35.00 feet to a ½ inch rebar, said curve having a central angle of 2°03'24.4" and a radius of 975.00 feet with a long chord bearing of North 69°23'39" West (North 69°44'42" West rec.) for a distance of 34.99 feet from the previous point;

EXHIBIT 5                    Page 117 of 300

Thence South 13°17'28" West (South 12°56'25" West rec.) along the West line of the Slaughenhauft property for 266.15 feet (266.10 feet rec.) to a ½ inch rebar on the South side of an irrigation ditch known as the Lower Brandon Ditch, said point also being the Northwest corner of that property as deeded to Philip Smith by Warranty Deed recorded 6 Nov. 1978, as Instrument No. 613816;

Thence South 23°03'03" West (South 22°42' West rec.) along the West line of the Smith property for 429.47 feet to a ½ inch rebar on the North side of the Upper Brandon Ditch;

Thence North 85°47'05" East (North 85°23' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 240.50 feet (240.0 feet rec.) to a point;

Thence South 46°41'06" East (South 47°03' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 197.00 feet to a point;

Thence North 65°36'54" East (North 65°15' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 93.80 feet to a point;

Thence North 88°11'54" East (North 87°50' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 446.20 feet to a point;

Thence South 68°30'06" East (South 68°52' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 224.60 feet to a point;

Thence South 69°48'06" East (South 70°10' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 417.00 feet to a point;

Thence South 70°34'06" East (South 70°56' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 420.00 feet to THE POINT OF BEGINNING.

SUBJECT TO an existing county road right of way along the Northern most line of the above described property being noted in the description as road centerline.

TRACT L – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 1573.95 feet along the West boundary of said Section 9 to the Southwest corner of said parcel of land and being the REAL POINT OF BEGINNING;

Thence, North 00°54'26" West 783.01 feet along said West boundary to a point on the centerline of River Road (County Road);

Thence, South 86°36'57" East 369.14 feet along said centerline;

Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51", an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline;

Thence, leaving said centerline, South 25°41'20" West 188.46 feet;

Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of official records, in said office of the county recorder of Twin Falls County;

Thence, North 70°15'00" West 439.41 feet along said Northeasterly boundary to said REAL POINT OF BEGINNING.

EXHIBIT 5                    Page 118 of 300

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 2356.96 feet along said West boundary to a point on the centerline of River Road (County Road); Thence, South 86°36'57" East 369.14 feet along said centerline;
Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51"; an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline and being the REAL POINT OF BEGINNING;
Thence, leaving said centerline, South 25°41'20" West 188.46 feet;
Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of official records, in the office of the county recorder of Twin Falls County;
Thence, South 70°15'00" East 297.66 feet along said Northeasterly boundary;
Thence, continuing along said Northeasterly boundary, South 62°07'00" East 7.41 feet to the Southeast corner of said parcel of land;
Thence, North 00°55'00" West 1041.23 feet along the East boundary of said parcel of land to a point on said centerline of River Road;
Thence, along the arc of a non-tangent 1156.07 foot radius curve to the right, through a central angle of 10°01'48", an arc distance of 202.38 feet and a chord distance of 202.12 feet that bears South 82°03'18" West along said centerline to said REAL POINT OF BEGINNING.

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

TRACT NO. M – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 17:        A parcel of land located in a portion of N½NE¼ and SW¼NE¼, being more particularly described as follows:

Commencing at the North quarter corner of Section 17 and being THE REAL POINT OF BEGINNING;
Thence South 89°13'29" East, 2666.01 feet to the Northeast corner of Section 17;
Thence South 00°36'24" East, 1021.06 feet along the East boundary of Section 17;
Thence North 89°22'41" West, 700.00 feet;
Thence South 00°36'24" East, 300.00 feet to a point in the South boundary of NE¼NE¼, Section 17;
Thence North 89°22'41" West, 633.33 feet to the Northeast corner of SW¼NE¼, Section 17;
Thence South 00°35'19" East, 732.86 feet along the East boundary of SW¼NE¼, Section 17;

EXHIBIT 5                    Page 119 of 300

Thence North 89°45'41" West, 296.45 feet (shown of record to be 285.9 feet) along the Southerly boundary of that parcel of land described in Deed Instrument No. 840798;

Thence North 30°40'41" West, 288.06 feet along said boundary;

Thence South 59°19'19" West, 51.25 feet along said boundary to the center of a concrete headgate spillway mentioned in said Deed Instrument No. 840798;

Thence along the spillway ditch mentioned in said Deed Instrument as follows:

North 59°30'03" West, 21.92 feet;
North 43°49'26" West, 37.21 feet;
North 37°12'27" West, 43.12 feet;
North 54°06'58" West, 164.97 feet;
North 53°53'37" West, 113.31 feet;
North 53°08'10" West, 250.16 feet;
North 47°43'30" West, 52.14 feet;
North 50°09'39" West, 67.78 feet;
North 57°46'28" West, 18.15 feet;
North 74°23'53" West, 19.55 feet;
North 80°13'05" West, 18.06 feet;
North 89°26'44" West, 214.21 feet to a point on the West boundary of NE¼, Section 17;

Thence North 00°34'15" West, 40.03 feet to the Southwest corner of NW¼NE¼, Section 17;

Thence North 00°34'15" West, 1328.18 feet along the West boundary of said NW¼NE¼, to THE REAL POINT OF BEGINNING.


PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Part of the W½, more particularly described as follows:

Beginning at the Southwest corner of said Section;
Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9;
Thence North 00°05'48" West, 380.00 feet;
Thence North 89°54'12" East, 567.06 feet;
Thence South 01°56'02" East, 380.20 feet to the South boundary of Section 9;
Thence North 89°54'12" East, 1,216.54 feet to the South quarter corner of Section 9;
Thence North 00°25'31" West, 2,384.42 feet;
Thence South 89°09'26" West, 75.00 feet to the Southwest corner of Tract No. 7 as shown on the survey recorded in Book 28, Page 1589 as Instrument No. 713365, records of Twin Falls County, Idaho;
Thence South 00°25'31" East, 342.23 feet;
Thence along a curve left:
Delta - 76°48'26"
Radius - 1,355.74 feet
Arc - 1,817.42 feet
Chord - 1,684.36 feet
Long Chord Bearing - North 53°43'40" West;
Thence along a curve right:
Delta - 28°36'58"
Radius - 500.00 feet
Arc - 249.72 feet
Chord - 249.14 feet
Long Chord Bearing - North 77°49'24" West;
Thence North 63°30'55" West, 1,187.91 feet;

EXHIBIT 5                    Page 120 of 300

Thence South 00°55'00" East, 3,624.43 feet along the West boundary of Section 9 to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.00 foot wide county road easement along the West and South boundaries.

AND SUBJECT TO a 50.00 foot wide access and utility easement located in Section 9, described as follows:

Commencing at the Southwest corner of said Section 9;
Thence North 89°54'12" East, 2,669.95 feet to THE TRUE POINT OF BEGINNING, said point lies South 89°54'12" West, 25.00 feet from the South quarter corner of said Section 9;
Thence North 00°25'31" West, 2,384.10 feet;
Thence South 89°09'28" West, 50.00 feet;
Thence South 00°25'31" East, 2,383.44 feet to the South boundary of Section 9;
Thence North 89°54'12" East, 50.00 feet to THE TRUE POINT OF BEGINNING.

SAVE AND EXCEPT the East 75 feet thereof

ALSO EXCEPTING the following described:

Commencing at the Southwest corner of said Section 9, from which the South quarter corner of Section 9 bears North 89°54'12" East, 2695.04 feet, said Southwest corner of Section 9 being THE TRUE POINT OF BEGINNING;
Thence North 00°52'42" West along the West boundary of the SW¼ of Section 9 for a distance of 1032.21 feet;
Thence South 88°22'24" East for a distance of 85.17 feet;
Thence South 38°24'37" East for a distance of 258.67 feet;
Thence South 40°28'04" East for a distance of 84.45 feet;
Thence South 43°23'07" East for a distance of 80.22 feet;
Thence South 45°07'17" East for a distance of 91.34 feet;
Thence North 82°31'01" East for a distance of 16.96 feet;
Thence South 45°54'58" East for a distance of 173.02 feet;
Thence South 69°19'28" East for a distance of 318.78 feet;
Thence North 75°17'34" East for a distance of 30.82 feet;
Thence South 86°36'38" East for a distance of 444.53 feet;
Thence North 88°54'26" East for a distance of 333.64 feet;
Thence South 01°04'37" West for a distance of 359.90 feet;
Thence South 22°21'58" East for a distance of 37.36 feet to a point on the South boundary of the SW¼ of said Section 9;
Thence South 89°54'12" West along the South boundary of the SW¼ of Section 9 for a distance of 1658.59 feet to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.0 foot wide county road easement along the South and West boundaries of the before described parcel.
EXCEPT a parcel of land located in the SW¼ of said Section 9, Township 9 South, Range 15 East of the Boise Meridian, Twin Falls County, Idaho, being more particularly described as follows:
Commencing at the Southwest corner of Section 9, said point lies South 89°54'12" West, 2694.95 feet from the South quarter corner of Section 9;
Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING;
Thence North 00°05'48" West, 380.00 feet;
Thence North 89°54'12" East, 567.06 feet;
Thence South 01°56'02" East, 380.20 feet to a point on the South boundary of Section 9;

EXHIBIT 5                                        Page 121 of 300

Thence South 89°54'12" West, 579.25 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING.

TOGETHER WITH a 20.00 foot wide non-exclusive vehicular access easement parallel with, adjoining and East of the East boundary of the above excepted parcel.

AND SUBJECT TO a 25.00 foot wide county roadway easement parallel with and adjoining the South boundary of the above excepted parcel.

PARCEL NO. 3
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 16:      NW¼NW¼, EXCEPT the South 190 feet of the West 490 feet thereof.

SUBJECT TO Highway District right of way.

PARCEL NO. 4:
A Right-of-Way over an existing roadway across the South 190 feet of the West 490 feet of the NW¼NW¼ of said Section for ingress and egress as created by Warranty Deed by and between Gerald G. Akland and Ann Akland, husband and wife, Grantors unto James E. Paulson and Glennys Paulson, husband and wife, grantees, dated January 6, 1982 and recorded January 18, 1982 as Instrument No. 815467, records of Twin Falls County, Idaho.

TRACT N – JEROME COUNTY

PARCEL NO. 1:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:      NW¼ and that part of the W½NE¼ lying West of the Main Canal of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM that portion thereof conveyed to the State of Idaho for highway purposes and particularly described as follows:

A parcel of land being on both sides of the centerline of Interstate 80N, Project No. I-80N-3(18)191 Highway Survey as shown on the plans thereof now on file in the office of the Department of Highways of the State of Idaho, and being a portion of the N½NW¼ and a portion of the NW¼NE¼ of Section 12, Township 10 South, Range 20 East Boise Meridian, described as follows:

Beginning at the Northwest corner of Section 12, Township 10 South, Range 20 East Boise Meridian, which corner bears North 0°01'06" East, 125.00 feet from Station 375+50.15 of said Interstate 80N, Project No. I-80N-3(18)191 Highway Survey;
Thence North 89°50'44" East along the North line of said Section 12 a distance of 3110.59 feet to a point in the centerline of the Main Canal of the North Side Canal Co., that bears North 0°12'06" East, 136.42 feet from Station 406+59.84 of said Highway Survey;
Thence South 30°32'54" East along the centerline of said canal 344.92 feet to a point in a line parallel with and 160.00 feet Southerly from the centerline and bears South 0°12'06" West from Station 408+36.19 of said Highway Survey;
Thence North 89°47'54" West along said parallel line 817.76 feet to a point opposite Station 400+18.43 and angle point of 0°11'00" left of said Highway Survey;

EXHIBIT 5                    Page 122 of 300

Thence South 86°19'16" West, 1089.74 feet to a point that bears South 0°01'06" West 230.29 feet from Station 389+30.47 of said Highway Survey;
Thence South 71°05'03" West, 564.86 feet to a point that bears South 0°01'06" West, 413.57 feet from Station 383+96.17 of said Highway Survey;
Thence South 56°08'59" West, 639.57 feet to a point in a line parallel with and 770.00 feet Southerly from the centerline and bears South 0°01'06" West from Station 378+65.12 of said Highway Survey;
Thence North 89°58'54" West along said last parallel line 262.21 feet to a point opposite Station 376+02.91 of said Highway Survey;
Thence South 0°11'14" East, 245.38 feet to a point that bears South 0°01'06" West, 1015.38 feet from Station 376+03.79 of said Highway Survey;
Thence South 7°31'58" West, 186.13 feet to a point that bears South 0°01'06" West, 1199.90 feet from Station 375+79.34 of said Highway Survey;
Thence South 89°48'46" West, 25.00 feet to a point in the West line of said Section 12 that bears South 0°01'06" West, 1200.00 feet from Station 375+54.34 of said Highway Survey;
Thence North 0°11'14" West along said West line 1325.00 feet, more or less, to THE PLACE OF BEGINNING.

ALSO included that part of the NW¼SW¼ and the E½SW¼ lying North and East of Gravity Lateral of North Side Canal Co., Ltd., and that part of the SW¼SW¼ lying North and East of the "C" Lateral of the North Side Canal Co., Ltd., all in Section 12, Township 10 South, Range 20 East Boise Meridian, Jerome County, Idaho.

ALSO included that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East Boise Meridian, lying North and East of the Gravity Lateral of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM the following described tracts:

        Tract No. 1:
A parcel of land in the SE¼NW¼ of Section 12, described as follows:

From the Northwest Section Corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West; Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING;
From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;
Thence a distance of 170.3 feet on a bearing of South 0°05' East;
Thence a distance of 171.8 feet on a bearing of South 89°55' West;
Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

        Tract No. 2:
Part of the W½NE¼ of Section 12, described as follows:

Beginning at the East Quarter corner for Section 12; Thence South 89°59'38" West, 2196.92 feet; Thence along the Southerly boundary of the NE¼ of said Section 12 to the center of the Northside Canal Company "Northside Main Canal" the TRUE POINT OF BEGINNING;
Thence South 89°59'38" West, 143.26 feet along said boundary;
Thence North 32°42'37" East, 620.34 feet;
Thence North 9°07'14" East, 226.05 feet;
Thence North 5°52'42" West, 1318.85 feet;
Thence North 12°10'06" West, 287.93 feet to the Southerly boundary of frontage road;
Thence East 130.00 feet to the center of the "Northside Main Canal";
Thence along said center line of canal the following courses:
South 12°10'06" East, 287.93 feet;
South 4°13'54" East, 1315.50 feet;

EXHIBIT 5                    Page 123 of 300

South 5°50'27" West, 224.36 feet;
South 29°38'17" West, 600.51 feet to THE TRUE POINT OF BEGINNING.

        Tract No. 3:
That part of the SW¼ of Section 12 and that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East of the Boise Meridian, Jerome County, Idaho, described as follows:

Beginning at the Southeast corner of Section 12; Thence South 89°49'40" West, 2645.16 feet along the Southerly boundary to the South Quarter corner of Section 12, THE TRUE POINT OF BEGINNING;
Thence South 0°16'08" East, 562.06 feet along the Easterly boundary of NE¼NW¼, Section 13;
Thence North 22°15'00" West, 606.53 feet to the Northerly boundary of Section 13;
Thence North 0°52'09" West, 857.85 feet;
Thence North 0°20'27" West, 894.57 feet;
Thence North 28°39'42" East, 499.12 feet to the Easterly boundary of SW¼, Section 12;
Thence South 0°09'22" East, 2189.59 feet along said Easterly boundary to THE TRUE POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:      A parcel of land located in the SE¼NW¼, more particularly described as follows:

From the Northwest section corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West;
Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING;
From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;
Thence a distance of 170.3 feet on a bearing of South 0°05' East;
Thence a distance of 171.8 feet on a bearing of South 89°55' West;
Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

EXHIBIT B

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

LIST OF SPECIFIC WATER RIGHTS

IDWR Water Rights

| EAST VALLEY CATTLE WATER RIGHTS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Water Right | | | Basis | Status | Priority Date | Source | Water Use |
| 43 | 2313 | D | Decreed | Active | 06/19/19 48 | GROUND WATER | IRRIGATION |
| 43 | 2317 | C | Decreed | Active | 08/14/19 48 | GROUND WATER | IRRIGATION |
| 43 | 2317 | E | Decreed | Active | 08/14/19 48 | GROUND WATER | IRRIGATION |
| 43 | 2317 | F | Decreed | Active | 08/14/19 48 | GROUND WATER | IRRIGATION |
| 43 | 2320 | A | Decreed | Active | 09/10/19 48 | GROUND WATER | IRRIGATION |
| 43 | 2320 | B | Decreed | Active | 09/10/19 48 | GROUND WATER | IRRIGATION |
| 43 | 2321 | B | Decreed | Active | 09/24/19 48 | GROUND WATER | IRRIGATION |
| 43 | 2339 | C | Decreed | Active | 02/27/19 50 | GROUND WATER | IRRIGATION |
| 43 | 2339 | E | Decreed | Active | 02/27/19 50 | GROUND WATER | IRRIGATION |
| 43 | 2339 | F | Decreed | Active | 02/27/19 50 | GROUND WATER | IRRIGATION |
| 43 | 2340 | | Decreed | Active | 03/20/19 50 | GROUND WATER | IRRIGATION |
| 43 | 2343 | | Decreed | Active | 04/28/19 50 | GROUND WATER | IRRIGATION |
| 43 | 2345 | | Decreed | Active | 05/02/19 50 | GROUND WATER | IRRIGATION |
| 43 | 2364 | | Decreed | Active | 07/09/19 51 | GROUND WATER | IRRIGATION |
| 43 | 2365 | | Decreed | Active | 07/27/19 51 | GROUND WATER | IRRIGATION |
| 43 | 2423 | C | Decreed | Active | 03/01/19 55 | GROUND WATER | IRRIGATION |
| 43 | 2423 | E | Decreed | Active | 03/01/19 55 | GROUND WATER | IRRIGATION |
| 43 | 2423 | F | Decreed | Active | 03/01/19 55 | GROUND WATER | IRRIGATION |
| 43 | 2467 | C | Decreed | Active | 12/23/19 58 | GROUND WATER | IRRIGATION |
| 43 | 2467 | E | Decreed | Active | 12/23/19 58 | GROUND WATER | IRRIGATION |

EXHIBIT 5                    Page 125 of 300

| 43 | 2467 | F | Decreed | Active | 12/23/1958 | GROUND WATER | IRRIGATION |
|----|------|---|---------|--------|------------|--------------|------------|
| 43 | 2510 | C | Decreed | Active | 06/18/1961 | GROUND WATER | IRRIGATION |
| 43 | 2510 | E | Decreed | Active | 06/18/1961 | GROUND WATER | IRRIGATION |
| 43 | 2510 | F | Decreed | Active | 06/18/1961 | GROUND WATER | IRRIGATION |
| 43 | 2574 | B | Decreed | Active | 07/19/1963 | GROUND WATER | IRRIGATION |
| 43 | 2574 | E | Decreed | Active | 07/19/1963 | GROUND WATER | IRRIGATION |
| 43 | 2576 | B | Decreed | Active | 03/24/1964 | GROUND WATER | IRRIGATION |
| 43 | 2576 | E | Decreed | Active | 03/24/1964 | GROUND WATER | IRRIGATION |
| 43 | 4002 | C | Decreed | Active | 07/01/1963 | GROUND WATER | IRRIGATION |
| 43 | 4002 | E | Decreed | Active | 07/01/1963 | GROUND WATER | IRRIGATION |
| 43 | 4002 | F | Decreed | Active | 07/01/1963 | GROUND WATER | IRRIGATION |
| 43 | 4012 | B | Decreed | Active | 07/01/1952 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4012 | C | Decreed | Active | 06/01/1963 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4012 | D | 'Decreed | Active | 06/01/1954 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4013 | B | Decreed | Active | 06/15/1963 | GROUND WATER - | IRRIGATION, STOCKWATER |
| 43 | 4014 | A | Decreed | Active | 07/01/1952 | GROUND WATER | DOMESTIC, IRRIGATION, STOCKWATER |
| 43 | 4014 | B | Decreed | Active | 06/01/1954 | GROUND WATER | IRRIGATION |
| 43 | 4015 | B | Decreed | Active | 09/26/1953 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4060 | D | Decreed | Active | 04/05/1954 | GROUND WATER | IRRIGATION |
| 43 | 4063 | D | Decreed | Active | 05/01/1955 | GROUND WATER | IRRIGATION |
| 43 | 4186 |   | Decreed | Active | 01/01/1960 | GROUND WATER | DOMESTIC |
| 43 | 4187 |   | Decreed | Active | 09/02/1948 | GROUND WATER | STOCKWATER |
| 43 | 4188 |   | Decreed | Active | 01/01/1960 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 4189 |   | Decreed | Active | 01/01/1920 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 10019 |  | Decreed | Active | 06/30/1985 | GROUND WATER | IRRIGATION |

EXHIBIT 5                    Page 126 of 300

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 43 | 10020 | | Decreed | Active | 01/01/19 50 | GROUND WATER | DOMESTIC |
| 43 | 10027 | | Decreed | Active | 01/01/19 84 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 10045 | | Decreed | Active | 04/01/19 | RAFT | IRRIGATION |
| 43 | 10046 | | Decreed | Active | 04/01/19 | RAFT | IRRIGATION |
| 43 | 10180 | | Decreed | Active | 01/01/19 48 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 10181 | | Decreed | Active | 01/01/19 48 | GROUND WATER | DOMESTIC |
| 43 | 10365 | | Decreed | Active | 06/30/19 85 | GROUND WATER | IRRIGATION |
| 43 | 10366 | | Decreed | Active | 06/30/19 85 | GROUND WATER | IRRIGATION |
| 43 | 10394 | ■ | Decreed | Active | 12/31/19 60 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 10443 | ■ | Decreed | Active | 08/23/19 86 | GROUND WATER | DOMESTIC |
| 43 | 10787 | ■ | Decreed | Active | 01/31/19 55 | GROUND WATER | IRRIGATION |
| 43 | 10795 | ■ | Decreed | Active | 05/01/19 57 | GROUND WATER | IRRIGATION |
| 43 | 11271 | ■ | Decreed | Active | 01/01/19 60 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 12923 | ■ | Decreed | Active | 06/30/19 85 | GROUND WATER | IRRIGATION |
| 43 | 12933 | ■ | Decreed | Active | 06/30/19 85 | GROUND WATER | IRRIGATION |
| 43 | 13296 | ■ | Decreed | Active | 05/29/19 50 | GROUND WATER | STOCKWATER |
| 43 | 13298 | ■ | Decreed | Active | 11/27/19 57 | GROUND WATER | STOCKWATER |
| 43 | 13300 | ■ | Decreed | Active | 11/30/19 57 | GROUND WATER | STOCKWATER |
| 43 | 13301 | ■ | Decreed | Active | 05/29/19 50 | GROUND WATER | IRRIGATION |
| 43 | 13302 | ■ | Decreed | Active | 05/29/19 50 | GROUND WATER | STOCKWATER |
| 43 | 13303 | | Decreed | Active | 11/27/19 57 | GROUND WATER | IRRIGATION |
| 43 | 13304 | | Decreed | Active | 11/27/19 57 | GROUND WATER | STOCKWATER |
| 43 | 13305 | ■ | Decreed | Active | 11/30/19 57 | GROUND WATER | IRRIGATION |
| 43 | 13306 | ■ | Decreed | Active | 11/30/19 57 | GROUND WATER | STOCKWATER |
| 43 | 13307 | ■ | Decreed | Active | 06/01/19 78 | GROUND WATER | DOMESTIC |
| 43 | 13309 | ■ | Decreed | Active | 01/01/19 60 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 13405 | | Decreed | Active | 06/30/19 85 | GROUND WATER | IRRIGATION |

EXHIBIT 5                              Page 127 of 300

| 43 | 13448 | | Decreed | Active | 03/02/1950 | GROUND WATER | IRRIGATION |
|----|-------|--|---------|--------|------------|--------------|------------|
| 43 | 13449 | | Decreed | Active | 03/02/1950 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13450 | | Decreed | Active | 02/27/1957 | GROUND WATER | IRRIGATION |
| 43 | 13451 | | Decreed | Active | 02/27/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13452 | | Decreed | Active | 08/26/1957 | GROUND WATER | IRRIGATION |
| 43 | 13453 | | Decreed | Active | 08/26/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13454 | | Decreed | Active | 03/30/1959 | GROUND WATER | IRRIGATION |
| 43 | 13455 | | Decreed | Active | 03/30/1959 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13456 | | Decreed | Active | 04/06/1961 | GROUND WATER | IRRIGATION |
| 43 | 13457 | | Decreed | Active | 04/06/1961 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13458 | | Decreed | Active | 01/09/1959 | GROUND WATER | IRRIGATION |
| 43 | 13459 | | Decreed | Active | 01/09/1959 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13460 | | Decreed | Active | 02/24/1956 | GROUND WATER | IRRIGATION |
| 43 | 13461 | | Decreed | Active | 02/74/1956 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13462 | | Decreed | Active | 12/14/1965 | ██████ | IRRIGATION |
| 43 | 13463 | | Decreed | Active | 12/14/1965 | ██████ | COMMERCIAL. STOCKWATER |
| 43 | 13490 | | Decreed | Active | 08/14/1948 | ██████ | IRRIGATION |
| 43 | 13491 | | Decreed | Active | 08/14/1948 | ██████ | COMMERCIAL, STOCKWATER |
| 43 | 13492 | | Decreed | Active | 02/27/1950 | ██████ | IRRIGATION |
| 43 | 13493 | | Decreed | Active | 02/27/1950 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13494 | | Decreed | Active | 03/02/1950 | GROUND WATER | IRRIGATION |
| 43 | 13495 | | Decreed | Active | 03/02/1950 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13496 | | Decreed | Active | 02/20/1952 | GROUND WATER | IRRIGATION |
| 43 | 13497 | | Decreed | Active | 02/20/1952 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13498 | | Decreed | Active | 03/01/1955 | GROUND WATER | IRRIGATION |

EXHIBIT 5                    Page 128 of 300

| 43 | 13499 | | Decreed | Active | 03/01/1955 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13500 | | Decreed | Active | 12/23/1958 | GROUND WATER | IRRIGATION |
| 43 | 13501 | | Decreed | Active | 12/23/1958 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13502 | | Decreed | Active | 12/14/1965 | GROUND WATER | IRRIGATION |
| 43 | 13503 | | Decreed | Active | 12/14/1965 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13504 | | Decreed | Active | 01/12/1961 | GROUND WATER | IRRIGATION |
| 43 | 13505 | | Decreed | Active | 01/12/1961 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13506 | | Decreed | | | GROUND WATER | IRRIGATION |
| 43 | 13507 | | Decreed | | | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13508 | | Decreed | | | GROUND WATER | IRRIGATION |
| 43 | 13509 | | Decreed | Active | 07/01/1963 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13510 | | Decreed | Active | 03/15/1962 | GROUND WATER | IRRIGATION |
| 43 | 13511 | | Decreed | Active | 03/15/1962 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13763 | | Decreed | Active | 08/26/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13807 | | | Active | 02/2.4/1956 | GROUND WATER | IRRIGATION |

| MILLENKAMP PROPERTIES, LLC WATER RIGHTS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Water Right | | | Basis | Status | Priority Date | Source | Water Use |
| 36 | 4157 | F | Decreed | Active | 06/01/1956 | GROUND WATER | STOCKWATER |
| 36 | 14152 | | Decreed | Active | 12/31/1933 | GROUND WATER | DOMESTIC, STOCKWATER |
| 36 | 14536 | | Decreed | Active | 09/01/1986 | GROUND WATER | DOMESTIC |
| 36 | 16242 | | Decreed | Active | 06/11/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 16244 | | Decreed | Active | 05/11/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 16914 | | License | Active | 04/24/1990 | GROUND WATER | IRRIGATION |
| 36 | 16915 | | License | Active | 04/24/1990 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 16927 | | Decreed | Active | 11/26/1974 | GROUND WATER | IRRIGATION |

| IDAHO JERSEY GIRLS JEROME DAIRY, LLC WATER RIGHTS |
|---|

EXHIBIT 5                    Page 129 of 300

| Water Right | | Basis | Status | Priority Date | Source | Water Use |
|---|---|---|---|---|---|---|
| 36 | 2586 | D | Decreed | Active | 01/28/1964 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 10894 | | Decreed | Active | 09/30/1981 | GROUND WATER | DOMESTIC, STOCKWATER |
| 36 | 14035 | D | Decreed | Active | 05/26/1976 | GROUND WATER | COMMERCIAL |
| 36 | 8706 | | | Active | 02/10/1993 | GROUND WATER | COMMERCIAL, STOCKWATER |

## WILLIAM & SUSAN MILLENKAMP WATER RIGHTS

| Water Right | | Basis | Status | Priority Date | Source | Water Use |
|---|---|---|---|---|---|---|
| 36 | 16926 | | Decreed | Active | 11/26/1974 | GROUND WATER | IRRIGATION |
| 45 | 7290 | | Decreed | Active | 07/26/1977 | GROUND WATER | IRRIGATION |
| 45 | 7331 | | Decreed | Active | 10/12/1978 | GROUND WATER | IRRIGATION |
| 36 | 16916 | | License | Active | 04/24/1990 | GROUND WATER | IRRIGATION |
| 45 | 11912 | | Decreed | Active | 11/06/1981 | GROUND WATER | IRRIGATION |
| 45 | 11913 | | Decreed | Active | 03/01/1900 | GROUND WATER | DOMESTIC |
| 45 | 11914 | | Decreed | Active | 03/01/1960 | GROUND WATER | DOMESTIC |

EXHIBIT 5                          Page 130 of 300

<u>EXHIBIT C</u>
Millenkamp

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

LIST OF SPECIFIC WATER SHARES

| CERTIFICATE NUMBER | NUMBER OF SHARES |
|---|---|
| Northside Canal | |
| | |
| 27305 | 40 |
| 26737 | 160 |
| 27187 | 28 |
| 26736 | 80 |
| 26738 | 40 |
| 27122 | 40 |
| 26739 | 50 |
| | |
| TOTAL SHARES | 438 |

EXHIBIT 5                    Page 131 of 300

**EXHIBIT D**

Millenkamp

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

**LIST OF SPECIFIC GRAZING PERMITS**

Permittee: <u>East Valley Cattle, LLC, an Idaho limited liability company</u>

Contract or
Serial Nos.: <u>Permit No. 1102921 for Allotment No. ID-05309 YALE</u>

| Livestock Number | Livestock Kind | Grazing Period | Aums |
|---|---|---|---|
| 285 | Cattle | 01/01-05/10 | 375 |
| 297 | Cattle | 05/11-05/31 | 205 |
| 300 | Cattle | 11/10-01/20 | 710 |

EXHIBIT 5                          Page 132 of 300

**TWIN FALLS COUNTY**
RECORDED FOR:
TITLEONE - BURLEY
03:46:09 PM   10-20-2022
**2022018724**
NO. PAGES 64      FEE: $147.00
KRISTINA GLASCOCK
COUNTY CLERK
DEPUTY: CT
Electronically Recorded  by Simplifile

THIS INSTRUMENT PREPARED BY:
Mark A. Smith
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Attention: Lydia Denniston
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

*23463558*

Space above this line for Recorder's Use

## MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT, AND FIXTURE FILING (THIRD PRIORITY)

### (Cassia County, Jerome County, and Twin Falls County Idaho)

FOR THE PURPOSE OF FACILITATING THE RECORD HEREOF, THIS MORTGAGE HAS BEEN EXECUTED IN THREE COUNTERPARTS, EACH OF WHICH SHALL BE TAKEN TO BE AN ORIGINAL, AND ALL OF WHICH TOGETHER OR ANY ONE THEREOF SHALL BE DEEMED TO CONSTITUTE BUT ONE AND THE SAME INSTRUMENT. THIS MORTGAGE ALSO CONSTITUTES A FINANCING STATEMENT FILED AS A FIXTURE FILING UNDER THE UCC

SEE ARTICLE 7 FOR ADDRESS OF GRANTOR AND MORTGAGEE

This mortgage is dated as of October 20, 2022, and is made by WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**"), IDAHO JERSEY GIRLS LLC, an Idaho limited liability company ("**Jersey Girls LLC**"), MILLENKAMP CATTLE, INC., an Idaho corporation ("**Cattle Inc.**"), MILLENKAMP FAMILY LLC, an Idaho limited liability company ("**Millenkamp Family**"), and MILLENKAMP PROPERTIES II, LLC, an Idaho limited liability company ("**Millenkamp Properties II**" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively, "**Grantor**" and "**Borrower**"), to and in favor of **Conterra Agricultural Capital, LLC**, an Iowa limited liability company ("**Lender**" and "**Mortgagee**").

Mortgagee, agreed to make a loan in the maximum principal sum of $16,500,000.00 (the "**Loan**") to Grantor under the terms and conditions of that certain promissory note in favor of Mortgagee, as Lender, in the amount of $16,500,000.00 (the "**Note**"). The Loan is also evidenced by, among other things, that certain Loan and Security Agreement dated October 20, 2022, by and between Lender and Borrower (the "**Loan Agreement**"), whereby, among other things, Borrower agreed to grant to Mortgagee, a third priority security interest in Borrower's real property and certain assignments and other grants ancillary thereto.

1

EXHIBIT 5                    Page 133 of 300

**Instrument # 2224761**
JEROME COUNTY, JEROME, IDAHO
10-20-2022    03:43:25 PM    No. of Pages: 64
Recorded for: TITLEONE - BURLEY
MICHELLE EMERSON          Fee: $147.00
Ex-Officio Recorder Deputy: jw
Electronically Recorded by Simplifile

THIS INSTRUMENT PREPARED BY:
Mark A. Smith
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Attention: Lydia Denniston
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

_2346 3558_

Space above this line for Recorder's
Use

## MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT, AND FIXTURE FILING (THIRD PRIORITY)

### (Cassia County, Jerome County, and Twin Falls County Idaho)

FOR THE PURPOSE OF FACILITATING THE RECORD HEREOF, THIS MORTGAGE HAS BEEN EXECUTED IN THREE COUNTERPARTS, EACH OF WHICH SHALL BE TAKEN TO BE AN ORIGINAL, AND ALL OF WHICH TOGETHER OR ANY ONE THEREOF SHALL BE DEEMED TO CONSTITUTE BUT ONE AND THE SAME INSTRUMENT. THIS MORTGAGE ALSO CONSTITUTES A FINANCING STATEMENT FILED AS A FIXTURE FILING UNDER THE UCC

SEE ARTICLE 7 FOR ADDRESS OF GRANTOR AND MORTGAGEE

This mortgage is dated as of October 20, 2022, and is made by WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**"), IDAHO JERSEY GIRLS LLC, an Idaho limited liability company ("**Jersey Girls LLC**"), MILLENKAMP CATTLE, INC., an Idaho corporation ("**Cattle Inc.**"), MILLENKAMP FAMILY LLC, an Idaho limited liability company ("**Millenkamp Family**"), and MILLENKAMP PROPERTIES II, LLC, an Idaho limited liability company ("**Millenkamp Properties II**" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively, "**Grantor**" and "**Borrower**"), to and in favor of **Conterra Agricultural Capital, LLC**, an Iowa limited liability company ("**Lender**" and "**Mortgagee**").

Mortgagee, agreed to make a loan in the maximum principal sum of $16,500,000.00 (the "**Loan**") to Grantor under the terms and conditions of that certain promissory note in favor of Mortgagee, as Lender, in the amount of $16,500,000.00 (the "**Note**"). The Loan is also evidenced by, among other things, that certain Loan and Security Agreement dated October 20, 2022, by and between Lender and Borrower (the "**Loan Agreement**"), whereby, among other things, Borrower agreed to grant to Mortgagee, a third priority security interest in Borrower's real property and certain assignments and other grants ancillary thereto.

EXHIBIT 5                    Page 134 of 300

THIS INSTRUMENT PREPARED BY:
Mark A. Smith
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:
Attention: Lydia Denniston
Conterra Agricultural Capital, LLC
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266

*2346 3558*

_____

Space above this line for Recorder's Use

## MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT, AND FIXTURE FILING (THIRD PRIORITY)

### (Cassia County, Jerome County, and Twin Falls County Idaho)

FOR THE PURPOSE OF FACILITATING THE RECORD HEREOF, THIS MORTGAGE HAS BEEN EXECUTED IN THREE COUNTERPARTS, EACH OF WHICH SHALL BE TAKEN TO BE AN ORIGINAL, AND ALL OF WHICH TOGETHER OR ANY ONE THEREOF SHALL BE DEEMED TO CONSTITUTE BUT ONE AND THE SAME INSTRUMENT. THIS MORTGAGE ALSO CONSTITUTES A FINANCING STATEMENT FILED AS A FIXTURE FILING UNDER THE UCC

SEE ARTICLE 7 FOR ADDRESS OF GRANTOR AND MORTGAGEE

This mortgage is dated as of October 20, 2022, and is made by WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("**W. Millenkamp**"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("**S. Millenkamp**"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("**East Valley**"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("**Idaho Jersey**"), GOOSE RANCH LLC, an Idaho limited liability company ("**Goose Ranch**"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("**Millenkamp Properties**"), IDAHO JERSEY GIRLS LLC, an Idaho limited liability company ("**Jersey Girls LLC**"), MILLENKAMP CATTLE, INC., an Idaho corporation ("**Cattle Inc.**"), MILLENKAMP FAMILY LLC, an Idaho limited liability company ("**Millenkamp Family**"), and MILLENKAMP PROPERTIES II, LLC, an Idaho limited liability company ("**Millenkamp Properties II**" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively, "**Grantor**" and "**Borrower**"), to and in favor of **Conterra Agricultural Capital, LLC**, an Iowa limited liability company ("**Lender**" and "**Mortgagee**").

Mortgagee, agreed to make a loan in the maximum principal sum of $16,500,000.00 (the "**Loan**") to Grantor under the terms and conditions of that certain promissory note in favor of Mortgagee, as Lender, in the amount of $16,500,000.00 (the "**Note**"). The Loan is also evidenced by, among other things, that certain Loan and Security Agreement dated October 20, 2022, by and between Lender and Borrower (the "**Loan Agreement**"), whereby, among other things, Borrower agreed to grant to Mortgagee, a third priority security interest in Borrower's real property and certain assignments and other grants ancillary thereto.

EXHIBIT 5                    Page 135 of 300

## ARTICLE 1 — GRANT

To secure repayment of the indebtedness evidenced by the Note and payment and performance of all other Secured Obligations (as defined below), and as consideration for Mortgagee's execution of such additional agreements, Grantor hereby irrevocably and unconditionally mortgages, warrants, grants, bargains, sells, and conveys to Mortgagee, with right of entry and possession, all of Grantor's estate, right, title and interest which Grantor now has or may later acquire in the following, wherever located, and whether constituting real estate or personal property (individually and collectively, the "**Property**"): (1) the real estate and any interest in the real estate located in Cassia County, Jerome County, and Twin Falls County, Idaho, and described in EXHIBIT A (the "**Land**"); (2) buildings, structures, improvements, and fixtures now or hereafter erected on, affixed or attached to the Land, including all farm products storage and handling units and equipment, and fences, gates and loading chutes (the "**Improvements**"); (3) (A) wells, irrigation and drainage pumps, motors, pipes, windmills, frost protection equipment, center pivot irrigators, sprinklers, drip line and emitters, filters, water measurement meters and control structures and other watering and irrigation equipment; and (B) all other equipment now or hereafter affixed or installed in any manner on the Land or the Improvements or used in connection with the operation of the Property (other than rolling stock and implements customarily towed) and all livestock handling fixtures and other non-rolling stock necessary to run the dairy business located on the Land, including dairy equipment and fixtures (the "**Equipment**"); (4) easements, rights-of-way, and other rights and entitlements appurtenant to the Land or used in connection with the Land or as a means of access thereto; (5) other tenements, hereditaments and appurtenances to the Land; (6) rights to the use and enjoyment of water, whether surface or subsurface, whether riparian, appropriative, prescriptive or otherwise, and whether or not appurtenant, now or hereafter relating or available to the Land or Improvements or used in connection therewith: (A) water allocations, water banking rights or interests, carryover rights, supplemental water, storage and exchange rights drainage rights, distribution rights, storage rights, delivery rights, and other water-related rights or entitlements, whether available through any public or private irrigation projects, companies, districts, agencies or otherwise, together with all shares of stock evidencing any such rights or entitlements, and all voting rights and other rights and privileges that now or hereafter may exist with respect to such stock or with respect to participation, membership, or other involvement in any such projects, companies, districts, or agencies; (B) water and water inventory in storage; (C) rights under well, pump and filter sharing agreements; and (D) all easements, permits, licenses, leases, contracts, grants, reservations and any other rights and entitlements, however created, to drill, install and maintain wells, pumps and pipeline systems, or to use, appropriate, pump, extract, receive, transport, store or transfer water, including the rights described on EXHIBIT B and all of Grantor's right, title, and interest in all water (including any water inventory in storage), water rights, water permits, water entitlements, water transfers, other rights to water and other rights to receive water, and all other rights to divert, deliver, use, apply, drain, or store water of every kind and description that serve the Property, including, without limitation, (i) the groundwater on, under, pumped from or otherwise available to the Property, whether as a result of groundwater rights, contractual rights or otherwise; (ii) the right to remove and extract any such groundwater including any permits, rights or licenses granted by any governmental entity or agency and any rights granted or created by any easement, covenant, agreement or contract with any person or entity; (iii) any rights to which the Property is entitled with respect to surface water, whether such right is appropriative, riparian, prescriptive, contractual or otherwise and whether or not pursuant to permit, certificate of water rights, or other

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                Page 136 of 300

governmental authorization, or the right to store any such water; (iv) any water, water right, water allocation, distribution right, delivery right, water storage right, or other water-related entitlement appurtenant or otherwise applicable to the Property by virtue of the Property being situated within the boundaries of any district, agency or other governmental entity or within the boundaries of any private water company, mutual water company or other non-governmental entity; (v) any drainage rights appurtenant or otherwise applicable to the Property; (vi) all rights, including contractual rights, to divert, transport, carry, allocate or otherwise deliver water or any of the foregoing rights from or to the Property by any means, wherever located; (vii) any shares (or any rights under such shares) of any private water company, mutual water company or other non-governmental entity pursuant to which Grantor or the Property may receive any of the rights referred to in clauses (i) through (vi) above (collectively, the "**Water Rights**"); (7) shares, and rights under such shares, of any private water company, mutual water company, or other non-governmental entity pursuant to which Grantor or the Property may receive water, including the shares described on EXHIBIT C and any other certificated and uncertificated securities, securities entitlements, securities accounts and commodities accounts; (8) coal, oil, gas, and other hydrocarbon substances, geothermal resources, minerals, mineral interests, royalties, overriding royalties, production payments, net profit interests and other interests and estates in, under or produced from the Land and other coal, oil, gas, geothermal, and mineral interests with which any of the foregoing interests or estates are pooled or unitized and other "as-extracted collateral"; (9) timber now or hereafter standing on or cut from the Land; (10) all milk, cream, and other dairy products, and all receivables thereof (the "**Dairy Products**"); (11) leases, subleases, licenses and other agreements, granting a possessory interest in and to, or the right to extract, mine, reside in, sell, or use the Property, (individually and collectively, the "**Leases**"); (12) grazing leases, permits, allotments, licenses and privileges covering state or federally owned lands used or operated in connection with the land, including the those described on EXHIBIT D ("**Grazing Permits**"), together with all renewals of such Grazing Permits and any Grazing Permits acquired in the future; (13) permits and licenses relating or pertaining to the use or enjoyment of the Property; (14) proceeds of and any unearned premiums on any insurance policies covering the Property, including the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Property ("**Insurance Claims**"); (15) all awards made for the taking by condemnation or the power of eminent domain, or by any proceeding or purchase in lieu thereof, of the whole or any part of the Land or Improvements ("**Condemnation Awards**"); (16) accessions, attachments and other additions to, substitutes or replacements for, all proceeds and products of, the Property; and (17) books, records and files relating to the Property, including computer readable memory and data and any computer software or hardware reasonably necessary to access and process such memory and data.

TO HAVE AND TO HOLD the Property unto Mortgagee and its successors and assigns forever, for the benefit of the Lenders, subject to the Permitted Encumbrances (as hereinafter defined) and the provisions, terms and conditions of this mortgage.

## ARTICLE 2 - ASSIGNMENT OF RENTS

1.   Grantor irrevocably and unconditionally assigns Mortgagee all rents and other benefits derived from the Leases, and all other issues, profits, royalties, bonuses, income and other proceeds of the Property, whether now due, past due or to become due, including all prepaid rents, security deposits and other supporting obligations (collectively, the "**Rents**").

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                     Page 137 of 300

2.   Notwithstanding the provisions of this Article 2, Mortgagee confers upon Grantor a revocable license to collect and retain the Rents as they become due and payable, so long as there is no Event of Default (the "**License**"). If an Event of Default has occurred, Mortgagee may terminate the License without notice to or demand upon Grantor.

3.   Subject to the License, Mortgagee has the right, power and authority to collect any and all Rents. Mortgagee, by its acceptance of this mortgage does not assume any duty or obligation under the Leases.

4.   All lessees under the Leases are hereby irrevocably authorized and notified by Grantor to rely upon and to comply with (and are fully protected in so doing) any notice or demand by Mortgagee for the payment to Mortgagee of Rents, or for the performance of any of lessees' undertakings under the Leases, and lessees shall have no right or duty to inquire as to whether any Event of Default has actually occurred or is then existing hereunder. Subject to the License, Mortgagee may notify any person that the Leases have been assigned to Mortgagee and that all Rents are to be paid directly to Mortgagee, whether or not Mortgagee has commenced or completed foreclosure of or taken possession of the Property.

5.   Mortgagee may apply all amounts received by it pursuant to this assignment to pay any of the following in such order and amounts as Mortgagee deems appropriate: (1) Secured Obligations; (2) expenses of leasing, operating, maintaining and managing the Property, including without limitation, salaries, fees, commissions and wages of a managing agent and such other employees, agents or independent contractors as Mortgagee deems necessary or desirable; (3) taxes, charges, claims, assessments, any other liens, and premiums for insurance relating to the Property that Mortgagee deems necessary or desirable; and (4) the cost of alterations, renovations, repairs or replacements, and expenses incident to taking and retaining possession of the Property.

## ARTICLE 3 — SECURITY AGREEMENT/FIXTURE FILING

1.   Grantor grants Mortgagee a security interest in and pledges and assigns to Mortgagee all of Grantor's right, title and interest in all Property that may be characterized as personal property (the "**Personalty**"). Grantor authorizes Mortgagee to file any UCC financing statements required by Mortgagee, from time to time, to perfect Mortgagee's security interest in the Property, including the filing of any financing statement describing the collateral as all assets now or hereafter acquired by any Grantor, or words of similar effect.

2.   The address adjacent to Grantor's signature below, (a) if Grantor is an individual, is Grantor's principal residence; (b) if Grantor is other than an individual and has only one place of business, is Grantor's principal place of business; and (c) if Grantor is anything other than an individual and has more than one place of business, is Grantor's chief executive office. The address for Mortgagee in Article 7 is its address as secured party under the Uniform Commercial Code as adopted in the Governing Law State (the "**UCC**").

3.   This mortgage constitutes a financing statement filed as a fixture filing under the UCC, covering any Property which now is or later may become a fixture attached to the Land or any Improvement. For this purpose, the "debtor" is Grantor, the "secured party" is Mortgagee and the collateral is the Property.

## ARTICLE 4 - SECURED OBLIGATIONS

1.   Grantor makes the mortgage, grant, conveyance, transfer and assignment in Article 1, makes the irrevocable and absolute assignment in Article 2, and grants the security interest under

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 138 of 300

Article 3 to secure payment and performance of the following obligations (individually and collectively, the "**Secured Obligations**"): (1) all amounts due and owing and all other obligations owed or to be performed to or for the benefit of Mortgagee pursuant to the Loan Documents (as defined below); (2) all obligations of Grantor under this mortgage; (3) all modifications, amendments, extensions, and renewals, however evidenced, of any of the Secured Obligations; and (4) any of the foregoing that arises after the filing of a petition by or against Grantor under an insolvency or bankruptcy proceeding.

2. **Future Secured Obligations.** The Secured Obligations include future advances made by Mortgagee for any purpose, and all other future Secured Obligations. Those future advances and other future Secured Obligations, together with interest thereon, are secured by this mortgage to the same extent as if made or incurred on the date of the execution of this mortgage, and have priority as to third persons with or without actual notice from the time this mortgage is filed for record as provided by law. The total amount of indebtedness secured by this mortgage may decrease or increase from time to time. Nothing in this Section will constitute a commitment to make additional or future advances in any amount.

3. **General.** The scheduled maturity date of the Loan is October 20, 2023. All persons who have or acquire an interest in the Property will be deemed to have received notice of, and will be bound by, the terms of the Note, this mortgage, the Loan Agreement, and all other agreements and instruments evidencing and/or securing the Loan (individually and collectively, the "**Loan Documents**"). The Loan Documents may include terms which permit or provide that the rate of interest on one or more of the Secured Obligations may vary from time to time. The obligations secured hereby may provide for the interest rate, payment terms, or balance due to be indexed, adjusted, renewed or renegotiated. Without limitation, the Note expressly provide that Mortgagee may at its option change or adjust the interest rate as referenced therein. This mortgage does not secure any indebtedness, liability or obligation that is expressly stated to be unsecured. All of the provisions of the other Loan Documents are incorporated into this mortgage to the same extent and with the same force as if fully set forth in this mortgage.

## ARTICLE 5 — WARRANTY AND COVENANTS

1. **Warranty of Title.** Grantor represents and warrants that, other than the exceptions to title expressly listed on a schedule of exceptions to coverage in the final commitment for title insurance or pro forma policy of title insurance accepted by Mortgagee prior to the date of this mortgage, Grantor lawfully possesses and holds fee simple title to all of the Land and Improvements; and that Grantor has the right, power and authority to mortgage, grant, convey and assign the Property. Grantor especially agrees and declares that the separate estate of each of them, whether vested, contingent or in expectancy, is hereby conveyed and shall be bound for the payment and performance of the Secured Obligations.

2. **Water Rights.** Grantor represents and warrants that the Water Rights afford the continuing, enforceable right to receive irrigation water on the Property from such sources, in such quantities and at such times and locations as has historically been available to the Property without interruption or substantially increased cost and in any event, based on current projections, sufficient to provide adequate water and/or drainage to continue the current and proposed agricultural operations on the Property

3. **Performance of Secured Obligations.** Grantor shall promptly pay and perform each Secured Obligation in accordance with its terms.

5

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 139 of 300

4. **Maintenance of Property.** Grantor shall: maintain and preserve all rights and privileges Grantor now has in the Property; make any repairs, renewals or replacements to keep the Property in good working condition and repair; operate the Property, whether improved pastures, orchards, groves, grazing, timber, or crop lands, in a good and husband-like manner in accordance with accepted principles of sound agricultural and forestry practices in the area in which the Land is located; take all reasonable precautions to control wind and water erosion; fertilize improved pastures, if any, where necessary to maintain a good stand of desirable grasses; protect orchards and timber, if any, by reasonable precautions against loss or damage by fire including the maintenance of appropriate fire breaks; and neither remove nor permit the removal of any oil, gas, mineral, stone, rock, clay, or gravel owned by Grantor, or any timber, buildings, top soil, or fertilizer, without the prior written consent of Mortgagee.

5. **Water Rights.** Grantor shall maintain the Water Rights during the term of the Loans at a level and of a nature sufficient to provide the continuing, enforceable right to receive irrigation water on the Property from such sources, in such quantities and at such times and locations as has historically been available to the Property without interruption or substantially increased cost and in any event sufficient to provide adequate water and/or drainage to continue the current and proposed agricultural operations on the Property. All existing Water Rights benefiting or available to the Property shall be maintained in full force and effect for the benefit of the Property by Grantor and applied to beneficial use so as to maintain the validity and priority of such rights. Grantor shall fully comply with, and not permit a default to occur under any water licenses, permits or delivery contracts used to provide water to the Property, and shall timely exercise all renewal or extension rights in such contracts. Grantor shall not modify, amend or terminate any Water Rights without Mortgagee's prior written consent. Grantor shall comply with the rules, regulations and ordinances of any water district, water agency or groundwater management agency in which the Property or any portion thereof is located and pay all related fees and assessments prior to delinquency. All irrigation wells and related facilities used to deliver irrigation water to any portion of the Property shall remain physically located within the boundaries of such Property or the subject of valid, enforceable easements appurtenant to the Property and encumbered hereby. If the use of any irrigation facilities or water serving the Property requires consent or the use of other property, Grantor shall maintain in effect all requisite easements or other legally enforceable and assignable rights to use such facilities and/or water to service the Property. Grantor shall notify Mortgagee if the irrigation water supply to any portion of the Property is interrupted or subject to interruption for any reason other than temporarily for routine maintenance or repairs in a manner that does not impair the operation of the Property.

6. **Grazing Permits.** Grantor shall renew all Grazing Permits upon or prior to their expiration date, execute any instrument deemed necessary by Mortgagee to effect a collateral assignment or waiver of such renewals to Mortgagee, and pay all fees and charges, and to perform all acts and things necessary to preserve and keep in good standing all of such Grazing Permits and all renewals thereof. Grantor shall take no action which would adversely affect any of such Grazing Permits or Grantor preference status thereunder, and that in the event of foreclosure of this mortgage, Grantor will waive all claims for preference under any such Grazing Permits upon demand from the purchaser at foreclosure sale of the Land, or any successor to such purchaser. Grantor further agrees that the lands covered by any lease, permit or privilege which Grantor, with the consent of Mortgagee, shall substitute for the Grazing Permits, shall be subject to the provisions of this mortgage. Upon foreclosure and sale of the Land, title to the improvements held by Grantor on any federal or state lands covered by the

Grazing Permits, together with Grantor right to be paid the reasonable value thereof, shall pass free of all encumbrances other than those of the United States to the purchaser at such sale, and Mortgagee is hereby authorized to execute, at is option, on behalf of Grantor, a bill of sale for such improvements. If title in fee simple to any of the lands covered by the Grazing Permits (or to any other lands) shall hereafter be acquired by Grantor, it is understood and agreed that such lands shall, upon such acquisition, become subject to the lien of this mortgage to the same extent as though lands had originally been included herein as part of the Land, and further, that all of the terms, covenants, conditions and stipulations of this mortgage, applicable to the Property, shall extend and be applicable to any lands hereafter so acquired. Grantor shall execute any documents reasonably requested by Mortgagee to perfect or document the pledge of the Grazing Permits to Mortgagee.

7. **Compliance with Applicable Law.** Grantor shall not commit or allow any act upon or use of the Property which would violate any applicable law, whether now existing or later to be enacted and whether foreseen or unforeseen, or any public or private covenant, condition, restriction or equitable servitude affecting the Property.

8. **Taxes and Assessments.** Grantor shall pay, prior to delinquency, all taxes, levies, charges and assessments imposed by applicable law or any public or quasi-public authority or utility company which are (or if not paid, may become) a lien on all or part of the Property or any interest in it, and any and all intangible taxes and documentary stamp taxes determined at any time to be due on or as a result of the Secured Obligations, this mortgage or any other Loan Documents, together with any and all interest and penalties thereon (individually and collectively, "**Imposition**"). If after the date of this mortgage, the State of Idaho or any other applicable authority passes any law deducting from the value of Land for the purpose of taxation any lien thereon, or changing in any way the laws for the taxation of mortgages or debts secured by a mortgage for federal, state or local purposes, or the manner of the collection of any such taxes, so as to affect this mortgage, then within 180 days after notice by Mortgagee to Grantor, Grantor shall pay all Secured Obligations. Notwithstanding the foregoing provisions of this Section, Grantor may, at its expense, contest the validity or application of any Imposition by appropriate legal proceedings promptly initiated and conducted in good faith and with due diligence, provided that: (1) Mortgagee is satisfied that neither the Property nor any part thereof or interest therein will be in danger of being sold, forfeited, or lost as a result of such contest; and (2) Grantor shall have posted a bond or furnished such other security required from time to time by Mortgagee.

9. **Damages and Insurance and Condemnation Awards.** Mortgagee may, at its option: (1) in its own name appear in or prosecute any action or proceeding to enforce any cause of action based on warranty, or for damage, injury or loss to all or part of the Property, and Mortgagee may make any compromise or settlement of the action or proceeding; (2) participate in any action or proceeding relating to any Condemnation Award; and (3) join Grantor in adjusting any Insurance Claim. All insurance proceeds, Condemnation Awards, and proceeds of any other claim based on warranty, or for damage, injury or loss to the Property which Grantor may receive or be entitled to must be paid to Mortgagee. Mortgagee may apply those proceeds first toward reimbursement of all of Mortgagee's costs and expenses, including attorneys' fees and costs, incurred in connection with such recovery. The balance shall, at Mortgagee's option, be applied to pay or prepay some or all of the Secured Obligations in such order and proportions as it may choose. GRANTOR HEREBY SPECIFICALLY, UNCONDITIONALLY AND IRREVOCABLY

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 141 of 300

WAIVES ALL RIGHTS OF A PROPERTY OWNER WITH RESPECT TO ALLOCATION OF CONDEMNATION AWARDS BETWEEN A PROPERTY OWNER AND A LIENHOLDER.

10. **Site Visits, Observation and Testing.** Mortgagee and its agents and representatives may enter and visit the Property at any reasonable time for the purposes of observing it, performing appraisals, taking and removing soil or groundwater samples, and conducting tests on any part of it, and otherwise to determine Grantor's compliance with this mortgage.

11. **Prohibited Transfers.** Grantor agrees that a material factor in Mortgagee's decision to enter into the Loan Documents is the expertise, financial status and other characteristics of Grantor. Grantor shall not make or permit any Prohibited Transfer. Upon any Prohibited Transfer Mortgagee may declare all Secured Obligations to be immediately due and payable. "**Prohibited Transfer**" means: (1) any sale, contract to sell, conveyance, encumbrance, pledge, mortgage, or other transfer of all or any material part or interest of the Property, whether voluntary, involuntary, by operation of law or otherwise, other than Permitted Encumbrances (as defined below); and, *provided, however,* that Grantor may sell or dispose of fixtures and Equipment in the ordinary course of their business so long as such items are replaced with items of equal or greater value and utility; or (2) any transfer prohibited in the Loan Agreement or any of the other Loan Documents. Any transfer permitted under this Section (other than the Permitted Encumbrances) shall be subject to the following conditions (the "**Transfer Conditions**"): (i) Grantor shall notify Mortgagee in writing of the proposed transfer no less than thirty days prior to the date such transfer is to occur; (ii) Grantor shall provide Mortgagee with copies of all documents effecting such transfer and with all documentation or other assurances reasonably requested by Mortgagee to demonstrate compliance with any of the conditions to such transfer; (iii) Grantor shall pay a reasonable service charge not to exceed $2,500 to Mortgagee for each such transfer; and (iv) no Event of Default, or any condition which, with the giving of notice or passage of time or both would constitute and Event of Default, shall exist at the time Grantor gives Mortgagee notice of such transfer or at the time such transfer occurs. "**Permitted Encumbrances**" means (a) liens securing taxes or assessments not due or payable; (b) liens in favor of Mortgagee; (c) liens created by specifically identified written documents which are recorded in the land records and listed as exceptions on Schedule B of any title insurance policy for the Loans which Mortgagee has accepted and approved in writing; and (d) any leases of any portion of the Property approved by Mortgagee.

12. **Prohibited Transfer Rate.** If there is a Prohibited Transfer, Mortgagee may deem the principal balance of the Loans and, to the extent permitted by applicable law, all other Secured Obligations, will bear interest at the rate of 18% per annum (the "**Default Rate**"), retroactive to the date of the Prohibited Transfer. Mortgagee's rights under this Section are an option available to Mortgagee, and unless elected by Mortgagee, a Prohibited Transfer will constitute an Event of Default and all Secured Obligations will bear interest at the Default Rate.

13. **Compensation and Reimbursement of Costs and Expenses.** Grantor shall pay (1) for any services rendered in connection with this mortgage; (2) all of Mortgagee's costs and expenses incurred in rendering any such services; and (3) all costs, expenses and other advances incurred or made by Mortgagee in an effort to enforce the terms of this mortgage or protect the Property, whether any lawsuit is filed or not, including any bankruptcy or other voluntary or involuntary proceeding, in or out of court, or in defending any action or proceeding arising under or relating to this mortgage, including attorneys' fees and costs, and costs of any Foreclosure Sale. If Mortgagee chooses to dispose of Property through more than one Foreclosure Sale, Grantor must pay all costs, expenses or other advances incurred by Mortgagee in each of those Foreclosure Sales.

8

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                                    Page 142 of 300

14. **Indemnification.** GRANTOR SHALL INDEMNIFY MORTGAGEE AGAINST AND SHALL HOLD MORTGAGEE HARMLESS FROM ALL LOSSES, DAMAGES, LIABILITIES, CLAIMS, CAUSES OF ACTION, JUDGMENTS, COURT COSTS, LEGAL FEES, COST OF EVIDENCE OF TITLE, COST OF EVIDENCE OF VALUE, AND OTHER COSTS AND EXPENSES WHICH MORTGAGEE MAY SUFFER OR INCUR: (1) IN PERFORMING ANY ACT REQUIRED OR PERMITTED BY THIS MORTGAGE OR ANY OF THE OTHER LOAN DOCUMENTS OR BY LAW; (2) BECAUSE OF ANY FAILURE OF GRANTOR TO PAY OR PERFORM ANY OF THE SECURED OBLIGATIONS; OR (3) BECAUSE OF ANY ALLEGED OBLIGATION OF OR UNDERTAKING BY MORTGAGEE TO PERFORM OR DISCHARGE ANY OF THE REPRESENTATIONS, WARRANTIES, CONDITIONS, COVENANTS OR OTHER OBLIGATIONS IN ANY DOCUMENT RELATING TO THE PROPERTY (OTHER THAN SUCH WARRANTIES, CONDITIONS, COVENANTS OR OTHER OBLIGATIONS IN THE LOAN DOCUMENTS). THIS AGREEMENT BY GRANTOR TO INDEMNIFY MORTGAGEE SURVIVES THE RELEASE AND CANCELLATION OF ANY OR ALL OF THE SECURED OBLIGATIONS AND THE FULL OR PARTIAL RELEASE OF THIS MORTGAGE.

15. **Payments Due Under This Mortgage.** Grantor must pay all obligations to pay money arising under this mortgage immediately upon demand by Mortgagee. Each such obligation shall bear interest from the date the obligation arises at the Default Rate.

16. **Transactions with Affiliates.** Transactions with affiliates of Grantor shall not be consummated on terms materially more favorable to the affiliate than would have been obtained in an arm's length transaction in the ordinary course of business with any person or entity that is not an affiliate.

17. **Hazardous Substances.** As used in this Section: (a) "**Hazardous Substances**" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials;  (b) "**Environmental Law**" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "**Environmental Cleanup**" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "**Environmental Condition**" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Grantor shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Grantor shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property.  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Grantor shall promptly give Mortgagee written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Grantor has actual

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                                    Page 143 of 300

knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Grantor learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Grantor shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Mortgagee for Environmental Cleanup. Grantor shall indemnify and hold Mortgagee free and harmless from and against all loss, costs (including attorneys' fees and costs), damage (including consequential damages), and expenses Mortgagee may sustain by reason of the assertion against Mortgagee by any third-party of any claim in connection with Hazardous Substances on, in, or affecting the Property, and shall pay any such attorneys' fees and costs Lender incurs in connection therewith. The termination of this mortgage shall not release Grantor from Grantor's obligations under this Section.

## ARTICLE 6 — EVENTS OF DEFAULT AND REMEDIES

1. **Events of Default.** The following each shall be an event of default under this mortgage (an "**Event of Default**"): (1) a default under any of the Loan Documents, that continued beyond any applicable cure periods therein; (2) a Prohibited Transfer; (3) if Grantor is in default beyond applicable notice and grace periods under any other mortgage, deed of trust, deed to secure debt, or other security agreement covering any part of the Property, whether it be superior or junior in lien to this mortgage; (4) for more than three (3) business days after notice from Mortgagee, Grantor is in default under any term, covenant or condition of this mortgage not separately described as an Event of Default, which can be cured by the payment of a sum of money; or (5) for 30 days after notice from Mortgagee, Grantor is in default under any term, covenant or condition of this mortgage not separately described as an Event of Default; *provided* that if: (A) it is reasonably certain that the default cannot be cured by Grantor within that 30 day period; and (B) Grantor has commenced curing that default within that 30 day period and thereafter diligently and expeditiously proceeds to cure that default, then that 30 day period shall be extended for so long as reasonably required by Grantor in the exercise of due diligence to cure that default, up to a maximum of 90 days after the notice to Grantor of the Event of Default.

2. **Remedies.** At any time after an Event of Default, Mortgagee may invoke any and all of the rights and remedies described below. All of such rights and remedies are cumulative, and the exercise of any one or more of them does not constitute an election of remedies.

    a. **Acceleration.** Mortgagee may declare any or all of the Secured Obligations to be due and payable immediately.

    b. **Receiver.** Mortgagee may, to the extent permitted by applicable law, make an *ex parte* application to any court of competent jurisdiction, and obtain appointment of, a receiver, trustee, liquidator or conservator of the Property, without notice, without giving bond, and without regard for the adequacy of the security for the Secured Obligations and without regard for the solvency of Borrower, any guarantor of all or any portion of the Secured Obligations, or of any person liable for the payment of the Secured Obligations. GRANTOR HEREBY WAIVES NOTICE OF THE APPLICATION FOR, AND CONSENTS TO THE APPOINTMENT OF A RECEIVER, TRUSTEE, LIQUIDATOR OR CONSERVATOR OF THE PROPERTY IN ACCORDANCE WITH THE PROVISIONS OF THIS

10

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 144 of 300

SECTION;   AND   GRANTOR   AGREES   TO   NOT   OPPOSE
SUCH APPOINTMENT.

c.   **Entry.** To the fullest extent permitted by applicable law, Mortgagee, in person, by agent or by court-appointed receiver, may enter, take possession of, manage and operate all or any part of the Property, and may also do any and all other things in connection with those actions that Mortgagee may consider necessary and appropriate to protect the security of this mortgage. Such other things may include: taking and possessing all of Grantor's or the then owner's books and records; entering into, enforcing, modifying, or canceling leases on such terms and conditions as Mortgagee may consider proper; obtaining and evicting tenants; fixing or modifying rents, collecting and receiving any payment of money owing to Grantor; completing any unfinished construction; and/or contracting for and making repairs and alterations. If Mortgagee so requests, Grantor will assemble all of the Property that has been removed from the Land and make all of it available to Mortgagee at the site of the Land. GRANTOR HEREBY IRREVOCABLY CONSTITUTES   AND   APPOINTS   MORTGAGEE   AS   GRANTOR'S ATTORNEY-IN-FACT TO PERFORM SUCH ACTS AND EXECUTE SUCH DOCUMENTS   AS   MORTGAGEE   CONSIDERS   APPROPRIATE   IN CONNECTION   WITH   TAKING   THESE   MEASURES,   INCLUDING ENDORSEMENT   OF   GRANTOR'S   NAME   ON   ANY   INSTRUMENTS. Regardless of any provision of this mortgage or the other Loan Documents, Mortgagee shall not be considered to have accepted any property other than cash or immediately available funds in satisfaction of any obligation of Grantor to Mortgagee, unless Mortgagee has given express written notice of its election of that remedy in accordance with the UCC.

d.   **Cure; Protection of Security.** Mortgagee may cure any breach or default of Grantor, and if Mortgagee chooses to do so in connection with any such cure, Mortgagee may also enter the Property and/or do any and all other things which it considers necessary or appropriate to protect the security of this mortgage. Such other things may include: (1) appearing in and/or defending any action or proceeding which purports to affect the security of, or the rights or powers of Mortgagee under, this mortgage; (2) paying, purchasing, contesting, or compromising any encumbrance, charge, lien or claim of lien which in Mortgagee's judgment is or may be senior in priority to this mortgage, such judgment of Mortgagee to be conclusive as among the parties to this mortgage; (3) obtaining insurance and/or paying any premiums or charges for insurance required to be carried under the Note; (4) otherwise caring for and protecting any and all of the Property; and/or (5) employing counsel, accountants, contractors and other appropriate persons to assist Mortgagee. Mortgagee may take any of the actions permitted under this Article either with or without giving notice to any person. Notwithstanding the foregoing, in no event will Mortgagee have any obligation to take any of the actions set forth in this Section.

e.   **Uniform Commercial Code Remedies.** Mortgagee may exercise any or all of the remedies granted to a secured party under the UCC. To the extent that applicable law imposes the duty on Mortgagee to exercise remedies in a commercially

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 145 of 300

reasonable manner, Grantor acknowledges and agrees that it is not commercially unreasonable for Mortgagee to: (1) fail to incur expenses reasonably deemed significant by Mortgagee to prepare the Personalty for disposition or to fail to complete raw material or work in process into finished goods or other finished products for disposition; (2) fail to exercise collection remedies against account debtors or other persons obligated on the Personalty (directly or through the use of collection specialists), or to fail to remove liens, encumbrances or adverse claims against the Personalty; (3) advertise dispositions of the Personalty through publications or media of general circulation, whether or not the Personalty is of a specialized nature; (4) contact persons for expressions of interest in acquiring all or any portion of the Personalty; (5) hire professional auctioneers to assist in the disposition of the Personalty, whether or not the Personalty is of a specialized nature; (6) dispose of the Personalty by utilizing Internet sites that provide for or are reasonably capable of the auction of assets of the types included in the Personalty; (7) dispose of the Personalty in wholesale rather than retail markets; (8) disclaim disposition warranties; (9) purchase insurance or credit enhancements to insure Mortgagee against risks of loss, collection or disposition of the Personalty or to provide to Mortgagee a guaranteed return from the collection or disposition of the Personalty; or (10) sell any Personalty jointly with any of the Property or to sell any Personalty in a sale separate from a sale of any of the Property. Grantor acknowledges that the purpose of this Section is to provide a non-exhaustive indication of what actions or omissions by Mortgagee would fulfill Mortgagee's duties under the UCC in Mortgagee's exercise of remedies against the Personalty, and that other actions or omissions by Mortgagee shall not be deemed to fail to fulfill such duties solely on account of not being expressly included or indicated in this Section.

f.   **Judicial Action.** Mortgagee may bring an action in any court of competent jurisdiction to foreclose this mortgage in the manner provided under applicable law for the foreclosure of mortgages on real property or to obtain specific enforcement of any of the covenants or agreements of this mortgage.

g.   **Sales of Personal Property.** Mortgagee may elect to treat as Personalty any Property which is intangible or which can be severed from the Land or Improvements without causing structural damage. If it chooses to do so, Mortgagee may dispose of any Personalty separately from the sale of real property, in any manner permitted by Article 9 of the UCC, including any public or private sale, or in any manner permitted by any other applicable law. Any proceeds of any such disposition shall not cure any Event of Default or reinstate any Secured Obligation.

h.   **Single or Multiple Foreclosure Sales.** If the Property consists of more than one lot, parcel, or item of property, in connection with any sale of the Property described in or permitted under this Article, Mortgagee may: (1) designate the order in which the lots, parcels and/or items shall be sold or disposed of or offered for sale or disposition; and (2) elect to dispose of the lots, parcels and/or items through a single consolidated sale or disposition to be held or made in connection with judicial proceedings, or by virtue of a judgment and decree of foreclosure and sale; or through two or more such sales or dispositions; or in any other manner Mortgagee

may deem to be in its best interests (any such sale or disposition, a "**Foreclosure Sale**"). If it chooses to have more than one Foreclosure Sale, Mortgagee at its option may cause the Foreclosure Sales to be held simultaneously or successively, on the same day, or on such different days and at such different times and in such order as it may deem to be in its best interests. No Foreclosure Sale will terminate or affect the liens of this mortgage on any part of the Property which has not been sold, until all of the Secured Obligations have been paid in full.

i.   **Additional Rights.** In addition to the rights and powers given to Mortgagee under this mortgage, Mortgagee shall have all such other rights and remedies as provided in the Loan Agreement and the other Loan Documents, and all such other rights and remedies as provided both in law and equity for collection of the indebtedness secured hereby as it would have but for this mortgage.

j.   **Credit Bids.** At any Foreclosure Sale, any person, including Grantor or Mortgagee, may bid for and acquire the Property or any part of it to the extent permitted by then applicable law. Instead of paying cash for that Property, Mortgagee may settle for the purchase price by crediting the sales price of the Property against the following obligations: first, the portion of the Secured Obligations attributable to the expenses of sale, costs of any action and any other sums for which Grantor is obligated to reimburse Mortgagee; and second, all other Secured Obligations in any order and proportions as Mortgagee may choose.

k.   **Application of Foreclosure Sale Proceeds, Rents and Other Sums.** Mortgagee shall apply the proceeds of any Foreclosure Sale to pay (or reimburse Mortgagee for payment of) the Secured Obligations in any order and proportions as Mortgagee may choose, with the surplus, if any, to be paid over to Grantor. Mortgagee has no liability for any funds which it does not actually receive.

3.   **Waivers.** Grantor waives: (1) any right to require Mortgagee to proceed against Borrower, proceed against or exhaust any security held from Borrower, or pursue any other remedy in Mortgagee's power to pursue; (2) any defense based on any legal disability of Borrower, any discharge or limitation of the liability of Borrower to Mortgagee, whether consensual or arising by operation of law or any bankruptcy, reorganization, receivership, insolvency, or debtor-relief proceeding, or from any other cause, or any claim that Grantor's obligations exceed or are more burdensome than those of Borrower; (3) all presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, notices of acceptance of this mortgage and of the existence, creation, or incurring of new or additional indebtedness of Borrower, and demands and notices of every kind; (4) any defense based on or arising out of any defense that Borrower may have to the payment or performance of the Secured Obligations or any part of it; and (5) until the Secured Obligations have been paid and performed in full, all rights of subrogation, reimbursement, indemnification and contribution (contractual, statutory or otherwise), including any claim or right of subrogation under the Bankruptcy Code (Title 11 of the United States Code) or any successor statute, all rights to enforce any remedy that Mortgagee may have against Borrower, and all rights to participate in any security now or later to be held by Mortgagee for the Secured Obligations. Grantor waives all rights and defenses that Grantor may have because the Secured Obligations may be secured by real property other than the Property hereby encumbered. This

13

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                              Page 147 of 300

is an unconditional and irrevocable waiver of any rights and defenses Grantor may have because the Secured Obligations may be secured by real property other than the Property. Grantor waives any right or defense it may have at law or equity, to a fair market value hearing or action to determine a deficiency judgment after a foreclosure of any real property other than the Property hereby encumbered. No provision or waiver in this mortgage shall be construed as limiting the generality of any other provision or waiver contained in this mortgage.

4. **Information.** Grantor is solely responsible for keeping informed of Borrower's financial condition and business operations and all other circumstances affecting Borrower's ability to pay and perform its obligations to Mortgagee, and agrees that Mortgagee will have no duty to disclose to Grantor any information which Mortgagee may receive about Borrower's financial condition, business operations, or any other circumstances bearing on its ability to perform.

5. **No Mortgagee in Possession.** Neither the enforcement of any of the remedies under this Article, the assignment of the Rents and Leases under Article 2, the security interests under Article 3, nor any other remedies afforded to Mortgagee under the Loan Documents, at law or in equity shall cause Mortgagee to be deemed or construed to be a mortgagee in possession of the Property, to obligate Mortgagee to lease the Property or attempt to do so, or to take any action, incur any expense, or perform or discharge any obligation, duty or liability whatsoever under any of the Leases or otherwise.

### ARTICLE 7 - MISCELLANEOUS

1. **Notices.** All notices, approvals, consents, and other communications, under this mortgage ("**Notices**") must be in writing and mailed or delivered to the address specified herein. All Notices will be deemed to be given or made upon the earlier to occur of: (1) actual receipt by the intended recipient; or (2) (A) if delivered by hand or by courier, upon delivery; or (B) if delivered by mail, four business days after deposit in the U.S. mail, properly addressed, postage prepaid; except that notices and other communications to Mortgagee will not be effective until actually received by Mortgagee. Notices must be mailed or delivered, if to Grantor, to the address adjacent Grantor's signature below; if to Mortgagee, to:

    Conterra Agricultural Capital, LLC
    5465 Mills Civic Parkway, Suite 201
    West Des Moines, IA 50266

2. **Entire Agreement.** This mortgage and the other Loan Documents collectively: (1) represent the sum of the understandings and agreements between Mortgagee and Grantor concerning the Loans; (2) replace any prior oral or written agreements between Mortgagee and Grantor concerning the Loans; and (3) are intended by Mortgagee and Grantor as the final, complete and exclusive statement of the terms agreed to by them.

3. **No Waiver or Cure.** Each waiver by Mortgagee must be in writing, and no waiver is to be construed as a continuing waiver. No waiver is to be implied from any delay or failure by Mortgagee to take action on account of any default of Grantor. Consent by Mortgagee to any act or omission by Grantor must not be construed as a consent to any other or subsequent act or omission or to waive the requirement for Mortgagee's consent to be obtained in any future or other instance. The exercise by Mortgagee of any right or remedy under this mortgage or the other Loan Documents or under applicable law, shall not: cure or waive a breach, Event of Default or notice

14

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 148 of 300

of default under this mortgage or invalidate any act performed pursuant to any such default or notice; or nullify the effect of any notice of default or sale (unless all Secured Obligations then due have been paid and performed and all other defaults under the Loan Documents, have been cured); or impair the security of this mortgage; or prejudice Mortgagee or any receiver appointed in accordance with this mortgage, in the exercise of any right or remedy afforded any of them under this mortgage; or be construed as an affirmation by Mortgagee of any tenancy, lease or option, or a subordination of the lien of this mortgage.

4. **Merger.** No merger shall occur as a result of Mortgagee's acquiring any other estate in or any other lien on the Property.

5. **Waiver of Dower, Homestead, and Distributive Share.** Grantor relinquishes all right of dower, if any, and waives all right of homestead exemption and distributive share in and to the Property. Grantor waives any right of exemption as to the Property.

6. **Waiver of Marshalling.** Grantor waives all rights, legal and equitable, it may now or hereafter have to require marshalling of assets or to require upon foreclosure sales of assets in a particular order. Each successor and assign of Grantor, including any holder of a lien subordinate to this mortgage, by acceptance of its interest or lien agrees that it shall be bound by the above waiver, as if it had given the waiver itself.

7. **Waiver of Certain Other Laws.** To the extent permitted by applicable law, Grantor shall not at any time insist upon, plead, claim or take the benefit or advantage of any applicable law providing for appraisement, valuation, stay, extension, equity or redemption, any statutory or common law right of redemption, and all other exemptions, and Grantor, for Grantor, and its representatives, successors and assigns, and for any and all persons ever claiming any interest in the Property, to the extent permitted by law, hereby waives and releases all rights of redemption (including, without limitation, any common law or statutory right of redemption), and all other exceptions, as well as valuation, appraisement, stay of execution, or notice of election to mature or declare due the whole of the Secured Obligations in the event of foreclosure of the lien created by this mortgage. WITHOUT LIMITATION, IF THE UNDERSIGNED GRANTOR, OR ANY OF THEM, IS A CORPORATION, GRANTOR HEREBY RELEASES AND WAIVES ANY AND ALL RIGHTS OF REDEMPTION FROM SALE UNDER ANY JUDGMENT OF FORECLOSURE AND EACH OF THE ITEMS WAIVED AND RELEASED ABOVE, ON BEHALF OF GRANTOR, AND EACH AND EVERY PERSON ACQUIRING ANY INTEREST IN OR TITLE TO THE PROPERTY, SUBSEQUENT TO THE DATE OF THIS MORTGAGE, AND ON BEHALF OF ALL OF THE PERSONS TO THE EXTENT PERMITTED BY APPLICABLE LAW OF THE STATE OF IDAHO.

8. **Joint and Several Obligations.** If Grantor consists of more than one person, each Grantor (1) acknowledges and undertakes, together with every other Grantor, joint and several liability for the indebtedness, liabilities and obligations of Grantor under this mortgage; (2) acknowledges that this mortgage is the independent and several obligation of each Grantor and may be enforced against each Grantor separately, whether or not enforcement of any right or remedy hereunder has been sought against any other Grantor; and (3) agrees that its liability hereunder and under any other Loan Document shall be absolute, unconditional, continuing and irrevocable. GRANTOR EXPRESSLY WAIVES ANY REQUIREMENT THAT MORTGAGEE EXHAUST ANY RIGHT, POWER OR REMEDY AND PROCEED AGAINST ANY OTHER GRANTOR UNDER THIS MORTGAGE, OR ANY OTHER LOAN DOCUMENTS, OR AGAINST ANY

15

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                    Page 149 of 300

OTHER PERSON UNDER ANY GUARANTY OF, OR SECURITY FOR, ANY OF THE SECURED OBLIGATIONS.

9. **Governing Law/Jurisdiction and Venue.** This mortgage shall be governed exclusively by the laws of the State of Idaho without regard or reference to its conflict of laws principles.

10. **General.** This mortgage may not be amended, changed, modified, altered or terminated without the prior written consent of Mortgagee. This mortgage may be executed in counterparts, each of which will be an original and all of which together are deemed one and the same instrument. Mortgagee is authorized to execute any other documents or take any other actions necessary to effectuate this mortgage and the consummation of the transactions contemplated herein. Time is of the essence of this mortgage. Each party has participated in negotiating and drafting this mortgage, so if an ambiguity or a question of intent or interpretation arises, this mortgage is to be construed as if the parties had drafted it jointly, as opposed to being construed against a party because it was responsible for drafting one or more provisions of this mortgage. When all Secured Obligations have been irrevocably paid in full, Mortgagee shall execute and deliver to Grantor, a release of the Property from the lien of this mortgage. Headings and captions are provided for convenience only and do not affect the meaning of the text which follows.

11. **Priority.**

  a. Notwithstanding anything herein to the contrary, this mortgage is subordinate and inferior to: (i) that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing by Grantor in favor of MetLife Real Estate Lending LLC, dated as of September 26, 2018 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2018-003845, and in the Official Records of Jerome County, Idaho, under Document No. 2184031, as amended by that certain First Amendment dated April 15, 2020 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2020-001707, and in the Official Records of Jerome County, Idaho, under Document No. 2201724, as amended by that certain Second Amendment dated April 21, 2021 and recorded in the Official Records of Cassia County, Idaho, under Document No. 2021-002100, and in the Official Records of Jerome County, Idaho, under Document No. 2212265; and (ii) that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing by Grantor in favor of Metropolitan Life Insurance Company, dated as of March 12, 2019 and recorded in the Official Records of Jerome County, Idaho, under Document No. 2190993, and in the Official Records of Twin Falls, Idaho, under Document No. 2019003382. The foregoing documents are as provided by and subject to the terms and conditions of the Intercreditor Agreement, dated on or about the date hereof, by and between Mortgagee and MetLife. For the avoidance of doubt and notwithstanding any term in this mortgage to the contrary, MetLife and its mortgages are prior and superior to and are not bound by or subject to any of the terms of the Loan Documents. Nothing contained in this mortgage is intended to, and shall not, alter or diminish any rights or remedies of MetLife as set forth in MetLife's mortgages or any documents and agreements related thereto.

  b. Notwithstanding anything herein to the contrary, this instrument and the rights and obligations evidenced hereby are subordinate to (i) that certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing (Second Priority)

dated on or about October 20, 2022 (the "Senior Mortgage"), made in favor of Rabo AgriFinance LLC ("Senior Loan Agent"), as agent for certain lenders ("Senior Lenders") as described therein, and (ii) the payment in full of the obligations owing to the Senior Loan Agent as described in and pursuant to the terms of that certain Intercreditor and Subordination Agreement dated as of October 20, 2022 between Senior Loan Agent, and Conterra Agricultural Capital, LLC (as may be amended from time to time, the "Subordination Agreement"); and each holder of this instrument, by its acceptance hereof, shall be bound by the provisions of the Subordination Agreement. The herein described subordination is as provided by and subject to the terms and conditions of the Subordination Agreement. For the avoidance of doubt and notwithstanding any term in this instrument to the contrary, Senior Loan Agent and its second priority mortgage are prior and superior to and are not bound by or subject to any of the terms of the Loan Documents. Nothing contained in this instrument is intended to, and shall not, alter or diminish any rights or remedies of Senior Loan Agent and Senior Lenders as set forth in the Senior Mortgage and/or any documents and agreements related any obligations owing to it and the lenders

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Mortgage, Assignment of Rents, Security Agreement, and Fixture Filing
Millenkamp

EXHIBIT 5                              Page 151 of 300

[SIGNATURE PAGE TO MORTGAGE]

**GRANTOR BY EXECUTION AND DELIVERY OF THIS MORTGAGE TO MORTGAGEE, AND MORTGAGEE, BY ACCEPTANCE HEREOF, TO THE EXTENT PERMITTED BY APPLICABLE LAW (1) COVENANT AND AGREE NOT TO ELECT A TRIAL BY JURY IN ANY ACTION OR PROCEEDING FOR THE RESOLUTION OF ANY CONTROVERSY OR CLAIM THAT ARISES OUT OF OR RELATES TO: (A) THIS MORTGAGE; OR (B) ANY OTHER LOAN DOCUMENT, WHETHER ARISING IN CONTRACT, TORT OR BY STATUTE (INDIVIDUALLY AND COLLECTIVELY, A "CONTROVERSY OR CLAIM"); AND (2) WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY CONTROVERSY OR CLAIM TO THE EXTENT SUCH RIGHT EXISTS NOW OR IN THE FUTURE. THE PROVISIONS OF THIS SECTION ARE GIVEN KNOWINGLY AND VOLUNTARILY AND ARE A MATERIAL INDUCEMENT FOR MORTGAGEE ENTERING INTO THE NOTE AND OTHER LOAN DOCUMENTS.**

**<u>PURSUANT TO IDAHO STATUTES § 9-505(5), A PROMISE OR COMMITMENT TO LEND MONEY OR TO GRANT OR EXTEND CREDIT IN AN ORIGINAL PRINCIPAL AMOUNT OF FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) OR MORE, MADE BY A PERSON OR ENTITY ENGAGED IN THE BUSINESS OF LENDING MONEY OR EXTENDING CREDIT, MUST BE IN WRITING TO BE LEGALLY BINDING UPON SUCH PERSON OR ENTITY.</u>**

**This Security Instrument and the rights and obligations evidenced hereby are subordinate to the payment in full of the obligations owing to the Senior Loan Agent as described in and pursuant to the terms of that certain Intercreditor and Subordination Agreement dated as of October ___, 2022 between Rabo AgriFinance LLC, as Senior Loan Agent, and Conterra Agricultural Capital, LLC; and each holder of this Note, by its acceptance hereof, shall be bound by the provisions of that Subordination Agreement.**

Grantor is executing this mortgage effective as of the day and year first written above.

**<u>GRANTOR:</u>**

<u>Address for all notices</u>:
471 North 300
West Jerome, Idaho 83338

MILLENKAMP PROPERTIES II LLC

By:   Millenkamp Family LLC
an Idaho limited liability company
its sole member

By: _____
WILLIAM J. MILLENKAMP
Manager

_____
WILLIAM JOHN MILLENKAMP

*[Mortgage Signature Pages]*

EXHIBIT 5                    Page 152 of 300

SUSAN JO MILLENKAMP

EAST VALLEY CATTLE, LLC,
an Idaho limited liability company

By: _____
WILLIAM J. MILLENKAMP
Manager

IDAHO JERSEY GIRLS JEROME DAIRY LLC,
an Idaho limited liability company

By: _____
WILLIAM J. MILLENKAMP
Manager

IDAHO JERSEY GIRLS LLC,
an Idaho limited liability company

By: _____
WILLIAM J. MILLENKAMP
Manager

GOOSE RANCH LLC,
an Idaho limited liability company

By:   Millenkamp Family LLC
      an Idaho limited liability company
      its sole member

      By: _____
      WILLIAM J. MILLENKAMP
      Manager

*[Mortgage Signature Pages]*

EXHIBIT 5                    Page 153 of 300

MILLENKAMP PROPERTIES, L.L.C.,
an Idaho limited liability company

By:    Millenkamp Family LLC
       an Idaho limited liability company
       its sole member

       By: _____
           WILLIAM J. MILLENKAMP,
           Manager


MILLENKAMP CATTLE, INC.,
an Idaho corporation

By: _____
    WILLIAM J. MILLENKAMP
    President

By: _____
    SUSAN J. MILLENKAMP
    Secretary


MILLENKAMP FAMILY LLC,
an Idaho limited liability company

By: _____
    WILLIAM J. MILLENKAMP
    Manager


*[Mortgage Signature Pages]*

EXHIBIT 5                          Page 154 of 300

[ACKNOWLEDGEMENTS OF MORTGAGE]

STATE OF IDAHO          )
                                          )ss.
COUNTY OF _Jerome_    )

This record was acknowledged before me on ___Oct   14_, 2022 by WILLIAM JOHN MILLENKAMP.

> LAURY LAMB
> Commission #41905
> Notary Public
> State of Idaho
> My Commission Expires: 04/02/28

_Laury Lamb_
Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO          )
                                          )ss.
COUNTY OF _Jerome_    )

This record was acknowledged before me on ___Oct   14_, 2022, by SUSAN JO MILLENKAMP.

> LAURY LAMB
> Commission #41905
> Notary Public
> State of Idaho
> My Commission Expires: 04/02/28

_Laury Lamb_
Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO          )
                                          )ss.
COUNTY OF _Jerome_    )

This record was acknowledged before me on ___Oct   14_, 2022, by  WILLIAM J. MILLENKAMP as the Member/Manager of East Valley Cattle, LLC, an Idaho limited liability company.

> LAURY LAMB
> Commission #41905
> Notary Public
> State of Idaho
> My Commission Expires: 04/02/28

_Laury Lamb_
Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

**[*Acknowledgement pages continued*]**

[*Mortgage Signature Pages*]

EXHIBIT 5                    Page 155 of 300

STATE OF IDAHO                          )
                                        )ss.
COUNTY OF _Jerome_                      )

     This record was acknowledged before me on _Oct 14_, 2022, by WILLIAM J. MILLENKAMP the Manager of Idaho Jersey Girls Jerome Dairy LLC, an Idaho limited liability company.

> LAURY LAMB
> Commission #41905
> Notary Public
> State of Idaho
> My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO                          )
                                        )ss.
COUNTY OF _Jerome_                      )

     This record was acknowledged before me on _Oct 14_, 2022, by WILLIAM J. MILLENKAMP the Manager of Idaho Jersey Girls LLC, an Idaho limited liability company.

> LAURY LAMB
> Commission #41905
> Notary Public
> State of Idaho
> My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

STATE OF IDAHO                          )
                                        )ss.
COUNTY OF _Jerome_                      )

     This record was acknowledged before me on _Oct 14_, 2022, by William J. Millenkamp, as the Manager of Millenkamp Family LLC, the sole Member of Goose Ranch LLC, an Idaho limited liability company.

> LAURY LAMB
> Commission #41905
> Notary Public
> State of Idaho
> My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

*[Acknowledgement pages continued]*

*[Mortgage Signature Pages]*

EXHIBIT 5                          Page 156 of 300

STATE OF IDAHO                    )
                                 )ss.
COUNTY OF _Jerome_               )

     This record was acknowledged before me on ___Oct 14___, 2022, by William J. Millenkamp, as Manager of Millenkamp Family LLC, an Idaho limited liability company, the sole Member of Millenkamp Properties, L.L.C., an Idaho limited liability company.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
My commission exp 04/02/2028

STATE OF IDAHO                    )
                                 )ss.
COUNTY OF _Jerome_               )

     This record was acknowledged before me on ___Oct 14___, 2022, by William J. Millenkamp, as Manager of Millenkamp Family LLC, an Idaho limited liability company, the sole Member of Millenkamp Properties II LLC, an Idaho limited liability company.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
My commission Expires 04/02/2028

STATE OF IDAHO                    )
                                 )ss.
COUNTY OF _Jerome_               )

     This record was acknowledged before me on ___Oct 14___, 2022, by WILLIAM J. MILLENKAMP, the President of Millenkamp Cattle, Inc.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

Notary Public for Idaho
Printed Name: _Laury Lamb_
Commission Expires: _04/02/2028_

[*Acknowledgement pages continued*]

[*Mortgage Signature Pages*]

EXHIBIT 5                    Page 157 of 300

STATE OF IDAHO                              )
                                           )ss.
COUNTY OF _Jerome_____                     )

  This record was acknowledged before me on ____Oct 14___, 2022, by SUSAN J.
MILLENKAMP, the Secretary of Millenkamp Cattle, Inc.

LAURY LAMB
COMMISSION #41905
NOTARY PUBLIC
STATE OF IDAHO

_Laury Lamb_____
Notary Public for Idaho
Printed Name: _Laury Lamb_____
Commission Expires: _04/02/2028___


STATE OF IDAHO                              )
                                           )ss.
COUNTY OF _Jerome_____                     )

  This record was acknowledged before me on ____Oct 14___, 2022, by WILLIAM J.
MILLENKAMP, the Manager of Millenkamp Family LLC.

LAURY LAMB
Commission #41905
Notary Public
State of Idaho
My Commission Expires: 04/02/28

_Laury Lamb_____
Notary Public for Idaho
Printed Name: _Laury Lamb_____
Commission Expires: _04/02/2028___


*[Mortgage Signature Pages]*

EXHIBIT 5       Page 158 of 300

**<u>EXHIBIT A</u>**

Millenkamp

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

**Legal Description of Real Estate**

EXHIBIT 5                    Page 159 of 300

## Exhibit A

TRACT A - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          SW¼SE¼

Section 12:         NW¼NE¼

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          NW¼SE¼

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          Lots 1, 2, 3, and 4, S½NW¼, NE¼SE¼, S½NE¼

Section 2:          Lots 1 and 2, S½NE¼

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:         W½

Section 35:         E½ EXCEPTING THEREFROM:

Beginning at a point which is 25 feet West and 20 feet North of the Southeast corner of said Section 35;
Thence West 100 feet;
Thence North 100 feet;
Thence East 100 feet;
Thence South 100 feet to the Point of Beginning.

ALSO EXCEPTING the following described tract:

Part of the SW¼SE¼, more particularly described as follows:

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;

EXHIBIT 5                                    Page 160 of 300

Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          N½, EXCEPT the following described tract:

Beginning at the Northwest corner and running thence East 250 feet;
Thence South 174 feet;
Thence West 250 feet;
Thence North 174 feet to the Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 6:          Lots 1, 2, 3 and 4

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:          SW¼

PARCEL NO. 8:
A 30 foot wide Pipeline Easement as created by Warranty Deed recorded May 15, 1992 as Instrument No. 219021, records of Cassia County, Idaho, located in the SE¼ of said Section 31 of Township 11 South, Range 28 East of the Boise Meridian, Cassia County, State of Idaho, more particularly described as follows:

Beginning at the Southeast corner of said Section 31, said corner marked by a U.S. General Land Office pipe with brass cap; thence North 88°41'16" West along section line for 36.14 feet to the Point of Beginning;
Thence North 88°41'16" West along section line for 30.00 feet to a point;
Thence North 1°18'44" East for 46.48 feet to a point;
Thence North 44°29'16" West for 1841.47 feet to a point;
Thence North 88°31'26" West for 1211.50 feet to a point on the West line of the SE¼;
Thence North 0°18'45" East along the West line of the SE¼ for 30.00 feet to a point;
Thence South 88°31'26" East for 1224.24 feet to a point;
Thence South 44°29'16" East for 1866.27 feet to a point;
Thence South 1°18'44" West for 59.16 feet to the Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          Part of the SW¼SE¼, more particularly described as follows:

EXHIBIT 5                              Page 161 of 300

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;
Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 10:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 13:        ALL

PARCEL NO. 11:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:        E½

Section 26:        NW¼ and E½, EXCEPT a part of the SE¼SE¼, described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

Section 27:        NE¼

PARCEL NO. 12:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 27:        SW¼

PARCEL NO. 13:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                              Page 162 of 300

Section 27:        NW¼ and SE¼

PARCEL NO. 14:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        S½ EXCEPTING THEREFROM the following described tract of land:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence running East along the centerline of said Section 35 to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said Section 35 to the West boundary line thereof;
Thence North along said West boundary line of said Section 35 for 24 feet to the Point of Beginning.

PARCEL NO. 15:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        N½

PARCEL NO. 16:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        ALL

PARCEL NO. 17:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:        Part of the SW¼NW¼ of said Section 31, more particularly described as follows:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with brass cap; thence South 0°06'00" West along section line for 1919.63 feet to the POINT OF BEGINNING;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 18:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        N½

Section 3:        N½

PARCEL NO. 19:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                Page 163 of 300

Section 4:          NE¼ (Lots 1 and 2 and the S½NE¼)

PARCEL NO. 20:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:          N½ and SE¼, EXCEPT the following described tract:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with brass cap; Thence South 0°06'00" West along section line for 1919.63 feet to the Point of Beginning;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 21:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 32:          W½

PARCEL NO. 22:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:          SW¼

PARCEL NO. 23:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          The North 24 feet of the S½ of said Section 35, more particularly described as follows:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence East along the centerline of the said section to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said section to the West boundary line of said section;
Thence North 24 feet to the Point of Beginning.

PARCEL NO. 24:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 34:          ALL

PARCEL NO. 25:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                              Page 164 of 300

Section 26:          Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

PARCEL NO. 26:
An access easement for the benefit of Parcel No. 25 as conveyed by Quitclaim Deed between the Hunsaker Family Partnership, a Limited Partnership, and Reginald Hunsaker and Ruth J. Hunsaker, husband and wife, individually, Grantors, and Jack M. Hunsaker and Bonita P. Hunsaker, Grantees, dated August 10, 1983 and recorded August 12, 1983 as Instrument No. 154185 on Film No. 139, records of Cassia County, more particularly described as follows:

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:          Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26, said point marked by a U.S. Government Brass Cap which shall be the Point of Beginning;
Thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar;
Thence North 41°26'14" West for 33.36 feet to a point;
Thence South 89°59' East for 466.09 feet to a point on section line;
Thence South 0°21' West along said section line for 25.0 feet to the Point of Beginning.

PARCEL NO. 27:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:          W½

TRACT B - CASSIA COUNTY:

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:          All, EXCEPT the N½NW¼NW¼ and N½NE¼NW¼ of Section 10:

                     ALSO EXCEPTING the following described tracts:

                     Tract No. 1:

EXHIBIT 5                    Page 165 of 300

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.

Tract No. 2:

Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning;
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.

Section 11:   Beginning at a point on the North line of Section 11, said point being 1760.7 feet West of the Northeast corner of said Section 11;
Thence at right angles South 489.7 feet;
Thence North 88°40' West 671.9 feet;
Thence South 9°34' East 160.7 feet;
Thence North 85°59' West 1253.6 feet;
Thence South 6°47' West 953.6 feet;
Thence South 4°37' West 1661.7 feet;
Thence South 89°37' West 1307.8 feet more or less to the West line;
Thence North 0°21' East along the West line 3156.8 feet, more or less to the Northwest corner;
Thence East along said North line 3430.4 feet, more or less to the Point of Beginning.

Section 14:   Beginning at the Southwest corner of Section 14;
Thence South 89°26' East along the South line 1535.1 feet;
Thence North 19°49' West 4452.0 feet more or less to the West line;
Thence South 0°21' West 4173.0 feet more or less to the Point of Beginning.

Section 15:   All

Section 16:   S½ and the NW¼

Section 17:   SE¼SE¼

PARCEL NO. 2:
A water pipeline easement as conveyed by Warranty Deed from Raft River Ranches, Inc., a corporation to Preston R. Allen and Roland R. Allen, dated October 21, 1976 and recorded December 1, 1976 as Instrument No. 94693 on Film No. 105, records of Cassia County, Idaho, described as follows:

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 14:   An easement 60 feet wide being 30 feet left and 30 feet right of the following described line:

Beginning at a point on the East line of said Section 14, said point being 1637 feet North of the Southeast corner of Section 14;

EXHIBIT 5            Page 166 of 300

Thence North 67°24' West 5694 feet more or less to the West line of Section 14, said point being North 0°21' West 3773 feet from the Southwest corner of Section 14.

Section 22:        An easement 60 feet wide being adjacent to and 60 feet right of the following described line:

Beginning at the North quarter corner of said Section 22;
Thence South along the Meridianal centerline of Section 22 for a distance of 2500 feet;
Thence at right angles West 154 feet.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        SW¼, W½SE¼, S½NW¼, EXCEPTING that part of the NW¼ described as follows:

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on center line of Yale Road; Thence South 57°36' West for 2,040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

AND ALSO EXCEPT the portion deeded to the Burley Highway District for highway purposes, as disclosed by Warranty Deed, dated July 28, 2005 and recorded September 20, 2007 as Instrument No. 2007-318339, records of Cassia County, Idaho.

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        W½, EXCEPTING that part of the NW¼NW¼ described as follows:

Beginning at the Northwest corner of the NW¼NW¼;
Thence South 1599 feet;
Thence North 59°02' East 324 feet;
Thence North 28°10' East 1195 feet;
Thence North 25°56' West 294 feet;
Thence North 87° West 530 feet more or less to the Point of Beginning.

Section 3:        E½, EXCEPTING that portion thereof that lies North of a line running as follows:

Beginning at the South Quarter section corner;
Thence North 1320 feet;
Thence North 42°38' East 1056 feet;
Thence North 69°26' East 1231.5 feet;
Thence North 19°42' East 924 feet;
Thence North 59°02' East 541 feet more or less to the East boundary of said Section 3.

Section 9:        All, EXCEPTING THEREFROM the following described tracts:

                Tract No. 1:
Beginning at a point in the Northeast corner of NE¼NE¼;

EXHIBIT 5                                   Page 167 of 300

Thence due South along section line 250 feet;
Thence due West 1550 feet;
Thence due North 250 feet;
Thence due East along section line to the Point of Beginning.

        Tract No. 2:
Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office Pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar on section line;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.

        Tract No. 3:
Beginning at the Northeast corner of said Section 9, said corner marked by a 5/8 inch rebar; Thence South 00°11'27" East (South rec.) along the East section line for a distance of 250.00 feet to the Point of Beginning;
Thence South 00°11'27" East continuing along said line for a distance of 191.53 feet;
Thence South 86°39'00" West for a distance of 37.48 feet to a ½ inch rebar;
Thence South 86°39'00" West for a distance of 1614.99 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 294.52 feet to a ½ inch rebar;
Thence North 89°46'36" West for a distance of 1401.98 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 224.97 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 25.00 feet to the North section line;
Thence South 89°46'51" East along said line for a distance of 399.52 feet to the North ¼ section corner marked by a 5/8 inch rebar;
Thence South 89°46'36" East along the North section line for a distance of 1102.45 feet;
Thence South 00°11'27" East (South rec.) for a distance of 25.00 feet to a ½ inch rebar;
Thence South 00°11'27" East (South rec.) for a distance of 225.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 1525.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 25.00 feet to the Point of Beginning.

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:       Part of the NW¼, more particularly described as follows:

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning:
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:       Part of the NE¼, more particularly described as follows:

Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning:
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the NE¼NW¼, more particularly described as follows:

Beginning at the Northwest corner of the NE¼ of said Section 10; Thence South 89°55' West along section line of said Section 10 for 208.72 feet to a point; Thence South 0°05' East for 52.0 feet to the True Point of Beginning;
Thence South 0°05' East for 290.4 feet to a point;
Thence South 89°55' West for 150.0 feet to a point;
Thence North 0°05' West for 290.4 feet to a point;
Thence North 89°55' East for 150.0 feet to the True Point of Beginning.

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the N½NE¼NW¼, more particularly described as follows:

Beginning at the N¼ section corner of said Section 10, said corner marked by a U.S. GLO iron pipe with brass cap which shall be the Point of Beginning:
Thence South 00°07'39" East along the East line of the NW¼ for a distance of 660.78 feet to a ½ inch rebar at the Southeast corner of the N½NE¼NW¼;
Thence South 89°55'40" West along the South line of the N½NE¼NW¼ for a distance of418.04 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 607.86 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 52.97 feet to the North line of Section 10;
Thence North 89°56'00" East along said line for a distance of 418.04 feet to the Point of Beginning;

EXCEPTING THEREFROM, the following described parcel:

Beginning at the N¼ corner of said Section 10; Thence South 89°56'00" West (South 89°55' West, rec.) along the North section line for a distance of 208.72 feet; Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 52.00 feet to a point which shall be the Point of Beginning:
Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 290.40 feet;
Thence South 89°56'00" West (South 89°55' West, rec.) for a distance of 150.00 feet;
Thence North 00°04'00" West (North 00°05' West, rec.) for a distance of 290.40 feet;
Thence North 89°56'00" East (North 89°55' East, rec.) for a distance of 150.00 feet to the Point of Beginning.

PARCEL NO. 8:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        Part of the NW¼, more particularly described as follows:

EXHIBIT 5                              Page 169 of 300

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on the centerline of Yale Road; Thence South 57°36' West for 2040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 9:          Part of the NW¼NW¼ of said Section 9 more particularly described as follows:

Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.


TRACT C - CASSIA COUNTY

TOWNSHIP 9 SOUTH, RANGE 25 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:          All of Lots 2, 3, 4, SE¼SW¼ and S½SE¼, SAVE AND EXCEPT the following described parcel:

Beginning at a BLM brass cap at the Southeast section corner of said Section 2;
Thence South 89°54' West for 329.82 feet;
Thence North 986.08 feet;
Thence North 44°27' West for 467.29 feet to a BLM brass cap;
Thence North 89°53' East 656.7 feet;
Thence South 1320 feet to the True Point of Beginning.

Section 3:          Lot 2

Section 10:          W½NE¼, NE¼NW¼ (also designated as Lot 1) and SE¼NW¼ EXCEPTING THEREFROM the following described parcel:

A strip of land 50 feet in width, lying 25 feet on each side of the following described line:

Beginning at a point on the North and South Center line of said Section 10, 2603 feet South of the Northwest corner of the Northeast Quarter of said Section 10;
Thence North 87°20' West 890 feet;
Thence North 89°25' West 430 feet.

Section 11:          NW¼

TRACT D - JEROME COUNTY

EXHIBIT 5                    Page 170 of 300

PARCEL NO. 1:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 27:        NW¼NW¼; SW¼NW¼

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        SE¼, EXCEPTING THEREFROM the South 25 feet of the S½SE¼ for public highway right-of-way
by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome County
records.

Section 33:        N½NE¼, EXCEPTING THEREFROM the North 25 feet of the N½NE¼ for public highway right-of-
way by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome
County records.

PARCEL NO. 3:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        SE¼NE¼

                EXCEPTING THEREFROM a parcel of land located in the SE¼NE¼, described as follows:

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the
POINT OF BEGINNING;
Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;
Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a
5/8 inch rebar;
Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a
½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet
to a ½-inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet
to a ½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to
a ½ inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet
to the intersection with the East line of the SE¼NE¼ of Section 28;
Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to
the POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the SE¼NE¼, more particularly described as follows:

EXHIBIT 5                    Page 171 of 300

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the POINT OF BEGINNING;

Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;

Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a 5/8 inch rebar;

Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet to a ½-inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to a ½ inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet to the intersection with the East line of the SE¼NE¼ of Section 28;

Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to the POINT OF BEGINNING.

PARCEL NO.  5:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        SW¼NE¼;

PARCEL NO. 6:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        NW¼NE¼, EXCEPTING THEREFROM that portion lying North and West of the North Side Canal Company lateral.

PARCEL NO. 7:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        E½NW¼, NW¼NW¼, SW¼NW¼, EXCEPTING THEREFROM the South 10 Acres;

ALSO EXCEPTING THEREFROM that part of the SW¼NW¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 0°23'30" East along the West boundary of said Section 28, 1761.83 feet to the TRUE POINT OF BEGINNING;
Thence South 36°14'06" East, 457.64 feet;
Thence South 38°11'57" East, 170.68 feet;
Thence South 45°28'11" East, 64.61 feet;
Thence North 89°52'42" West, 418.37 feet to the West boundary of said Section 28;
Thence North 0°23'30" West along the West boundary of said Section 28, 547.70 feet to the TRUE POINT OF BEGINNING.

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5                  Page 172 of 300

JEROME COUNTY, IDAHO

Section 28:          That portion of the NW¼NE¼ lying North and West of the North Side Canal Company lateral.

                    EXCEPTING THEREFROM that part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet, to the Northwest corner of
the NW¼NE¼, said point being the TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to the TRUE POINT OF
BEGINNING.

PARCEL NO. 8:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:          Portion of the SW¼NW¼, described as follows:

Commencing at the Southwest corner of the SW¼NW¼ of said Section;
Thence South 89°53'08" East, along the South line of the SW¼NW¼ of said Section, 1017.36 feet to the TRUE
POINT OF BEGINNING;
Thence North 66°30'17" West, 415.61 feet;
Thence North 60°28'11" West, 72.97 feet;
Thence North 52°35'55" West, 141.53 feet;
Thence North 45°28'11" West, 61.96 feet;
Thence South 89°52'42" East, 904.69 feet;
Thence South 0°23'23" East, 329.77 feet to a point on the South line of the SW¼NW¼ of said Section;
Thence North 89°53'08" West along the South line of the SW¼NW¼ of said Section, 305.69 feet to the TRUE
POINT OF BEGINNING.

PARCEL NO. 9:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:          That part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet to the Northwest corner of
the NW¼NE¼, said point being THE TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to THE TRUE POINT OF
BEGINNING.

PARCEL NO. 10:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5                    Page 173 of 300

Section 34:      E½SE¼; AND That part of the SW¼SE¼ lying South of the right of way of the U-4 lateral or coulee of the North Side Canal Company, Ltd., as located and operated over and across said land,

EXCEPTING THEREFROM the following described tracts:

Tract No. 1:
Commencing at the Southeast corner of Section 34; Thence North 89°47' West, 2033.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13'00" East, 283.88 feet to the Southerly bank (right of way) of the Northside Canal Company "U-4" Lateral;
Thence along said "U-4 Lateral South 70°46'54" West, 79.00 feet;
South 52°49'10" West, 79.35 feet;
South 45°31'07" West, 73.56 feet;
Thence departing said lateral South 4°01'42" East, 158.10 feet to the Southerly boundary of Section 34;
Thence South 89°47' East, 178.11 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 2:
Beginning at the Southeast corner of Section 34;
Thence North 89°47'00" West, 1866.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13' East, 355.00 feet to the Southerly bank of the Northside Canal Company "U-4"Lateral;
Thence South 67°08'57" West, 181.51 feet along the Southerly bank of said Lateral;
Thence South 0°13' West, 283.88 feet to the Southerly boundary of Section 34;
Thence South 89°47'00" East, 167.00 feet along said Southerly boundary to THE TRUE POINT OF BEGINNING.

Tract No. 3:
Beginning at the Southeast corner for Section 34, THE TRUE POINT OF BEGINNING;
Thence North 89°47'00" West, 672.70 feet along the Southerly boundary of Section 34;
Thence North 0°11'26" West, 451.32 feet;
Thence South 89°47'00" East, 672.70 feet to the Easterly boundary of Section 34;
Thence South 0°11'26" East, 451.32 feet along the Easterly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 4:
Beginning at a point on the south line of said SW¼SE¼, which point is 287 feet east of the Southwest corner of said SW¼SE¼;
Thence in an easterly direction along said south line 144 feet;
Thence running North 5°30' West 176 feet to the center of the U-4 lateral of the North Side Canal Co. Ltd as now constructed;
Thence Southwesterly along said centerline of said lateral 242 feet to the Point of Beginning.

PARCEL NO. 11:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:      Part of the SW¼NW¼, and Part of the NW¼SW¼, described as follows:

Commencing at a 5/8-inch iron pin with a plastic cap stamped PLS 3623 marking the Southwest corner of the Northwest ¼ of said Section 28, being also the POINT OF BEGINNING, from which an aluminum cap stamped PLS

EXHIBIT 5                    Page 174 of 300

884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears South 00°06'53" West at a distance of 2639.06 feet, and also from which a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the Northwest ¼ of said Section 28 bears North 00°05'13" East at a distance of 2639.50 feet;

Thence along the West line of the Southwest ¼ of the Northwest ¼ of said Section 28, North 00°05'13" East, a distance of 329.94 feet to the Northwest corner of the South 10 Acres of said Southwest ¼ of the Northwest ¼, being also the Southwest corner of a parcel of land described as Parcel No. 36 in a Quitclaim Deed to L&S Land Holdings LLC as recorded in the Jerome County Recorder's Office on December 31, 2008 as Instrument Number 2086830.

Thence along the North line of said 10 acres, being also the South line of said Parcel No. 36, South 89°21'43" East, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the Southeast corner of said Parcel No. 36, being also the Northwest corner of a parcel of land described as Parcel No. 2 in a Warranty Deed to William J. and Susie J. Millenkamp as recorded in the Jerome County Recorder's Office on March 2, 2005 as Instrument Number 2051133;

Thence along the Westerly line of said Parcel No. 2 the following bearings and distances;

South 45°00'52" East, a distance of 61.09 feet (North 45°28'11" West, 64.96 feet, record);

Thence South 52°06'54" East, a distance of 141.47 feet (North 52°35'55" West, 141.53 feet, record);

Thence South 59°59'23" East, a distance of 72.92 feet (North 60°28'11" West, 72.97 feet, record);

Thence South 66°01'21" East, a distance of 418.43 feet to a ½-inch iron rod with plastic cap stamped PLS 3623 marking the intersection with the South line of the Southwest ¼ of the Northwest ¼ of said Section 28 (North 66°30'17" West, 415.61 feet, record);

Thence along the South line of said Southwest ¼ of the Northwest ¼, North 89°21'54" West, a distance of 229.89 feet to the intersection with the W3 Lateral of the North Side Canal Company;

Thence along the center of said W3 Lateral the following bearings and distances;

South 33°36'43" West, a distance of 232.99 feet to the beginning of a curve tangent to said line;

Thence Southwesterly and Westerly a distance of 292.87 feet along the curve concave to the Northwest, having a radius of 338.33 feet, a central angle of 49°35'51", and being subtended by a chord that bears South 58°24'39" West 283.81 feet;

Thence South 83°12'35" West tangent to said curve, a distance of 96.35 feet to the beginning of a curve tangent to said line;

Thence Westerly, Southwesterly and Southerly a distance of 107.95 feet along the curve concave to the Southeast, having a radius of 75.00 feet, a central angle of 82°28'03", and being subtended by a chord that bears South 41°58'33" West 98.87 feet;

Thence South 00°44'31" West tangent to said curve, a distance of 201.65 feet to the beginning of a curve tangent to said line;

Thence Southerly, Southwesterly and Westerly a distance of 153.04 feet along the curve concave to the Northwest, having a radius of 110.00 feet, a central angle of 79°42'55", and being subtended by a chord that bears South 40°35'58" West 140.99 feet;

Thence South 80°27'26" West tangent to said curve, a distance of 141.62 feet;

Thence South 85°21'09" West, a distance of 24.78 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the West line of the Northwest ¼ of the Southwest ¼ of said Section 28;

Thence along the West line of said Northwest ¼ of the Southwest ¼, North 00°06'53" East, a distance of 770.52 feet to the POINT OF BEGINNING.


ALSO INCLUDED


TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO


Section 28:      Part of the SW¼NW¼, previously described as Parcel No. 36 in Quitclaim Deed from Luis M. & Sharon Bettencourt to L&S Land Holdings as recorded on December 31, 2008 as Instrument Number 2086830, now being described as follows:

EXHIBIT 5                    Page 175 of 300

Commencing at a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the West ½ of said Section 28; Thence along the West line of the Northwest ¼ of said Section 28, South 00°05'13" West, a distance of 1761.60 feet (South 00°23'30" East, 1761.83 feet, record), to a ½-inch iron pin marking the POINT OF BEGINNING.
Thence South 35°44'37" East, a distance of 457.46 feet (South 36°14'06" East, 457.64 feet, record);
Thence South 37°41'44" East, a distance of 170.64 feet (South 38°11'57" East, 170.68 feet, record);
Thence South 45°00'52" East, a distance of 65.53 feet (South 45°28'11" East, 64.61 feet, record) to the North line of the South 10 Acres of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the North line of said South 10 Acres, North 89°21'43" West, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the West line of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the West line of said Southwest ¼ of the Northwest ¼, North 00°05'13" East, a distance of 547.97 feet (North 00°23'30" West, 547.70 feet, record) to the POINT OF BEGINNING.

ALSO INCLUDED

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the NE¼SW¼, described as follows:

Commencing at a brass cap marking the Southeast corner of the Southwest ¼ of said Section 28, from which an aluminum cap stamped PLS 884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears North 89°22'57" West at a distance of 2646.57 feet; Thence along the East line of said Southwest ¼, North 00°05'51" East, a distance of 1931.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858 marking the POINT OF BEGINNING.
Thence North 39°19'22" West, a distance of 125.38 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 42°05'52" West, a distance of 294.98 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 44°25'46" West, a distance of 368.54 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 51°33'57" West, a distance of 89.01 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 72°47'53" West, a distance of 237.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 84°18'05" West, a distance of 124.52 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the North line of the Northeast ¼ of the Southwest ¼ of said Section 28;
Thence along the North line of said Northeast ¼ of the Southwest ¼, South 89°21'54" East, a distance of 957.25 feet to a 5/8-inch rebar with aluminum cap stamped PLS 9858 marking the Northeast corner of said Northeast ¼ of the Southwest ¼;
Thence along the East line of said Northeast ¼ of the Southwest ¼, South 00°05'51" West, a distance of 706.46 feet to the POINT OF BEGINNING.

TRACT E

CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        E½

JEROME COUNTY

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5                    Page 176 of 300

Section 21:      That portion of the N½SW¼, lying South of the centerline of the Northside Canal Company "W" Canal, more particularly described as follows:

Commencing at the Northwest corner of said N½SW¼; Thence South 0°07'58" East, 562.38 feet along the Westerly boundary of said N½SW¼ to the center of the Northside Canal Company "W" Canal and THE TRUE POINT OF BEGINNING;
Thence South 0°07'58" East, 758.11 feet to the Southwest corner of said N½SW¼;
Thence South 89°41'11" East, 2643.72 feet to the center of said "W" Canal;
Thence Westerly along the approximate center of said "W" Canal the following courses and distances:
Thence North 26°19'12" West, 237.37 feet;
Thence North 44°56'58" West, 199.28 feet;
Thence South 52°21'52" West, 240.71 feet;
Thence North 67°19'08" West, 646.97 feet;
Thence North 87°18'51" West, 178.79 feet;
Thence North 64°23'23" West, 203.61 feet;
Thence South 73°01'14" West, 419.96 feet;
Thence South 62°58'56" West, 355.62 feet (335.62 feet recorded);
Thence North 71°13'41" West, 561.62 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 10:      A parcel of land located in the N½NW¼, described as follows:

Commencing at the Northeast corner of the N½NW¼, which corner bears North 8°44'54" West, 213.81 feet from Station 296+20.43 of Interstate 80N, Project No. 1-80N-3(18)191 Highway Survey; Thence South 0°06'44" East along the East line of said N½NW¼, a distance of 378.42 feet to a point that bears South 9°11'09" East, 160.00 feet from Station 295+60.35 of said Highway Survey and being the REAL POINT OF BEGINNING;
Thence South 79°55'36" West, 640.33 feet to a point in a line parallel with and 170.0 feet Southerly from the centerline and opposite Station 289+20.09 of said Highway Survey;
Thence along said parallel line as follows:
Westerly along a 5899.58 foot radius curve right 1603.00 feet to a point which bears South 6°22'56" West, 170.0 feet from Station 273+63.28 of said Highway Survey;
North 83°37'04" West, 398.99 feet to a point in the West line of said N½NW¼ and bears South 6°22'56" West, 170.0 feet from the Station 269+64.29 of said Highway Survey;
Thence South 0°03'34" East along said West line 842.0 feet, more or less, to the Southwest corner of said N½NW¼;
Thence Easterly along the South line of said N½NW¼, a distance of 2640.0 feet, more or less, to the Southeast corner thereof;
Thence North 0°06'44" West along the East line of said N½NW¼ a distance of 942.0 feet, more or less, to THE REAL POINT OF BEGINNING.

           EXCEPTING THEREFROM a parcel of land described as follows:

Beginning at the North quarter corner of said Section 10; Thence South 0°04'39" West along the center section line of said Section 10 for a distance of 370.80 feet to the South right of way line of Interstate 80N, Project No. I-80N-3(18)191 and being the REAL POINT OF BEGINNING;
Thence from the REAL POINT OF BEGINNING South 0°04'39" West along the center section line of said Section 10 for a distance of 951.05 feet to the Southeast corner of the N½NW¼;
Thence North 89°58'21" West along the South line of the N½NW¼ for a distance of 233.66 feet;

EXHIBIT 5              Page 177 of 300

Thence North 0°04'39" East for a distance of 910.82 feet to the South right of way line of Interstate 80N;
Thence North 79°57'46" East along the South right of way line of Interstate 80N for a distance of 223.00 feet;
Thence North 84°56'39" East along the South right of way line of Interstate 80N for a distance of 14.19 feet to the
REAL POINT OF BEGINNING.

FURTHER EXCEPTING THEREFROM that part of the NW¼, described as follows:

Commencing at the Northwest corner of said Section 10; Thence South 0°00'13" West along the West boundary of
said Section 10 for a distance of 1073.5 feet to THE TRUE POINT OF BEGINNING;
Thence North 89°30'00" East for a distance of 210.00 feet;
Thence South 0°00'13" West parallel with the West boundary of Section 10 for a distance of 211.04 feet;
Thence South 89°30'00" West for a distance of 113.0 feet;
Thence North 84°00'00" West for a distance of 97.5 feet to a point on the West boundary of Section 10;
Thence North 0°00'13" East along the West boundary of Section 10 for a distance of 200.00 feet to THE TRUE
POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 34:       SE¼NE¼; NE¼NE¼

PARCEL NO. 5
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       NE¼NE¼, more particularly described as follows:

Beginning at the Northeast corner of said Section 28, said point being the TRUE POINT OF BEGINNING;
Thence North 89°39' West along the North boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Northwest
corner of NE¼NE¼;
Thence South 0°02' East along the West boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southwest
corner of the NE¼NE¼;
Thence South 89°39' East along the South boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southeast
corner of the NE¼NE¼;
Thence North 0°02' West along the East boundary of the NE¼NE¼, 1320.00 feet, more or less, to the TRUE POINT
OF BEGINNING.

TRACT F – JEROME COUNTY

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 29:       S½NE¼NE¼

TRACT G - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                    Page 178 of 300

Section 2:          W½SW¼

Section 3:          SE¼, E½SW¼, S½NW¼

Section 4:          All

Section 9:          SW¼

Section 10:         All

Section 11:         W½NW¼, NW¼SW¼; W½SE¼, SW¼SW¼, E½SW¼, SE¼NW¼, SW¼NE¼

Section 13:         W½, W½E½

Section 14:         All

Section 15:         All

TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:          Lots 2, 3, 4 and W½SW¼

                    SAVE AND EXCEPT, the following described property:

Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with
cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF
BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:          Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with
cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF
BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5                    Page 179 of 300

CASSIA COUNTY, IDAHO

Section 9:          E½

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          SE¼NE¼ and E½SE¼

Section 34:          Part of the SE¼SW¼ more particularly described as follows:

Beginning at the Southwest corner of the SE¼SW¼ of Section 34, the TRUE POINT OF BEGINNING;
Thence North along the West boundary of the SE¼SW¼ of Section 34 for 400 feet;
Thence East along a line parallel to the South boundary of said SE¼SW¼, Section 34 for 600 feet;
Thence South 400 feet to the South boundary of the SE¼SW¼ of Section 34;
Thence West along the South boundary of the SE¼SW¼ of Section 34 for 600 feet to the POINT OF BEGINNING.

PARCEL NO. 5:
A 25 foot easement for ingress and egress to the E½SE¼ of Section 35, Township 11 South, Range 28 East, Boise Meridian and for Section 36, Township 11 South, Range 28 East Boise Meridian, as reserved in Warranty Deed dated April 1, 1986 and recorded May 8, 1986 as Instrument No. 178224 on Film No. 180, records of Cassia County, Idaho, more particularly described as follows:

Beginning at the Southwest corner of the E½SW¼, Section 34, Township 11 South, Range 28 East Boise Meridian;
Thence East along the North boundary of Section 3, Township 12 South, Range 28 East of the Boise Meridian to a point that is 25 feet West of the Northeast corner of said Section 3;
Thence South 25 feet;
Thence East 25 feet to the East boundary of said Section 3;
Thence continuing East and 25 feet South of the North boundary of Section 2, Township 12 South, Range 28 East, Boise Meridian, to the East boundary of said Section 2;
Thence North 25 feet to the Northeast corner of said Section 2;
Thence West along the North boundary of said Section 2 to the Northwest corner of said Section 2;
Thence North 25 feet;
Thence West to the West boundary of the E½SW¼ of Section 34, Township 11 South, Range 28 East Boise Meridian;
Thence South 25 feet to the POINT OF BEGINNING.

TRACT H – TWIN FALLS COUNTY

Lots 1 through 8, inclusive, and Parcels A and B, PAULSON SUBDIVISION, Twin Falls County, Idaho, filed in Book 17 of Plats, Page 39.  Affidavit of Correction recorded September 4, 2001 as Instrument No. 2001-015902.

TRACT I – TWIN FALLS COUNTY

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:          Part of Lot 9, more particularly described as follows:

EXHIBIT 5                    Page 180 of 300

A parcel of ground located between the Southerly high water mark of the Snake River and the Northerly right-of-way line of the County Road, being part of Lot 9 in Section 9 and Lot 12 in Section 4 of Township 9 South, Range 15 East Boise Meridian, more particularly described as follows:

Beginning at the centerline of the County Road right of way as it intersects Lot 9 in Section 9, being THE TRUE POINT OF BEGINNING;
Thence Easterly along the centerline of said County Road right-of-way for a distance of 450 feet;
Thence North approximately 250 feet to the high water line of the Snake River;
Thence Southwesterly along the high water line of the Snake River to the point where the Snake River intersects the Westerly boundary of Section 9;
Thence South approximately 150 feet to the centerline of the County Road right--of-way, being THE TRUE POINT OF BEGINNING.

TRACT J – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:        Lots 10, 19 and 20


TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:        SW¼SW¼

SAVE AND EXCEPT a parcel of land located in Government Lot 22, more particularly described as follows:

Commencing at the Southwest Section corner of said Section 5 from which the S¼ corner of said Section 5 bears South 89°21'06" East, 2671.89 feet, said Southwest section corner of Section 5 being THE TRUE POINT OF BEGINNING;
Thence North 00°20'00" East along the West boundary of said Government Lot 22 for a distance of 168.01 feet;
Thence South 89°40'00" East for a distance of 11.75 feet to a point on the Southerly rim of the Snake River;
Thence along the Southerly rim of the Snake River on the following courses:
North 43°15'43" East, 23.49 feet;
South 81°49'29" East, 150.08 feet;
North 85°23'40" East, 128.99 feet;
South 87°20'13" East, 89.08 feet;
North 68°53'37" East, 45.37 feet;
Thence South 28°37'14" West for a distance of 216.48 feet to a point on the South boundary of said Government Lot 22;
Thence North 89°21'06" West along the South boundary of said Government Lot 22 for a distance of 333.58 feet to the Southwest section corner of said Section 5 and being THE TRUE POINT OF BEGINNING.

SUBJECT TO:
1.  A 25.00 foot wide county road easement along the South and West boundaries of the before described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

EXHIBIT 5              Page 181 of 300

Section 8:        Lots 2, 4, 5 and the NE¼NW¼


TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 8:        Part of Government Lot 1, more particularly described as follows:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly boundary of Section 8 to the Northeast corner of Government Lot 1; Thence North 41°45'07" West, 612.36 feet along the boundaries of Government Lots 1 and 4 to Angle Point 4; Thence North 52°52'21" West, 493.46 feet along said boundary between Government Lots 1 and 4 to an existing fence and THE TRUE POINT OF BEGINNING;
Thence North 52°52'21" West, 152.02 feet along said boundary between Lots to Angle Point Number 3;
Thence North 68°55'21" West, 456.73 feet along said boundary to the Northwest corner of Government Lot 1;
Thence South 0°52'44" East, 272.78 feet along the Westerly boundary of Government Lot 1 to an existing fence corner;
Thence North 88°14'05" East, 543.45 feet along said fence to the Easterly boundary of Government Lot 1 and THE TRUE POINT OF BEGINNING.


SAVE AND EXCEPT the following described:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly boundary of Section 8 to the Southeast corner to Government Lot 4 and THE TRUE POINT OF BEGINNING;
Thence North 0°52'21" West, 724.23 feet along the Easterly boundary of Section 8 to an existing fence corner;
Thence North 84°01'11" West, 407.11 feet along the existing fence;
Thence South 88°14'05" West, 385.47 feet along said fence to the Southwesterly boundary of Government Lot 4;
Thence South 52°52'21" East, 493.46 feet along the Southwesterly boundary of Government Lot 4 to Angle Point Number 4;
Thence South 41°45'07" East, 612.36 feet along the Southwesterly boundary of said Government Lot 4 to THE TRUE POINT OF BEGINNING.

TRACT K – TWIN FALLS COUNTY

Part of Lots 7, 8, 9, 11, 12, 13 and 14, of Section 9, Township 9 South, Range 15 East Boise Meridian, and part of Lot 12 of Section 4, Township 9 South, Range 15 East Boise Meridian, Twin Falls County, Idaho, more particularly described as follows:

Beginning at the Meander corner on the South bank of the Snake River lying on the section line common to Sections 9 and 10 of Township 9 South, Range 15 East Boise Meridian, said corner being marked by a U.S. General Land Office pipe with brass cap; Thence South 00°10'20" West along the Section line common to Sections 9 and 10 for 427.10 feet to a point on the North side of the Upper Brandon Ditch which shall be THE POINT OF BEGINNING;
Thence South 00°10'20" West along section line for 433.61 feet to a ½ inch rebar on the South rim of the Snake River Canyon;
Thence North 76°23'56" West (North 76°25' West rec.) along said canyon rim for 223.07 feet (223 feet rec.) to a ½ inch rebar;
Thence North 70°29'12" West (North 70°40' West rec.) along said canyon rim for 159.73 feet (160 feet rec.) to a ½ inch rebar;
Thence North 74°43'47" West (North 75°02' West rec.) along said canyon rim for 584.51 feet (585 feet rec.) to a point;

EXHIBIT 5                          Page 182 of 300

Thence South 87°33'41" West (South 87°16' West rec.) along said canyon rim for 676.63 feet (677 feet rec.) to a point;

Thence North 81°38'59" West (North 81°57' West rec.) along said canyon rim for 853.57 feet (854 feet rec.) to a point;

Thence South 81°00'27" West (South 80°43' West rec.) along said canyon rim for 780.55 feet (781 feet rec.) to a point;

Thence North 77°19'51" West (North 77°38' West rec.) along said canyon rim for 731.66 feet (732 feet rec.) to a point;

Thence North 21°59'03" West (North 22°18' West rec.) along said canyon rim for 340.01 feet (340 feet rec.) to a point;

Thence North 86°24'08" West (North 86°42' West rec.) along said canyon rim for 384.80 feet (385 feet rec.) to a point;

Thence North 61°45'47" West (North 62°07' West rec.) along said canyon rim for 134.92 feet to a ½ inch rebar at the Southeast corner of that property as deeded to Frank Strobel by Warranty Deed recorded 6 Oct. 1978, as Instrument No. 745567;

Thence North 00°41'23" West (North 00°55'00" West rec.) along the East line of the Strobel property for 1184.54 feet (1184.61 feet rec.) to a ½ inch rebar on the centerline of a county road also being the South line of the property as deeded to Associated McCullough Enterprises by Warranty Deed recorded 10 Oct. 1986 as Instrument No. 910242;

Thence on a curve to the left on the centerline of said county road Associated McCullough Enterprises property line for 440.12 feet to a point, said curve having a central angle of 8°09'06" and a radius of 3093.47 feet with a long chord bearing of North 69°54'35" East (North 69°40'43" East rec.) for a distance of 439.75 feet from the previous point;

Thence North 65°50'02" East (North 65°36'10" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 573.60 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 346.23 feet to a point, said curve having a central angle of 39°40'28" and a radius of 500.00 feet with a long chord bearing of North 85°40'15" East for a distance of 339.35 feet from the previous point;

Thence South 74°29'30" East (South 74°43'22" East rec.) along the center line of said county road/Associated McCullough Enterprises property line for 267.72 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 238.60 feet to a point, said curve having a central angle of 13°40'16" and a radius of 1000.00 feet with a long chord bearing of South 67°39'22" East (South 67°53'13" East rec.) for a distance of 238.04 feet from the previous point;

Thence South 60°49'13" East (South 61°03'05" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 54.35 feet to a point on the section line common to Sections 4 and 9;

Thence South 89°47'46" East (South 89°58'22" East rec.) along said section line for 55.16 feet to a meander corner on the South bank of the Snake River, said corner being marked by a U.S. General Land Office pipe with brass cap;

Thence South 69°09'42" East along the high water line of the Snake River for 107.56 feet to a point;

Thence South 36°50'03" East along said high water line for 324.38 feet to a point;

Thence South 28°01'36" East along said high water line for 188.40 feet to a point;

Thence South 71°51'23" East along said high water line for 266.27 feet to a point;

Thence South 85°01'19" East along said high water line for 128.00 feet to a point;

Thence South 77°56'56" East along said high water line for 186.93 feet to a point;

Thence South 70°15'54" East along said high water line for 277.05 feet to a point;

Thence South 3°16'00" West (South 2°49'21" West rec.) for 57.04 feet to a point on the North line of that property as deeded to William S. Slaughenhauft by Warranty Deed recorded 6 June 1975 as Instrument No. 681182;

Thence North 68°21'57" West (North 68°43' West rec.) along the North line of the Slaughenhauft property for 136.00 feet to a point;

Thence on a curve to the left along the North line of the Slaughenhauft property for 35.00 feet to a ½ inch rebar, said curve having a central angle of 2°03'24.4" and a radius of 975.00 feet with a long chord bearing of North 69°23'39" West (North 69°44'42" West rec.) for a distance of 34.99 feet from the previous point;

EXHIBIT 5                    Page 183 of 300

Thence South 13°17'28" West (South 12°56'25" West rec.) along the West line of the Slaughenhauft property for 266.15 feet (266.10 feet rec.) to a ½ inch rebar on the South side of an irrigation ditch known as the Lower Brandon Ditch, said point also being the Northwest corner of that property as deeded to Philip Smith by Warranty Deed recorded 6 Nov. 1978, as Instrument No. 613816;

Thence South 23°03'03" West (South 22°42' West rec.) along the West line of the Smith property for 429.47 feet to a ½ inch rebar on the North side of the Upper Brandon Ditch;

Thence North 85°47'05" East (North 85°23' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 240.50 feet (240.0 feet rec.) to a point;

Thence South 46°41'06" East (South 47°03' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 197.00 feet to a point;

Thence South 65°36'54" East (North 65°15' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 93.80 feet to a point;

Thence North 88°11'54" East (North 87°50' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 446.20 feet to a point;

Thence South 68°30'06" East (South 68°52' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 224.60 feet to a point;

Thence South 69°48'06" East (South 70°10' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 417.00 feet to a point;

Thence South 70°34'06" East (South 70°56' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 420.00 feet to THE POINT OF BEGINNING.

SUBJECT TO an existing county road right of way along the Northern most line of the above described property being noted in the description as road centerline.

TRACT L – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 1573.95 feet along the West boundary of said Section 9 to the Southwest corner of said parcel of land and being the REAL POINT OF BEGINNING;
Thence, North 00°54'26" West 783.01 feet along said West boundary to a point on the centerline of River Road (County Road);
Thence, South 86°36'57" East 369.14 feet along said centerline;
Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51", an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline;
Thence, leaving said centerline, South 25°41'20" West 188.46 feet;
Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of official records, in said office of the county recorder of Twin Falls County;
Thence, North 70°15'00" West 439.41 feet along said Northeasterly boundary to said REAL POINT OF BEGINNING.

EXHIBIT 5                              Page 184 of 300

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 2356.96 feet along said West boundary to a point on the centerline of River Road (County Road); Thence, South 86°36'57" East 369.14 feet along said centerline;
Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51"; an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline and being the REAL POINT OF BEGINNING;
Thence, leaving said centerline, South 25°41'20" West 188.46 feet;
Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of official records, in the office of the county recorder of Twin Falls County;
Thence, South 70°15'00" East 297.66 feet along said Northeasterly boundary;
Thence, continuing along said Northeasterly boundary, South 62°07'00" East 7.41 feet to the Southeast corner of said parcel of land;
Thence, North 00°55'00" West 1041.23 feet along the East boundary of said parcel of land to a point on said centerline of River Road;
Thence, along the arc of a non-tangent 1156.07 foot radius curve to the right, through a central angle of 10°01'48", an arc distance of 202.38 feet and a chord distance of 202.12 feet that bears South 82°03'18" West along said centerline to said REAL POINT OF BEGINNING.

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

TRACT NO. M – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 17:        A parcel of land located in a portion of N½NE¼ and SW¼NE¼, being more particularly described as follows:

Commencing at the North quarter corner of Section 17 and being THE REAL POINT OF BEGINNING;
Thence South 89°13'29" East, 2666.01 feet to the Northeast corner of Section 17;
Thence South 00°36'24" East, 1021.06 feet along the East boundary of Section 17;
Thence North 89°22'41" West, 700.00 feet;
Thence South 00°36'24" East, 300.00 feet to a point in the South boundary of NE¼NE¼, Section 17;
Thence North 89°22'41" West, 633.33 feet to the Northeast corner of SW¼NE¼, Section 17;
Thence South 00°35'19" East, 732.86 feet along the East boundary of SW¼NE¼, Section 17;

EXHIBIT 5                 Page 185 of 300

Thence North 89°45'41" West, 296.45 feet (shown of record to be 285.9 feet) along the Southerly boundary of that parcel of land described in Deed Instrument No. 840798;

Thence North 30°40'41" West, 288.06 feet along said boundary;

Thence South 59°19'19" West, 51.25 feet along said boundary to the center of a concrete headgate spillway mentioned in said Deed Instrument No. 840798;

Thence along the spillway ditch mentioned in said Deed Instrument as follows:

North 59°30'03" West, 21.92 feet;

North 43°49'26" West, 37.21 feet;

North 37°12'27" West, 43.12 feet;

North 54°06'58" West, 164.97 feet;

North 53°53'37" West, 113.31 feet;

North 53°08'10" West, 250.16 feet;

North 47°43'30" West, 52.14 feet;

North 50°09'39" West, 67.78 feet;

North 57°46'28" West, 18.15 feet;

North 74°23'53" West, 19.55 feet;

North 80°13'05" West, 18.06 feet;

North 89°26'44" West, 214.21 feet to a point on the West boundary of NE¼, Section 17;

Thence North 00°34'15" West, 40.03 feet to the Southwest corner of NW¼NE¼, Section 17;

Thence North 00°34'15" West, 1328.18 feet along the West boundary of said NW¼NE¼, to THE REAL POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:          Part of the W½, more particularly described as follows:

Beginning at the Southwest corner of said Section;

Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9;

Thence North 00°05'48" West, 380.00 feet;

Thence North 89°54'12" East, 567.06 feet;

Thence South 01°56'02" East, 380.20 feet to the South boundary of Section 9;

Thence North 89°54'12" East, 1,216.54 feet to the South quarter corner of Section 9;

Thence North 00°25'31" West, 2,384.42 feet;

Thence South 89°09'26" West, 75.00 feet to the Southwest corner of Tract No. 7 as shown on the survey recorded in Book 28, Page 1589 as Instrument No. 713365, records of Twin Falls County, Idaho;

Thence South 00°25'31" East, 342.23 feet;

Thence along a curve left:
Delta - 76°48'26"
Radius - 1,355.74 feet
Arc - 1,817.42 feet
Chord - 1,684.36 feet
Long Chord Bearing - North 53°43'40" West;

Thence along a curve right:
Delta - 28°36'58"
Radius - 500.00 feet
Arc - 249.72 feet
Chord - 249.14 feet
Long Chord Bearing - North 77°49'24" West;

Thence North 63°30'55" West, 1,187.91 feet;

EXHIBIT 5          Page 186 of 300

Thence South 00°55'00" East, 3,624.43 feet along the West boundary of Section 9 to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.00 foot wide county road easement along the West and South boundaries.

AND SUBJECT TO a 50.00 foot wide access and utility easement located in Section 9, described as follows:

Commencing at the Southwest corner of said Section 9;
Thence North 89°54'12" East, 2,669.95 feet to THE TRUE POINT OF BEGINNING, said point lies South 89°54'12" West, 25.00 feet from the South quarter corner of said Section 9;
Thence North 00°25'31" West, 2,384.10 feet;
Thence South 89°09'28" West, 50.00 feet;
Thence South 00°25'31" East, 2,383.44 feet to the South boundary of Section 9;
Thence North 89°54'12" East, 50.00 feet to THE TRUE POINT OF BEGINNING.

SAVE AND EXCEPT the East 75 feet thereof

ALSO EXCEPTING the following described:

Commencing at the Southwest corner of said Section 9, from which the South quarter corner of Section 9 bears North 89°54'12" East, 2695.04 feet, said Southwest corner of Section 9 being THE TRUE POINT OF BEGINNING;
Thence North 00°52'42" West along the West boundary of the SW¼ of Section 9 for a distance of 1032.21 feet;
Thence South 88°22'24" East for a distance of 85.17 feet;
Thence South 38°24'37" East for a distance of 258.67 feet;
Thence South 40°28'04" East for a distance of 84.45 feet;
Thence South 43°23'07" East for a distance of 80.22 feet;
Thence South 45°07'17" East for a distance of 91.34 feet;
Thence North 82°31'01" East for a distance of 16.96 feet;
Thence South 45°54'58" East for a distance of 173.02 feet;
Thence South 69°19'28" East for a distance of 318.78 feet;
Thence North 75°17'34" East for a distance of 30.82 feet;
Thence South 86°36'38" East for a distance of 444.53 feet;
Thence North 88°54'26" East for a distance of 333.64 feet;
Thence South 01°04'37" West for a distance of 359.90 feet;
Thence South 22°21'58" East for a distance of 37.36 feet to a point on the South boundary of the SW¼ of said Section 9;
Thence South 89°54'12" West along the South boundary of the SW¼ of Section 9 for a distance of 1658.59 feet to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.0 foot wide county road easement along the South and West boundaries of the before described parcel.
EXCEPT a parcel of land located in the SW¼ of said Section 9, Township 9 South, Range 15 East of the Boise Meridian, Twin Falls County, Idaho, being more particularly described as follows:
Commencing at the Southwest corner of Section 9, said point lies South 89°54'12" West, 2694.95 feet from the South quarter of Section 9;
Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING;
Thence North 00°05'48" West, 380.00 feet;
Thence North 89°54'12" East, 567.06 feet;
Thence South 01°56'02" East, 380.20 feet to a point on the South boundary of Section 9;

EXHIBIT 5                    Page 187 of 300

Thence South 89°54'12" West, 579.25 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING.

TOGETHER WITH a 20.00 foot wide non-exclusive vehicular access easement parallel with, adjoining and East of the East boundary of the above excepted parcel.

AND SUBJECT TO a 25.00 foot wide county roadway easement parallel with and adjoining the South boundary of the above excepted parcel.

PARCEL NO. 3
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 16:        NW¼NW¼, EXCEPT the South 190 feet of the West 490 feet thereof.

SUBJECT TO Highway District right of way.

PARCEL NO. 4:
A Right-of-Way over an existing roadway across the South 190 feet of the West 490 feet of the NW¼NW¼ of said Section for ingress and egress as created by Warranty Deed by and between Gerald G. Akland and Ann Akland, husband and wife, Grantors unto James E. Paulson and Glennys Paulson, husband and wife, grantees, dated January 6, 1982 and recorded January 18, 1982 as Instrument No. 815467, records of Twin Falls County, Idaho.

TRACT N – JEROME COUNTY

PARCEL NO. 1:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:        NW¼ and that part of the W½NE¼ lying West of the Main Canal of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM that portion thereof conveyed to the State of Idaho for highway purposes and particularly described as follows:

A parcel of land being on both sides of the centerline of Interstate 80N, Project No. I-80N-3(18)191 Highway Survey as shown on the plans thereof now on file in the office of the Department of Highways of the State of Idaho, and being a portion of the N½NW¼ and a portion of the NW¼NE¼ of Section 12, Township 10 South, Range 20 East Boise Meridian, described as follows:

Beginning at the Northwest corner of Section 12, Township 10 South, Range 20 East Boise Meridian, which corner bears North 0°01'06" East, 125.00 feet from Station 375+50.15 of said Interstate 80N, Project No. I-80N-3(18)191 Highway Survey;
Thence North 89°50'44" East along the North line of said Section 12 a distance of 3110.59 feet to a point in the centerline of the Main Canal of the North Side Canal Co., that bears North 0°12'06" East, 136.42 feet from Station 406+59.84 of said Highway Survey;
Thence South 30°32'54" East along the centerline of said canal 344.92 feet to a point in a line parallel with and 160.00 feet Southerly from the centerline and bears South 0°12'06" West from Station 408+36.19 of said Highway Survey;
Thence North 89°47'54" West along said parallel line 817.76 feet to a point opposite Station 400+18.43 and angle point of 0°11'00" left of said Highway Survey;

EXHIBIT 5        Page 188 of 300

Thence South 86°19'16" West, 1089.74 feet to a point that bears South 0°01'06" West 230.29 feet from Station 389+30.47 of said Highway Survey;

Thence South 71°05'03" West, 564.86 feet to a point that bears South 0°01'06" West, 413.57 feet from Station 383+96.17 of said Highway Survey;

Thence South 56°08'59" West, 639.57 feet to a point in a line parallel with and 770.00 feet Southerly from the centerline and bears South 0°01'06" West from Station 378+65.12 of said Highway Survey;

Thence North 89°58'54" West along said last parallel line 262.21 feet to a point opposite Station 376+02.91 of said Highway Survey;

Thence South 0°11'14" East, 245.38 feet to a point that bears South 0°01'06" West, 1015.38 feet from Station 376+03.79 of said Highway Survey;

Thence South 7°31'58" West, 186.13 feet to a point that bears South 0°01'06" West, 1199.90 feet from Station 375+79.34 of said Highway Survey;

Thence South 89°48'46" West, 25.00 feet to a point in the West line of said Section 12 that bears South 0°01'06" West, 1200.00 feet from Station 375+54.34 of said Highway Survey;

Thence North 0°11'14" West along said West line 1325.00 feet, more or less, to THE PLACE OF BEGINNING.

ALSO included that part of the NW¼SW¼ and the E½SW¼ lying North and East of Gravity Lateral of North Side Canal Co., Ltd., and that part of the SW¼SW¼ lying North and East of the "C" Lateral of the North Side Canal Co., Ltd., all in Section 12, Township 10 South, Range 20 East Boise Meridian, Jerome County, Idaho.

ALSO included that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East Boise Meridian, lying North and East of the Gravity Lateral of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM the following described tracts:

Tract No. 1:
A parcel of land in the SE¼NW¼ of Section 12, described as follows:

From the Northwest Section Corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West; Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING.
From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;
Thence a distance of 170.3 feet on a bearing of South 0°05' East;
Thence a distance of 171.8 feet on a bearing of South 89°55' West;
Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

Tract No. 2:
Part of the W½NE¼ of Section 12, described as follows:

Beginning at the East Quarter corner for Section 12; Thence South 89°59'38" West, 2196.92 feet; Thence along the Southerly boundary of the NE¼ of said Section 12 to the center of the Northside Canal Company "Northside Main Canal" the TRUE POINT OF BEGINNING;
Thence South 89°59'38" West, 143.26 feet along said boundary;
Thence North 32°42'37" East, 620.34 feet;
Thence North 9°07'14" East, 226.05 feet;
Thence North 5°52'42" West, 1318.85 feet;
Thence North 12°10'06" West, 287.93 feet to the Southerly boundary of frontage road;
Thence East 130.00 feet to the center of the "Northside Main Canal";
Thence along said center line of canal the following courses:
South 12°10'06" East, 287.93 feet;
South 4°13'54" East, 1315.50 feet;

EXHIBIT 5                                    Page 189 of 300

South 5°50'27" West, 224.36 feet;
South 29°38'17" West, 600.51 feet to THE TRUE POINT OF BEGINNING.

Tract No. 3:

That part of the SW¼ of Section 12 and that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East of the Boise Meridian, Jerome County, Idaho, described as follows:

Beginning at the Southeast corner of Section 12; Thence South 89°49'40" West, 2645.16 feet along the Southerly boundary to the South Quarter corner of Section 12, THE TRUE POINT OF BEGINNING;
Thence South 0°16'08" East, 562.06 feet along the Easterly boundary of NE¼NW¼, Section 13;
Thence North 22°15'00" West, 606.53 feet to the Northerly boundary of Section 13;
Thence North 0°52'09" West, 857.85 feet;
Thence North 0°20'27" West, 894.57 feet;
Thence North 28°39'42" East, 499.12 feet to the Easterly boundary of SW¼, Section 12;
Thence South 0°09'22" East, 2189.59 feet along said Easterly boundary to THE TRUE POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:        A parcel of land located in the SE¼NW¼, more particularly described as follows:

From the Northwest section corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West;
Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING;
From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;
Thence a distance of 170.3 feet on a bearing of South 0°05' East;
Thence a distance of 171.8 feet on a bearing of South 89°55' West;
Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

EXHIBIT 5                    Page 190 of 300

EXHIBIT B

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

LIST OF SPECIFIC WATER RIGHTS

IDWR Water Rights

| EAST VALLEY CATTLE WATER RIGHTS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Water Right | | | Basis | Status | Priority Date | Source | Water Use |
| 43 | 2313 | D | Decreed | Active | 06/19/1948 | GROUND WATER | IRRIGATION |
| 43 | 2317 | C | Decreed | Active | 08/14/1948 | GROUND WATER | IRRIGATION |
| 43 | 2317 | E | Decreed | Active | 08/14/1948 | GROUND WATER | IRRIGATION |
| 43 | 2317 | F | Decreed | Active | 08/14/1948 | GROUND WATER | IRRIGATION |
| 43 | 2320 | A | Decreed | Active | 09/10/1948 | GROUND WATER | IRRIGATION |
| 43 | 2320 | B | Decreed | Active | 09/10/1948 | GROUND WATER | IRRIGATION |
| 43 | 2321 | B | Decreed | Active | 09/24/1948 | GROUND WATER | IRRIGATION |
| 43 | 2339 | C | Decreed | Active | 02/27/1950 | GROUND WATER | IRRIGATION |
| 43 | 2339 | E | Decreed | Active | 02/27/1950 | GROUND WATER | IRRIGATION |
| 43 | 2339 | F | Decreed | Active | 02/27/1950 | GROUND WATER | IRRIGATION |
| 43 | 2340 | | Decreed | Active | 03/20/1950 | GROUND WATER | IRRIGATION |
| 43 | 2343 | | Decreed | Active | 04/28/1950 | GROUND WATER | IRRIGATION |
| 43 | 2345 | | Decreed | Active | 05/02/1950 | GROUND WATER | IRRIGATION |
| 43 | 2364 | | Decreed | Active | 07/09/1951 | GROUND WATER | IRRIGATION |
| 43 | 2365 | | Decreed | Active | 07/27/1951 | GROUND WATER | IRRIGATION |
| 43 | 2423 | C | Decreed | Active | 03/01/1955 | GROUND WATER | IRRIGATION |
| 43 | 2423 | E | Decreed | Active | 03/01/1955 | GROUND WATER | IRRIGATION |
| 43 | 2423 | F | Decreed | Active | 03/01/1955 | GROUND WATER | IRRIGATION |
| 43 | 2467 | C | Decreed | Active | 12/23/1958 | GROUND WATER | IRRIGATION |
| 43 | 2467 | E | Decreed | Active | 12/23/1958 | GROUND WATER | IRRIGATION |

EXHIBIT 5                    Page 191 of 300

| 43 | 2467 | F | Decreed | Active | 12/23/1958 | GROUND WATER | IRRIGATION |
|----|------|---|---------|--------|------------|--------------|------------|
| 43 | 2510 | C | Decreed | Active | 06/18/1961 | GROUND WATER | IRRIGATION |
| 43 | 2510 | E | Decreed | Active | 06/18/1961 | GROUND WATER | IRRIGATION |
| 43 | 2510 | F | Decreed | Active | 06/18/1961 | GROUND WATER | IRRIGATION |
| 43 | 2574 | B | Decreed | Active | 07/19/1963 | GROUND WATER | IRRIGATION |
| 43 | 2574 | E | Decreed | Active | 07/19/1963 | GROUND WATER | IRRIGATION |
| 43 | 2576 | B | Decreed | Active | 03/24/1964 | GROUND WATER | IRRIGATION |
| 43 | 2576 | E | Decreed | Active | 03/24/1964 | GROUND WATER | IRRIGATION |
| 43 | 4002 | C | Decreed | Active | 07/01/1963 | GROUND WATER | IRRIGATION |
| 43 | 4002 | E | Decreed | Active | 07/01/1963 | GROUND WATER | IRRIGATION |
| 43 | 4002 | F | Decreed | Active | 07/01/1963 | GROUND WATER | IRRIGATION |
| 43 | 4012 | B | Decreed | Active | 07/01/1952 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4012 | C | Decreed | Active | 06/01/1963 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4012 | D | 'Decreed | Active | 06/01/1954 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4013 | B | Decreed | Active | 06/15/1963 | GROUND WATER - | IRRIGATION, STOCKWATER |
| 43 | 4014 | A | Decreed | Active | 07/01/1952 | GROUND WATER | DOMESTIC, IRRIGATION, STOCKWATER |
| 43 | 4014 | B | Decreed | Active | 06/01/1954 | GROUND WATER | IRRIGATION |
| 43 | 4015 | B | Decreed | Active | 09/26/1953 | GROUND WATER | IRRIGATION, STOCKWATER |
| 43 | 4060 | D | Decreed | Active | 04/05/1954 | GROUND WATER | IRRIGATION |
| 43 | 4063 | D | Decreed | Active | 05/01/1955 | GROUND WATER | IRRIGATION |
| 43 | 4186 |   | Decreed | Active | 01/01/1960 | GROUND WATER | DOMESTIC |
| 43 | 4187 |   | Decreed | Active | 09/02/1948 | GROUND WATER | STOCKWATER |
| 43 | 4188 |   | Decreed | Active | 01/01/1960 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 4189 |   | Decreed | Active | 01/01/1920 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 10019 |   | Decreed | Active | 06/30/1985 | GROUND WATER | IRRIGATION |

EXHIBIT 5                    Page 192 of 300

| 43 | 10020 |  | Decreed | Active | 01/01/1950 | GROUND WATER | DOMESTIC |
|----|-------|--|---------|--------|------------|--------------|----------|
| 43 | 10027 |  | Decreed | Active | 01/01/1984 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 10045 |  | Decreed | Active | 04/01/19 | RAFT | IRRIGATION |
| 43 | 10046 |  | Decreed | Active | 04/01/19 | RAFT | IRRIGATION |
| 43 | 10180 |  | Decreed | Active | 01/01/1948 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 10181 |  | Decreed | Active | 01/01/1948 | GROUND WATER | DOMESTIC |
| 43 | 10365 |  | Decreed | Active | 06/30/1985 | GROUND WATER | IRRIGATION |
| 43 | 10366 |  | Decreed | Active | 06/30/1985 | GROUND WATER | IRRIGATION |
| 43 | 10394 | ■ | Decreed | Active | 12/31/1960 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 10443 | ■ | Decreed | Active | 08/23/1986 | GROUND WATER | DOMESTIC |
| 43 | 10787 | ■ | Decreed | Active | 01/31/1955 | GROUND WATER | IRRIGATION |
| 43 | 10795 | ■ | Decreed | Active | 05/01/1957 | GROUND WATER | IRRIGATION |
| 43 | 11271 | ■ | Decreed | Active | 01/01/1960 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 12923 | ■ | Decreed | Active | 06/30/1985 | GROUND WATER | IRRIGATION |
| 43 | 12933 | ■ | Decreed | Active | 06/30/1985 | GROUND WATER | IRRIGATION |
| 43 | 13296 | ■ | Decreed | Active | 05/29/1950 | GROUND WATER | STOCKWATER |
| 43 | 13298 | ■ | Decreed | Active | 11/27/1957 | GROUND WATER | STOCKWATER |
| 43 | 13300 | ■ | Decreed | Active | 11/30/1957 | GROUND WATER | STOCKWATER |
| 43 | 13301 | ■ | Decreed | Active | 05/29/1950 | GROUND WATER | IRRIGATION |
| 43 | 13302 | ■ | Decreed | Active | 05/29/1950 | GROUND WATER | STOCKWATER |
| 43 | 13303 |  | Decreed | Active | 11/27/1957 | GROUND WATER | IRRIGATION |
| 43 | 13304 |  | Decreed | Active | 11/27/1957 | GROUND WATER | STOCKWATER |
| 43 | 13305 | ■ | Decreed | Active | 11/30/1957 | GROUND WATER | IRRIGATION |
| 43 | 13306 | ■ | Decreed | Active | 11/30/1957 | GROUND WATER | STOCKWATER |
| 43 | 13307 | ■ | Decreed | Active | 06/01/1978 | GROUND WATER | DOMESTIC |
| 43 | 13309 | ■ | Decreed | Active | 01/01/1960 | GROUND WATER | DOMESTIC, STOCKWATER |
| 43 | 13405 |  | Decreed | Active | 06/30/1985 | GROUND WATER | IRRIGATION |

EXHIBIT 5                    Page 193 of 300

| 43 | 13448 | | Decreed | Active | 03/02/1950 | GROUND WATER | IRRIGATION |
|---|---|---|---|---|---|---|---|
| 43 | 13449 | | Decreed | Active | 03/02/1950 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13450 | | Decreed | Active | 02/27/1957 | GROUND WATER | IRRIGATION |
| 43 | 13451 | | Decreed | Active | 02/27/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13452 | | Decreed | Active | 08/26/1957 | GROUND WATER | IRRIGATION |
| 43 | 13453 | | Decreed | Active | 08/26/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13454 | | Decreed | Active | 03/30/1959 | GROUND WATER | IRRIGATION |
| 43 | 13455 | | Decreed | Active | 03/30/1959 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13456 | | Decreed | Active | 04/06/1961 | GROUND WATER | IRRIGATION |
| 43 | 13457 | | Decreed | Active | 04/06/1961 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13458 | | Decreed | Active | 01/09/1959 | GROUND WATER | IRRIGATION |
| 43 | 13459 | | Decreed | Active | 01/09/1959 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13460 | | Decreed | Active | 02/24/1956 | GROUND WATER | IRRIGATION |
| 43 | 13461 | | Decreed | Active | 02/74/1956 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13462 | | Decreed | Active | 12/14/1965 | ███████ | IRRIGATION |
| 43 | 13463 | | Decreed | Active | 12/14/1965 | ███████ | COMMERCIAL. STOCKWATER |
| 43 | 13490 | | Decreed | Active | 08/14/1948 | ███████ | IRRIGATION |
| 43 | 13491 | Decreed | | Active | 08/14/1948 | ███████ | COMMERCIAL, STOCKWATER |
| 43 | 13492 | Decreed | | Active | 02/27/1950 | ███████ WATER | IRRIGATION |
| 43 | 13493 | Decreed | | Active | 02/27/1950 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13494 | Decreed | | Active | 03/02/1950 | GROUND WATER | IRRIGATION |
| 43 | 13495 | Decreed | | Active | 03/02/1950 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13496 | Decreed | | Active | 02/20/1952 | GROUND WATER | IRRIGATION |
| 43 | 13497 | Decreed | | Active | 02/20/1952 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13498 | Decreed | | Active | 03/01/1955 | GROUND WATER | IRRIGATION |

EXHIBIT 5                    Page 194 of 300

| 43 | 13499 | | Decreed | Active | 03/01/1955 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13500 | | Decreed | Active | 12/23/1958 | GROUND WATER | IRRIGATION |
| 43 | 13501 | | Decreed | Active | 12/23/1958 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13502 | | Decreed | Active | 12/14/1965 | GROUND WATER | IRRIGATION |
| 43 | 13503 | | Decreed | Active | 12/14/1965 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13504 | | Decreed | Active | 01/12/1961 | GROUND WATER | IRRIGATION |
| 43 | 13505 | | Decreed | Active | 01/12/1961 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13506 | | Decreed | | | GROUND WATER | IRRIGATION |
| 43 | 13507 | | Decreed | | | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13508 | | Decreed | | | GROUND WATER | IRRIGATION |
| 43 | 13509 | | Decreed | Active | 07/01/1963 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13510 | | Decreed | Active | 03/15/1962 | GROUND WATER | IRRIGATION |
| 43 | 13511 | | Decreed | Active | 03/15/1962 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13763 | | Decreed | Active | 08/26/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 43 | 13807 | | | Active | 02/2.4/1956 | GROUND WATER | IRRIGATION |

MILLENKAMP PROPERTIES, LLC WATER RIGHTS

| Water Right | | | Basis | Status | Priority Date | Source | Water Use |
|---|---|---|---|---|---|---|---|
| 36 | 4157 | F | Decreed | Active | 06/01/1956 | GROUND WATER | STOCKWATER |
| 36 | 14152 | | Decreed | Active | 12/31/1933 | GROUND WATER | DOMESTIC, STOCKWATER |
| 36 | 14536 | | Decreed | Active | 09/01/1986 | GROUND WATER | DOMESTIC |
| 36 | 16242 | | Decreed | Active | 06/11/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 16244 | | Decreed | Active | 05/11/1957 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 16914 | | License | Active | 04/24/1990 | GROUND WATER | IRRIGATION |
| 36 | 16915 | | License | Active | 04/24/1990 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 16927 | | Decreed | Active | 11/26/1974 | GROUND WATER | IRRIGATION |

IDAHO JERSEY GIRLS JEROME DAIRY, LLC WATER RIGHTS

EXHIBIT 5                    Page 195 of 300

| Water Right | | Basis | Status | Priority Date | Source | Water Use |
|---|---|---|---|---|---|---|
| 36 | 2586 | D | Decreed | Active | 01/28/1964 | GROUND WATER | COMMERCIAL, STOCKWATER |
| 36 | 10894 | | Decreed | Active | 09/30/1981 | GROUND WATER | DOMESTIC, STOCKWATER |
| 36 | 14035 | D | Decreed | Active | 05/26/1976 | GROUND WATER | COMMERCIAL |
| 36 | 8706 | | | Active | 02/10/1993 | GROUND WATER | COMMERCIAL, STOCKWATER |

### WILLIAM & SUSAN MILLENKAMP WATER RIGHTS

| Water Right | | Basis | Status | Priority Date | Source | Water Use |
|---|---|---|---|---|---|---|
| 36 | 16926 | | Decreed | Active | 11/26/1974 | GROUND WATER | IRRIGATION |
| 45 | 7290 | | Decreed | Active | 07/26/1977 | GROUND WATER | IRRIGATION |
| 45 | 7331 | | Decreed | Active | 10/12/1978 | GROUND WATER | IRRIGATION |
| 36 | 16916 | | License | Active | 04/24/1990 | GROUND WATER | IRRIGATION |
| 45 | 11912 | | Decreed | Active | 11/06/1981 | GROUND WATER | IRRIGATION |
| 45 | 11913 | | Decreed | Active | 03/01/1900 | GROUND WATER | DOMESTIC |
| 45 | 11914 | | Decreed | Active | 03/01/1960 | GROUND WATER | DOMESTIC |

EXHIBIT 5                Page 196 of 300

## EXHIBIT C
Millenkamp

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

LIST OF SPECIFIC WATER SHARES

| CERTIFICATE NUMBER | NUMBER OF SHARES |
|---|---|
| Northside Canal | |
| | |
| 27305 | 40 |
| 26737 | 160 |
| 27187 | 28 |
| 26736 | 80 |
| 26738 | 40 |
| 27122 | 40 |
| 26739 | 50 |
| | |
| TOTAL SHARES | 438 |

EXHIBIT 5                    Page 197 of 300

**EXHIBIT D**

Millenkamp

MORTGAGE, ASSIGNMENT OF RENTS, SECURITY AGREEMENT,
AND FIXTURE FILING

**LIST OF SPECIFIC GRAZING PERMITS**

Permittee:  East Valley Cattle, LLC, an Idaho limited liability company

Contract or
Serial Nos.:  Permit No. 1102921 for Allotment No. ID-05309 YALE

| Livestock Number | Livestock Kind | Grazing Period | Aums |
|---|---|---|---|
| 285 | Cattle | 01/01-05/10 | 375 |
| 297 | Cattle | 05/11-05/31 | 205 |
| 300 | Cattle | 11/10-01/20 | 710 |

EXHIBIT 5                     Page 198 of 300

**CASSIA COUNTY**
RECORDED FOR:
TITLEONE - BURLEY
04:10:34 PM  10-20-2022
**2022-004555**
NO. PAGES: 33    FEE: $106.00
**JOSEPH W. LARSEN**
**COUNTY CLERK**
**DEPUTY: EV**
Electronically Recorded by Simplifile

Recording Requested By/Return To:

**Conterra Agricultural Capital, LLC**
**Attn: Quiana Hampton**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**
------------------------------------------------------------ [Space Above This Line For Recording] ------------------    *33 463558*

# ASSIGNMENT OF MORTGAGE

Loan # SC1001

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **Ag Funding SC II LLC** a Delaware limited liability company, (herein "Assignee"), whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, all beneficial interest under that certain Mortgage, Security Agreement, Assignment of Rents and Fixture Filing dated **October 20, 2022**, made and executed by **WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("W. Millenkamp), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("S. Millenkamp"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("East Valley"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("Idaho Jersey"), GOOSE RANCH LLC, an Idaho limited liability company ("Goose Ranch"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("Millenkamp Properties"), Idaho Jersey Girls LLC, an Idaho limited liability company ("Jersey Girls LLC"), Millenkamp Cattle, Inc., an Idaho corporation ("Cattle Inc."), Millenkamp Family LLC, an Idaho limited liability company ("Millenkamp Family"), and Millenkamp Properties II, LLC, an Idaho limited liability company ("Millenkamp Properties II" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively,** to and in favor of **Conterra Agricultural Capital, LLC**, upon the following described property situated in **Cassia County, State of Idaho:**

**See Exhibit "A" attached hereto and made a part hereof.**

such Mortgage having been given to secure payment of **$16,500,000.00**, which Mortgage is of record in the Real Property Records of **Cassia County, State of Idaho**, together with the note and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

**Multistate Mortgage Assignment**

1

EXHIBIT 5                    Page 199 of 300

Recording Requested By/Return To:

**Conterra Agricultural Capital, LLC**
**Attn: Quiana Hampton**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

------------------------------------------------------ [Space Above This Line For Recording] ------------------    *23 463558*

# ASSIGNMENT OF MORTGAGE

**Loan # SC1001**

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **Ag Funding SC II LLC a Delaware limited liability company, (herein "Assignee"), whose address is 5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, all beneficial interest under that certain Mortgage, Security Agreement, Assignment of Rents and Fixture Filing dated **October 20, 2022**, made and executed by **WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("W. Millenkamp"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("S. Millenkamp"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("East Valley"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("Idaho Jersey"), GOOSE RANCH LLC, an Idaho limited liability company ("Goose Ranch"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("Millenkamp Properties"), Idaho Jersey Girls LLC, an Idaho limited liability company ("Jersey Girls LLC"), Millenkamp Cattle, Inc., an Idaho corporation ("Cattle Inc."), Millenkamp Family LLC, an Idaho limited liability company ("Millenkamp Family"), and Millenkamp Properties II, LLC, an Idaho limited liability company ("Millenkamp Properties II" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively**, to and in favor of **Conterra Agricultural Capital, LLC**, upon the following described property situated in **Cassia County, State of Idaho:**

**See Exhibit "A" attached hereto and made a part hereof.**

such Mortgage having been given to secure payment of **$16,500,000.00**, which Mortgage is of record in the Real Property Records of **Cassia County, State of Idaho**, together with the note and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

**Multistate Mortgage Assignment**

1

EXHIBIT 5                    Page 200 of 300

**Conterra Agricultural Capital, LLC**

_____     10|20|2022
Signature                                    Date

**Mark A. Smith, COO & General Counsel**

_____
Witness


STATE OF IOWA
COUNTY OF POLK

Before me, the undersigned authority, on this day personally appeared
_____Mark A. Smith, COO & General Counsel_____
_____
, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this _20th_ day of _October_____, 20_22_ .

_Lydia Denniston_____
Notary, State of Iowa

Printed Name: Lydia Denniston
My Commission Expires: 4/11/2025

LYDIA DENNISTON
NOTARIAL SEAL
IOWA
Commission Number 838684
My Commission Expires
April 11, 2025


**This Instrument Prepared By:**
**PeirsonPatterson, LLP**
_____
Multistate Mortgage Assignment

2

EXHIBIT 5                    Page 201 of 300

## Exhibit A

TRACT A - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          SW¼SE¼

Section 12:         NW¼NE¼

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          NW¼SE¼

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          Lots 1, 2, 3, and 4, S½NW¼, NE¼SE¼, S½NE¼

Section 2:          Lots 1 and 2, S½NE¼

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:         W½

Section 35:         E½ EXCEPTING THEREFROM:

Beginning at a point which is 25 feet West and 20 feet North of the Southeast corner of said Section 35;
Thence West 100 feet;
Thence North 100 feet;
Thence East 100 feet;
Thence South 100 feet to the Point of Beginning.

              ALSO EXCEPTING the following described tract:

Part of the SW¼SE¼, more particularly described as follows:

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;

EXHIBIT 5                    Page 202 of 300

Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:        N½, EXCEPT the following described tract:

Beginning at the Northwest corner and running thence East 250 feet;
Thence South 174 feet;
Thence West 250 feet;
Thence North 174 feet to the Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 6:        Lots 1, 2, 3 and 4

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:        SW¼

PARCEL NO. 8:
A 30 foot wide Pipeline Easement as created by Warranty Deed recorded May 15, 1992 as Instrument No. 219021, records of Cassia County, Idaho, located in the SE¼ of said Section 31 of Township 11 South, Range 28 East of the Boise Meridian, Cassia County, State of Idaho, more particularly described as follows:

Beginning at the Southeast corner of said Section 31, said corner marked by a U.S. General Land Office pipe with brass cap; thence North 88°41'16" West along section line for 36.14 feet to the Point of Beginning;
Thence North 88°41'16" West along section line for 30.00 feet to a point;
Thence North 1°18'44" East for 46.48 feet to a point;
Thence North 44°29'16" West for 1841.47 feet to a point;
Thence North 88°31'26" West for 1211.50 feet to a point on the West line of the SE¼;
Thence North 0°18'45" East along the West line of the SE¼ for 30.00 feet to a point;
Thence South 88°31'26" East for 1224.24 feet to a point;
Thence South 44°29'16" East for 1866.27 feet to a point;
Thence South 1°18'44" West for 59.16 feet to the Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        Part of the SW¼SE¼, more particularly described as follows:

EXHIBIT 5                Page 203 of 300

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;
Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 10:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 13:      ALL

PARCEL NO. 11:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:      E½

Section 26:      NW¼ and E½, EXCEPT a part of the SE¼SE¼, described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

Section 27:      NE¼

PARCEL NO. 12:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 27:      SW¼

PARCEL NO. 13:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5

Section 27:        NW¼ and SE¼

PARCEL NO. 14:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        S½ EXCEPTING THEREFROM the following described tract of land:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence running East along the centerline of said Section 35 to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said Section 35 to the West boundary line
thereof;
Thence North along said West boundary line of said Section 35 for 24 feet to the Point of Beginning.

PARCEL NO. 15:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        N½

PARCEL NO. 16:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        ALL

PARCEL NO. 17:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:        Part of the SW¼NW¼ of said Section 31, more particularly described as follows:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with
brass cap; thence South 0°06'00" West along section line for 1919.63 feet to the POINT OF BEGINNING;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 18:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        N½

Section 3:        N½

PARCEL NO. 19:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5

Section 4:          NE¼ (Lots 1 and 2 and the S½NE¼)

PARCEL NO. 20:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:          N½ and SE¼, EXCEPT the following described tract:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with
brass cap; Thence South 0°06'00" West along section line for 1919.63 feet to the Point of Beginning;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 21:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 32:          W½

PARCEL NO. 22:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:          SW¼

PARCEL NO. 23:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          The North 24 feet of the S½ of said Section 35, more particularly described as follows:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence East along the centerline of the said section to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said section to the West boundary line of
said section;
Thence North 24 feet to the Point of Beginning.

PARCEL NO. 24:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 34:          ALL

PARCEL NO. 25:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                              Page 206 of 300

Section 26:        Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

PARCEL NO. 26:
An access easement for the benefit of Parcel No. 25 as conveyed by Quitclaim Deed between the Hunsaker Family Partnership, a Limited Partnership, and Reginald Hunsaker and Ruth J. Hunsaker, husband and wife, individually, Grantors, and Jack M. Hunsaker and Bonita P. Hunsaker, Grantees, dated August 10, 1983 and recorded August 12, 1983 as Instrument No. 154185 on Film No. 139, records of Cassia County, more particularly described as follows:

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:        Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26, said point marked by a U.S. Government Brass Cap which shall be the Point of Beginning;
Thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar;
Thence North 41°26'14" West for 33.36 feet to a point;
Thence South 89°59' East for 466.09 feet to a point on section line;
Thence South 0°21' West along said section line for 25.0 feet to the Point of Beginning.

PARCEL NO. 27:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:        W½

TRACT B - CASSIA COUNTY:

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        All, EXCEPT the N½NW¼NW¼ and N½NE¼NW¼ of Section 10:

                   ALSO EXCEPTING the following described tracts:

                   Tract No. 1:

EXHIBIT 5                         Page 207 of 300

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.


Tract No. 2:
Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning;
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.

Section 11:        Beginning at a point on the North line of Section 11, said point being 1760.7 feet West of the Northeast corner of said Section 11;
Thence at right angles South 489.7 feet;
Thence North 88°40' West 671.9 feet;
Thence South 9°34' East 160.7 feet;
Thence North 85°59' West 1253.6 feet;
Thence South 6°47' West 953.6 feet;
Thence South 4°37' West 1661.7 feet;
Thence South 89°37' West 1307.8 feet more or less to the West line;
Thence North 0°21' East along the West line 3156.8 feet, more or less to the Northwest corner;
Thence East along said North line 3430.4 feet, more or less to the Point of Beginning.

Section 14:        Beginning at the Southwest corner of Section 14;
Thence South 89°26' East along the South line 1535.1 feet;
Thence North 19°49' West 4452.0 feet more or less to the West line;
Thence South 0°21' West 4173.0 feet more or less to the Point of Beginning.

Section 15:        All

Section 16:        S½ and the NW¼

Section 17:        SE¼SE¼

PARCEL NO. 2:
A water pipeline easement as conveyed by Warranty Deed from Raft River Ranches, Inc., a corporation to Preston R. Allen and Roland R. Allen, dated October 21, 1976 and recorded December 1, 1976 as Instrument No. 94693 on Film No. 105, records of Cassia County, Idaho, described as follows:

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 14:        An easement 60 feet wide being 30 feet left and 30 feet right of the following described line:

Beginning at a point on the East line of said Section 14, said point being 1637 feet North of the Southeast corner of Section 14;

EXHIBIT 5        Page 208 of 300

Thence North 67°24' West 5694 feet more or less to the West line of Section 14, said point being North 0°21' West 3773 feet from the Southwest corner of Section 14.

Section 22:        An easement 60 feet wide being adjacent to and 60 feet right of the following described line:

Beginning at the North quarter corner of said Section 22;
Thence South along the Meridianal centerline of Section 22 for a distance of 2500 feet;
Thence at right angles West 154 feet.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        SW¼, W½SE¼, S½NW¼, EXCEPTING that part of the NW¼ described as follows:

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on center line of Yale Road; Thence South 57°36' West for 2,040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

AND ALSO EXCEPT the portion deeded to the Burley Highway District for highway purposes, as disclosed by Warranty Deed, dated July 28, 2005 and recorded September 20, 2007 as Instrument No. 2007-318339, records of Cassia County, Idaho.

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        W½, EXCEPTING that part of the NW¼NW¼ described as follows:

Beginning at the Northwest corner of the NW¼NW¼;
Thence South 1599 feet;
Thence North 59°02' East 324 feet;
Thence North 28°10' East 1195 feet;
Thence North 25°56' West 294 feet;
Thence North 87° West 530 feet more or less to the Point of Beginning.

Section 3:        E½, EXCEPTING that portion thereof that lies North of a line running as follows:

Beginning at the South Quarter section corner;
Thence North 1320 feet;
Thence North 42°38' East 1056 feet;
Thence North 69°26' East 1231.5 feet;
Thence North 19°42' East 924 feet;
Thence North 59°02' East 541 feet more or less to the East boundary of said Section 3.

Section 9:        All, EXCEPTING THEREFROM the following described tracts:

        Tract No. 1:
Beginning at a point in the Northeast corner of NE¼NE¼;

EXHIBIT 5                    Page 209 of 300

Thence due South along section line 250 feet;
Thence due West 1550 feet;
Thence due North 250 feet;
Thence due East along section line to the Point of Beginning.

Tract No. 2:

Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office Pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar on section line;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.

Tract No. 3:

Beginning at the Northeast corner of said Section 9, said corner marked by a 5/8 inch rebar; Thence South 00°11'27" East (South rec.) along the East section line for a distance of 250.00 feet to the Point of Beginning;
Thence South 00°11'27" East continuing along said line for a distance of 191.53 feet;
Thence South 86°39'00" West for a distance of 37.48 feet to a ½ inch rebar;
Thence South 86°39'00" West for a distance of 1614.99 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 294.52 feet to a ½ inch rebar;
Thence North 89°46'36" West for a distance of 1401.98 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 224.97 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 25.00 feet to the North section line;
Thence South 89°46'51" East along said line for a distance of 399.52 feet to the North ¼ section corner marked by a 5/8 inch rebar;
Thence South 89°46'36" East along the North section line for a distance of 1102.45 feet;
Thence South 00°11'27" East (South rec.) for a distance of 25.00 feet to a ½ inch rebar;
Thence South 00°11'27" East (South rec.) for a distance of 225.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 1525.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 25.00 feet to the Point of Beginning.

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the NW¼, more particularly described as follows:

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning:
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        Part of the NE¼, more particularly described as follows:

EXHIBIT 5                Page 210 of 300

Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning:
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:       Part of the NE¼NW¼, more particularly described as follows:

Beginning at the Northwest corner of the NE¼ of said Section 10; Thence South 89°55' West along section line of said Section 10 for 208.72 feet to a point; Thence South 0°05' East for 52.0 feet to the True Point of Beginning;
Thence South 0°05' East for 290.4 feet to a point;
Thence South 89°55' West for 150.0 feet to a point;
Thence North 0°05' West for 290.4 feet to a point;
Thence North 89°55' East for 150.0 feet to the True Point of Beginning.

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:       Part of the N½NE¼NW¼, more particularly described as follows:

Beginning at the N¼ section corner of said Section 10, said corner marked by a U.S. GLO iron pipe with brass cap which shall be the Point of Beginning:
Thence South 00°07'39" East along the East line of the NW¼ for a distance of 660.78 feet to a ½ inch rebar at the Southeast corner of the N½NE¼NW¼;
Thence South 89°55'40" West along the South line of the N½NE¼NW¼ for a distance of418.04 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 607.86 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 52.97 feet to the North line of Section 10;
Thence North 89°56'00" East along said line for a distance of 418.04 feet to the Point of Beginning;

                    EXCEPTING THEREFROM, the following described parcel:

Beginning at the N¼ corner of said Section 10; Thence South 89°56'00" West (South 89°55' West, rec.) along the North section line for a distance of 208.72 feet; Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 52.00 feet to a point which shall be the Point of Beginning:
Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 290.40 feet;
Thence South 89°56'00" West (South 89°55' West, rec.) for a distance of 150.00 feet;
Thence North 00°04'00" West (North 00°05' West, rec.) for a distance of 290.40 feet;
Thence North 89°56'00" East (North 89°55' East, rec.) for a distance of 150.00 feet to the Point of Beginning.

PARCEL NO. 8:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:       Part of the NW¼, more particularly described as follows:

EXHIBIT 5                      Page 211 of 300

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on the centerline of Yale Road; Thence South 57°36' West for 2040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 9:        Part of the NW¼NW¼ of said Section 9 more particularly described as follows:

Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.


TRACT C - CASSIA COUNTY

TOWNSHIP 9 SOUTH, RANGE 25 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        All of Lots 2, 3, 4, SE¼SW¼ and S½SE¼, SAVE AND EXCEPT the following described parcel:

Beginning at a BLM brass cap at the Southeast section corner of said Section 2;
Thence South 89°54' West for 329.82 feet;
Thence North 986.08 feet;
Thence North 44°27' West for 467.29 feet to a BLM brass cap;
Thence North 89°53' East 656.7 feet;
Thence South 1320 feet to the True Point of Beginning.

Section 3:        Lot 2

Section 10:        W½NE¼, NE¼NW¼ (also designated as Lot 1) and SE¼NW¼ EXCEPTING THEREFROM the following described parcel:

A strip of land 50 feet in width, lying 25 feet on each side of the following described line:

Beginning at a point on the North and South Center line of said Section 10, 2603 feet South of the Northwest corner of the Northeast Quarter of said Section 10;
Thence North 87°20' West 890 feet;
Thence North 89°25' West 430 feet.

Section 11:        NW¼

TRACT D - JEROME COUNTY

EXHIBIT 5                    Page 212 of 300

PARCEL NO. 1:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 27:        NW¼NW¼; SW¼NW¼

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        SE¼, EXCEPTING THEREFROM the South 25 feet of the S½SE¼ for public highway right-of-way
by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome County
records.

Section 33:        N½NE¼, EXCEPTING THEREFROM the North 25 feet of the N½NE¼ for public highway right-of-
way by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome
County records.

PARCEL NO. 3:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        SE¼NE¼

                        EXCEPTING THEREFROM a parcel of land located in the SE¼NE¼, described as follows:

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the
POINT OF BEGINNING;
Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;
Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a
5/8 inch rebar;
Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a
½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet
to a ½-inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet
to a ½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to
a ½ inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet
to the intersection with the East line of the SE¼NE¼ of Section 28;
Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to
the POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the SE¼NE¼, more particularly described as follows:

EXHIBIT 5                    Page 213 of 300

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the POINT OF BEGINNING;

Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;

Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a 5/8 inch rebar;

Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet to a ½-inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to a ½ inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet to the intersection with the East line of the SE¼NE¼ of Section 28;

Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to the POINT OF BEGINNING.

PARCEL NO.  5:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       SW¼NE¼;

PARCEL NO. 6:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       NW¼NE¼, EXCEPTING THEREFROM that portion lying North and West of the North Side Canal Company lateral.

PARCEL NO. 7:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       E½NW¼, NW¼NW¼, SW¼NW¼, EXCEPTING THEREFROM the South 10 Acres;

ALSO EXCEPTING THEREFROM that part of the SW¼NW¼, described as follows:

Commencing at the Northwest corner of said Section 28;

Thence South 0°23'30" East along the West boundary of said Section 28, 1761.83 feet to the TRUE POINT OF BEGINNING;

Thence South 36°14'06" East, 457.64 feet;

Thence South 38°11'57" East, 170.68 feet;

Thence South 45°28'11" East, 64.61 feet;

Thence North 89°52'42" West, 418.37 feet to the West boundary of said Section 28;

Thence North 0°23'30" West along the West boundary of said Section 28, 547.70 feet to the TRUE POINT OF BEGINNING.

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5                    Page 214 of 300

JEROME COUNTY, IDAHO

Section 28:        That portion of the NW¼NE¼ lying North and West of the North Side Canal Company lateral.

EXCEPTING THEREFROM that part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet, to the Northwest corner of the NW¼NE¼, said point being the TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to the TRUE POINT OF BEGINNING.

PARCEL NO. 8:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Portion of the SW¼NW¼, described as follows:

Commencing at the Southwest corner of the SW¼NW¼ of said Section;
Thence South 89°53'08" East, along the South line of the SW¼NW¼ of said Section, 1017.36 feet to the TRUE POINT OF BEGINNING;
Thence North 66°30'17" West, 415.61 feet;
Thence North 60°28'11" West, 72.97 feet;
Thence North 52°35'55" West, 141.53 feet;
Thence North 45°28'11" West, 61.96 feet;
Thence South 89°52'42" East, 904.69 feet;
Thence South 0°23'23" East, 329.77 feet to a point on the South line of the SW¼NW¼ of said Section;
Thence North 89°53'08" West along the South line of the SW¼NW¼ of said Section, 305.69 feet to the TRUE POINT OF BEGINNING.

PARCEL NO. 9:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        That part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet to the Northwest corner of the NW¼NE¼, said point being THE TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 10:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5                              Page 215 of 300

Section 34:       E½SE¼; AND That part of the SW¼SE¼ lying South of the right of way of the U-4 lateral or coulee of the North Side Canal Company, Ltd., as located and operated over and across said land,

EXCEPTING THEREFROM the following described tracts:

Tract No. 1:
Commencing at the Southeast corner of Section 34; Thence North 89°47' West, 2033.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13'00" East, 283.88 feet to the Southerly bank (right of way) of the Northside Canal Company "U-4" Lateral;
Thence along said "U-4 Lateral South 70°46'54" West, 79.00 feet;
South 52°49'10" West, 79.35 feet;
South 45°31'07" West, 73.56 feet;
Thence departing said lateral South 4°01'42" East, 158.10 feet to the Southerly boundary of Section 34;
Thence South 89°47' East, 178.11 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 2:
Beginning at the Southeast corner of Section 34;
Thence North 89°47'00" West, 1866.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13' East, 355.00 feet to the Southerly bank of the Northside Canal Company "U-4"Lateral;
Thence South 67°08'57" West, 181.51 feet along the Southerly bank of said Lateral;
Thence South 0°13' West, 283.88 feet to the Southerly boundary of Section 34;
Thence South 89°47'00" East, 167.00 feet along said Southerly boundary to THE TRUE POINT OF BEGINNING.

Tract No. 3:
Beginning at the Southeast corner for Section 34, THE TRUE POINT OF BEGINNING;
Thence North 89°47'00" West, 672.70 feet along the Southerly boundary of Section 34;
Thence North 0°11'26" West, 451.32 feet;
Thence South 89°47'00" East, 672.70 feet to the Easterly boundary of Section 34;
Thence South 0°11'26" East, 451.32 feet along the Easterly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 4:
Beginning at a point on the south line of said SW¼SE¼, which point is 287 feet east of the Southwest corner of said SW¼SE¼;
Thence in an easterly direction along said south line 144 feet;
Thence running North 5°30' West 176 feet to the center of the U-4 lateral of the North Side Canal Co. Ltd as now constructed;
Thence Southwesterly along said centerline of said lateral 242 feet to the Point of Beginning.

PARCEL NO. 11:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       Part of the SW¼NW¼, and Part of the NW¼SW¼, described as follows:

Commencing at a 5/8-inch iron pin with a plastic cap stamped PLS 3623 marking the Southwest corner of the Northwest ¼ of said Section 28, being also the POINT OF BEGINNING, from which an aluminum cap stamped PLS

EXHIBIT 5                    Page 216 of 300

884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears South 00°06'53" West at a distance of 2639.06 feet, and also from which a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the Northwest ¼ of said Section 28 bears North 00°05'13" East at a distance of 2639.50 feet;

Thence along the West line of the Southwest ¼ of the Northwest ¼ of said Section 28, North 00°05'13" East, a distance of 329.94 feet to the Northwest corner of the South 10 Acres of said Southwest ¼ of the Northwest ¼, being also the Southwest corner of a parcel of land described as Parcel No. 36 in a Quitclaim Deed to L&S Land Holdings LLC as recorded in the Jerome County Recorder's Office on December 31, 2008 as Instrument Number 2086830.

Thence along the North line of said 10 acres, being also the South line of said Parcel No. 36, South 89°21'43" East, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the Southeast corner of said Parcel No. 36, being also the Northwest corner of a parcel of land described as Parcel No. 2 in a Warranty Deed to William J. and Susie J. Millenkamp as recorded in the Jerome County Recorder's Office on March 2, 2005 as Instrument Number 2051133;

Thence along the Westerly line of said Parcel No. 2 the following bearings and distances;

South 45°00'52" East, a distance of 61.09 feet (North 45°28'11" West, 64.96 feet, record);

Thence South 52°06'54" East, a distance of 141.47 feet (North 52°35'55" West, 141.53 feet, record);

Thence South 59°59'23" East, a distance of 72.92 feet (North 60°28'11" West, 72.97 feet, record);

Thence South 66°01'21" East, a distance of 418.43 feet to a ½-inch iron rod with plastic cap stamped PLS 3623 marking the intersection with the South line of the Southwest ¼ of the Northwest ¼ of said Section 28 (North 66°30'17" West, 415.61 feet, record);

Thence along the South line of said Southwest ¼ of the Northwest ¼, North 89°21'54" West, a distance of 229.89 feet to the intersection with the W3 Lateral of the North Side Canal Company;

Thence along the center of said W3 Lateral the following bearings and distances;

South 33°36'43" West, a distance of 232.99 feet to the beginning of a curve tangent to said line;

Thence Southwesterly and Westerly a distance of 292.87 feet along the curve concave to the Northwest, having a radius of 338.33 feet, a central angle of 49°35'51", and being subtended by a chord that bears South 58°24'39" West 283.81 feet;

Thence South 83°12'35" West tangent to said curve, a distance of 96.35 feet to the beginning of a curve tangent to said line;

Thence Westerly, Southwesterly and Southerly a distance of 107.95 feet along the curve concave to the Southeast, having a radius of 75.00 feet, a central angle of 82°28'03", and being subtended by a chord that bears South 41°58'33" West 98.87 feet;

Thence South 00°44'31" West tangent to said curve, a distance of 201.65 feet to the beginning of a curve tangent to said line;

Thence Southerly, Southwesterly and Westerly a distance of 153.04 feet along the curve concave to the Northwest, having a radius of 110.00 feet, a central angle of 79°42'55", and being subtended by a chord that bears South 40°35'58" West 140.99 feet;

Thence South 80°27'26" West tangent to said curve, a distance of 141.62 feet;

Thence South 85°21'09" West, a distance of 24.78 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the West line of the Northwest ¼ of the Southwest ¼ of said Section 28;

Thence along the West line of said Northwest ¼ of the Southwest ¼, North 00°06'53" East, a distance of 770.52 feet to the POINT OF BEGINNING.


ALSO INCLUDED


TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO


Section 28:    Part of the SW¼NW¼, previously described as Parcel No. 36 in Quitclaim Deed from Luis M. & Sharon Bettencourt to L&S Land Holdings as recorded on December 31, 2008 as Instrument Number 2086830, now being described as follows:

EXHIBIT 5                    Page 217 of 300

Commencing at a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the West ½ of said Section 28; Thence along the West line of the Northwest ¼ of said Section 28, South 00°05'13" West, a distance of 1761.60 feet (South 00°23'30" East, 1761.83 feet, record), to a ½-inch iron pin marking the POINT OF BEGINNING.
Thence South 35°44'37" East, a distance of 457.46 feet (South 36°14'06" East, 457.64 feet, record);
Thence South 37°41'44" East, a distance of 170.64 feet (South 38°11'57" East, 170.68 feet, record);
Thence South 45°00'52" East, a distance of 65.53 feet (South 45°28'11" East, 64.61 feet, record) to the North line of the South 10 Acres of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the North line of said South 10 Acres, North 89°21'43" West, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the West line of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the West line of said Southwest ¼ of the Northwest ¼, North 00°05'13" East, a distance of 547.97 feet (North 00°23'30" West, 547.70 feet, record) to the POINT OF BEGINNING.

ALSO INCLUDED

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the NE¼SW¼, described as follows:

Commencing at a brass cap marking the Southeast corner of the Southwest ¼ of said Section 28, from which an aluminum cap stamped PLS 884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears North 89°22'57" West at a distance of 2646.57 feet; Thence along the East line of said Southwest ¼, North 00°05'51" East, a distance of 1931.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858 marking the POINT OF BEGINNING.
Thence North 39°19'22" West, a distance of 125.38 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 42°05'52" West, a distance of 294.98 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 44°25'46" West, a distance of 368.54 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 51°33'57" West, a distance of 89.01 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 72°47'53" West, a distance of 237.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 84°18'05" West, a distance of 124.52 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the North line of the Northeast ¼ of the Southwest ¼ of said Section 28;
Thence along the North line of said Northeast ¼ of the Southwest ¼, South 89°21'54" East, a distance of 957.25 feet to a 5/8-inch rebar with aluminum cap stamped PLS 9858 marking the Northeast corner of said Northeast ¼ of the Southwest ¼;
Thence along the East line of said Northeast ¼ of the Southwest ¼, South 00°05'51" West, a distance of 706.46 feet to the POINT OF BEGINNING.

TRACT E

CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        E½

JEROME COUNTY

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5        Page 218 of 300

Section 21:    That portion of the N½SW¼, lying South of the centerline of the Northside Canal Company "W" Canal, more particularly described as follows:

Commencing at the Northwest corner of said N½SW¼; Thence South 0°07'58" East, 562.38 feet along the Westerly boundary of said N½SW¼ to the center of the Northside Canal Company "W" Canal and THE TRUE POINT OF BEGINNING;
Thence South 0°07'58" East, 758.11 feet to the Southwest corner of said N½SW¼;
Thence South 89°41'11" East, 2643.72 feet to the center of said "W" Canal;
Thence Westerly along the approximate center of said "W" Canal the following courses and distances:
Thence North 26°19'12" West, 237.37 feet;
Thence North 44°56'58" West, 199.28 feet;
Thence South 52°21'52" West, 240.71 feet;
Thence North 67°19'08" West, 646.97 feet;
Thence North 87°18'51" West, 178.79 feet;
Thence North 64°23'23" West, 203.61 feet;
Thence South 73°01'14" West, 419.96 feet;
Thence South 62°58'56" West, 355.62 feet (335.62 feet recorded);
Thence North 71°13'41" West, 561.62 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 10:    A parcel of land located in the N½NW¼, described as follows:

Commencing at the Northeast corner of the N½NW¼, which corner bears North 8°44'54" West, 213.81 feet from Station 296+20.43 of Interstate 80N, Project No. 1-80N-3(18)191 Highway Survey; Thence South 0°06'44" East along the East line of said N½NW¼, a distance of 378.42 feet to a point that bears South 9°11'09" East, 160.00 feet from Station 295+60.35 of said Highway Survey and being the REAL POINT OF BEGINNING;
Thence South 79°55'36" West, 640.33 feet to a point in a line parallel with and 170.0 feet Southerly from the centerline and opposite Station 289+20.09 of said Highway Survey;
Thence along said parallel line as follows:
Westerly along a 5899.58 foot radius curve right 1603.00 feet to a point which bears South 6°22'56" West, 170.0 feet from Station 273+63.28 of said Highway Survey;
North 83°37'04" West, 398.99 feet to a point in the West line of said N½NW¼ and bears South 6°22'56" West, 170.0 feet from the Station 269+64.29 of said Highway Survey;
Thence South 0°03'34" East along said West line 842.0 feet, more or less, to the Southwest corner of said N½NW¼;
Thence Easterly along the South line of said N½NW¼, a distance of 2640.0 feet, more or less, to the Southeast corner thereof;
Thence North 0°06'44" West along the East line of said N½NW¼ a distance of 942.0 feet, more or less, to THE REAL POINT OF BEGINNING.

EXCEPTING THEREFROM a parcel of land described as follows:

Beginning at the North quarter corner of said Section 10; Thence South 0°04'39" West along the center section line of said Section 10 for a distance of 370.80 feet to the South right of way line of Interstate 80N, Project No. I-80N-3(18)191 and being the REAL POINT OF BEGINNING;
Thence from the REAL POINT OF BEGINNING South 0°04'39" West along the center section line of said Section 10 for a distance of 951.05 feet to the Southeast corner of the N½NW¼;
Thence North 89°58'21" West along the South line of the N½NW¼ for a distance of 233.66 feet;

EXHIBIT 5                    Page 219 of 300

Thence North 0°04'39" East for a distance of 910.82 feet to the South right of way line of Interstate 80N;
Thence North 79°57'46" East along the South right of way line of Interstate 80N for a distance of 223.00 feet;
Thence North 84°56'39" East along the South right of way line of Interstate 80N for a distance of 14.19 feet to the REAL POINT OF BEGINNING.

FURTHER EXCEPTING THEREFROM that part of the NW¼, described as follows:

Commencing at the Northwest corner of said Section 10; Thence South 0°00'13" West along the West boundary of said Section 10 for a distance of 1073.5 feet to THE TRUE POINT OF BEGINNING;
Thence North 89°30'00" East for a distance of 210.00 feet;
Thence South 0°00'13" West parallel with the West boundary of Section 10 for a distance of 211.04 feet;
Thence South 89°30'00" West for a distance of 113.0 feet;
Thence North 84°00'00" West for a distance of 97.5 feet to a point on the West boundary of Section 10;
Thence North 0°00'13" East along the West boundary of Section 10 for a distance of 200.00 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 34:      SE¼NE¼; NE¼NE¼

PARCEL NO. 5
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:      NE¼NE¼, more particularly described as follows:

Beginning at the Northeast corner of said Section 28, said point being the TRUE POINT OF BEGINNING;
Thence North 89°39' West along the North boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Northwest corner of NE¼NE¼;
Thence South 0°02' East along the West boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southwest corner of the NE¼NE¼;
Thence South 89°39' East along the South boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southeast corner of the NE¼NE¼;
Thence North 0°02' West along the East boundary of the NE¼NE¼, 1320.00 feet, more or less, to the TRUE POINT OF BEGINNING.

TRACT F – JEROME COUNTY

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 29:      S½NE¼NE¼

TRACT G - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                    Page 220 of 300

Section 2:          W½SW¼

Section 3:          SE¼, E½SW¼, S½NW¼

Section 4:          All

Section 9:          SW¼

Section 10:         All

Section 11:         W½NW¼, NW¼SW¼; W½SE¼, SW¼SW¼, E½SW¼, SE¼NW¼, SW¼NE¼

Section 13:         W½, W½E½

Section 14:         All

Section 15:         All

TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:          Lots 2, 3, 4 and W½SW¼

                    SAVE AND EXCEPT, the following described property:

Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with
cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF
BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:          Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with
cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF
BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5                    Page 221 of 300

CASSIA COUNTY, IDAHO

Section 9:          E½

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          SE¼NE¼ and E½SE¼

Section 34:          Part of the SE¼SW¼ more particularly described as follows:

Beginning at the Southwest corner of the SE¼SW¼ of Section 34, the TRUE POINT OF BEGINNING;
Thence North along the West boundary of the SE¼SW¼ of Section 34 for 400 feet;
Thence East along a line parallel to the South boundary of said SE¼SW¼, Section 34 for 600 feet;
Thence South 400 feet to the South boundary of the SE¼SW¼ of Section 34;
Thence West along the South boundary of the SE¼SW¼ of Section 34 for 600 feet to the POINT OF BEGINNING.

PARCEL NO. 5:
A 25 foot easement for ingress and egress to the E½SE¼ of Section 35, Township 11 South, Range 28 East, Boise Meridian and for Section 36, Township 11 South, Range 28 East Boise Meridian, as reserved in Warranty Deed dated April 1, 1986 and recorded May 8, 1986 as Instrument No. 178224 on Film No. 180, records of Cassia County, Idaho, more particularly described as follows:

Beginning at the Southwest corner of the E½SW¼, Section 34, Township 11 South, Range 28 East Boise Meridian;
Thence East along the North boundary of Section 3, Township 12 South, Range 28 East of the Boise Meridian to a point that is 25 feet West of the Northeast corner of said Section 3;
Thence South 25 feet;
Thence East 25 feet to the East boundary of said Section 3;
Thence continuing East and 25 feet South of the North boundary of Section 2, Township 12 South, Range 28 East, Boise Meridian, to the East boundary of said Section 2;
Thence North 25 feet to the Northeast corner of said Section 2;
Thence West along the North boundary of said Section 2 to the Northwest corner of said Section 2;
Thence North 25 feet;
Thence West to the West boundary of the E½SW¼ of Section 34, Township 11 South, Range 28 East Boise Meridian;
Thence South 25 feet to the POINT OF BEGINNING.

TRACT H – TWIN FALLS COUNTY

Lots 1 through 8, inclusive, and Parcels A and B, PAULSON SUBDIVISION, Twin Falls County, Idaho, filed in Book 17 of Plats, Page 39.  Affidavit of Correction recorded September 4, 2001 as Instrument No. 2001-015902.

TRACT I – TWIN FALLS COUNTY

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:          Part of Lot 9, more particularly described as follows:

EXHIBIT 5                    Page 222 of 300

A parcel of ground located between the Southerly high water mark of the Snake River and the Northerly right-of-way line of the County Road, being part of Lot 9 in Section 9 and Lot 12 in Section 4 of Township 9 South, Range 15 East Boise Meridian, more particularly described as follows:

Beginning at the centerline of the County Road right of way as it intersects Lot 9 in Section 9, being THE TRUE POINT OF BEGINNING;
Thence Easterly along the centerline of said County Road right-of-way for a distance of 450 feet;
Thence North approximately 250 feet to the high water line of the Snake River;
Thence Southwesterly along the high water line of the Snake River to the point where the Snake River intersects the Westerly boundary of Section 9;
Thence South approximately 150 feet to the centerline of the County Road right--of-way, being THE TRUE POINT OF BEGINNING.

TRACT J – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:          Lots 10, 19 and 20


TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:          SW¼SW¼

SAVE AND EXCEPT a parcel of land located in Government Lot 22, more particularly described as follows:

Commencing at the Southwest Section corner of said Section 5 from which the S¼ corner of said Section 5 bears South 89°21'06" East, 2671.89 feet, said Southwest section corner of Section 5 being THE TRUE POINT OF BEGINNING;
Thence North 00°20'00" East along the West boundary of said Government Lot 22 for a distance of 168.01 feet;
Thence South 89°40'00" East for a distance of 11.75 feet to a point on the Southerly rim of the Snake River;
Thence along the Southerly rim of the Snake River on the following courses:
North 43°15'43" East, 23.49 feet;
South 81°49'29" East, 150.08 feet;
North 85°23'40" East, 128.99 feet;
South 87°20'13" East, 89.08 feet;
North 68°53'37" East, 45.37 feet;
Thence South 28°37'14" West for a distance of 216.48 feet to a point on the South boundary of said Government Lot 22;
Thence North 89°21'06" West along the South boundary of said Government Lot 22 for a distance of 333.58 feet to the Southwest section corner of said Section 5 and being THE TRUE POINT OF BEGINNING.

SUBJECT TO:
1.  A 25.00 foot wide county road easement along the South and West boundaries of the before described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

EXHIBIT 5                    Page 223 of 300

Section 8:          Lots 2, 4, 5 and the NE¼NW¼

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 8:          Part of Government Lot 1, more particularly described as follows:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly
boundary of Section 8 to the Northeast corner of Government Lot 1; Thence North 41°45'07" West, 612.36 feet along
the boundaries of Government Lots 1 and 4 to Angle Point 4; Thence North 52°52'21" West, 493.46 feet along said
boundary between Government Lots 1 and 4 to an existing fence and THE TRUE POINT OF BEGINNING;
Thence North 52°52'21" West, 152.02 feet along said boundary between Lots to Angle Point Number 3;
Thence North 68°55'21" West, 456.73 feet along said boundary to the Northwest corner of Government Lot 1;
Thence South 0°52'44" East, 272.78 feet along the Westerly boundary of Government Lot 1 to an existing fence
corner;
Thence North 88°14'05" East, 543.45 feet along said fence to the Easterly boundary of Government Lot 1 and THE
TRUE POINT OF BEGINNING.

SAVE AND EXCEPT the following described:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly
boundary of Section 8 to the Southeast corner to Government Lot 4 and THE TRUE POINT OF BEGINNING;
Thence North 0°52'21" West, 724.23 feet along the Easterly boundary of Section 8 to an existing fence corner;
Thence North 84°01'11" West, 407.11 feet along the existing fence;
Thence South 88°14'05" West, 385.47 feet along said fence to the Southwesterly boundary of Government Lot 4;
Thence South 52°52'21" East, 493.46 feet along the Southwesterly boundary of Government Lot 4 to Angle Point
Number 4;
Thence South 41°45'07" East, 612.36 feet along the Southwesterly boundary of said Government Lot 4 to THE
TRUE POINT OF BEGINNING.

TRACT K – TWIN FALLS COUNTY

Part of Lots 7, 8, 9, 11, 12, 13 and 14, of Section 9, Township 9 South, Range 15 East Boise Meridian, and part of
Lot 12 of Section 4, Township 9 South, Range 15 East Boise Meridian, Twin Falls County, Idaho, more particularly
described as follows:

Beginning at the Meander corner on the South bank of the Snake River lying on the section line common to Sections
9 and 10 of Township 9 South, Range 15 East Boise Meridian, said corner being marked by a U.S. General Land
Office pipe with brass cap; Thence South 00°10'20" West along the Section line common to Sections 9 and 10 for
427.10 feet to a point on the North side of the Upper Brandon Ditch which shall be THE POINT OF BEGINNING;
Thence South 00°10'20" West along section line for 433.61 feet to a ½ inch rebar on the South rim of the Snake
River Canyon;
Thence North 76°23'56" West (North 76°25' West rec.) along said canyon rim for 223.07 feet (223 feet rec.) to a ½
inch rebar;
Thence North 70°29'12" West (North 70°40' West rec.) along said canyon rim for 159.73 feet (160 feet rec.) to a ½
inch rebar;
Thence North 74°43'47" West (North 75°02' West rec.) along said canyon rim for 584.51 feet (585 feet rec.) to a
point;

EXHIBIT 5                    Page 224 of 300

Thence South 87°33'41" West (South 87°16' West rec.) along said canyon rim for 676.63 feet (677 feet rec.) to a point;

Thence North 81°38'59" West (North 81°57' West rec.) along said canyon rim for 853.57 feet (854 feet rec.) to a point;

Thence South 81°00'27" West (South 80°43' West rec.) along said canyon rim for 780.55 feet (781 feet rec.) to a point;

Thence North 77°19'51" West (North 77°38' West rec.) along said canyon rim for 731.66 feet (732 feet rec.) to a point;

Thence North 21°59'03" West (North 22°18' West rec.) along said canyon rim for 340.01 feet (340 feet rec.) to a point;

Thence North 86°24'08" West (North 86°42' West rec.) along said canyon rim for 384.80 feet (385 feet rec.) to a point;

Thence North 61°45'47" West (North 62°07' West rec.) along said canyon rim for 134.92 feet to a ½ inch rebar at the Southeast corner of that property as deeded to Frank Strobel by Warranty Deed recorded 6 Oct. 1978, as Instrument No. 745567;

Thence North 00°41'23" West (North 00°55'00" West rec.) along the East line of the Strobel property for 1184.54 feet (1184.61 feet rec.) to a ½ inch rebar on the centerline of a county road also being the South line of the property as deeded to Associated McCullough Enterprises by Warranty Deed recorded 10 Oct. 1986 as Instrument No. 910242;

Thence on a curve to the left on the centerline of said county road Associated McCullough Enterprises property line for 440.12 feet to a point, said curve having a central angle of 8°09'06" and a radius of 3093.47 feet with a long chord bearing of North 69°54'35" East (North 69°40'43" East rec.) for a distance of 439.75 feet from the previous point;

Thence North 65°50'02" East (North 65°36'10" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 573.60 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 346.23 feet to a point, said curve having a central angle of 39°40'28" and a radius of 500.00 feet with a long chord bearing of North 85°40'15" East for a distance of 339.35 feet from the previous point;

Thence South 74°29'30" East (South 74°43'22" East rec.) along the center line of said county road/Associated McCullough Enterprises property line for 267.72 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 238.60 feet to a point, said curve having a central angle of 13°40'16" and a radius of 1000.00 feet with a long chord bearing of South 67°39'22" East (South 67°53'13" East rec.) for a distance of 238.04 feet from the previous point;

Thence South 60°49'13" East (South 61°03'05" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 54.35 feet to a point on the section line common to Sections 4 and 9;

Thence South 89°47'46" East (North 89°58'22" East rec.) along said section line for 55.16 feet to a meander corner on the South bank of the Snake River, said corner being marked by a U.S. General Land Office pipe with brass cap;

Thence South 69°09'42" East along the high water line of the Snake River for 107.56 feet to a point;

Thence South 36°50'03" East along said high water line for 324.38 feet to a point;

Thence South 28°01'36" East along said high water line for 188.40 feet to a point;

Thence South 71°51'23" East along said high water line for 266.27 feet to a point;

Thence South 85°01'19" East along said high water line for 128.00 feet to a point;

Thence South 77°56'56" East along said high water line for 186.93 feet to a point;

Thence South 70°15'54" East along said high water line for 277.05 feet to a point;

Thence South 3°16'00" West (South 2°49'21" West rec.) for 57.04 feet to a point on the North line of that property as deeded to William S. Slaughenhauft by Warranty Deed recorded 6 June 1975 as Instrument No. 681182;

Thence North 68°21'57" West (North 68°43' West rec.) along the North line of the Slaughenhauft property for 136.00 feet to a point;

Thence on a curve to the left along the North line of the Slaughenhauft property for 35.00 feet to a ½ inch rebar, said curve having a central angle of 2°03'24.4" and a radius of 975.00 feet with a long chord bearing of North 69°23'39" West (North 69°44'42" West rec.) for a distance of 34.99 feet from the previous point;

EXHIBIT 5                    Page 225 of 300

Thence South 13°17'28" West (South 12°56'25" West rec.) along the West line of the Slaughenhauft property for 266.15 feet (266.10 feet rec.) to a ½ inch rebar on the South side of an irrigation ditch known as the Lower Brandon Ditch, said point also being the Northwest corner of that property as deeded to Philip Smith by Warranty Deed recorded 6 Nov. 1978, as Instrument No. 613816;

Thence North 23°03'03" West (South 22°42' West rec.) along the West line of the Smith property for 429.47 feet to a ½ inch rebar on the North side of the Upper Brandon Ditch;

Thence North 85°47'05" East (North 85°23' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 240.50 feet (240.0 feet rec.) to a point;

Thence South 46°41'06" East (South 47°03' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 197.00 feet to a point;

Thence South 65°36'54" East (North 65°15' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 93.80 feet to a point;

Thence North 88°11'54" East (North 87°50' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 446.20 feet to a point;

Thence South 68°30'06" East (South 68°52' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 224.60 feet to a point;

Thence South 69°48'06" East (South 70°10' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 417.00 feet to a point;

Thence South 70°34'06" East (South 70°56' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 420.00 feet to THE POINT OF BEGINNING.

SUBJECT TO an existing county road right of way along the Northern most line of the above described property being noted in the description as road centerline.

TRACT L – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 1573.95 feet along the West boundary of said Section 9 to the Southwest corner of said parcel of land and being the REAL POINT OF BEGINNING;

Thence, North 00°54'26" West 783.01 feet along said West boundary to a point on the centerline of River Road (County Road);
Thence, South 86°36'57" East 369.14 feet along said centerline;
Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51", an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline;
Thence, leaving said centerline, South 25°41'20" West 188.46 feet;
Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of official records, in said office of the county recorder of Twin Falls County;
Thence, North 70°15'00" West 439.41 feet along said Northeasterly boundary to said REAL POINT OF BEGINNING.

EXHIBIT 5                    Page 226 of 300

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 2356.96 feet along said West boundary to a point on the centerline of River Road (County Road); Thence, South 86°36'57" East 369.14 feet along said centerline;
Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51"; an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline and being the REAL POINT OF BEGINNING;
Thence, leaving said centerline, South 25°41'20" West 188.46 feet;
Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of official records, in the office of the county recorder of Twin Falls County;
Thence, South 70°15'00" East 297.66 feet along said Northeasterly boundary;
Thence, continuing along said Northeasterly boundary, South 62°07'00" East 7.41 feet to the Southeast corner of said parcel of land;
Thence, North 00°55'00" West 1041.23 feet along the East boundary of said parcel of land to a point on said centerline of River Road;
Thence, along the arc of a non-tangent 1156.07 foot radius curve to the right, through a central angle of 10°01'48", an arc distance of 202.38 feet and a chord distance of 202.12 feet that bears South 82°03'18" West along said centerline to said REAL POINT OF BEGINNING.

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

TRACT NO. M – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 17:        A parcel of land located in a portion of N½NE¼ and SW¼NE¼, being more particularly described as follows:

Commencing at the North quarter corner of Section 17 and being THE REAL POINT OF BEGINNING;
Thence South 89°13'29" East, 2666.01 feet to the Northeast corner of Section 17;
Thence South 00°36'24" East, 1021.06 feet along the East boundary of Section 17;
Thence North 89°22'41" West, 700.00 feet;
Thence South 00°36'24" East, 300.00 feet to a point in the South boundary of NE¼NE¼, Section 17;
Thence North 89°22'41" West, 633.33 feet to the Northeast corner of SW¼NE¼, Section 17;
Thence South 00°35'19" East, 732.86 feet along the East boundary of SW¼NE¼, Section 17;

EXHIBIT 5              Page 227 of 300

Thence North 89°45'41" West, 296.45 feet (shown of record to be 285.9 feet) along the Southerly boundary of that parcel of land described in Deed Instrument No. 840798;
Thence North 30°40'41" West, 288.06 feet along said boundary;
Thence South 59°19'19" West, 51.25 feet along said boundary to the center of a concrete headgate spillway mentioned in said Deed Instrument No. 840798;
Thence along the spillway ditch mentioned in said Deed Instrument as follows:
North 59°30'03" West, 21.92 feet;
North 43°49'26" West, 37.21 feet;
North 37°12'27" West, 43.12 feet;
North 54°06'58" West, 164.97 feet;
North 53°53'37" West, 113.31 feet;
North 53°08'10" West, 250.16 feet;
North 47°43'30" West, 52.14 feet;
North 50°09'39" West, 67.78 feet;
North 57°46'28" West, 18.15 feet;
North 74°23'53" West, 19.55 feet;
North 80°13'05" West, 18.06 feet;
North 89°26'44" West, 214.21 feet to a point on the West boundary of NE¼, Section 17;
Thence North 00°34'15" West, 40.03 feet to the Southwest corner of NW¼NE¼, Section 17;
Thence North 00°34'15" West, 1328.18 feet along the West boundary of said NW¼NE¼, to THE REAL POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Part of the W½, more particularly described as follows:

Beginning at the Southwest corner of said Section;
Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9;
Thence North 00°05'48" West, 380.00 feet;
Thence North 89°54'12" East, 567.06 feet;
Thence South 01°56'02" East, 380.20 feet to the South boundary of Section 9;
Thence North 89°54'12" East, 1,216.54 feet to the South quarter corner of Section 9;
Thence North 00°25'31" West, 2,384.42 feet;
Thence South 89°09'26" West, 75.00 feet to the Southwest corner of Tract No. 7 as shown on the survey recorded in Book 28, Page 1589 as Instrument No. 713365, records of Twin Falls County, Idaho;
Thence South 00°25'31" East, 342.23 feet;
Thence along a curve left:
Delta - 76°48'26"
Radius - 1,355.74 feet
Arc - 1,817.42 feet
Chord - 1,684.36 feet
Long Chord Bearing - North 53°43'40" West;
Thence along a curve right:
Delta - 28°36'58"
Radius - 500.00 feet
Arc - 249.72 feet
Chord - 249.14 feet
Long Chord Bearing - North 77°49'24" West;
Thence North 63°30'55" West, 1,187.91 feet;

EXHIBIT 5                    Page 228 of 300

Thence South 00°55'00" East, 3,624.43 feet along the West boundary of Section 9 to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.00 foot wide county road easement along the West and South boundaries.

AND SUBJECT TO a 50.00 foot wide access and utility easement located in Section 9, described as follows:

Commencing at the Southwest corner of said Section 9;
Thence North 89°54'12" East, 2,669.95 feet to THE TRUE POINT OF BEGINNING, said point lies South 89°54'12" West, 25.00 feet from the South quarter corner of said Section 9;
Thence North 00°25'31" West, 2,384.10 feet;
Thence South 89°09'28" West, 50.00 feet;
Thence South 00°25'31" East, 2,383.44 feet to the South boundary of Section 9;
Thence North 89°54'12" East, 50.00 feet to THE TRUE POINT OF BEGINNING.

SAVE AND EXCEPT the East 75 feet thereof

ALSO EXCEPTING the following described:

Commencing at the Southwest corner of said Section 9, from which the South quarter corner of Section 9 bears North 89°54'12" East, 2695.04 feet, said Southwest corner of Section 9 being THE TRUE POINT OF BEGINNING;
Thence North 00°52'42" West along the West boundary of the SW¼ of Section 9 for a distance of 1032.21 feet;
Thence South 88°22'24" East for a distance of 85.17 feet;
Thence South 38°24'37" East for a distance of 258.67 feet;
Thence South 40°28'04" East for a distance of 84.45 feet;
Thence South 43°23'07" East for a distance of 80.22 feet;
Thence South 45°07'17" East for a distance of 91.34 feet;
Thence North 82°31'01" East for a distance of 16.96 feet;
Thence South 45°54'58" East for a distance of 173.02 feet;
Thence South 69°19'28" East for a distance of 318.78 feet;
Thence North 75°17'34" East for a distance of 30.82 feet;
Thence South 86°36'38" East for a distance of 444.53 feet;
Thence North 88°54'26" East for a distance of 333.64 feet;
Thence South 01°04'37" West for a distance of 359.90 feet;
Thence South 22°21'58" East for a distance of 37.36 feet to a point on the South boundary of the SW¼ of said Section 9;
Thence South 89°54'12" West along the South boundary of the SW¼ of Section 9 for a distance of 1658.59 feet to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.0 foot wide county road easement along the South and West boundaries of the before described parcel.
EXCEPT a parcel of land located in the SW¼ of said Section 9, Township 9 South, Range 15 East of the Boise Meridian, Twin Falls County, Idaho, being more particularly described as follows:
Commencing at the Southwest corner of Section 9, said point lies South 89°54'12" West, 2694.95 feet from the South quarter of Section 9;
Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING;
Thence North 00°05'48" West, 380.00 feet;
Thence North 89°54'12" East, 567.06 feet;
Thence South 01°56'02" East, 380.20 feet to a point on the South boundary of Section 9;

EXHIBIT 5                          Page 229 of 300

Thence South 89°54'12" West, 579.25 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING.

TOGETHER WITH a 20.00 foot wide non-exclusive vehicular access easement parallel with, adjoining and East of the East boundary of the above excepted parcel.

AND SUBJECT TO a 25.00 foot wide county roadway easement parallel with and adjoining the South boundary of the above excepted parcel.

PARCEL NO. 3
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 16:        NW¼NW¼, EXCEPT the South 190 feet of the West 490 feet thereof.

SUBJECT TO Highway District right of way.

PARCEL NO. 4:
A Right-of-Way over an existing roadway across the South 190 feet of the West 490 feet of the NW¼NW¼ of said Section for ingress and egress as created by Warranty Deed by and between Gerald G. Akland and Ann Akland, husband and wife, Grantors unto James E. Paulson and Glennys Paulson, husband and wife, grantees, dated January 6, 1982 and recorded January 18, 1982 as Instrument No. 815467, records of Twin Falls County, Idaho.

TRACT N – JEROME COUNTY

PARCEL NO. 1:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:        NW¼ and that part of the W½NE¼ lying West of the Main Canal of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM that portion thereof conveyed to the State of Idaho for highway purposes and particularly described as follows:

A parcel of land being on both sides of the centerline of Interstate 80N, Project No. I-80N-3(18)191 Highway Survey as shown on the plans thereof now on file in the office of the Department of Highways of the State of Idaho, and being a portion of the N½NW¼ and a portion of the NW¼NE¼ of Section 12, Township 10 South, Range 20 East Boise Meridian, described as follows:

Beginning at the Northwest corner of Section 12, Township 10 South, Range 20 East Boise Meridian, which corner bears North 0°01'06" East, 125.00 feet from Station 375+50.15 of said Interstate 80N, Project No. I-80N-3(18)191 Highway Survey;
Thence North 89°50'44" East along the North line of said Section 12 a distance of 3110.59 feet to a point in the centerline of the Main Canal of the North Side Canal Co., that bears North 0°12'06" East, 136.42 feet from Station 406+59.84 of said Highway Survey;
Thence South 30°32'54" East along the centerline of said canal 344.92 feet to a point in a line parallel with and 160.00 feet Southerly from the centerline and bears South 0°12'06" West from Station 408+36.19 of said Highway Survey;
Thence North 89°47'54" West along said parallel line 817.76 feet to a point opposite Station 400+18.43 and angle point of 0°11'00" left of said Highway Survey;

EXHIBIT 5                    Page 230 of 300

Thence South 86°19'16" West, 1089.74 feet to a point that bears South 0°01'06" West 230.29 feet from Station 389+30.47 of said Highway Survey;

Thence South 71°05'03" West, 564.86 feet to a point that bears South 0°01'06" West, 413.57 feet from Station 383+96.17 of said Highway Survey;

Thence South 56°08'59" West, 639.57 feet to a point in a line parallel with and 770.00 feet Southerly from the centerline and bears South 0°01'06" West from Station 378+65.12 of said Highway Survey;

Thence North 89°58'54" West along said last parallel line 262.21 feet to a point opposite Station 376+02.91 of said Highway Survey;

Thence South 0°11'14" East, 245.38 feet to a point that bears South 0°01'06" West, 1015.38 feet from Station 376+03.79 of said Highway Survey;

Thence South 7°31'58" West, 186.13 feet to a point that bears South 0°01'06" West, 1199.90 feet from Station 375+79.34 of said Highway Survey;

Thence South 89°48'46" West, 25.00 feet to a point in the West line of said Section 12 that bears South 0°01'06" West, 1200.00 feet from Station 375+54.34 of said Highway Survey;

Thence North 0°11'14" West along said West line 1325.00 feet, more or less, to THE PLACE OF BEGINNING.

ALSO included that part of the NW¼SW¼ and the E½SW¼ lying North and East of Gravity Lateral of North Side Canal Co., Ltd., and that part of the SW¼SW¼ lying North and East of the "C" Lateral of the North Side Canal Co., Ltd., all in Section 12, Township 10 South, Range 20 East Boise Meridian, Jerome County, Idaho.

ALSO included that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East Boise Meridian, lying North and East of the Gravity Lateral of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM the following described tracts:

          Tract No. 1:
A parcel of land in the SE¼NW¼ of Section 12, described as follows:

From the Northwest Section Corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West; Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING;

From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;

Thence a distance of 170.3 feet on a bearing of South 0°05' East;

Thence a distance of 171.8 feet on a bearing of South 89°55' West;

Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

          Tract No. 2:
Part of the W½NE¼ of Section 12, described as follows:

Beginning at the East Quarter corner for Section 12; Thence South 89°59'38" West, 2196.92 feet; Thence along the Southerly boundary of the NE¼ of said Section 12 to the center of the Northside Canal Company "Northside Main Canal" the TRUE POINT OF BEGINNING;

Thence South 89°59'38" West, 143.26 feet along said boundary;

Thence North 32°42'37" East, 620.34 feet;

Thence North 9°07'14" East, 226.05 feet;

Thence North 5°52'42" West, 1318.85 feet;

Thence North 12°10'06" West, 287.93 feet to the Southerly boundary of frontage road;

Thence East 130.00 feet to the center of the "Northside Main Canal";

Thence along said center line of canal the following courses:

South 12°10'06" East, 287.93 feet;

South 4°13'54" East, 1315.50 feet;

EXHIBIT 5                    Page 231 of 300

South 5°50'27" West, 224.36 feet;
South 29°38'17" West, 600.51 feet to THE TRUE POINT OF BEGINNING.

Tract No. 3:

That part of the SW¼ of Section 12 and that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East of the Boise Meridian, Jerome County, Idaho, described as follows:

Beginning at the Southeast corner of Section 12; Thence South 89°49'40" West, 2645.16 feet along the Southerly boundary to the South Quarter corner of Section 12, THE TRUE POINT OF BEGINNING;
Thence South 0°16'08" East, 562.06 feet along the Easterly boundary of NE¼NW¼, Section 13;
Thence North 22°15'00" West, 606.53 feet to the Northerly boundary of Section 13;
Thence North 0°52'09" West, 857.85 feet;
Thence North 0°20'27" West, 894.57 feet;
Thence North 28°39'42" East, 499.12 feet to the Easterly boundary of SW¼, Section 12;
Thence South 0°09'22" East, 2189.59 feet along said Easterly boundary to THE TRUE POINT OF BEGINNING.

PARCEL NO. 2:

TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:        A parcel of land located in the SE¼NW¼, more particularly described as follows:

From the Northwest section corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West;
Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING;
From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;
Thence a distance of 170.3 feet on a bearing of South 0°05' East;
Thence a distance of 171.8 feet on a bearing of South 89°55' West;
Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

EXHIBIT 5                    Page 232 of 300



**Instrument # 2224762**
JEROME COUNTY, JEROME, IDAHO
10-20-2022    03:43:25 PM    No. of Pages: 33
Recorded for: TITLEONE - BURLEY
MICHELLE EMERSON        Fee: $54.00
Ex-Officio Recorder Deputy: jw
Electronically Recorded by Simplifile

Recording Requested By/Return To:

**Conterra Agricultural Capital, LLC**
**Attn: Quiana Hampton**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

------------------------------------ [Space Above This Line For Recording] ------------------------- 

# ASSIGNMENT OF MORTGAGE

**Loan # SC1001**

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **Ag Funding SC II LLC** a Delaware limited liability company, (herein "Assignee"), whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, all beneficial interest under that certain Mortgage, Security Agreement, Assignment of Rents and Fixture Filing dated **October 20, 2022**, made and executed by **WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("W. Millenkamp"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("S. Millenkamp"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("East Valley"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("Idaho Jersey"), GOOSE RANCH LLC, an Idaho limited liability company ("Goose Ranch"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("Millenkamp Properties"), Idaho Jersey Girls LLC, an Idaho limited liability company ("Jersey Girls LLC"), Millenkamp Cattle, Inc., an Idaho corporation ("Cattle Inc."), Millenkamp Family LLC, an Idaho limited liability company ("Millenkamp Family"), and Millenkamp Properties II, LLC, an Idaho limited liability company ("Millenkamp Properties II" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively,** to and in favor of **Conterra Agricultural Capital, LLC**, upon the following described property situated in **Jerome County, State of Idaho**:

**See Exhibit "A" attached hereto and made a part hereof.**

such Mortgage having been given to secure payment of **$16,500,000.00**, which Mortgage is of record in the Real Property Records of **Jerome County, State of Idaho**, together with the note and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

**Multistate Mortgage Assignment**

1

EXHIBIT 5                    Page 233 of 300

Recording Requested By/Return To:

**Conterra Agricultural Capital, LLC**
**Attn: Quiana Hampton**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**

------------------------- [Space Above This Line For Recording] ----------------------- 

# ASSIGNMENT OF MORTGAGE

**Loan # SC1001**

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **Ag Funding SC II LLC** a Delaware limited liability company, (herein "Assignee"), whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, all beneficial interest under that certain Mortgage, Security Agreement, Assignment of Rents and Fixture Filing dated **October 20, 2022**, made and executed by **WILLIAM JOHN MILLENKAMP** a/k/a Bill Millenkamp ("W. Millenkamp"), **SUSAN JO MILLENKAMP** a/k/a/ Susie Millenkamp ("S. Millenkamp"), **EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("East Valley"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("Idaho Jersey"), GOOSE RANCH LLC, an Idaho limited liability company ("Goose Ranch"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("Millenkamp Properties"), Idaho Jersey Girls LLC, an Idaho limited liability company ("Jersey Girls LLC"), Millenkamp Cattle, Inc., an Idaho corporation ("Cattle Inc."), Millenkamp Family LLC, an Idaho limited liability company ("Millenkamp Family"), and Millenkamp Properties II, LLC, an Idaho limited liability company ("Millenkamp Properties II" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively**, to and in favor of **Conterra Agricultural Capital, LLC**, upon the following described property situated in **Jerome County, State of Idaho**:

**See Exhibit "A" attached hereto and made a part hereof.**

such Mortgage having been given to secure payment of **$16,500,000.00**, which Mortgage is of record in the Real Property Records of **Jerome County, State of Idaho**, together with the note and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

**Multistate Mortgage Assignment**

1

EXHIBIT 5                    Page 234 of 300

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on
_October 20_____, 2022.

**Conterra Agricultural Capital, LLC**

_____  10/20/2022
Signature                                               Date
**Mark A. Smith, COO & General Counsel**

_____
Witness

STATE OF IOWA
COUNTY OF POLK

Before me, the undersigned authority, on this day personally appeared _Mark A. Smith, COO & General Counsel_
_____
, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument,
and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein
expressed, and in the capacity stated.

Given under my hand and seal this _20th_ day of _October_____, 20_22_.

_____
Notary, State of Iowa

Printed Name: Lydia Denniston
My Commission Expires: 4/11/2025

LYDIA DENNISTON
Commission Number 838684
My Commission Expires
April 11, 2025

LYDIA DENNIS...
Commission Number 8...
My Commission Exp...
April 11, 2025

**Multistate Mortgage Assignment**

2

EXHIBIT 5                                    Page 235 of 300

## Exhibit A

TRACT A - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          SW¼SE¼

Section 12:         NW¼NE¼

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          NW¼SE¼

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          Lots 1, 2, 3, and 4, S½NW¼, NE¼SE¼, S½NE¼

Section 2:          Lots 1 and 2, S½NE¼

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:         W½

Section 35:         E½ EXCEPTING THEREFROM:

Beginning at a point which is 25 feet West and 20 feet North of the Southeast corner of said Section 35;
Thence West 100 feet;
Thence North 100 feet;
Thence East 100 feet;
Thence South 100 feet to the Point of Beginning.

ALSO EXCEPTING the following described tract:

Part of the SW¼SE¼, more particularly described as follows:

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;

EXHIBIT 5                    Page 236 of 300

Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:        N½, EXCEPT the following described tract:

Beginning at the Northwest corner and running thence East 250 feet;
Thence South 174 feet;
Thence West 250 feet;
Thence North 174 feet to the Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 6:        Lots 1, 2, 3 and 4

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:        SW¼

PARCEL NO. 8:
A 30 foot wide Pipeline Easement as created by Warranty Deed recorded May 15, 1992 as Instrument No. 219021, records of Cassia County, Idaho, located in the SE¼ of said Section 31 of Township 11 South, Range 28 East of the Boise Meridian, Cassia County, State of Idaho, more particularly described as follows:

Beginning at the Southeast corner of said Section 31, said corner marked by a U.S. General Land Office pipe with brass cap; thence North 88°41'16" West along section line for 36.14 feet to the Point of Beginning;
Thence North 88°41'16" West along section line for 30.00 feet to a point;
Thence North 1°18'44" East for 46.48 feet to a point;
Thence North 44°29'16" West for 1841.47 feet to a point;
Thence North 88°31'26" West for 1211.50 feet to a point on the West line of the SE¼;
Thence North 0°18'45" East along the West line of the SE¼ for 30.00 feet to a point;
Thence South 88°31'26" East for 1224.24 feet to a point;
Thence South 44°29'16" East for 1866.27 feet to a point;
Thence South 1°18'44" West for 59.16 feet to the Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        Part of the SW¼SE¼, more particularly described as follows:

EXHIBIT 5                    Page 237 of 300

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;
Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 10:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 13:      ALL

PARCEL NO. 11:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:      E½

Section 26:      NW¼ and E½, EXCEPT a part of the SE¼SE¼, described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

Section 27:      NE¼

PARCEL NO. 12:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 27:      SW¼

PARCEL NO. 13:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                      Page 238 of 300

Section 27:        NW¼ and SE¼

PARCEL NO. 14:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        S½ EXCEPTING THEREFROM the following described tract of land:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence running East along the centerline of said Section 35 to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said Section 35 to the West boundary line thereof;
Thence North along said West boundary line of said Section 35 for 24 feet to the Point of Beginning.

PARCEL NO. 15:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        N½

PARCEL NO. 16:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        ALL

PARCEL NO. 17:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:        Part of the SW¼NW¼ of said Section 31, more particularly described as follows:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with brass cap; thence South 0°06'00" West along section line for 1919.63 feet to the POINT OF BEGINNING;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 18:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        N½

Section 3:        N½

PARCEL NO. 19:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                          Page 239 of 300

Section 4:          NE¼ (Lots 1 and 2 and the S½NE¼)

PARCEL NO. 20:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:          N½ and SE¼, EXCEPT the following described tract:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with brass cap; Thence South 0°06'00" West along section line for 1919.63 feet to the Point of Beginning;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 21:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 32:          W½

PARCEL NO. 22:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:          SW¼

PARCEL NO. 23:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          The North 24 feet of the S½ of said Section 35, more particularly described as follows:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence East along the centerline of the said section to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said section to the West boundary line of said section;
Thence North 24 feet to the Point of Beginning.

PARCEL NO. 24:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 34:          ALL

PARCEL NO. 25:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                    Page 240 of 300

Section 26:        Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

PARCEL NO. 26:
An access easement for the benefit of Parcel No. 25 as conveyed by Quitclaim Deed between the Hunsaker Family Partnership, a Limited Partnership, and Reginald Hunsaker and Ruth J. Hunsaker, husband and wife, individually, Grantors, and Jack M. Hunsaker and Bonita P. Hunsaker, Grantees, dated August 10, 1983 and recorded August 12, 1983 as Instrument No. 154185 on Film No. 139, records of Cassia County, more particularly described as follows:

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:        Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26, said point marked by a U.S. Government Brass Cap which shall be the Point of Beginning;
Thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar;
Thence North 41°26'14" West for 33.36 feet to a point;
Thence South 89°59' East for 466.09 feet to a point on section line;
Thence South 0°21' West along said section line for 25.0 feet to the Point of Beginning.

PARCEL NO. 27:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:        W½

TRACT B - CASSIA COUNTY:

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:        All, EXCEPT the N½NW¼NW¼ and N½NE¼NW¼ of Section 10:

                   ALSO EXCEPTING the following described tracts:

                   Tract No. 1:

EXHIBIT 5                    Page 241 of 300

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.

Tract No. 2:
Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning;
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.

Section 11:         Beginning at a point on the North line of Section 11, said point being 1760.7 feet West of the Northeast corner of said Section 11;
Thence at right angles South 489.7 feet;
Thence North 88°40' West 671.9 feet;
Thence South 9°34' East 160.7 feet;
Thence North 85°59' West 1253.6 feet;
Thence South 6°47' West 953.6 feet;
Thence South 4°37' West 1661.7 feet;
Thence South 89°37' West 1307.8 feet more or less to the West line;
Thence North 0°21' East along the West line 3156.8 feet, more or less to the Northwest corner;
Thence East along said North line 3430.4 feet, more or less to the Point of Beginning.

Section 14:         Beginning at the Southwest corner of Section 14;
Thence South 89°26' East along the South line 1535.1 feet;
Thence North 19°49' West 4452.0 feet more or less to the West line;
Thence South 0°21' West 4173.0 feet more or less to the Point of Beginning.

Section 15:         All

Section 16:         S½ and the NW¼

Section 17:         SE¼SE¼

PARCEL NO. 2:
A water pipeline easement as conveyed by Warranty Deed from Raft River Ranches, Inc., a corporation to Preston R. Allen and Roland R. Allen, dated October 21, 1976 and recorded December 1, 1976 as Instrument No. 94693 on Film No. 105, records of Cassia County, Idaho, described as follows:

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 14:         An easement 60 feet wide being 30 feet left and 30 feet right of the following described line:

Beginning at a point on the East line of said Section 14, said point being 1637 feet North of the Southeast corner of Section 14;

EXHIBIT 5                    Page 242 of 300

Thence North 67°24' West 5694 feet more or less to the West line of Section 14, said point being North 0°21' West 3773 feet from the Southwest corner of Section 14.

Section 22:        An easement 60 feet wide being adjacent to and 60 feet right of the following described line:

Beginning at the North quarter corner of said Section 22;
Thence South along the Meridianal centerline of Section 22 for a distance of 2500 feet;
Thence at right angles West 154 feet.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        SW¼, W½SE¼, S½NW¼, EXCEPTING that part of the NW¼ described as follows:

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on center line of Yale Road; Thence South 57°36' West for 2,040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

AND ALSO EXCEPT the portion deeded to the Burley Highway District for highway purposes, as disclosed by Warranty Deed, dated July 28, 2005 and recorded September 20, 2007 as Instrument No. 2007-318339, records of Cassia County, Idaho.

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        W½, EXCEPTING that part of the NW¼NW¼ described as follows:

Beginning at the Northwest corner of the NW¼NW¼;
Thence South 1599 feet;
Thence North 59°02' East 324 feet;
Thence North 28°10' East 1195 feet;
Thence North 25°56' West 294 feet;
Thence North 87° West 530 feet more or less to the Point of Beginning.

Section 3:        E½, EXCEPTING that portion thereof that lies North of a line running as follows:

Beginning at the South Quarter section corner;
Thence North 1320 feet;
Thence North 42°38' East 1056 feet;
Thence North 69°26' East 1231.5 feet;
Thence North 19°42' East 924 feet;
Thence North 59°02' East 541 feet more or less to the East boundary of said Section 3.

Section 9:        All, EXCEPTING THEREFROM the following described tracts:

         Tract No. 1:
Beginning at a point in the Northeast corner of NE¼NE¼;

EXHIBIT 5                    Page 243 of 300

Thence due South along section line 250 feet;
Thence due West 1550 feet;
Thence due North 250 feet;
Thence due East along section line to the Point of Beginning.

        Tract No. 2:

Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office Pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar on section line;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.

        Tract No. 3:

Beginning at the Northeast corner of said Section 9, said corner marked by a 5/8 inch rebar; Thence South 00°11'27" East (South rec.) along the East section line for a distance of 250.00 feet to the Point of Beginning;
Thence South 00°11'27" East continuing along said line for a distance of 191.53 feet;
Thence South 86°39'00" West for a distance of 37.48 feet to a ½ inch rebar;
Thence South 86°39'00" West for a distance of 1614.99 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 294.52 feet to a ½ inch rebar;
Thence North 89°46'36" West for a distance of 1401.98 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 224.97 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 25.00 feet to the North section line;
Thence South 89°46'51" East along said line for a distance of 399.52 feet to the North ¼ section corner marked by a 5/8 inch rebar;
Thence South 89°46'36" East along the North section line for a distance of 1102.45 feet;
Thence South 00°11'27" East (South rec.) for a distance of 25.00 feet to a ½ inch rebar;
Thence South 00°11'27" East (South rec.) for a distance of 225.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 1525.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 25.00 feet to the Point of Beginning.

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:      Part of the NW¼, more particularly described as follows:

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning:
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:      Part of the NE¼, more particularly described as follows:

Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning:
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:      Part of the NE¼NW¼, more particularly described as follows:

Beginning at the Northwest corner of the NE¼ of said Section 10; Thence South 89°55' West along section line of said Section 10 for 208.72 feet to a point; Thence South 0°05' East for 52.0 feet to the True Point of Beginning;
Thence South 0°05' East for 290.4 feet to a point;
Thence South 89°55' West for 150.0 feet to a point;
Thence North 0°05' West for 290.4 feet to a point;
Thence North 89°55' East for 150.0 feet to the True Point of Beginning.

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:      Part of the N½NE¼NW¼, more particularly described as follows:

Beginning at the N¼ section corner of said Section 10, said corner marked by a U.S. GLO iron pipe with brass cap which shall be the Point of Beginning:
Thence South 00°07'39" East along the East line of the NW¼ for a distance of 660.78 feet to a ½ inch rebar at the Southeast corner of the N½NE¼NW¼;
Thence South 89°55'40" West along the South line of the N½NE¼NW¼ for a distance of418.04 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 607.86 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 52.97 feet to the North line of Section 10;
Thence North 89°56'00" East along said line for a distance of 418.04 feet to the Point of Beginning;

                    EXCEPTING THEREFROM, the following described parcel:

Beginning at the N¼ corner of said Section 10; Thence South 89°56'00" West (South 89°55' West, rec.) along the North section line for a distance of 208.72 feet; Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 52.00 feet to a point which shall be the Point of Beginning:
Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 290.40 feet;
Thence South 89°56'00" West (South 89°55' West, rec.) for a distance of 150.00 feet;
Thence North 00°04'00" West (North 00°05' West, rec.) for a distance of 290.40 feet;
Thence North 89°56'00" East (North 89°55' East, rec.) for a distance of 150.00 feet to the Point of Beginning.

PARCEL NO. 8:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:      Part of the NW¼, more particularly described as follows:

EXHIBIT 5                    Page 245 of 300

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on the centerline of Yale Road; Thence South 57°36' West for 2040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 9:        Part of the NW¼NW¼ of said Section 9 more particularly described as follows:

Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.


TRACT C - CASSIA COUNTY

TOWNSHIP 9 SOUTH, RANGE 25 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        All of Lots 2, 3, 4, SE¼SW¼ and S½SE¼, SAVE AND EXCEPT the following described parcel:

Beginning at a BLM brass cap at the Southeast section corner of said Section 2;
Thence South 89°54' West for 329.82 feet;
Thence North 986.08 feet;
Thence North 44°27' West for 467.29 feet to a BLM brass cap;
Thence North 89°53' East 656.7 feet;
Thence South 1320 feet to the True Point of Beginning.

Section 3:        Lot 2

Section 10:       W½NE¼, NE¼NW¼ (also designated as Lot 1) and SE¼NW¼ EXCEPTING THEREFROM the following described parcel:

A strip of land 50 feet in width, lying 25 feet on each side of the following described line:

Beginning at a point on the North and South Center line of said Section 10, 2603 feet South of the Northwest corner of the Northeast Quarter of said Section 10;
Thence North 87°20' West 890 feet;
Thence North 89°25' West 430 feet.

Section 11:       NW¼

TRACT D - JEROME COUNTY

EXHIBIT 5                    Page 246 of 300

PARCEL NO. 1:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 27:         NW¼NW¼; SW¼NW¼

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:         SE¼, EXCEPTING THEREFROM the South 25 feet of the S½SE¼ for public highway right-of-way
by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome County
records.

Section 33:         N½NE¼, EXCEPTING THEREFROM the North 25 feet of the N½NE¼ for public highway right-of-
way by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome
County records.

PARCEL NO. 3:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:         SE¼NE¼

                    EXCEPTING THEREFROM a parcel of land located in the SE¼NE¼, described as follows:

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the
POINT OF BEGINNING;
Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;
Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a
5/8 inch rebar;
Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a
½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet
to a ½-inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet
to a ½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to
a ½ inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet
to the intersection with the East line of the SE¼NE¼ of Section 28;
Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to
the POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:         Part of the SE¼NE¼, more particularly described as follows:

EXHIBIT 5                                    Page 247 of 300

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the POINT OF BEGINNING;

Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;

Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a 5/8 inch rebar;

Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet to a ½-inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to a ½ inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet to the intersection with the East line of the SE¼NE¼ of Section 28;

Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to the POINT OF BEGINNING.

PARCEL NO. 5:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        SW¼NE¼;

PARCEL NO. 6:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        NW¼NE¼, EXCEPTING THEREFROM that portion lying North and West of the North Side Canal Company lateral.

PARCEL NO. 7:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        E½NW¼, NW¼NW¼, SW¼NW¼, EXCEPTING THEREFROM the South 10 Acres;

ALSO EXCEPTING THEREFROM that part of the SW¼NW¼, described as follows:

Commencing at the Northwest corner of said Section 28;

Thence South 0°23'30" East along the West boundary of said Section 28, 1761.83 feet to the TRUE POINT OF BEGINNING;

Thence South 36°14'06" East, 457.64 feet;

Thence South 38°11'57" East, 170.68 feet;

Thence South 45°28'11" East, 64.61 feet;

Thence North 89°52'42" West, 418.37 feet to the West boundary of said Section 28;

Thence North 0°23'30" West along the West boundary of said Section 28, 547.70 feet to the TRUE POINT OF BEGINNING.

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5                    Page 248 of 300

JEROME COUNTY, IDAHO

Section 28:        That portion of the NW¼NE¼ lying North and West of the North Side Canal Company lateral.

                  EXCEPTING THEREFROM that part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet, to the Northwest corner of
the NW¼NE¼, said point being the TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to the TRUE POINT OF
BEGINNING.

PARCEL NO. 8:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Portion of the SW¼NW¼, described as follows:

Commencing at the Southwest corner of the SW¼NW¼ of said Section;
Thence South 89°53'08" East, along the South line of the SW¼NW¼ of said Section, 1017.36 feet to the TRUE
POINT OF BEGINNING;
Thence North 66°30'17" West, 415.61 feet;
Thence North 60°28'11" West, 72.97 feet;
Thence North 52°35'55" West, 141.53 feet;
Thence North 45°28'11" West, 61.96 feet;
Thence South 89°52'42" East, 904.69 feet;
Thence South 0°23'23" East, 329.77 feet to a point on the South line of the SW¼NW¼ of said Section;
Thence North 89°53'08" West along the South line of the SW¼NW¼ of said Section, 305.69 feet to the TRUE
POINT OF BEGINNING.

PARCEL NO. 9:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        That part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet to the Northwest corner of
the NW¼NE¼, said point being THE TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to THE TRUE POINT OF
BEGINNING.

PARCEL NO. 10:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5                    Page 249 of 300

Section 34:        E½SE¼; AND That part of the SW¼SE¼ lying South of the right of way of the U-4 lateral or coulee of the North Side Canal Company, Ltd., as located and operated over and across said land,

EXCEPTING THEREFROM the following described tracts:

Tract No. 1:
Commencing at the Southeast corner of Section 34; Thence North 89°47' West, 2033.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13'00" East, 283.88 feet to the Southerly bank (right of way) of the Northside Canal Company "U-4" Lateral;
Thence along said "U-4 Lateral South 70°46'54" West, 79.00 feet;
South 52°49'10" West, 79.35 feet;
South 45°31'07" West, 73.56 feet;
Thence departing said lateral South 4°01'42" East, 158.10 feet to the Southerly boundary of Section 34;
Thence South 89°47' East, 178.11 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 2:
Beginning at the Southeast corner of Section 34;
Thence North 89°47'00" West, 1866.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13' East, 355.00 feet to the Southerly bank of the Northside Canal Company "U-4"Lateral;
Thence South 67°08'57" West, 181.51 feet along the Southerly bank of said Lateral;
Thence South 0°13' West, 283.88 feet to the Southerly boundary of Section 34;
Thence South 89°47'00" East, 167.00 feet along said Southerly boundary to THE TRUE POINT OF BEGINNING.

Tract No. 3:
Beginning at the Southeast corner for Section 34, THE TRUE POINT OF BEGINNING;
Thence North 89°47'00" West, 672.70 feet along the Southerly boundary of Section 34;
Thence North 0°11'26" West, 451.32 feet;
Thence South 89°47'00" East, 672.70 feet to the Easterly boundary of Section 34;
Thence South 0°11'26" East, 451.32 feet along the Easterly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 4:
Beginning at a point on the south line of said SW¼SE¼, which point is 287 feet east of the Southwest corner of said SW¼SE¼;
Thence in an easterly direction along said south line 144 feet;
Thence running North 5°30' West 176 feet to the center of the U-4 lateral of the North Side Canal Co. Ltd as now constructed;
Thence Southwesterly along said centerline of said lateral 242 feet to the Point of Beginning.

PARCEL NO. 11:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the SW¼NW¼, and Part of the NW¼SW¼, described as follows:

Commencing at a 5/8-inch iron pin with a plastic cap stamped PLS 3623 marking the Southwest corner of the Northwest ¼ of said Section 28, being also the POINT OF BEGINNING, from which an aluminum cap stamped PLS

EXHIBIT 5                    Page 250 of 300

884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears South 00°06'53" West at a distance of 2639.06 feet, and also from which a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the Northwest ¼ of said Section 28 bears North 00°05'13" East at a distance of 2639.50 feet;

Thence along the West line of the Southwest ¼ of the Northwest ¼ of said Section 28, North 00°05'13" East, a distance of 329.94 feet to the Northwest corner of the South 10 Acres of said Southwest ¼ of the Northwest ¼, being also the Southwest corner of a parcel of land described as Parcel No. 36 in a Quitclaim Deed to L&S Land Holdings LLC as recorded in the Jerome County Recorder's Office on December 31, 2008 as Instrument Number 2086830.

Thence along the North line of said 10 acres, being also the South line of said Parcel No. 36, South 89°21'43" East, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the Southeast corner of said Parcel No. 36, being also the Northwest corner of a parcel of land described as Parcel No. 2 in a Warranty Deed to William J. and Susie J. Millenkamp as recorded in the Jerome County Recorder's Office on March 2, 2005 as Instrument Number 2051133;

Thence along the Westerly line of said Parcel No. 2 the following bearings and distances;

South 45°00'52" East, a distance of 61.09 feet (North 45°28'11" West, 64.96 feet, record);

Thence South 52°06'54" East, a distance of 141.47 feet (North 52°35'55" West, 141.53 feet, record);

Thence South 59°59'23" East, a distance of 72.92 feet (North 60°28'11" West, 72.97 feet, record);

Thence South 66°01'21" East, a distance of 418.43 feet to a ½-inch iron rod with plastic cap stamped PLS 3623 marking the intersection with the South line of the Southwest ¼ of the Northwest ¼ of said Section 28 (North 66°30'17" West, 415.61 feet, record);

Thence along the South line of said Southwest ¼ of the Northwest ¼, North 89°21'54" West, a distance of 229.89 feet to the intersection with the W3 Lateral of the North Side Canal Company;

Thence along the center of said W3 Lateral the following bearings and distances;

South 33°36'43" West, a distance of 232.99 feet to the beginning of a curve tangent to said line;

Thence Southwesterly and Westerly a distance of 292.87 feet along the curve concave to the Northwest, having a radius of 338.33 feet, a central angle of 49°35'51", and being subtended by a chord that bears South 58°24'39" West 283.81 feet;

Thence South 83°12'35" West tangent to said curve, a distance of 96.35 feet to the beginning of a curve tangent to said line;

Thence Westerly, Southwesterly and Southerly a distance of 107.95 feet along the curve concave to the Southeast, having a radius of 75.00 feet, a central angle of 82°28'03", and being subtended by a chord that bears South 41°58'33" West 98.87 feet;

Thence South 00°44'31" West tangent to said curve, a distance of 201.65 feet to the beginning of a curve tangent to said line;

Thence Southerly, Southwesterly and Westerly a distance of 153.04 feet along the curve concave to the Northwest, having a radius of 110.00 feet, a central angle of 79°42'55", and being subtended by a chord that bears South 40°35'58" West 140.99 feet;

Thence South 80°27'26" West tangent to said curve, a distance of 141.62 feet;

Thence South 85°21'09" West, a distance of 24.78 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the West line of the Northwest ¼ of the Southwest ¼ of said Section 28;

Thence along the West line of said Northwest ¼ of the Southwest ¼, North 00°06'53" East, a distance of 770.52 feet to the POINT OF BEGINNING.


ALSO INCLUDED

TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:    Part of the SW¼NW¼, previously described as Parcel No. 36 in Quitclaim Deed from Luis M. & Sharon Bettencourt to L&S Land Holdings as recorded on December 31, 2008 as Instrument Number 2086830, now being described as follows:

EXHIBIT 5                    Page 251 of 300

Commencing at a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the West ½ of said Section 28; Thence along the West line of the Northwest ¼ of said Section 28, South 00°05'13" West, a distance of 1761.60 feet (South 00°23'30" East, 1761.83 feet, record), to a ½-inch iron pin marking the POINT OF BEGINNING.
Thence South 35°44'37" East, a distance of 457.46 feet (South 36°14'06" East, 457.64 feet, record);
Thence South 37°41'44" East, a distance of 170.64 feet (South 38°11'57" East, 170.68 feet, record);
Thence South 45°00'52" East, a distance of 65.53 feet (South 45°28'11" East, 64.61 feet, record) to the North line of the South 10 Acres of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the North line of said South 10 Acres, North 89°21'43" West, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the West line of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the West line of said Southwest ¼ of the Northwest ¼, North 00°05'13" East, a distance of 547.97 feet (North 00°23'30" West, 547.70 feet, record) to the POINT OF BEGINNING.

ALSO INCLUDED

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the NE¼SW¼, described as follows:

Commencing at a brass cap marking the Southeast corner of the Southwest ¼ of said Section 28, from which an aluminum cap stamped PLS 884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears North 89°22'57" West at a distance of 2646.57 feet; Thence along the East line of said Southwest ¼, North 00°05'51" East, a distance of 1931.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858 marking the POINT OF BEGINNING.
Thence North 39°19'22" West, a distance of 125.38 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 42°05'52" West, a distance of 294.98 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 44°25'46" West, a distance of 368.54 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 51°33'57" West, a distance of 89.01 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 72°47'53" West, a distance of 237.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 84°18'05" West, a distance of 124.52 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the North line of the Northeast ¼ of the Southwest ¼ of said Section 28;
Thence along the North line of said Northeast ¼ of the Southwest ¼, South 89°21'54" East, a distance of 957.25 feet to a 5/8-inch rebar with aluminum cap stamped PLS 9858 marking the Northeast corner of said Northeast ¼ of the Southwest ¼;
Thence along the East line of said Northeast ¼ of the Southwest ¼, South 00°05'51" West, a distance of 706.46 feet to the POINT OF BEGINNING.

TRACT E

CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        E½

JEROME COUNTY

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5                Page 252 of 300

Section 21:     That portion of the N½SW¼, lying South of the centerline of the Northside Canal Company "W"
Canal, more particularly described as follows:

Commencing at the Northwest corner of said N½SW¼; Thence South 0°07'58" East, 562.38 feet along the Westerly
boundary of said N½SW¼ to the center of the Northside Canal Company "W" Canal and THE TRUE POINT OF
BEGINNING;
Thence South 0°07'58" East, 758.11 feet to the Southwest corner of said N½SW¼;
Thence South 89°41'11" East, 2643.72 feet to the center of said "W" Canal;
Thence Westerly along the approximate center of said "W" Canal the following courses and distances:
Thence North 26°19'12" West, 237.37 feet;
Thence North 44°56'58" West, 199.28 feet;
Thence South 52°21'52" West, 240.71 feet;
Thence North 67°19'08" West, 646.97 feet;
Thence North 87°18'51" West, 178.79 feet;
Thence North 64°23'23" West, 203.61 feet;
Thence South 73°01'14" West, 419.96 feet;
Thence South 62°58'56" West, 355.62 feet (335.62 feet recorded);
Thence North 71°13'41" West, 561.62 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 10:     A parcel of land located in the N½NW¼, described as follows:

Commencing at the Northeast corner of the N½NW¼, which corner bears North 8°44'54" West, 213.81 feet from
Station 296+20.43 of Interstate 80N, Project No. 1-80N-3(18)191 Highway Survey; Thence South 0°06'44" East
along the East line of said N½NW¼, a distance of 378.42 feet to a point that bears South 9°11'09" East, 160.00 feet
from Station 295+60.35 of said Highway Survey and being the REAL POINT OF BEGINNING;
Thence South 79°55'36" West, 640.33 feet to a point in a line parallel with and 170.0 feet Southerly from the
centerline and opposite Station 289+20.09 of said Highway Survey;
Thence along said parallel line as follows:
Westerly along a 5899.58 foot radius curve right 1603.00 feet to a point which bears South 6°22'56" West, 170.0 feet
from Station 273+63.28 of said Highway Survey;
North 83°37'04" West, 398.99 feet to a point in the West line of said N½NW¼ and bears South 6°22'56" West, 170.0
feet from the Station 269+64.29 of said Highway Survey;
Thence South 0°03'34" East along said West line 842.0 feet, more or less, to the Southwest corner of said N½NW¼;
Thence Easterly along the South line of said N½NW¼, a distance of 2640.0 feet, more or less, to the Southeast
corner thereof;
Thence North 0°06'44" West along the East line of said N½NW¼ a distance of 942.0 feet, more or less, to THE
REAL POINT OF BEGINNING.

            EXCEPTING THEREFROM a parcel of land described as follows:

Beginning at the North quarter corner of said Section 10; Thence South 0°04'39" West along the center section line
of said Section 10 for a distance of 370.80 feet to the South right of way line of Interstate 80N, Project No. I-80N-
3(18)191 and being the REAL POINT OF BEGINNING;
Thence from the REAL POINT OF BEGINNING South 0°04'39" West along the center section line of said Section 10
for a distance of 951.05 feet to the Southeast corner of the N½NW¼;
Thence North 89°58'21" West along the South line of the N½NW¼ for a distance of 233.66 feet;

EXHIBIT 5                Page 253 of 300

Thence North 0°04'39" East for a distance of 910.82 feet to the South right of way line of Interstate 80N;
Thence North 79°57'46" East along the South right of way line of Interstate 80N for a distance of 223.00 feet;
Thence North 84°56'39" East along the South right of way line of Interstate 80N for a distance of 14.19 feet to the REAL POINT OF BEGINNING.

FURTHER EXCEPTING THEREFROM that part of the NW¼, described as follows:

Commencing at the Northwest corner of said Section 10; Thence South 0°00'13" West along the West boundary of said Section 10 for a distance of 1073.5 feet to THE TRUE POINT OF BEGINNING;
Thence North 89°30'00" East for a distance of 210.00 feet;
Thence South 0°00'13" West parallel with the West boundary of Section 10 for a distance of 211.04 feet;
Thence South 89°30'00" West for a distance of 113.0 feet;
Thence North 84°00'00" West for a distance of 97.5 feet to a point on the West boundary of Section 10;
Thence North 0°00'13" East along the West boundary of Section 10 for a distance of 200.00 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 34:       SE¼NE¼; NE¼NE¼

PARCEL NO. 5
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       NE¼NE¼, more particularly described as follows:

Beginning at the Northeast corner of said Section 28, said point being the TRUE POINT OF BEGINNING;
Thence North 89°39' West along the North boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Northwest corner of NE¼NE¼;
Thence South 0°02' East along the West boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southwest corner of the NE¼NE¼;
Thence South 89°39' East along the South boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southeast corner of the NE¼NE¼;
Thence North 0°02' West along the East boundary of the NE¼NE¼, 1320.00 feet, more or less, to the TRUE POINT OF BEGINNING.

TRACT F – JEROME COUNTY

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 29:       S½NE¼NE¼

TRACT G - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                    Page 254 of 300

Section 2:          W½SW¼

Section 3:          SE¼, E½SW¼, S½NW¼

Section 4:          All

Section 9:          SW¼

Section 10:         All

Section 11:         W½NW¼, NW¼SW¼; W½SE¼, SW¼SW¼, E½SW¼, SE¼NW¼, SW¼NE¼

Section 13:         W½, W½E½

Section 14:         All

Section 15:         All

TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:          Lots 2, 3, 4 and W½SW¼

                    SAVE AND EXCEPT, the following described property:

Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with
cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF
BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:          Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with
cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF
BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5                              Page 255 of 300

CASSIA COUNTY, IDAHO

Section 9:          E½

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        SE¼NE¼ and E½SE¼

Section 34:        Part of the SE¼SW¼ more particularly described as follows:

Beginning at the Southwest corner of the SE¼SW¼ of Section 34, the TRUE POINT OF BEGINNING;
Thence North along the West boundary of the SE¼SW¼ of Section 34 for 400 feet;
Thence East along a line parallel to the South boundary of said SE¼SW¼, Section 34 for 600 feet;
Thence South 400 feet to the South boundary of the SE¼SW¼ of Section 34;
Thence West along the South boundary of the SE¼SW¼ of Section 34 for 600 feet to the POINT OF BEGINNING.

PARCEL NO. 5:
A 25 foot easement for ingress and egress to the E½SE¼ of Section 35, Township 11 South, Range 28 East, Boise
Meridian and for Section 36, Township 11 South, Range 28 East Boise Meridian, as reserved in Warranty Deed
dated April 1, 1986 and recorded May 8, 1986 as Instrument No. 178224 on Film No. 180, records of Cassia County,
Idaho, more particularly described as follows:

Beginning at the Southwest corner of the E½SW¼, Section 34, Township 11 South, Range 28 East Boise Meridian;
Thence East along the North boundary of Section 3, Township 12 South, Range 28 East of the Boise Meridian to a
point that is 25 feet West of the Northeast corner of said Section 3;
Thence South 25 feet;
Thence East 25 feet to the East boundary of said Section 3;
Thence continuing East and 25 feet South of the North boundary of Section 2, Township 12 South, Range 28 East,
Boise Meridian, to the East boundary of said Section 2;
Thence North 25 feet to the Northeast corner of said Section 2;
Thence West along the North boundary of said Section 2 to the Northwest corner of said Section 2;
Thence North 25 feet;
Thence West to the West boundary of the E½SW¼ of Section 34, Township 11 South, Range 28 East Boise
Meridian;
Thence South 25 feet to the POINT OF BEGINNING.

TRACT H – TWIN FALLS COUNTY

Lots 1 through 8, inclusive, and Parcels A and B, PAULSON SUBDIVISION, Twin Falls County, Idaho, filed in Book
17 of Plats, Page 39.  Affidavit of Correction recorded September 4, 2001 as Instrument No. 2001-015902.

TRACT I – TWIN FALLS COUNTY

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:          Part of Lot 9, more particularly described as follows:

EXHIBIT 5                                                    Page 256 of 300

A parcel of ground located between the Southerly high water mark of the Snake River and the Northerly right-of-way line of the County Road, being part of Lot 9 in Section 9 and Lot 12 in Section 4 of Township 9 South, Range 15 East Boise Meridian, more particularly described as follows:

Beginning at the centerline of the County Road right of way as it intersects Lot 9 in Section 9, being THE TRUE POINT OF BEGINNING;
Thence Easterly along the centerline of said County Road right-of-way for a distance of 450 feet;
Thence North approximately 250 feet to the high water line of the Snake River;
Thence Southwesterly along the high water line of the Snake River to the point where the Snake River intersects the Westerly boundary of Section 9;
Thence South approximately 150 feet to the centerline of the County Road right--of-way, being THE TRUE POINT OF BEGINNING.

TRACT J – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:        Lots 10, 19 and 20


TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:        SW¼SW¼

SAVE AND EXCEPT a parcel of land located in Government Lot 22, more particularly described as follows:

Commencing at the Southwest Section corner of said Section 5 from which the S¼ corner of said Section 5 bears South 89°21'06" East, 2671.89 feet, said Southwest section corner of Section 5 being THE TRUE POINT OF BEGINNING;
Thence North 00°20'00" East along the West boundary of said Government Lot 22 for a distance of 168.01 feet;
Thence South 89°40'00" East for a distance of 11.75 feet to a point on the Southerly rim of the Snake River;
Thence along the Southerly rim of the Snake River on the following courses:
North 43°15'43" East, 23.49 feet;
South 81°49'29" East, 150.08 feet;
North 85°23'40" East, 128.99 feet;
South 87°20'13" East, 89.08 feet;
North 68°53'37" East, 45.37 feet;
Thence South 28°37'14" West for a distance of 216.48 feet to a point on the South boundary of said Government Lot 22;
Thence North 89°21'06" West along the South boundary of said Government Lot 22 for a distance of 333.58 feet to the Southwest section corner of said Section 5 and being THE TRUE POINT OF BEGINNING.

SUBJECT TO:
1.  A 25.00 foot wide county road easement along the South and West boundaries of the before described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

EXHIBIT 5                    Page 257 of 300

Section 8:        Lots 2, 4, 5 and the NE¼NW¼


TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 8:        Part of Government Lot 1, more particularly described as follows:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly
boundary of Section 8 to the Northeast corner of Government Lot 1; Thence North 41°45'07" West, 612.36 feet along
the boundaries of Government Lots 1 and 4 to Angle Point 4; Thence North 52°52'21" West, 493.46 feet along said
boundary between Government Lots 1 and 4 to an existing fence and THE TRUE POINT OF BEGINNING;
Thence North 52°52'21" West, 152.02 feet along said boundary between Lots to Angle Point Number 3;
Thence North 68°55'21" West, 456.73 feet along said boundary to the Northwest corner of Government Lot 1;
Thence South 0°52'44" East, 272.78 feet along the Westerly boundary of Government Lot 1 to an existing fence
corner;
Thence North 88°14'05" East, 543.45 feet along said fence to the Easterly boundary of Government Lot 1 and THE
TRUE POINT OF BEGINNING.


SAVE AND EXCEPT the following described:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly
boundary of Section 8 to the Southeast corner to Government Lot 4 and THE TRUE POINT OF BEGINNING;
Thence North 0°52'21" West, 724.23 feet along the Easterly boundary of Section 8 to an existing fence corner;
Thence North 84°01'11" West, 407.11 feet along the existing fence;
Thence South 88°14'05" West, 385.47 feet along said fence to the Southwesterly boundary of Government Lot 4;
Thence South 52°52'21" East, 493.46 feet along the Southwesterly boundary of Government Lot 4 to Angle Point
Number 4;
Thence South 41°45'07" East, 612.36 feet along the Southwesterly boundary of said Government Lot 4 to THE
TRUE POINT OF BEGINNING.

TRACT K – TWIN FALLS COUNTY

Part of Lots 7, 8, 9, 11, 12, 13 and 14, of Section 9, Township 9 South, Range 15 East Boise Meridian, and part of
Lot 12 of Section 4, Township 9 South, Range 15 East Boise Meridian, Twin Falls County, Idaho, more particularly
described as follows:

Beginning at the Meander corner on the South bank of the Snake River lying on the section line common to Sections
9 and 10 of Township 9 South, Range 15 East Boise Meridian, said corner being marked by a U.S. General Land
Office pipe with brass cap; Thence South 00°10'20" West along the Section line common to Sections 9 and 10 for
427.10 feet to a point on the North side of the Upper Brandon Ditch which shall be THE POINT OF BEGINNING;
Thence South 00°10'20" West along section line for 433.61 feet to a ½ inch rebar on the South rim of the Snake
River Canyon;
Thence North 76°23'56" West (North 76°25' West rec.) along said canyon rim for 223.07 feet (223 feet rec.) to a ½
inch rebar;
Thence North 70°29'12" West (North 70°40' West rec.) along said canyon rim for 159.73 feet (160 feet rec.) to a ½
inch rebar;
Thence North 74°43'47" West (North 75°02' West rec.) along said canyon rim for 584.51 feet (585 feet rec.) to a
point;

EXHIBIT 5                          Page 258 of 300

Thence South 87°33'41" West (South 87°16' West rec.) along said canyon rim for 676.63 feet (677 feet rec.) to a point;

Thence North 81°38'59" West (North 81°57' West rec.) along said canyon rim for 853.57 feet (854 feet rec.) to a point;

Thence South 81°00'27" West (South 80°43' West rec.) along said canyon rim for 780.55 feet (781 feet rec.) to a point;

Thence North 77°19'51" West (North 77°38' West rec.) along said canyon rim for 731.66 feet (732 feet rec.) to a point;

Thence North 21°59'03" West (North 22°18' West rec.) along said canyon rim for 340.01 feet (340 feet rec.) to a point;

Thence North 86°24'08" West (North 86°42' West rec.) along said canyon rim for 384.80 feet (385 feet rec.) to a point;

Thence North 61°45'47" West (North 62°07' West rec.) along said canyon rim for 134.92 feet to a ½ inch rebar at the Southeast corner of that property as deeded to Frank Strobel by Warranty Deed recorded 6 Oct. 1978, as Instrument No. 745567;

Thence North 00°41'23" West (North 00°55'00" West rec.) along the East line of the Strobel property for 1184.54 feet (1184.61 feet rec.) to a ½ inch rebar on the centerline of a county road also being the South line of the property as deeded to Associated McCullough Enterprises by Warranty Deed recorded 10 Oct. 1986 as Instrument No. 910242;

Thence on a curve to the left on the centerline of said county road Associated McCullough Enterprises property line for 440.12 feet to a point, said curve having a central angle of 8°09'06" and a radius of 3093.47 feet with a long chord bearing of North 69°54'35" East (North 69°40'43" East rec.) for a distance of 439.75 feet from the previous point;

Thence North 65°50'02" East (North 65°36'10" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 573.60 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 346.23 feet to a point, said curve having a central angle of 39°40'28" and a radius of 500.00 feet with a long chord bearing of North 85°40'15" East for a distance of 339.35 feet from the previous point;

Thence South 74°29'30" East (South 74°43'22" East rec.) along the center line of said county road/Associated McCullough Enterprises property line for 267.72 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 238.60 feet to a point, said curve having a central angle of 13°40'16" and a radius of 1000.00 feet with a long chord bearing of South 67°39'22" East (South 67°53'13" East rec.) for a distance of 238.04 feet from the previous point;

Thence South 60°49'13" East (South 61°03'05" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 54.35 feet to a point on the section line common to Sections 4 and 9;

Thence South 89°47'46" East (South 89°58'22" East rec.) along said section line for 55.16 feet to a meander corner on the South bank of the Snake River, said corner being marked by a U.S. General Land Office pipe with brass cap;

Thence South 69°09'42" East along the high water line of the Snake River for 107.56 feet to a point;

Thence South 36°50'03" East along said high water line for 324.38 feet to a point;

Thence South 28°01'36" East along said high water line for 188.40 feet to a point;

Thence South 71°51'23" East along said high water line for 266.27 feet to a point;

Thence South 85°01'19" East along said high water line for 128.00 feet to a point;

Thence South 77°56'56" East along said high water line for 186.93 feet to a point;

Thence South 70°15'54" East along said high water line for 277.05 feet to a point;

Thence South 3°16'00" West (South 2°49'21" West rec.) for 57.04 feet to a point on the North line of that property as deeded to William S. Slaughenhauft by Warranty Deed recorded 6 June 1975 as Instrument No. 681182;

Thence North 68°21'57" West (North 68°43' West rec.) along the North line of the Slaughenhauft property for 136.00 feet to a point;

Thence on a curve to the left along the North line of the Slaughenhauft property for 35.00 feet to a ½ inch rebar, said curve having a central angle of 2°03'24.4" and a radius of 975.00 feet with a long chord bearing of North 69°23'39" West (North 69°44'42" West rec.) for a distance of 34.99 feet from the previous point;

EXHIBIT 5                    Page 259 of 300

Thence South 13°17'28" West (South 12°56'25" West rec.) along the West line of the Slaughenhauft property for 266.15 feet (266.10 feet rec.) to a ½ inch rebar on the South side of an irrigation ditch known as the Lower Brandon Ditch, said point also being the Northwest corner of that property as deeded to Philip Smith by Warranty Deed recorded 6 Nov. 1978, as Instrument No. 613816;

Thence South 23°03'03" West (South 22°42' West rec.) along the West line of the Smith property for 429.47 feet to a ½ inch rebar on the North side of the Upper Brandon Ditch;

Thence North 85°47'05" East (North 85°23' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 240.50 feet (240.0 feet rec.) to a point;

Thence South 46°41'06" East (South 47°03' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 197.00 feet to a point;

Thence North 65°36'54" East (North 65°15' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 93.80 feet to a point;

Thence North 88°11'54" East (North 87°50' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 446.20 feet to a point;

Thence South 68°30'06" East (South 68°52' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 224.60 feet to a point;

Thence South 69°48'06" East (South 70°10' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 417.00 feet to a point;

Thence South 70°34'06" East (South 70°56' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 420.00 feet to THE POINT OF BEGINNING.

SUBJECT TO an existing county road right of way along the Northern most line of the above described property being noted in the description as road centerline.

TRACT L – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 1573.95 feet along the West boundary of said Section 9 to the Southwest corner of said parcel of land and being the REAL POINT OF BEGINNING;

Thence, North 00°54'26" West 783.01 feet along said West boundary to a point on the centerline of River Road (County Road);

Thence, South 86°36'57" East 369.14 feet along said centerline;

Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51", an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline;

Thence, leaving said centerline, South 25°41'20" West 188.46 feet;

Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of official records, in said office of the county recorder of Twin Falls County;

Thence, North 70°15'00" West 439.41 feet along said Northeasterly boundary to said REAL POINT OF BEGINNING.

EXHIBIT 5                    Page 260 of 300

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 2356.96 feet along said West boundary to a point on the centerline of River Road (County Road); Thence, South 86°36'57" East 369.14 feet along said centerline;
Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51"; an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline and being the REAL POINT OF BEGINNING;
Thence, leaving said centerline, South 25°41'20" West 188.46 feet;
Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of official records, in the office of the county recorder of Twin Falls County;
Thence, South 70°15'00" East 297.66 feet along said Northeasterly boundary;
Thence, continuing along said Northeasterly boundary, South 62°07'00" East 7.41 feet to the Southeast corner of said parcel of land;
Thence, North 00°55'00" West 1041.23 feet along the East boundary of said parcel of land to a point on said centerline of River Road;
Thence, along the arc of a non-tangent 1156.07 foot radius curve to the right, through a central angle of 10°01'48", an arc distance of 202.38 feet and a chord distance of 202.12 feet that bears South 82°03'18" West along said centerline to said REAL POINT OF BEGINNING.

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

TRACT NO. M – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 17:        A parcel of land located in a portion of N½NE¼ and SW¼NE¼, being more particularly described as follows:

Commencing at the North quarter corner of Section 17 and being THE REAL POINT OF BEGINNING;
Thence South 89°13'29" East, 2666.01 feet to the Northeast corner of Section 17;
Thence South 00°36'24" East, 1021.06 feet along the East boundary of Section 17;
Thence North 89°22'41" West, 700.00 feet;
Thence South 00°36'24" East, 300.00 feet to a point in the South boundary of NE¼NE¼, Section 17;
Thence North 89°22'41" West, 633.33 feet to the Northeast corner of SW¼NE¼, Section 17;
Thence South 00°35'19" East, 732.86 feet along the East boundary of SW¼NE¼, Section 17;

EXHIBIT 5                Page 261 of 300

Thence North 89°45'41" West, 296.45 feet (shown of record to be 285.9 feet) along the Southerly boundary of that parcel of land described in Deed Instrument No. 840798;
Thence North 30°40'41" West, 288.06 feet along said boundary;
Thence South 59°19'19" West, 51.25 feet along said boundary to the center of a concrete headgate spillway mentioned in said Deed Instrument No. 840798;
Thence along the spillway ditch mentioned in said Deed Instrument as follows:
North 59°30'03" West, 21.92 feet;
North 43°49'26" West, 37.21 feet;
North 37°12'27" West, 43.12 feet;
North 54°06'58" West, 164.97 feet;
North 53°53'37" West, 113.31 feet;
North 53°08'10" West, 250.16 feet;
North 47°43'30" West, 52.14 feet;
North 50°09'39" West, 67.78 feet;
North 57°46'28" West, 18.15 feet;
North 74°23'53" West, 19.55 feet;
North 80°13'05" West, 18.06 feet;
North 89°26'44" West, 214.21 feet to a point on the West boundary of NE¼, Section 17;
Thence North 00°34'15" West, 40.03 feet to the Southwest corner of NW¼NE¼, Section 17;
Thence North 00°34'15" West, 1328.18 feet along the West boundary of said NW¼NE¼, to THE REAL POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:          Part of the W½, more particularly described as follows:

Beginning at the Southwest corner of said Section;
Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9;
Thence North 00°05'48" West, 380.00 feet;
Thence North 89°54'12" East, 567.06 feet;
Thence South 01°56'02" East, 380.20 feet to the South boundary of Section 9;
Thence North 89°54'12" East, 1,216.54 feet to the South quarter corner of Section 9;
Thence North 00°25'31" West, 2,384.42 feet;
Thence South 89°09'26" West, 75.00 feet to the Southwest corner of Tract No. 7 as shown on the survey recorded in Book 28, Page 1589 as Instrument No. 713365, records of Twin Falls County, Idaho;
Thence South 00°25'31" East, 342.23 feet;
Thence along a curve left:
Delta - 76°48'26"
Radius - 1,355.74 feet
Arc - 1,817.42 feet
Chord - 1,684.36 feet
Long Chord Bearing - North 53°43'40" West;
Thence along a curve right:
Delta - 28°36'58"
Radius - 500.00 feet
Arc - 249.72 feet
Chord - 249.14 feet
Long Chord Bearing - North 77°49'24" West;
Thence North 63°30'55" West, 1,187.91 feet;

EXHIBIT 5                    Page 262 of 300

Thence South 00°55'00" East, 3,624.43 feet along the West boundary of Section 9 to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.00 foot wide county road easement along the West and South boundaries.

AND SUBJECT TO a 50.00 foot wide access and utility easement located in Section 9, described as follows:

Commencing at the Southwest corner of said Section 9;
Thence North 89°54'12" East, 2,669.95 feet to THE TRUE POINT OF BEGINNING, said point lies South 89°54'12" West, 25.00 feet from the South quarter corner of said Section 9;
Thence North 00°25'31" West, 2,384.10 feet;
Thence South 89°09'28" West, 50.00 feet;
Thence South 00°25'31" East, 2,383.44 feet to the South boundary of Section 9;
Thence North 89°54'12" East, 50.00 feet to THE TRUE POINT OF BEGINNING.

SAVE AND EXCEPT the East 75 feet thereof

ALSO EXCEPTING the following described:

Commencing at the Southwest corner of said Section 9, from which the South quarter corner of Section 9 bears North 89°54'12" East, 2695.04 feet, said Southwest corner of Section 9 being THE TRUE POINT OF BEGINNING;
Thence North 00°52'42" West along the West boundary of the SW¼ of Section 9 for a distance of 1032.21 feet;
Thence South 88°22'24" East for a distance of 85.17 feet;
Thence South 38°24'37" East for a distance of 258.67 feet;
Thence South 40°28'04" East for a distance of 84.45 feet;
Thence South 43°23'07" East for a distance of 80.22 feet;
Thence South 45°07'17" East for a distance of 91.34 feet;
Thence North 82°31'01" East for a distance of 16.96 feet;
Thence South 45°54'58" East for a distance of 173.02 feet;
Thence South 69°19'28" East for a distance of 318.78 feet;
Thence North 75°17'34" East for a distance of 30.82 feet;
Thence South 86°36'38" East for a distance of 444.53 feet;
Thence North 88°54'26" East for a distance of 333.64 feet;
Thence South 01°04'37" West for a distance of 359.90 feet;
Thence South 22°21'58" East for a distance of 37.36 feet to a point on the South boundary of the SW¼ of said Section 9;
Thence South 89°54'12" West along the South boundary of the SW¼ of Section 9 for a distance of 1658.59 feet to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.0 foot wide county road easement along the South and West boundaries of the before described parcel.
EXCEPT a parcel of land located in the SW¼ of said Section 9, Township 9 South, Range 15 East of the Boise Meridian, Twin Falls County, Idaho, being more particularly described as follows:
Commencing at the Southwest corner of Section 9, said point lies South 89°54'12" West, 2694.95 feet from the South quarter corner of Section 9;
Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING;
Thence North 00°05'48" West, 380.00 feet;
Thence North 89°54'12" East, 567.06 feet;
Thence South 01°56'02" East, 380.20 feet to a point on the South boundary of Section 9;

EXHIBIT 5                    Page 263 of 300

Thence South 89°54'12" West, 579.25 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING.

TOGETHER WITH a 20.00 foot wide non-exclusive vehicular access easement parallel with, adjoining and East of the East boundary of the above excepted parcel.

AND SUBJECT TO a 25.00 foot wide county roadway easement parallel with and adjoining the South boundary of the above excepted parcel.

PARCEL NO. 3
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 16:        NW¼NW¼, EXCEPT the South 190 feet of the West 490 feet thereof.

SUBJECT TO Highway District right of way.

PARCEL NO. 4:
A Right-of-Way over an existing roadway across the South 190 feet of the West 490 feet of the NW¼NW¼ of said Section for ingress and egress as created by Warranty Deed by and between Gerald G. Akland and Ann Akland, husband and wife, Grantors unto James E. Paulson and Glennys Paulson, husband and wife, grantees, dated January 6, 1982 and recorded January 18, 1982 as Instrument No. 815467, records of Twin Falls County, Idaho.

TRACT N – JEROME COUNTY

PARCEL NO. 1:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:        NW¼ and that part of the W½NE¼ lying West of the Main Canal of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM that portion thereof conveyed to the State of Idaho for highway purposes and particularly described as follows:

A parcel of land being on both sides of the centerline of Interstate 80N, Project No. I-80N-3(18)191 Highway Survey as shown on the plans thereof now on file in the office of the Department of Highways of the State of Idaho, and being a portion of the N½NW¼ and a portion of the NW¼NE¼ of Section 12, Township 10 South, Range 20 East Boise Meridian, described as follows:

Beginning at the Northwest corner of Section 12, Township 10 South, Range 20 East Boise Meridian, which corner bears North 0°01'06" East, 125.00 feet from Station 375+50.15 of said Interstate 80N, Project No. I-80N-3(18)191 Highway Survey;
Thence North 89°50'44" East along the North line of said Section 12 a distance of 3110.59 feet to a point in the centerline of the Main Canal of the North Side Canal Co., that bears North 0°12'06" East, 136.42 feet from Station 406+59.84 of said Highway Survey;
Thence South 30°32'54" East along the centerline of said canal 344.92 feet to a point in a line parallel with and 160.00 feet Southerly from the centerline and bears South 0°12'06" West from Station 408+36.19 of said Highway Survey;
Thence North 89°47'54" West along said parallel line 817.76 feet to a point opposite Station 400+18.43 and angle point of 0°11'00" left of said Highway Survey;

EXHIBIT 5                    Page 264 of 300

Thence South 86°19'16" West, 1089.74 feet to a point that bears South 0°01'06" West 230.29 feet from Station 389+30.47 of said Highway Survey;

Thence South 71°05'03" West, 564.86 feet to a point that bears South 0°01'06" West, 413.57 feet from Station 383+96.17 of said Highway Survey;

Thence South 56°08'59" West, 639.57 feet to a point in a line parallel with and 770.00 feet Southerly from the centerline and bears South 0°01'06" West from Station 378+65.12 of said Highway Survey;

Thence North 89°58'54" West along said last parallel line 262.21 feet to a point opposite Station 376+02.91 of said Highway Survey;

Thence South 0°11'14" East, 245.38 feet to a point that bears South 0°01'06" West, 1015.38 feet from Station 376+03.79 of said Highway Survey;

Thence South 7°31'58" West, 186.13 feet to a point that bears South 0°01'06" West, 1199.90 feet from Station 375+79.34 of said Highway Survey;

Thence South 89°48'46" West, 25.00 feet to a point in the West line of said Section 12 that bears South 0°01'06" West, 1200.00 feet from Station 375+54.34 of said Highway Survey;

Thence North 0°11'14" West along said West line 1325.00 feet, more or less, to THE PLACE OF BEGINNING.

ALSO included that part of the NW¼SW¼ and the E½SW¼ lying North and East of Gravity Lateral of North Side Canal Co., Ltd., and that part of the SW¼SW¼ lying North and East of the "C" Lateral of the North Side Canal Co., Ltd., all in Section 12, Township 10 South, Range 20 East Boise Meridian, Jerome County, Idaho.

ALSO included that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East Boise Meridian, lying North and East of the Gravity Lateral of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM the following described tracts:

Tract No. 1:
A parcel of land in the SE¼NW¼ of Section 12, described as follows:

From the Northwest Section Corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West; Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING;
From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;
Thence a distance of 170.3 feet on a bearing of South 0°05' East;
Thence a distance of 171.8 feet on a bearing of South 89°55' West;
Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

Tract No. 2:
Part of the W½NE¼ of Section 12, described as follows:

Beginning at the East Quarter corner for Section 12; Thence South 89°59'38" West, 2196.92 feet; Thence along the Southerly boundary of the NE¼ of said Section 12 to the center of the Northside Canal Company "Northside Main Canal" the TRUE POINT OF BEGINNING;
Thence South 89°59'38" West, 143.26 feet along said boundary;
Thence North 32°42'37" East, 620.34 feet;
Thence North 9°07'14" East, 226.05 feet;
Thence North 5°52'42" West, 1318.85 feet;
Thence North 12°10'06" West, 287.93 feet to the Southerly boundary of frontage road;
Thence East 130.00 feet to the center of the "Northside Main Canal";
Thence along said center line of canal the following courses:
South 12°10'06" East, 287.93 feet;
South 4°13'54" East, 1315.50 feet;

EXHIBIT 5                    Page 265 of 300

South 5°50'27" West, 224.36 feet;
South 29°38'17" West, 600.51 feet to THE TRUE POINT OF BEGINNING.

                Tract No. 3:
That part of the SW¼ of Section 12 and that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East of the Boise Meridian, Jerome County, Idaho, described as follows:

Beginning at the Southeast corner of Section 12; Thence South 89°49'40" West, 2645.16 feet along the Southerly boundary to the South Quarter corner of Section 12, THE TRUE POINT OF BEGINNING;
Thence South 0°16'08" East, 562.06 feet along the Easterly boundary of NE¼NW¼, Section 13;
Thence North 22°15'00" West, 606.53 feet to the Northerly boundary of Section 13;
Thence North 0°52'09" West, 857.85 feet;
Thence North 0°20'27" West, 894.57 feet;
Thence North 28°39'42" East, 499.12 feet to the Easterly boundary of SW¼, Section 12;
Thence South 0°09'22" East, 2189.59 feet along said Easterly boundary to THE TRUE POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:        A parcel of land located in the SE¼NW¼, more particularly described as follows:

From the Northwest section corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West;
Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING;
From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;
Thence a distance of 170.3 feet on a bearing of South 0°05' East;
Thence a distance of 171.8 feet on a bearing of South 89°55' West;
Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

⌐｜F

**TWIN FALLS COUNTY**
RECORDED FOR:
TITLEONE - BURLEY
03:46:21 PM   10-20-2022
**2022018725**
NO. PAGES 33      FEE: $106.00
KRISTINA GLASCOCK
COUNTY CLERK
DEPUTY: CT
Electronically Recorded  by Simplifile

Recording Requested By/Return To:

Conterra Agricultural Capital, LLC
Attn: Quiana Hampton
5465 Mills Civic Parkway, Suite 201
West Des Moines, IA 50266
-------------------------------------------------- [Space Above This Line For Recording] -------------- *32463558*

# ASSIGNMENT OF MORTGAGE

Loan # SC1001

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **Ag Funding SC II LLC** a Delaware limited liability company, (herein "Assignee"), whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, all beneficial interest under that certain Mortgage, Security Agreement, Assignment of Rents and Fixture Filing dated **October 20, 2022**, made and executed by **WILLIAM JOHN MILLENKAMP** a/k/a Bill Millenkamp ("W. Millenkamp"), **SUSAN JO MILLENKAMP** a/k/a/ Susie Millenkamp ("S. Millenkamp"), **EAST VALLEY CATTLE, LLC**, an Idaho limited liability company ("East Valley"), **IDAHO JERSEY GIRLS JEROME DAIRY LLC**, an Idaho limited liability company ("Idaho Jersey"), **GOOSE RANCH LLC**, an Idaho limited liability company ("Goose Ranch"), and **MILLENKAMP PROPERTIES, L.L.C.**, an Idaho limited liability company ("Millenkamp Properties"), **Idaho Jersey Girls LLC**, an Idaho limited liability company ("Jersey Girls LLC"), **Millenkamp Cattle, Inc.**, an Idaho corporation ("Cattle Inc."), **Millenkamp Family LLC**, an Idaho limited liability company ("Millenkamp Family"), and **Millenkamp Properties II, LLC**, an Idaho limited liability company ("Millenkamp Properties II" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively, to and in favor of **Conterra Agricultural Capital, LLC**, upon the following described property situated in **Twin Falls County, State of Idaho**:

**See Exhibit "A" attached hereto and made a part hereof.**

such Mortgage having been given to secure payment of **$16,500,000.00**, which Mortgage is of record in the Real Property Records of **Twin Falls County, State of Idaho**, together with the note and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

**Multistate Mortgage Assignment**

1

EXHIBIT 5                    Page 267 of 300

⌐/ ⊢

Recording Requested By/Return To:

**Conterra Agricultural Capital, LLC**
**Attn: Quiana Hampton**
**5465 Mills Civic Parkway, Suite 201**
**West Des Moines, IA 50266**
-------------------------------------------------------- [Space Above This Line For Recording] -------------- *22463558*

# ASSIGNMENT OF MORTGAGE

**Loan # SC1001**

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, does hereby grant, sell, assign, transfer and convey, unto **Ag Funding SC II LLC** a Delaware limited liability company, (herein "Assignee"), whose address is **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266**, all beneficial interest under that certain Mortgage, Security Agreement, Assignment of Rents and Fixture Filing dated **October 20, 2022**, made and executed by **WILLIAM JOHN MILLENKAMP a/k/a Bill Millenkamp ("W. Millenkamp"), SUSAN JO MILLENKAMP a/k/a/ Susie Millenkamp ("S. Millenkamp"), EAST VALLEY CATTLE, LLC, an Idaho limited liability company ("East Valley"), IDAHO JERSEY GIRLS JEROME DAIRY LLC, an Idaho limited liability company ("Idaho Jersey"), GOOSE RANCH LLC, an Idaho limited liability company ("Goose Ranch"), and MILLENKAMP PROPERTIES, L.L.C., an Idaho limited liability company ("Millenkamp Properties"), Idaho Jersey Girls LLC, an Idaho limited liability company ("Jersey Girls LLC"), Millenkamp Cattle, Inc., an Idaho corporation ("Cattle Inc."), Millenkamp Family LLC, an Idaho limited liability company ("Millenkamp Family"), and Millenkamp Properties II, LLC, an Idaho limited liability company ("Millenkamp Properties II" and together with W. Millenkamp, S. Millenkamp, East Valley, Idaho Jersey, and Goose Ranch, individually and collectively,** to and in favor of **Conterra Agricultural Capital, LLC**, upon the following described property situated in **Twin Falls County, State of Idaho:**

**See Exhibit "A" attached hereto and made a part hereof.**

such Mortgage having been given to secure payment of **$16,500,000.00**, which Mortgage is of record in the Real Property Records of **Twin Falls County, State of Idaho**, together with the note and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

**Multistate Mortgage Assignment**

1

EXHIBIT 5                              Page 268 of 300

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on _October  20_____, 2022.

**Conterra Agricultural Capital, LLC**

_____  10/20/2022
Signature                                      Date
**Mark A. Smith, COO & General Counsel**

_____
Witness

STATE OF IOWA
COUNTY OF POLK

Before me, the undersigned authority, on this day personally appeared
_____Mark A. Smith, COO & General Counsel_____

, known or proved to me according to law to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she/they voluntarily executed the same for the purposes of consideration therein expressed, and in the capacity stated.

Given under my hand and seal this _20th_ day of _October____, 20_22_.

_Lydia Denniston_____
Notary, State of Iowa

> **LYDIA DENNISTON**
> Commission Number 838684
> My Commission Expires
> April 11, 2025

Printed Name: Lydia Denniston
My Commission Expires: 4/11/2025

_____
**Multistate Mortgage Assignment**

2

EXHIBIT 5                    Page 269 of 300

## Exhibit A

TRACT A - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          SW¼SE¼

Section 12:         NW¼NE¼

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          NW¼SE¼

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          Lots 1, 2, 3, and 4, S½NW¼, NE¼SE¼, S½NE¼

Section 2:          Lots 1 and 2, S½NE¼

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:         W½

Section 35:         E½ EXCEPTING THEREFROM:

Beginning at a point which is 25 feet West and 20 feet North of the Southeast corner of said Section 35;
Thence West 100 feet;
Thence North 100 feet;
Thence East 100 feet;
Thence South 100 feet to the Point of Beginning.

ALSO EXCEPTING the following described tract:

Part of the SW¼SE¼, more particularly described as follows:

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;

EXHIBIT 5                    Page 270 of 300

Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 1:          N½, EXCEPT the following described tract:

Beginning at the Northwest corner and running thence East 250 feet;
Thence South 174 feet;
Thence West 250 feet;
Thence North 174 feet to the Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 6:          Lots 1, 2, 3 and 4

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:          SW¼

PARCEL NO. 8:
A 30 foot wide Pipeline Easement as created by Warranty Deed recorded May 15, 1992 as Instrument No. 219021, records of Cassia County, Idaho, located in the SE¼ of said Section 31 of Township 11 South, Range 28 East of the Boise Meridian, Cassia County, State of Idaho, more particularly described as follows:

Beginning at the Southeast corner of said Section 31, said corner marked by a U.S. General Land Office pipe with brass cap; thence North 88°41'16" West along section line for 36.14 feet to the Point of Beginning;
Thence North 88°41'16" West along section line for 30.00 feet to a point;
Thence North 1°18'44" East for 46.48 feet to a point;
Thence North 44°29'16" West for 1841.47 feet to a point;
Thence North 88°31'26" West for 1211.50 feet to a point on the West line of the SE¼;
Thence North 0°18'45" East along the West line of the SE¼ for 30.00 feet to a point;
Thence South 88°31'26" East for 1224.24 feet to a point;
Thence South 44°29'16" East for 1866.27 feet to a point;
Thence South 1°18'44" West for 59.16 feet to the Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          Part of the SW¼SE¼, more particularly described as follows:

EXHIBIT 5          Page 271 of 300

Beginning at the South ¼ section corner of said Section 35, said corner marked by a 5/8 inch rebar; Thence South 89°48'07" East along the South line of Section 35 for a distance of 35.00 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 00°11'53" East for a distance of 219.16 feet to a ½ inch rebar;
Thence North 49°21'41" East for a distance of 346.29 feet to a ½ inch rebar;
Thence along a non-tangent curve to the left for a distance of 836.37 feet to a ½ inch rebar; said curve having a radius of 1358.85 feet and a central angle of 35°15'56" with a long chord of bearing of South 58°38'55" East for a distance of 823.23 feet;
Thence South 00°11'53" West for a distance of 19.72 feet to a ½ inch rebar on the South line of Section 35;
Thence North 89°48'07" West along the South line of Section 35 for a distance of 966.50 feet to the Point of Beginning.

PARCEL NO. 10:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 13:       ALL

PARCEL NO. 11:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:       E½

Section 26:       NW¼ and E½, EXCEPT a part of the SE¼SE¼, described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

Section 27:       NE¼

PARCEL NO. 12:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 27:       SW¼

PARCEL NO. 13:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                          Page 272 of 300

Section 27:        NW¼ and SE¼

PARCEL NO. 14:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        S½ EXCEPTING THEREFROM the following described tract of land:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence running East along the centerline of said Section 35 to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said Section 35 to the West boundary line thereof;
Thence North along said West boundary line of said Section 35 for 24 feet to the Point of Beginning.

PARCEL NO. 15:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:        N½

PARCEL NO. 16:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        ALL

PARCEL NO. 17:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:        Part of the SW¼NW¼ of said Section 31, more particularly described as follows:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with brass cap; thence South 0°06'00" West along section line for 1919.63 feet to the POINT OF BEGINNING;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 18:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        N½

Section 3:        N½

PARCEL NO. 19:
TOWNSHIP 12 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                    Page 273 of 300

Section 4:          NE¼ (Lots 1 and 2 and the S½NE¼)

PARCEL NO. 20:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 31:          N½ and SE¼, EXCEPT the following described tract:

Beginning at the Northwest corner of said Section 31, said corner marked by a U.S. General Land Office Pipe with
brass cap; Thence South 0°06'00" West along section line for 1919.63 feet to the Point of Beginning;
Thence South 89°54'00" East for 108.07 feet to a point;
Thence South 0°06'00" West for 100.00 feet to a point;
Thence North 89°54'00" West for 108.07 feet to a point on section line;
Thence North 0°06'00" East along section line for 100.00 feet to the Point of Beginning.

PARCEL NO. 21:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 32:          W½

PARCEL NO. 22:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:          SW¼

PARCEL NO. 23:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          The North 24 feet of the S½ of said Section 35, more particularly described as follows:

Beginning at the Northwest corner of the SW¼ of said Section 35;
Thence East along the centerline of the said section to the Northeast corner of the SE¼ thereof;
Thence South along the East boundary line of said Section 35 a distance of 24 feet;
Thence West on a line parallel with and 24 feet South of the centerline of said section to the West boundary line of
said section;
Thence North 24 feet to the Point of Beginning.

PARCEL NO. 24:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 34:          ALL

PARCEL NO. 25:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                    Page 274 of 300

Section 26:          Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26; said point marked by a U.S. Government Brass Cap; thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar, which shall be the Point of Beginning;
Thence North 89°59' West along said section line for 290.70 feet to a ½ inch rebar;
Thence North 0°39'53" West for 59.71 feet to a ½ inch rebar;
Thence South 88°51'10" West for 32.32 feet to a ½ inch rebar;
Thence South 0°39'18" East for 59.05 feet to a ½ inch rebar on section line;
Thence North 89°59' West along said section line for 122.05 feet to a ½ inch rebar;
Thence North 0°45'03" West for 439.49 feet to a ½ inch rebar;
Thence South 74°47'15" East for 85.63 feet to a ½ inch rebar;
Thence South 41°26'14" East for 556.38 feet to the Point of Beginning.

PARCEL NO. 26:
An access easement for the benefit of Parcel No. 25 as conveyed by Quitclaim Deed between the Hunsaker Family Partnership, a Limited Partnership, and Reginald Hunsaker and Ruth J. Hunsaker, husband and wife, individually, Grantors, and Jack M. Hunsaker and Bonita P. Hunsaker, Grantees, dated August 10, 1983 and recorded August 12, 1983 as Instrument No. 154185 on Film No. 139, records of Cassia County, more particularly described as follows:

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 26:          Part of the SE¼SE¼ described as follows:

Beginning at the Southeast corner of said Section 26, said point marked by a U.S. Government Brass Cap which shall be the Point of Beginning;
Thence North 89°59' West (Basis of Bearing) along section line for 443.86 feet to a ½ inch rebar;
Thence North 41°26'14" West for 33.36 feet to a point;
Thence South 89°59' East for 466.09 feet to a point on section line;
Thence South 0°21' West along said section line for 25.0 feet to the Point of Beginning.

PARCEL NO. 27:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 22:          W½

TRACT B - CASSIA COUNTY:

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:          All, EXCEPT the N½NW¼NW¼ and N½NE¼NW¼ of Section 10:

                     ALSO EXCEPTING the following described tracts:

                     Tract No. 1:

EXHIBIT 5                          Page 275 of 300

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning;
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.


Tract No. 2:
Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning;
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.


Section 11:        Beginning at a point on the North line of Section 11, said point being 1760.7 feet West of the Northeast corner of said Section 11;
Thence at right angles South 489.7 feet;
Thence North 88°40' West 671.9 feet;
Thence South 9°34' East 160.7 feet;
Thence North 85°59' West 1253.6 feet;
Thence South 6°47' West 953.6 feet;
Thence South 4°37' West 1661.7 feet;
Thence South 89°37' West 1307.8 feet more or less to the West line;
Thence North 0°21' East along the West line 3156.8 feet, more or less to the Northwest corner;
Thence East along said North line 3430.4 feet, more or less to the Point of Beginning.


Section 14:        Beginning at the Southwest corner of Section 14;
Thence South 89°26' East along the South line 1535.1 feet;
Thence North 19°49' West 4452.0 feet more or less to the West line;
Thence South 0°21' West 4173.0 feet more or less to the Point of Beginning.


Section 15:        All

Section 16:        S½ and the NW¼

Section 17:        SE¼SE¼

PARCEL NO. 2:
A water pipeline easement as conveyed by Warranty Deed from Raft River Ranches, Inc., a corporation to Preston R. Allen and Roland R. Allen, dated October 21, 1976 and recorded December 1, 1976 as Instrument No. 94693 on Film No. 105, records of Cassia County, Idaho, described as follows:

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 14:        An easement 60 feet wide being 30 feet left and 30 feet right of the following described line:

Beginning at a point on the East line of said Section 14, said point being 1637 feet North of the Southeast corner of Section 14;

EXHIBIT 5                    Page 276 of 300

Thence North 67°24' West 5694 feet more or less to the West line of Section 14, said point being North 0°21' West 3773 feet from the Southwest corner of Section 14.

Section 22:      An easement 60 feet wide being adjacent to and 60 feet right of the following described line:

Beginning at the North quarter corner of said Section 22;
Thence South along the Meridianal centerline of Section 22 for a distance of 2500 feet;
Thence at right angles West 154 feet.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:      SW¼, W½SE¼, S½NW¼, EXCEPTING that part of the NW¼ described as follows:

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on center line of Yale Road; Thence South 57°36' West for 2,040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

AND ALSO EXCEPT the portion deeded to the Burley Highway District for highway purposes, as disclosed by Warranty Deed, dated July 28, 2005 and recorded September 20, 2007 as Instrument No. 2007-318339, records of Cassia County, Idaho.

TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:      W½, EXCEPTING that part of the NW¼NW¼ described as follows:

Beginning at the Northwest corner of the NW¼NW¼;
Thence South 1599 feet;
Thence North 59°02' East 324 feet;
Thence North 28°10' East 1195 feet;
Thence North 25°56' West 294 feet;
Thence North 87° West 530 feet more or less to the Point of Beginning.

Section 3:      E½, EXCEPTING that portion thereof that lies North of a line running as follows:

Beginning at the South Quarter section corner;
Thence North 1320 feet;
Thence North 42°38' East 1056 feet;
Thence North 69°26' East 1231.5 feet;
Thence North 19°42' East 924 feet;
Thence North 59°02' East 541 feet more or less to the East boundary of said Section 3.

Section 9:      All, EXCEPTING THEREFROM the following described tracts:

          Tract No. 1:
Beginning at a point in the Northeast corner of NE¼NE¼;

EXHIBIT 5                    Page 277 of 300

Thence due South along section line 250 feet;
Thence due West 1550 feet;
Thence due North 250 feet;
Thence due East along section line to the Point of Beginning.

Tract No. 2:
Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office Pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar on section line;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.

Tract No. 3:
Beginning at the Northeast corner of said Section 9, said corner marked by a 5/8 inch rebar; Thence South 00°11'27" East (South rec.) along the East section line for a distance of 250.00 feet to the Point of Beginning;
Thence South 00°11'27" East continuing along said line for a distance of 191.53 feet;
Thence South 86°39'00" West for a distance of 37.48 feet to a ½ inch rebar;
Thence South 86°39'00" West for a distance of 1614.99 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 294.52 feet to a ½ inch rebar;
Thence North 89°46'36" West for a distance of 1401.98 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 224.97 feet to a ½ inch rebar;
Thence North 00°11'27" West for a distance of 25.00 feet to the North section line;
Thence South 89°46'51" East along said line for a distance of 399.52 feet to the North ¼ section corner marked by a 5/8 inch rebar;
Thence South 89°46'36" East along the North section line for a distance of 1102.45 feet;
Thence South 00°11'27" East (South rec.) for a distance of 25.00 feet to a ½ inch rebar;
Thence South 00°11'27" East (South rec.) for a distance of 225.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 1525.00 feet to a ½ inch rebar;
Thence South 89°46'36" East (East rec.) for a distance of 25.00 feet to the Point of Beginning.

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:       Part of the NW¼, more particularly described as follows:

Beginning at the Northwest corner of said Section 10, said corner marked by a U.S. Government Brass Cap; Thence South 0°09'00" East (Basis of Bearing) along section line for 1219.10 feet to a ½ inch rebar which shall be the Point of Beginning:
Thence North 89°51' East for 300.00 feet to a ½ inch rebar;
Thence South 0°09'00" East for 300.00 feet to a ½ inch rebar;
Thence South 89°51' West for 300.00 feet to a ½ inch rebar on section line;
Thence North 0°09'00" West along said section line for 300.00 feet to the Point of Beginning.

PARCEL NO. 5:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:       Part of the NE¼, more particularly described as follows:

EXHIBIT 5                    Page 278 of 300

Beginning at the Northwest corner of the Northeast corner of said Section 10; Thence South 127.5 feet to the True Point of Beginning:
Thence South 255.6 feet;
Thence East 199.5 feet;
Thence North 179 feet;
Thence Northwest 213.69 feet to the True Point of Beginning.

PARCEL NO. 6:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:      Part of the NE¼NW¼, more particularly described as follows:

Beginning at the Northwest corner of the NE¼ of said Section 10; Thence South 89°55' West along section line of said Section 10 for 208.72 feet to a point; Thence South 0°05' East for 52.0 feet to the True Point of Beginning;
Thence South 0°05' East for 290.4 feet to a point;
Thence South 89°55' West for 150.0 feet to a point;
Thence North 0°05' West for 290.4 feet to a point;
Thence North 89°55' East for 150.0 feet to the True Point of Beginning.

PARCEL NO. 7:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 10:      Part of the N½NE¼NW¼, more particularly described as follows:

Beginning at the N¼ section corner of said Section 10, said corner marked by a U.S. GLO iron pipe with brass cap which shall be the Point of Beginning:
Thence South 00°07'39" East along the East line of the NW¼ for a distance of 660.78 feet to a ½ inch rebar at the Southeast corner of the N½NE¼NW¼;
Thence South 89°55'40" West along the South line of the N½NE¼NW¼ for a distance of418.04 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 607.86 feet to a ½ inch rebar;
Thence North 00°07'39" West for a distance of 52.97 feet to the North line of Section 10;
Thence North 89°56'00" East along said line for a distance of 418.04 feet to the Point of Beginning;

               EXCEPTING THEREFROM, the following described parcel:

Beginning at the N¼ corner of said Section 10; Thence South 89°56'00" West (South 89°55' West, rec.) along the North section line for a distance of 208.72 feet; Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 52.00 feet to a point which shall be the Point of Beginning:
Thence South 00°04'00" East (South 00°05' East, rec.) for a distance of 290.40 feet;
Thence South 89°56'00" West (South 89°55' West, rec.) for a distance of 150.00 feet;
Thence North 00°04'00" West (North 00°05' West, rec.) for a distance of 290.40 feet;
Thence North 89°56'00" East (North 89°55' East, rec.) for a distance of 150.00 feet to the Point of Beginning.

PARCEL NO. 8:
TOWNSHIP 10 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:      Part of the NW¼, more particularly described as follows:

EXHIBIT 5                              Page 279 of 300

Beginning at the Northeast corner of the NW¼ of said Section 35; Thence South 34°9'30" East 588.37 feet to a point on the centerline of Yale Road; Thence South 57°36' West for 2040.63 feet to the True Point of Beginning;
Thence South 19°54' East 254.96 feet to a point;
Thence South 57°36' West 175 feet to a point;
Thence North 19°54' West 254.96 feet to a point;
Thence North 57°36' East 175 feet to the True Point of Beginning.

PARCEL NO. 9:
TOWNSHIP 11 SOUTH, RANGE 27 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 9:        Part of the NW¼NW¼ of said Section 9 more particularly described as follows:

Beginning at the Northwest corner of said Section 9, said corner marked by a U.S. General Land Office pipe with brass cap, which shall be the Point of Beginning;
Thence South 89°47'00" East along section line for 200.00 feet to a ½ inch rebar;
Thence South 0°07'33" East for 295.16 feet to a ½ inch rebar;
Thence North 89°47'00" West for 200.00 feet to a ½ inch rebar on section line;
Thence North 0°07'33" West along said section line for 295.16 feet to the Point of Beginning.


TRACT C - CASSIA COUNTY

TOWNSHIP 9 SOUTH, RANGE 25 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 2:        All of Lots 2, 3, 4, SE¼SW¼ and S½SE¼, SAVE AND EXCEPT the following described parcel:

Beginning at a BLM brass cap at the Southeast section corner of said Section 2;
Thence South 89°54' West for 329.82 feet;
Thence North 986.08 feet;
Thence North 44°27' West for 467.29 feet to a BLM brass cap;
Thence North 89°53' East 656.7 feet;
Thence South 1320 feet to the True Point of Beginning.

Section 3:        Lot 2

Section 10:        W½NE¼, NE¼NW¼ (also designated as Lot 1) and SE¼NW¼ EXCEPTING THEREFROM the following described parcel:

A strip of land 50 feet in width, lying 25 feet on each side of the following described line:

Beginning at a point on the North and South Center line of said Section 10, 2603 feet South of the Northwest corner of the Northeast Quarter of said Section 10;
Thence North 87°20' West 890 feet;
Thence North 89°25' West 430 feet.

Section 11:        NW¼

TRACT D - JEROME COUNTY

EXHIBIT 5                Page 280 of 300

PARCEL NO. 1:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 27:        NW¼NW¼; SW¼NW¼

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        SE¼, EXCEPTING THEREFROM the South 25 feet of the S½SE¼ for public highway right-of-way by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome County records.

Section 33:        N½NE¼, EXCEPTING THEREFROM the North 25 feet of the N½NE¼ for public highway right-of-way by Judgment dated October 26, 1981, recorded October 30, 1981 as Instrument Number 260993, Jerome County records.

PARCEL NO. 3:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        SE¼NE¼

              EXCEPTING THEREFROM a parcel of land located in the SE¼NE¼, described as follows:

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the POINT OF BEGINNING;
Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;
Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a 5/8 inch rebar;
Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a ½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet to a ½-inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet to a ½ inch rebar;
Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to a ½ inch rebar;
Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet to the intersection with the East line of the SE¼NE¼ of Section 28;
Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to the POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the SE¼NE¼, more particularly described as follows:

EXHIBIT 5                              Page 281 of 300

Commencing at a 5/8 inch rebar marking the Southeast corner of the SE¼NE¼ of said Section 28, being also the POINT OF BEGINNING;

Thence along the South line of the SE¼NE¼ of said Section 28, North 89°21'55" West, a distance of 1319.69 feet;

Thence along the West line of the SE¼NE¼ of said Section 28, North 00°10'18" East, a distance of 1318.95 feet to a 5/8 inch rebar;

Thence along the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 827.74 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 286.96 feet to a ½-inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 325.28 feet to a ½ inch rebar;

Thence parallel to the East line of the SE¼NE¼ of said Section 28, North 00°14'47" East, a distance of 38.59 feet to a ½ inch rebar;

Thence parallel to the North line of the SE¼NE¼ of said Section 28, South 89°21'19" East, a distance of 168.39 feet to the intersection with the East line of the SE¼NE¼ of Section 28;

Thence along the East line of the SE¼NE¼ of said Section 28, South 00°14'47" West, a distance of 1070.34 feet to the POINT OF BEGINNING.

PARCEL NO.  5:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       SW¼NE¼;

PARCEL NO. 6:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       NW¼NE¼, EXCEPTING THEREFROM that portion lying North and West of the North Side Canal Company lateral.

PARCEL NO. 7:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:       E½NW¼, NW¼NW¼, SW¼NW¼, EXCEPTING THEREFROM the South 10 Acres;

ALSO EXCEPTING THEREFROM that part of the SW¼NW¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 0°23'30" East along the West boundary of said Section 28, 1761.83 feet to the TRUE POINT OF BEGINNING;
Thence South 36°14'06" East, 457.64 feet;
Thence South 38°11'57" East, 170.68 feet;
Thence South 45°28'11" East, 64.61 feet;
Thence North 89°52'42" West, 418.37 feet to the West boundary of said Section 28;
Thence North 0°23'30" West along the West boundary of said Section 28, 547.70 feet to the TRUE POINT OF BEGINNING.

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5                    Page 282 of 300

JEROME COUNTY, IDAHO

Section 28:        That portion of the NW¼NE¼ lying North and West of the North Side Canal Company lateral.

EXCEPTING THEREFROM that part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet, to the Northwest corner of the NW¼NE¼, said point being the TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to the TRUE POINT OF BEGINNING.

PARCEL NO. 8:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Portion of the SW¼NW¼, described as follows:

Commencing at the Southwest corner of the SW¼NW¼ of said Section;
Thence South 89°53'08" East, along the South line of the SW¼NW¼ of said Section, 1017.36 feet to the TRUE POINT OF BEGINNING;
Thence North 66°30'17" West, 415.61 feet;
Thence North 60°28'11" West, 72.97 feet;
Thence North 52°35'55" West, 141.53 feet;
Thence North 45°28'11" West, 61.96 feet;
Thence South 89°52'42" East, 904.69 feet;
Thence South 0°23'23" East, 329.77 feet to a point on the South line of the SW¼NW¼ of said Section;
Thence North 89°53'08" West along the South line of the SW¼NW¼ of said Section, 305.69 feet to the TRUE POINT OF BEGINNING.

PARCEL NO. 9:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        That part of the NW¼NE¼, described as follows:

Commencing at the Northwest corner of said Section 28;
Thence South 89°49'39" East along the North boundary of said Section 28, 2646.28 feet to the Northwest corner of the NW¼NE¼, said point being THE TRUE POINT OF BEGINNING;
Thence continuing South 89°49'39" East along the North boundary of said Section 28, 143.71 feet;
Thence South 0°23'17" East, 118.00 feet;
Thence North 89°49'39" West, 143.71 feet to a point on the West boundary of said NW¼NE¼;
Thence North 0°23'17" West along the West boundary of said NW¼NE¼, 118.00 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 10:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5                     Page 283 of 300

Section 34:        E½SE¼; AND That part of the SW¼SE¼ lying South of the right of way of the U-4 lateral or coulee of the North Side Canal Company, Ltd., as located and operated over and across said land,

EXCEPTING THEREFROM the following described tracts:

Tract No. 1:
Commencing at the Southeast corner of Section 34; Thence North 89°47' West, 2033.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13'00" East, 283.88 feet to the Southerly bank (right of way) of the Northside Canal Company "U-4" Lateral;
Thence along said "U-4 Lateral South 70°46'54" West, 79.00 feet;
South 52°49'10" West, 79.35 feet;
South 45°31'07" West, 73.56 feet;
Thence departing said lateral South 4°01'42" East, 158.10 feet to the Southerly boundary of Section 34;
Thence South 89°47' East, 178.11 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 2:
Beginning at the Southeast corner of Section 34;
Thence North 89°47'00" West, 1866.74 feet along the Southerly boundary of Section 34 to THE TRUE POINT OF BEGINNING;
Thence North 0°13' East, 355.00 feet to the Southerly bank of the Northside Canal Company "U-4"Lateral;
Thence South 67°08'57" West, 181.51 feet along the Southerly bank of said Lateral;
Thence South 0°13' West, 283.88 feet to the Southerly boundary of Section 34;
Thence South 89°47'00" East, 167.00 feet along said Southerly boundary to THE TRUE POINT OF BEGINNING.

Tract No. 3:
Beginning at the Southeast corner for Section 34, THE TRUE POINT OF BEGINNING;
Thence North 89°47'00" West, 672.70 feet along the Southerly boundary of Section 34;
Thence North 0°11'26" West, 451.32 feet;
Thence South 89°47'00" East, 672.70 feet to the Easterly boundary of Section 34;
Thence South 0°11'26" East, 451.32 feet along the Easterly boundary of Section 34 to THE TRUE POINT OF BEGINNING.

Tract No. 4:
Beginning at a point on the south line of said SW¼SE¼, which point is 287 feet east of the Southwest corner of said SW¼SE¼;
Thence in an easterly direction along said south line 144 feet;
Thence running North 5°30' West 176 feet to the center of the U-4 lateral of the North Side Canal Co. Ltd as now constructed;
Thence Southwesterly along said centerline of said lateral 242 feet to the Point of Beginning.

PARCEL NO. 11:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the SW¼NW¼, and Part of the NW¼SW¼, described as follows:

Commencing at a 5/8-inch iron pin with a plastic cap stamped PLS 3623 marking the Southwest corner of the Northwest ¼ of said Section 28, being also the POINT OF BEGINNING, from which an aluminum cap stamped PLS

EXHIBIT 5                              Page 284 of 300

884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears South 00°06'53" West at a distance of 2639.06 feet, and also from which a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the Northwest ¼ of said Section 28 bears North 00°05'13" East at a distance of 2639.50 feet;

Thence along the West line of the Southwest ¼ of the Northwest ¼ of said Section 28, North 00°05'13" East, a distance of 329.94 feet to the Northwest corner of the South 10 Acres of said Southwest ¼ of the Northwest ¼, being also the Southwest corner of a parcel of land described as Parcel No. 36 in a Quitclaim Deed to L&S Land Holdings LLC as recorded in the Jerome County Recorder's Office on December 31, 2008 as Instrument Number 2086830.

Thence along the North line of said 10 acres, being also the South line of said Parcel No. 36, South 89°21'43" East, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the Southeast corner of said Parcel No. 36, being also the Northwest corner of a parcel of land described as Parcel No. 2 in a Warranty Deed to William J. and Susie J. Millenkamp as recorded in the Jerome County Recorder's Office on March 2, 2005 as Instrument Number 2051133;

Thence along the Westerly line of said Parcel No. 2 the following bearings and distances;

South 45°00'52" East, a distance of 61.09 feet (North 45°28'11" West, 64.96 feet, record);

Thence South 52°06'54" East, a distance of 141.47 feet (North 52°35'55" West, 141.53 feet, record);

Thence South 59°59'23" East, a distance of 72.92 feet (North 60°28'11" West, 72.97 feet, record);

Thence South 66°01'21" East, a distance of 418.43 feet to a ½-inch iron rod with plastic cap stamped PLS 3623 marking the intersection with the South line of the Southwest ¼ of the Northwest ¼ of said Section 28 (North 66°30'17" West, 415.61 feet, record);

Thence along the South line of said Southwest ¼ of the Northwest ¼, North 89°21'54" West, a distance of 229.89 feet to the intersection with the W3 Lateral of the North Side Canal Company;

Thence along the center of said W3 Lateral the following bearings and distances;

South 33°36'43" West, a distance of 232.99 feet to the beginning of a curve tangent to said line;

Thence Southwesterly and Westerly a distance of 292.87 feet along the curve concave to the Northwest, having a radius of 338.33 feet, a central angle of 49°35'51", and being subtended by a chord that bears South 58°24'39" West 283.81 feet;

Thence South 83°12'35" West tangent to said curve, a distance of 96.35 feet to the beginning of a curve tangent to said line;

Thence Westerly, Southwesterly and Southerly a distance of 107.95 feet along the curve concave to the Southeast, having a radius of 75.00 feet, a central angle of 82°28'03", and being subtended by a chord that bears South 41°58'33" West 98.87 feet;

Thence South 00°44'31" West tangent to said curve, a distance of 201.65 feet to the beginning of a curve tangent to said line;

Thence Southerly, Southwesterly and Westerly a distance of 153.04 feet along the curve concave to the Northwest, having a radius of 110.00 feet, a central angle of 79°42'55", and being subtended by a chord that bears South 40°35'58" West 140.99 feet;

Thence South 80°27'26" West tangent to said curve, a distance of 141.62 feet;

Thence South 85°21'09" West, a distance of 24.78 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the West line of the Northwest ¼ of the Southwest ¼ of said Section 28;

Thence along the West line of said Northwest ¼ of the Southwest ¼, North 00°06'53" East, a distance of 770.52 feet to the POINT OF BEGINNING.


ALSO INCLUDED


TOWNSHIP 7 SOUTH, RANGE 16 EAST BOISE MERIDIAN,
JEROME COUNTY, IDAHO


Section 28:      Part of the SW¼NW¼, previously described as Parcel No. 36 in Quitclaim Deed from Luis M. & Sharon Bettencourt to L&S Land Holdings as recorded on December 31, 2008 as Instrument Number 2086830, now being described as follows:

EXHIBIT 5                           Page 285 of 300

Commencing at a ½-inch iron pin with cap stamped PLS 884 marking the Northwest corner of the West ½ of said Section 28; Thence along the West line of the Northwest ¼ of said Section 28, South 00°05'13" West, a distance of 1761.60 feet (South 00°23'30" East, 1761.83 feet, record), to a ½-inch iron pin marking the POINT OF BEGINNING.
Thence South 35°44'37" East, a distance of 457.46 feet (South 36°14'06" East, 457.64 feet, record);
Thence South 37°41'44" East, a distance of 170.64 feet (South 38°11'57" East, 170.68 feet, record);
Thence South 45°00'52" East, a distance of 65.53 feet (South 45°28'11" East, 64.61 feet, record) to the North line of the South 10 Acres of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the North line of said South 10 Acres, North 89°21'43" West, a distance of 418.77 feet (North 89°52'42" West, 418.37 feet, record) to the West line of the Southwest ¼ of the Northwest ¼ of said Section 28;
Thence along the West line of said Southwest ¼ of the Northwest ¼, North 00°05'13" East, a distance of 547.97 feet (North 00°23'30" West, 547.70 feet, record) to the POINT OF BEGINNING.

ALSO INCLUDED

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        Part of the NE¼SW¼, described as follows:

Commencing at a brass cap marking the Southeast corner of the Southwest ¼ of said Section 28, from which an aluminum cap marking PLS 884 marking the Southwest corner of the Southwest ¼ of said Section 28 bears North 89°22'57" West at a distance of 2646.57 feet; Thence along the East line of said Southwest ¼, North 00°05'51" East, a distance of 1931.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858 marking the POINT OF BEGINNING.
Thence North 39°19'22" West, a distance of 125.38 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 42°05'52" West, a distance of 294.98 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 44°25'46" West, a distance of 368.54 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 51°33'57" West, a distance of 89.01 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 72°47'53" West, a distance of 237.80 feet to a ½-inch rebar with plastic cap stamped PLS 9858;
Thence North 84°18'05" West, a distance of 124.52 feet to a ½-inch rebar with cap stamped PLS 9858 marking the intersection with the North line of the Northeast ¼ of the Southwest ¼ of said Section 28;
Thence along the North line of said Northeast ¼ of the Southwest ¼, South 89°21'54" East, a distance of 957.25 feet to a 5/8-inch rebar with aluminum cap stamped PLS 9858 marking the Northeast corner of said Northeast ¼ of the Southwest ¼;
Thence along the East line of said Northeast ¼ of the Southwest ¼, South 00°05'51" West, a distance of 706.46 feet to the POINT OF BEGINNING.

TRACT E

CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 11 SOUTH, RANGE 26 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 36:        E½

JEROME COUNTY

PARCEL NO. 2:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

EXHIBIT 5                          Page 286 of 300

Section 21:      That portion of the N½SW¼, lying South of the centerline of the Northside Canal Company "W" Canal, more particularly described as follows:

Commencing at the Northwest corner of said N½SW¼; Thence South 0°07'58" East, 562.38 feet along the Westerly boundary of said N½SW¼ to the center of the Northside Canal Company "W" Canal and THE TRUE POINT OF BEGINNING;
Thence South 0°07'58" East, 758.11 feet to the Southwest corner of said N½SW¼;
Thence South 89°41'11" East, 2643.72 feet to the center of said "W" Canal;
Thence Westerly along the approximate center of said "W" Canal the following courses and distances:
Thence North 26°19'12" West, 237.37 feet;
Thence North 44°56'58" West, 199.28 feet;
Thence South 52°21'52" West, 240.71 feet;
Thence North 67°19'08" West, 646.97 feet;
Thence North 87°18'51" West, 178.79 feet;
Thence North 64°23'23" West, 203.61 feet;
Thence South 73°01'14" West, 419.96 feet;
Thence South 62°58'56" West, 355.62 feet (335.62 feet recorded);
Thence North 71°13'41" West, 561.62 feet to THE TRUE POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 10:      A parcel of land located in the N½NW¼, described as follows:

Commencing at the Northeast corner of the N½NW¼, which corner bears North 8°44'54" West, 213.81 feet from Station 296+20.43 of Interstate 80N, Project No. 1-80N-3(18)191 Highway Survey; Thence South 0°06'44" East along the East line of said N½NW¼, a distance of 378.42 feet to a point that bears South 9°11'09" East, 160.00 feet from Station 295+60.35 of said Highway Survey and being the REAL POINT OF BEGINNING;
Thence South 79°55'36" West, 640.33 feet to a point in a line parallel with and 170.0 feet Southerly from the centerline and opposite Station 289+20.09 of said Highway Survey;
Thence along said parallel line as follows:
Westerly along a 5899.58 foot radius curve right 1603.00 feet to a point which bears South 6°22'56" West, 170.0 feet from Station 273+63.28 of said Highway Survey;
North 83°37'04" West, 398.99 feet to a point in the West line of said N½NW¼ and bears South 6°22'56" West, 170.0 feet from the Station 269+64.29 of said Highway Survey;
Thence South 0°03'34" East along said West line 842.0 feet, more or less, to the Southwest corner of said N½NW¼;
Thence Easterly along the South line of said N½NW¼, a distance of 2640.0 feet, more or less, to the Southeast corner thereof;
Thence North 0°06'44" West along the East line of said N½NW¼ a distance of 942.0 feet, more or less, to THE REAL POINT OF BEGINNING.

EXCEPTING THEREFROM a parcel of land described as follows:

Beginning at the North quarter corner of said Section 10; Thence South 0°04'39" West along the center section line of said Section 10 for a distance of 370.80 feet to the South right of way line of Interstate 80N, Project No. I-80N-3(18)191 and being the REAL POINT OF BEGINNING;
Thence from the REAL POINT OF BEGINNING South 0°04'39" West along the center section line of said Section 10 for a distance of 951.05 feet to the Southeast corner of the N½NW¼;
Thence North 89°58'21" West along the South line of the N½NW¼ for a distance of 233.66 feet;

EXHIBIT 5               Page 287 of 300

Thence North 0°04'39" East for a distance of 910.82 feet to the South right of way line of Interstate 80N;
Thence North 79°57'46" East along the South right of way line of Interstate 80N for a distance of 223.00 feet;
Thence North 84°56'39" East along the South right of way line of Interstate 80N for a distance of 14.19 feet to the
REAL POINT OF BEGINNING.

FURTHER EXCEPTING THEREFROM that part of the NW¼, described as follows:

Commencing at the Northwest corner of said Section 10; Thence South 0°00'13" West along the West boundary of
said Section 10 for a distance of 1073.5 feet to THE TRUE POINT OF BEGINNING;
Thence North 89°30'00" East for a distance of 210.00 feet;
Thence South 0°00'13" West parallel with the West boundary of Section 10 for a distance of 211.04 feet;
Thence South 89°30'00" West for a distance of 113.0 feet;
Thence North 84°00'00" West for a distance of 97.5 feet to a point on the West boundary of Section 10;
Thence North 0°00'13" East along the West boundary of Section 10 for a distance of 200.00 feet to THE TRUE
POINT OF BEGINNING.

PARCEL NO. 4:
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 34:        SE¼NE¼; NE¼NE¼

PARCEL NO. 5
TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 28:        NE¼NE¼, more particularly described as follows:

Beginning at the Northeast corner of said Section 28, said point being the TRUE POINT OF BEGINNING;
Thence North 89°39' West along the North boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Northwest
corner of NE¼NE¼;
Thence South 0°02' East along the West boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southwest
corner of the NE¼NE¼;
Thence South 89°39' East along the South boundary of the NE¼NE¼, 1320.00 feet, more or less, to the Southeast
corner of the NE¼NE¼;
Thence North 0°02' West along the East boundary of the NE¼NE¼, 1320.00 feet, more or less, to the TRUE POINT
OF BEGINNING.

TRACT F – JEROME COUNTY

TOWNSHIP 7 SOUTH, RANGE 16 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 29:        S½NE¼NE¼

TRACT G - CASSIA COUNTY

PARCEL NO. 1:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

EXHIBIT 5                          Page 288 of 300

| | |
|---|---|
| Section 2: | W½SW¼ |
| Section 3: | SE¼, E½SW¼, S½NW¼ |
| Section 4: | All |
| Section 9: | SW¼ |
| Section 10: | All |
| Section 11: | W½NW¼, NW¼SW¼; W½SE¼, SW¼SW¼, E½SW¼, SE¼NW¼, SW¼NE¼ |
| Section 13: | W½, W½E½ |
| Section 14: | All |
| Section 15: | All |

TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:          Lots 2, 3, 4 and W½SW¼

SAVE AND EXCEPT, the following described property:

Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 3:          Part of Lot 4, more particularly described as follows:

Beginning at the Northwest corner of said Section 3, said corner marked by a U.S. General Land Office pipe with cap; Thence South 89°27'00" East along section line for 42.58 feet to a ½ inch rebar which shall be the POINT OF BEGINNING;
Thence South 89°27'00" East along section for 226.35 feet to a ½ inch rebar;
Thence South 2°34'06" West for 238.97 feet to a ½ inch rebar;
Thence North 88°01'42" West for 212.97 feet to a ½ inch rebar in the center of a gravel road;
Thence North 0°40'58" West along the center of said road for 233.59 feet to the POINT OF BEGINNING.

PARCEL NO. 3:
TOWNSHIP 12 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,

EXHIBIT 5                    Page 289 of 300

CASSIA COUNTY, IDAHO

Section 9:          E½

PARCEL NO. 4:
TOWNSHIP 11 SOUTH, RANGE 28 EAST OF THE BOISE MERIDIAN,
CASSIA COUNTY, IDAHO

Section 35:          SE¼NE¼ and E½SE¼

Section 34:          Part of the SE¼SW¼ more particularly described as follows:

Beginning at the Southwest corner of the SE¼SW¼ of Section 34, the TRUE POINT OF BEGINNING;
Thence North along the West boundary of the SE¼SW¼ of Section 34 for 400 feet;
Thence East along a line parallel to the South boundary of said SE¼SW¼, Section 34 for 600 feet;
Thence South 400 feet to the South boundary of the SE¼SW¼ of Section 34;
Thence West along the South boundary of the SE¼SW¼ of Section 34 for 600 feet to the POINT OF BEGINNING.

PARCEL NO. 5:
A 25 foot easement for ingress and egress to the E½SE¼ of Section 35, Township 11 South, Range 28 East, Boise
Meridian and for Section 36, Township 11 South, Range 28 East Boise Meridian, as reserved in Warranty Deed
dated April 1, 1986 and recorded May 8, 1986 as Instrument No. 178224 on Film No. 180, records of Cassia County,
Idaho, more particularly described as follows:

Beginning at the Southwest corner of the E½SW¼, Section 34, Township 11 South, Range 28 East Boise Meridian;
Thence East along the North boundary of Section 3, Township 12 South, Range 28 East of the Boise Meridian to a
point that is 25 feet West of the Northeast corner of said Section 3;
Thence South 25 feet;
Thence East 25 feet to the East boundary of said Section 3;
Thence continuing East and 25 feet South of the North boundary of Section 2, Township 12 South, Range 28 East,
Boise Meridian, to the East boundary of said Section 2;
Thence North 25 feet to the Northeast corner of said Section 2;
Thence West along the North boundary of said Section 2 to the Northwest corner of said Section 2;
Thence North 25 feet;
Thence West to the West boundary of the E½SW¼ of Section 34, Township 11 South, Range 28 East Boise
Meridian;
Thence South 25 feet to the POINT OF BEGINNING.

TRACT H – TWIN FALLS COUNTY

Lots 1 through 8, inclusive, and Parcels A and B, PAULSON SUBDIVISION, Twin Falls County, Idaho, filed in Book
17 of Plats, Page 39.  Affidavit of Correction recorded September 4, 2001 as Instrument No. 2001-015902.

TRACT I – TWIN FALLS COUNTY

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:          Part of Lot 9, more particularly described as follows:

EXHIBIT 5                    Page 290 of 300

A parcel of ground located between the Southerly high water mark of the Snake River and the Northerly right-of-way line of the County Road, being part of Lot 9 in Section 9 and Lot 12 in Section 4 of Township 9 South, Range 15 East Boise Meridian, more particularly described as follows:

Beginning at the centerline of the County Road right of way as it intersects Lot 9 in Section 9, being THE TRUE POINT OF BEGINNING;
Thence Easterly along the centerline of said County Road right-of-way for a distance of 450 feet;
Thence North approximately 250 feet to the high water line of the Snake River;
Thence Southwesterly along the high water line of the Snake River to the point where the Snake River intersects the Westerly boundary of Section 9;
Thence South approximately 150 feet to the centerline of the County Road right--of-way, being THE TRUE POINT OF BEGINNING.

TRACT J – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:        Lots 10, 19 and 20


TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 5:        SW¼SW¼

SAVE AND EXCEPT a parcel of land located in Government Lot 22, more particularly described as follows:

Commencing at the Southwest Section corner of said Section 5 from which the S¼ corner of said Section 5 bears South 89°21'06" East, 2671.89 feet, said Southwest section corner of Section 5 being THE TRUE POINT OF BEGINNING;
Thence North 00°20'00" East along the West boundary of said Government Lot 22 for a distance of 168.01 feet;
Thence South 89°40'00" East for a distance of 11.75 feet to a point on the Southerly rim of the Snake River;
Thence along the Southerly rim of the Snake River on the following courses:
North 43°15'43" East, 23.49 feet;
South 81°49'29" East, 150.08 feet;
North 85°23'40" East, 128.99 feet;
South 87°20'13" East, 89.08 feet;
North 68°53'37" East, 45.37 feet;
Thence South 28°37'14" West for a distance of 216.48 feet to a point on the South boundary of said Government Lot 22;
Thence North 89°21'06" West along the South boundary of said Government Lot 22 for a distance of 333.58 feet to the Southwest section corner of said Section 5 and being THE TRUE POINT OF BEGINNING.

SUBJECT TO:
1.  A 25.00 foot wide county road easement along the South and West boundaries of the before described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

EXHIBIT 5                    Page 291 of 300

Section 8:          Lots 2, 4, 5 and the NE¼NW¼


TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 8:          Part of Government Lot 1, more particularly described as follows:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly
boundary of Section 8 to the Northeast corner of Government Lot 1; Thence North 41°45'07" West, 612.36 feet along
the boundaries of Government Lots 1 and 4 to Angle Point 4; Thence North 52°52'21" West, 493.46 feet along said
boundary between Government Lots 1 and 4 to an existing fence and THE TRUE POINT OF BEGINNING;
Thence North 52°52'21" West, 152.02 feet along said boundary between Lots to Angle Point Number 3;
Thence North 68°55'21" West, 456.73 feet along said boundary to the Northwest corner of Government Lot 1;
Thence South 0°52'44" East, 272.78 feet along the Westerly boundary of Government Lot 1 to an existing fence
corner;
Thence North 88°14'05" East, 543.45 feet along said fence to the Easterly boundary of Government Lot 1 and THE
TRUE POINT OF BEGINNING.


SAVE AND EXCEPT the following described:

Beginning at the East quarter corner for Section 8; Thence North 0°52'21" West, 736.56 feet along the Easterly
boundary of Section 8 to the Southeast corner to Government Lot 4 and THE TRUE POINT OF BEGINNING;
Thence North 0°52'21" West, 724.23 feet along the Easterly boundary of Section 8 to an existing fence corner;
Thence North 84°01'11" West, 407.11 feet along the existing fence;
Thence South 88°14'05" West, 385.47 feet along said fence to the Southwesterly boundary of Government Lot 4;
Thence South 52°52'21" East, 493.46 feet along the Southwesterly boundary of Government Lot 4 to Angle Point
Number 4;
Thence South 41°45'07" East, 612.36 feet along the Southwesterly boundary of said Government Lot 4 to THE
TRUE POINT OF BEGINNING.

TRACT K – TWIN FALLS COUNTY

Part of Lots 7, 8, 9, 11, 12, 13 and 14, of Section 9, Township 9 South, Range 15 East Boise Meridian, and part of
Lot 12 of Section 4, Township 9 South, Range 15 East Boise Meridian, Twin Falls County, Idaho, more particularly
described as follows:

Beginning at the Meander corner on the South bank of the Snake River lying on the section line common to Sections
9 and 10 of Township 9 South, Range 15 East Boise Meridian, said corner being marked by a U.S. General Land
Office pipe with brass cap; Thence South 00°10'20" West along the Section line common to Sections 9 and 10 for
427.10 feet to a point on the North side of the Upper Brandon Ditch which shall be THE POINT OF BEGINNING;
Thence South 00°10'20" West along section line for 433.61 feet to a ½ inch rebar on the South rim of the Snake
River Canyon;
Thence North 76°23'56" West (North 76°25' West rec.) along said canyon rim for 223.07 feet (223 feet rec.) to a ½
inch rebar;
Thence North 70°29'12" West (North 70°40' West rec.) along said canyon rim for 159.73 feet (160 feet rec.) to a ½
inch rebar;
Thence North 74°43'47" West (North 75°02' West rec.) along said canyon rim for 584.51 feet (585 feet rec.) to a
point;

EXHIBIT 5                    Page 292 of 300

Thence South 87°33'41" West (South 87°16' West rec.) along said canyon rim for 676.63 feet (677 feet rec.) to a point;

Thence North 81°38'59" West (North 81°57' West rec.) along said canyon rim for 853.57 feet (854 feet rec.) to a point;

Thence South 81°00'27" West (South 80°43' West rec.) along said canyon rim for 780.55 feet (781 feet rec.) to a point;

Thence North 77°19'51" West (North 77°38' West rec.) along said canyon rim for 731.66 feet (732 feet rec.) to a point;

Thence North 21°59'03" West (North 22°18' West rec.) along said canyon rim for 340.01 feet (340 feet rec.) to a point;

Thence North 86°24'08" West (North 86°42' West rec.) along said canyon rim for 384.80 feet (385 feet rec.) to a point;

Thence North 61°45'47" West (North 62°07' West rec.) along said canyon rim for 134.92 feet to a ½ inch rebar at the Southeast corner of that property as deeded to Frank Strobel by Warranty Deed recorded 6 Oct. 1978, as Instrument No. 745567;

Thence North 00°41'23" West (North 00°55'00" West rec.) along the East line of the Strobel property for 1184.54 feet (1184.61 feet rec.) to a ½ inch rebar on the centerline of a county road also being the South line of the property as deeded to Associated McCullough Enterprises by Warranty Deed recorded 10 Oct. 1986 as Instrument No. 910242;

Thence on a curve to the left on the centerline of said county road Associated McCullough Enterprises property line for 440.12 feet to a point, said curve having a central angle of 8°09'06" and a radius of 3093.47 feet with a long chord bearing of North 69°54'35" East (North 69°40'43" East rec.) for a distance of 439.75 feet from the previous point;

Thence North 65°50'02" East (North 65°36'10" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 573.60 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 346.23 feet to a point, said curve having a central angle of 39°40'28" and a radius of 500.00 feet with a long chord bearing of North 85°40'15" East for a distance of 339.35 feet from the previous point;

Thence South 74°29'30" East (South 74°43'22" East rec.) along the center line of said county road/Associated McCullough Enterprises property line for 267.72 feet to a point;

Thence on a curve to the right on the centerline of said county road/Associated McCullough Enterprises property line for 238.60 feet to a point, said curve having a central angle of 13°40'16" and a radius of 1000.00 feet with a long chord bearing of South 67°39'22" East (South 67°53'13" East rec.) for a distance of 238.04 feet from the previous point;

Thence South 60°49'13" East (South 61°03'05" East rec.) along the centerline of said county road/Associated McCullough Enterprises property line for 54.35 feet to a point on the section line common to Sections 4 and 9;

Thence South 89°47'46" East (North 89°58'22" East rec.) along said section line for 55.16 feet to a meander corner on the South bank of the Snake River, said corner being marked by a U.S. General Land Office pipe with brass cap;

Thence South 69°09'42" East along the high water line of the Snake River for 107.56 feet to a point;

Thence South 36°50'03" East along said high water line for 324.38 feet to a point;

Thence South 28°01'36" East along said high water line for 188.40 feet to a point;

Thence South 71°51'23" East along said high water line for 266.27 feet to a point;

Thence South 85°01'19" East along said high water line for 128.00 feet to a point;

Thence South 77°56'56" East along said high water line for 186.93 feet to a point;

Thence South 70°15'54" East along said high water line for 277.05 feet to a point;

Thence South 3°16'00" West (South 2°49'21" West rec.) for 57.04 feet to a point on the North line of that property as deeded to William S. Slaughenhauft by Warranty Deed recorded 6 June 1975 as Instrument No. 681182;

Thence North 68°21'57" West (North 68°43' West rec.) along the North line of the Slaughenhauft property for 136.00 feet to a point;

Thence on a curve to the left along the North line of the Slaughenhauft property for 35.00 feet to a ½ inch rebar, said curve having a central angle of 2°03'24.4" and a radius of 975.00 feet with a long chord bearing of North 69°23'39" West (North 69°44'42" West rec.) for a distance of 34.99 feet from the previous point;

EXHIBIT 5                    Page 293 of 300

Thence South 13°17'28" West (South 12°56'25" West rec.) along the West line of the Slaughenhauft property for 266.15 feet (266.10 feet rec.) to a ½ inch rebar on the South side of an irrigation ditch known as the Lower Brandon Ditch, said point also being the Northwest corner of that property as deeded to Philip Smith by Warranty Deed recorded 6 Nov. 1978, as Instrument No. 613816;

Thence South 23°03'03" West (South 22°42' West rec.) along the West line of the Smith property for 429.47 feet to a ½ inch rebar on the North side of the Upper Brandon Ditch;

Thence North 85°47'05" East (North 85°23' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 240.50 feet (240.0 feet rec.) to a point;

Thence South 46°41'06" East (South 47°03' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 197.00 feet to a point;

Thence South 65°36'54" East (North 65°15' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 93.80 feet to a point;

Thence North 88°11'54" East (North 87°50' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 446.20 feet to a point;

Thence South 68°30'06" East (South 68°52' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 224.60 feet to a point;

Thence South 69°48'06" East (South 70°10' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 417.00 feet to a point;

Thence South 70°34'06" East (South 70°56' East rec.) along the Smith property line on the North side of the Upper Brandon Ditch for 420.00 feet to THE POINT OF BEGINNING.

SUBJECT TO an existing county road right of way along the Northern most line of the above described property being noted in the description as road centerline.

TRACT L – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:       Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 1573.95 feet along the West boundary of said Section 9 to the Southwest corner of said parcel of land and being the REAL POINT OF BEGINNING;
Thence, North 00°54'26" West 783.01 feet along said West boundary to a point on the centerline of River Road (County Road);
Thence, South 86°36'57" East 369.14 feet along said centerline;
Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51", an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline;
Thence, leaving said centerline, South 25°41'20" West 188.46 feet;
Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of official records, in said office of the county recorder of Twin Falls County;
Thence, North 70°15'00" West 439.41 feet along said Northeasterly boundary to said REAL POINT OF BEGINNING.

EXHIBIT 5                          Page 294 of 300

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

PARCEL NO. 2:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 9:        Being a portion of that certain 14.31 acre parcel of land as shown on that certain Record of Survey recorded March 17, 2016, as Instrument No. 2016-004084, of official record, in the office of the County Recorder of Twin Falls County, said parcel of land also being a portion of Government Lots 9 and 11, more particularly described as follows:

Commencing at the West quarter corner of said Section 9, said corner bears North 00°52'28" West 2641.88 feet from the Southwest corner of said Section 9; Thence, North 00°54'26" West 2356.96 feet along said West boundary to a point on the centerline of River Road (County Road); Thence, South 86°36'57" East 369.14 feet along said centerline;
Thence, along the arc of a tangent 1156.07 foot radius curve to the left, through a central angle of 06°18'51"; an arc distance of 127.40 feet and a chord distance of 127.34 feet that bears South 89°46'23" East along said centerline and being the REAL POINT OF BEGINNING;
Thence, leaving said centerline, South 25°41'20" West 188.46 feet;
Thence, South 00°55'00" East 739.37 feet to a point on the Northeasterly boundary of that certain Plat entitled "Paulson Subdivision", recorded May 4, 2001, as instrument number 2001-007826, of official records, in the office of the county recorder of Twin Falls County;
Thence, South 70°15'00" East 297.66 feet along said Northeasterly boundary;
Thence, continuing along said Northeasterly boundary, South 62°07'00" East 7.41 feet to the Southeast corner of said parcel of land;
Thence, North 00°55'00" West 1041.23 feet along the East boundary of said parcel of land to a point on said centerline of River Road;
Thence, along the arc of a non-tangent 1156.07 foot radius curve to the right, through a central angle of 10°01'48", an arc distance of 202.38 feet and a chord distance of 202.12 feet that bears South 82°03'18" West along said centerline to said REAL POINT OF BEGINNING.

Subject to a 25.00 foot wide county roadway easement being parallel with and adjoining the North boundary of the hereinabove described parcel.

TRACT NO. M – TWIN FALLS COUNTY

PARCEL NO. 1:
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 17:        A parcel of land located in a portion of N½NE¼ and SW¼NE¼, being more particularly described as follows:

Commencing at the North quarter corner of Section 17 and being THE REAL POINT OF BEGINNING;
Thence South 89°13'29" East, 2666.01 feet to the Northeast corner of Section 17;
Thence South 00°36'24" East, 1021.06 feet along the East boundary of Section 17;
Thence North 89°22'41" West, 700.00 feet;
Thence South 00°36'24" East, 300.00 feet to a point in the South boundary of NE¼NE¼, Section 17;
Thence North 89°22'41" West, 633.33 feet to the Northeast corner of SW¼NE¼, Section 17;
Thence South 00°35'19" East, 732.86 feet along the East boundary of SW¼NE¼, Section 17;

EXHIBIT 5                    Page 295 of 300

Thence North 89°45'41" West, 296.45 feet (shown of record to be 285.9 feet) along the Southerly boundary of that parcel of land described in Deed Instrument No. 840798;

Thence North 30°40'41" West, 288.06 feet along said boundary;

Thence South 59°19'19" West, 51.25 feet along said boundary to the center of a concrete headgate spillway mentioned in said Deed Instrument No. 840798;

Thence along the spillway ditch mentioned in said Deed Instrument as follows:

North 59°30'03" West, 21.92 feet;

North 43°49'26" West, 37.21 feet;

North 37°12'27" West, 43.12 feet;

North 54°06'58" West, 164.97 feet;

North 53°53'37" West, 113.31 feet;

North 53°08'10" West, 250.16 feet;

North 47°43'30" West, 52.14 feet;

North 50°09'39" West, 67.78 feet;

North 57°46'28" West, 18.15 feet;

North 74°23'53" West, 19.55 feet;

North 80°13'05" West, 18.06 feet;

North 89°26'44" West, 214.21 feet to a point on the West boundary of NE¼, Section 17;

Thence North 00°34'15" West, 40.03 feet to the Southwest corner of NW¼NE¼, Section 17;

Thence North 00°34'15" West, 1328.18 feet along the West boundary of said NW¼NE¼, to THE REAL POINT OF BEGINNING.

PARCEL NO. 2:

TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,

TWIN FALLS COUNTY, IDAHO

Section 9:          Part of the W½, more particularly described as follows:

Beginning at the Southwest corner of said Section;

Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9;

Thence North 00°05'48" West, 380.00 feet;

Thence North 89°54'12" East, 567.06 feet;

Thence South 01°56'02" East, 380.20 feet to the South boundary of Section 9;

Thence North 89°54'12" East, 1,216.54 feet to the South quarter corner of Section 9;

Thence North 00°25'31" West, 2,384.42 feet;

Thence South 89°09'26" West, 75.00 feet to the Southwest corner of Tract No. 7 as shown on the survey recorded in Book 28, Page 1589 as Instrument No. 713365, records of Twin Falls County, Idaho;

Thence South 00°25'31" East, 342.23 feet;

Thence along a curve left:

Delta - 76°48'26"

Radius - 1,355.74 feet

Arc - 1,817.42 feet

Chord - 1,684.36 feet

Long Chord Bearing - North 53°43'40" West;

Thence along a curve right:

Delta - 28°36'58"

Radius - 500.00 feet

Arc - 249.72 feet

Chord - 249.14 feet

Long Chord Bearing - North 77°49'24" West;

Thence North 63°30'55" West, 1,187.91 feet;

EXHIBIT 5          Page 296 of 300

Thence South 00°55'00" East, 3,624.43 feet along the West boundary of Section 9 to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.00 foot wide county road easement along the West and South boundaries.

AND SUBJECT TO a 50.00 foot wide access and utility easement located in Section 9, described as follows:

Commencing at the Southwest corner of said Section 9;
Thence North 89°54'12" East, 2,669.95 feet to THE TRUE POINT OF BEGINNING, said point lies South 89°54'12" West, 25.00 feet from the South quarter corner of said Section 9;
Thence North 00°25'31" West, 2,384.10 feet;
Thence South 89°09'28" West, 50.00 feet;
Thence South 00°25'31" East, 2,383.44 feet to the South boundary of Section 9;
Thence North 89°54'12" East, 50.00 feet to THE TRUE POINT OF BEGINNING.

SAVE AND EXCEPT the East 75 feet thereof

ALSO EXCEPTING the following described:

Commencing at the Southwest corner of said Section 9, from which the South quarter corner of Section 9 bears North 89°54'12" East, 2695.04 feet, said Southwest corner of Section 9 being THE TRUE POINT OF BEGINNING;
Thence North 00°52'42" West along the West boundary of the SW¼ of Section 9 for a distance of 1032.21 feet;
Thence South 88°22'24" East for a distance of 85.17 feet;
Thence South 38°24'37" East for a distance of 258.67 feet;
Thence South 40°28'04" East for a distance of 84.45 feet;
Thence South 43°23'07" East for a distance of 80.22 feet;
Thence South 45°07'17" East for a distance of 91.34 feet;
Thence North 82°31'01" East for a distance of 16.96 feet;
Thence South 45°54'58" East for a distance of 173.02 feet;
Thence South 69°19'28" East for a distance of 318.78 feet;
Thence North 75°17'34" East for a distance of 30.82 feet;
Thence South 86°36'38" East for a distance of 444.53 feet;
Thence North 88°54'26" East for a distance of 333.64 feet;
Thence South 01°04'37" West for a distance of 359.90 feet;
Thence South 22°21'58" East for a distance of 37.36 feet to a point on the South boundary of the SW¼ of said Section 9;
Thence South 89°54'12" West along the South boundary of the SW¼ of Section 9 for a distance of 1658.59 feet to THE TRUE POINT OF BEGINNING.

SUBJECT TO a 25.0 foot wide county road easement along the South and West boundaries of the before described parcel.
EXCEPT a parcel of land located in the SW¼ of said Section 9, Township 9 South, Range 15 East of the Boise Meridian, Twin Falls County, Idaho, being more particularly described as follows:
Commencing at the Southwest corner of Section 9, said point lies South 89°54'12" West, 2694.95 feet from the South quarter of Section 9;
Thence North 89°54'12" East, 899.16 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING;
Thence North 00°05'48" West, 380.00 feet;
Thence North 89°54'12" East, 567.06 feet;
Thence South 01°56'02" East, 380.20 feet to a point on the South boundary of Section 9;

EXHIBIT 5                    Page 297 of 300

Thence South 89°54'12" West, 579.25 feet along the South boundary of Section 9 to THE REAL POINT OF BEGINNING.

TOGETHER WITH a 20.00 foot wide non-exclusive vehicular access easement parallel with, adjoining and East of the East boundary of the above excepted parcel.

AND SUBJECT TO a 25.00 foot wide county roadway easement parallel with and adjoining the South boundary of the above excepted parcel.

PARCEL NO. 3
TOWNSHIP 9 SOUTH, RANGE 15 EAST OF THE BOISE MERIDIAN,
TWIN FALLS COUNTY, IDAHO

Section 16:      NW¼NW¼, EXCEPT the South 190 feet of the West 490 feet thereof.

SUBJECT TO Highway District right of way.

PARCEL NO. 4:
A Right-of-Way over an existing roadway across the South 190 feet of the West 490 feet of the NW¼NW¼ of said Section for ingress and egress as created by Warranty Deed by and between Gerald G. Akland and Ann Akland, husband and wife, Grantors unto James E. Paulson and Glennys Paulson, husband and wife, grantees, dated January 6, 1982 and recorded January 18, 1982 as Instrument No. 815467, records of Twin Falls County, Idaho.

TRACT N – JEROME COUNTY

PARCEL NO. 1:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:      NW¼ and that part of the W½NE¼ lying West of the Main Canal of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM that portion thereof conveyed to the State of Idaho for highway purposes and particularly described as follows:

A parcel of land being on both sides of the centerline of Interstate 80N, Project No. I-80N-3(18)191 Highway Survey as shown on the plans thereof now on file in the office of the Department of Highways of the State of Idaho, and being a portion of the N½NW¼ and a portion of the NW¼NE¼ of Section 12, Township 10 South, Range 20 East Boise Meridian, described as follows:

Beginning at the Northwest corner of Section 12, Township 10 South, Range 20 East Boise Meridian, which corner bears North 0°01'06" East, 125.00 feet from Station 375+50.15 of said Interstate 80N, Project No. I-80N-3(18)191 Highway Survey;
Thence North 89°50'44" East along the North line of said Section 12 a distance of 3110.59 feet to a point in the centerline of the Main Canal of the North Side Canal Co., that bears North 0°12'06" East, 136.42 feet from Station 406+59.84 of said Highway Survey;
Thence South 30°32'54" East along the centerline of said canal 344.92 feet to a point in a line parallel with and 160.00 feet Southerly from the centerline and bears South 0°12'06" West from Station 408+36.19 of said Highway Survey;
Thence North 89°47'54" West along said parallel line 817.76 feet to a point opposite Station 400+18.43 and angle point of 0°11'00" left of said Highway Survey;

EXHIBIT 5                    Page 298 of 300

Thence South 86°19'16" West, 1089.74 feet to a point that bears South 0°01'06" West 230.29 feet from Station 389+30.47 of said Highway Survey;

Thence South 71°05'03" West, 564.86 feet to a point that bears South 0°01'06" West, 413.57 feet from Station 383+96.17 of said Highway Survey;

Thence South 56°08'59" West, 639.57 feet to a point in a line parallel with and 770.00 feet Southerly from the centerline and bears South 0°01'06" West from Station 378+65.12 of said Highway Survey;

Thence North 89°58'54" West along said last parallel line 262.21 feet to a point opposite Station 376+02.91 of said Highway Survey;

Thence South 0°11'14" East, 245.38 feet to a point that bears South 0°01'06" West, 1015.38 feet from Station 376+03.79 of said Highway Survey;

Thence South 7°31'58" West, 186.13 feet to a point that bears South 0°01'06" West, 1199.90 feet from Station 375+79.34 of said Highway Survey;

Thence South 89°48'46" West, 25.00 feet to a point in the West line of said Section 12 that bears South 0°01'06" West, 1200.00 feet from Station 375+54.34 of said Highway Survey;

Thence North 0°11'14" West along said West line 1325.00 feet, more or less, to THE PLACE OF BEGINNING.

ALSO included that part of the NW¼SW¼ and the E½SW¼ lying North and East of Gravity Lateral of North Side Canal Co., Ltd., and that part of the SW¼SW¼ lying North and East of the "C" Lateral of the North Side Canal Co., Ltd., all in Section 12, Township 10 South, Range 20 East Boise Meridian, Jerome County, Idaho.

ALSO included that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East Boise Meridian, lying North and East of the Gravity Lateral of the North Side Canal Co., Ltd.

EXCEPTING THEREFROM the following described tracts:

Tract No. 1:
A parcel of land in the SE¼NW¼ of Section 12, described as follows:

From the Northwest Section Corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West; Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING.
From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;
Thence a distance of 170.3 feet on a bearing of South 0°05' East;
Thence a distance of 171.8 feet on a bearing of South 89°55' West;
Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

Tract No. 2:
Part of the W½NE¼ of Section 12, described as follows:

Beginning at the East Quarter corner for Section 12; Thence South 89°59'38" West, 2196.92 feet; Thence along the Southerly boundary of the NE¼ of said Section 12 to the center of the Northside Canal Company "Northside Main Canal" the TRUE POINT OF BEGINNING;
Thence South 89°59'38" West, 143.26 feet along said boundary;
Thence North 32°42'37" East, 620.34 feet;
Thence North 9°07'14" East, 226.05 feet;
Thence North 5°52'42" West, 1318.85 feet;
Thence North 12°10'06" West, 287.93 feet to the Southerly boundary of frontage road;
Thence East 130.00 feet to the center of the "Northside Main Canal";
Thence along said center line of canal the following courses:
South 12°10'06" East, 287.93 feet;
South 4°13'54" East, 1315.50 feet;

EXHIBIT 5                    Page 299 of 300

South 5°50'27" West, 224.36 feet;
South 29°38'17" West, 600.51 feet to THE TRUE POINT OF BEGINNING.

Tract No. 3:
That part of the SW¼ of Section 12 and that part of the NE¼NW¼ of Section 13, Township 10 South, Range 20 East of the Boise Meridian, Jerome County, Idaho, described as follows:

Beginning at the Southeast corner of Section 12; Thence South 89°49'40" West, 2645.16 feet along the Southerly boundary to the South Quarter corner of Section 12, THE TRUE POINT OF BEGINNING;
Thence South 0°16'08" East, 562.06 feet along the Easterly boundary of NE¼NW¼, Section 13;
Thence North 22°15'00" West, 606.53 feet to the Northerly boundary of Section 13;
Thence North 0°52'09" West, 857.85 feet;
Thence North 0°20'27" West, 894.57 feet;
Thence North 28°39'42" East, 499.12 feet to the Easterly boundary of SW¼, Section 12;
Thence South 0°09'22" East, 2189.59 feet along said Easterly boundary to THE TRUE POINT OF BEGINNING.

PARCEL NO. 2:
TOWNSHIP 10 SOUTH, RANGE 20 EAST OF THE BOISE MERIDIAN,
JEROME COUNTY, IDAHO

Section 12:        A parcel of land located in the SE¼NW¼, more particularly described as follows:

From the Northwest section corner of Section 12, Township 10 South, Range 20 East Boise Meridian, a distance of 2187.6 feet along the West section line of Section 12 on a bearing of South 0°01' West;
Thence 1756.3 feet on a bearing of North 87°25' East to THE POINT OF BEGINNING;
From this Point of Beginning, a distance of 172.0 feet on a bearing of North 87°25' East;
Thence a distance of 170.3 feet on a bearing of South 0°05' East;
Thence a distance of 171.8 feet on a bearing of South 89°55' West;
Thence a distance of 162.8 feet on a bearing of North 0°05' West to THE POINT OF BEGINNING.

EXHIBIT 5                    Page 300 of 300