# NOTE

**October 20, 2022**

Loan # R4014
Jerome County, ID

1. **BORROWERS' PROMISE TO PAY**

   In return for a loan that Millenkamp Cattle, Inc., an Idaho corporation, Millenkamp Family LLC, an Idaho limited liability company, Millenkamp Properties II LLC, an Idaho limited liability company, Millenkamp Properties, L.L.C., an Idaho limited liability company, East Valley Cattle, LLC, an Idaho limited liability company, Idaho Jersey Girls Jerome Dairy LLC, an Idaho limited liability company, and William J. Millenkamp, an individual (Millenkamp Cattle, Inc., Millenkamp Family LLC, Millenkamp Properties II LLC, Millenkamp Properties, L.L.C., East Valley Cattle, LLC, Idaho Jersey Girls Jerome Dairy LLC, and William J. MIllenkamp are collectively referred to herein as, "Borrowers") have received, Borrowers promise to pay U.S. **$2,549,750.00** (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Conterra Agricultural Capital, LLC**. Borrowers will make all payments under this Note in the form of cash, check or money order.

   Borrowers understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is also called the "Lender."

2. **INTEREST**

   So long as no Event of Default exists under this Note, interest will be charged on unpaid principal until the full amount of Principal has been paid. Borrowers will pay interest at a yearly rate of **10.250%**.

   After and during the continuance of any Event of Default under this Note, interest will be charged on unpaid Principal at the interest rate stated in Section 7 of this Note.

3. **SCHEDULED PAYMENTS**
   **(A) Time and Amount of Payments**
   Borrowers will make: (i) 1 principal payment in the amount of $3,250.34, plus interest calculated from the date of closing on the unpaid principal balance at 10.250% per annum, due and payable on November 1, 2022, (ii) 22 consecutive monthly Principal and interest payments of $25,029.45 each due and payable on the first day of each month, beginning December 1, 2022, (iii) and the final payment due and payable on October 20, 2024, which is herein referred to as the "Maturity Date", in an amount equal to all remaining Principal and all accrued and unpaid interest, plus any accrued fees, costs, and expenses.

   **(B) Place of Payments**
   Borrowers will make payments at **5465 Mills Civic Parkway, Suite 201, West Des Moines, IA 50266** or at a different place if required by Lender

4. **INTEREST CALCULATION**
   Interest on this Note is computed on a 30/360 simple interest basis; that is, with exception of the month in which the loan settlement occurs, monthly interest is calculated by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding unpaid Principal balance, multiplied by a month of 30 days. The month in which the loan settlement date occurs, interest shall accrue on a "30/360" basis from and including the settlement date to and including the last day of such month, calculated as if such month had 30 days. (For example, if this Note had settled on either February 15 or March 15, in either case, there would be 15 days of interest for the remainder of that first month.) Unless required by applicable law, payments will be applied first to collection expenses and protective advances, second to interest, third to unpaid Principal, and finally to late charges.

5. **PREPAYMENTS.**
   **6-month lockout:** Upon payment of 6 months interest, as calculated from the funding date of this Note, Borrowers may prepay all or any portion of the Principal of this Note. Concurrently with any permitted prepayment of

**MULTISTATE FIXED RATE NOTE - UNIFORM INSTRUMENT**

the unpaid Principal balance of this Note, Borrowers shall pay any unpaid interest accrued on such Principal amount from the date to which interest was last paid to the next installment payment date.

6. **BORROWERS' FAILURE TO PAY AS REQUIRED**
    (A)    **Late Charge for Overdue Payments**
    If any installment of Principal or interest is not received by Lender by the end of the 10th calendar day after the date it is due, a late fee shall be payable at a rate which is equal to 5% per annum above the current rate of interest under this Note, subject to a minimum interest charge of 5%.
    (B)    **Default**
    If Borrowers do not pay the full amount of each installment on the date it is due, Borrowers will be in default and such failure to pay the full amount of any installment on the date it is due will be considered an Event of Default.
    (C)    **Notice of Default**
    Upon the occurrence and during the continuance of any Event of Default under this Note, and if allowed by applicable law, Lender may send Borrowers a written notice telling Borrowers that if Borrowers do not pay the overdue amount by a certain date Lender may require Borrowers to pay immediately the full amount of Principal which has not been paid and all the interest and any applicable fees and costs that Borrowers owe on that amount.
    (D)    **No Waiver By Lender**
    Even if after and during the continuance of any Event of Default under this Note, Lender does not require Borrowers to pay immediately in full as described above, Lender will still have the right to do so if an Event of Default occurs or is continuing at any later time.
    (E)    **Payment of Lender's Costs and Expenses**
    Upon the occurrence of any Event of Default under this Note or if Lender has required Borrowers to pay immediately in full as described above, Lender will have the right to be paid back by Borrowers for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. If allowed by applicable law those expenses include, for example, reasonable attorneys' fees.

7. **INTEREST AFTER DEFAULT**
    Upon the occurrence and during the continuance of any Event of Default under this Note, including failure to pay upon final maturity, at Lender's option, Lender may add any unpaid interest to Principal and such sum will bear interest there from until paid at the rate provided in this Note (including any increased interest rate). From and after the occurrence of any Event of Default, whether by nonpayment, maturity, acceleration, nonperformance or otherwise, and until such default has been cured, all outstanding amounts due under this Note shall bear interest at a rate equal to 18% per annum, or the maximum legal rate allowed by applicable state law if this rate is in excess of the maximum rate.

8. **ANNUAL FINANCIAL STATEMENTS**
    Borrowers agree to provide Lender with updated financial statements and other requested financial reports, including tax returns, annually on the anniversary date of the date of this Note or at such other reasonable times as Lender may request. The failure of Borrowers to provide annual financial statements or other requested reports within a reasonable time may be declared to be an Event of Default under this Note by Lender and Lender may exercise all remedies under Section 6 of this Note or as provided elsewhere in this Note.

9. **DISSEMINATION OF INFORMATION**
    If Lender determines at any time to sell, transfer or assign this Note, the Security Instrument, as defined below, and any other security instruments, and any or all servicing rights with respect thereto, or to grant participations therein ("Participations") or issue, in a public offering or private placement, mortgage pass-through certificates or other securities evidencing a beneficial interest in the loan ("Securities"), Lender may forward to each purchaser, transferee, assignee, servicer, participant, investor, or their respective successors in such Participations and/or Securities ("collectively, the "Investor"), any rating agency rating such Securities and each prospective Investor, all documents and information which Lender now has or may hereafter acquire relating to the Indebtedness and to Borrowers, any guarantor, any indemnitors and the Property, which shall have been furnished by Borrowers, any guarantor or any indemnitors, as Lender determines necessary or desirable.

**MULTISTATE FIXED RATE NOTE - UNIFORM INSTRUMENT**

**10. LENDER ADVANCES**

Lender may make advances under the Security Instrument, as defined below, providing security for this Note, to protect the Lender's interest in the Security Instrument or other instrument providing security for this Note from loss of value or damage. Any money so advanced (including reasonable costs of recovery and attorneys' fees) plus interest at the default rate stated in Section 7 of this Note shall become an obligation due and owing under the terms of this Note immediately upon the date advanced by Lender and is an obligation of Borrowers secured by the Security Instrument or other instrument providing security for this Note.

**11. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrowers under this Note will be given by delivering it or by mailing it by first class mail to Borrowers at 10865S 13790W, Centerfield, Utah 84622, or at a different address if Borrowers gives Lender a notice of Borrowers' different address.

Any notice that must be given to Lender under this Note will be given by delivering it or by mailing it by first class mail to Lender at the address stated in Section 3(B) above or at a different address if Borrowers are given a notice of that different address.

**12. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

Each of the Borrowers, and each person executing this Note on any one of the Borrowers' behalf, represents and warrants to Lender that by its execution below, such person has the full power, authority and legal right to execute and deliver this Note, and is obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed and any additional amounts incurred under the terms of this Note. Each of the Borrowers also represents and warrants that any person who is a guarantor, surety or endorser of this Note is also obligated to keep all promises made in this Note, including the promise to pay the full amount owed and any additional amounts incurred under the terms of this Note. Lender may enforce its rights under this Note against each of the Borrowers and each person executing or guaranteeing this Note on such Borrowers' behalf, individually or against all such persons together. Any one of the Borrowers or any person guaranteeing this Note on any of the Borrowers' behalf may be required to pay all amounts due or incurred under this Note.

**13. WAIVERS**

Borrowers and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**14. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Lender under this Note, one or more Deeds of Trust or Mortgages (each a "Security Instrument"), dated the same date as this Note, protects the Lender from possible losses which might result if Borrower does not keep the promises which Borrowers make in this Note. That Security Instrument describes how and under what conditions Borrowers may be required to make immediate payment in full of all amounts Borrower owes under this Note. Some of those conditions are described as follows:

> If all or any part of the Property or any Interest in the Property is sold or transferred without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

**15. USURY**

The parties to this Note intend and agree that the indebtedness evidenced by this Note and any related documents shall remain in compliance with any usury provisions of the state within which this Note was made by

**MULTISTATE FIXED RATE NOTE - UNIFORM INSTRUMENT**

Borrowers. This Note and any related documents are subject to the express condition that at no time shall the Borrowers be obligated, or required, to pay interest on the principal balance at a rate that could subject Lender to either civil or criminal liability as a result of such rate being in excess of the maximum rate which Lender is permitted to charge. If, by the terms of this Note, Borrowers are, at any time, required or obligated to pay interest on the principal balance at a rate in excess of such maximum rate, then the rate of interest under this Note shall be deemed to be immediately reduced to such maximum rate, and interest payable hereunder shall be computed at such maximum rate, and any portion of all prior Interest payments in excess of such maximum rate shall be applied, and/or shall retroactively be deemed to have been payments made, in reduction of the Principal balance.

16. **EVENT OF DEFAULT**

The occurrence of any one or more of the following shall constitute an "Event of Default" under this Note, the Security Instrument, and any related loan documents, as such term is used herein:

(A)  If Borrowers fail to repay any interest or Principal under the Note when due;

(B)  If Borrowers default in any material respect in the performance of any of the other covenants, agreements and obligations of Borrowers or any other obligated party under the Security Instrument or any related loan documents involving the payment of money and fails to cure such default within ten (10) days;

(C)  If Borrowers default in any material respect in the performance of any of such Borrowers' non-monetary covenants, agreements and obligations under this Note, the Security Instrument or any related loan documents and fails to cure such default within thirty (30) days after written notice thereof from Lender;

(D)  If any representation or warranty, statement, report or certificate now or hereafter made by Borrowers, was not true and correct in any material respect when made;

(E)  If any bankruptcy or insolvency petition is filed by or against Borrowers under the Federal Bankruptcy Code or any similar state or federal Law, whether now or hereafter existing (and, in the case of involuntary proceedings, failure to cause the same to be vacated, stayed or set aside within thirty (30) days after filing);

(F)  If a default occurs under the Security Instrument or any of the related loan documents and continues beyond the applicable grace period, if any, contained therein;

(G)  If Borrowers (or any other obligated party under the Security Instrument) transfers any interest in the Property in violation of Section 15 of the Security Instrument; provided, however, that Borrowers shall have the right to prepay the Principal balance of the Note, in whole or in part, subject to the prepayment conditions and any other applicable costs and fees, as further set forth in this Note.

**BORROWERS:**

Millenkamp Cattle, Inc.,
an Idaho corporation

_____ Date
Signature
William J. Millenkamp, President

Millenkamp Family LLC,
an Idaho limited liability company

_____ Date
Signature
William J. Millenkamp, Manager

_____ Date
Signature
Susan J. Millenkamp, Manager

MULTISTATE FIXED RATE NOTE - UNIFORM INSTRUMENT

4

EXHIBIT 6                    Page 4 of 7

Millenkamp Properties II LLC,
an Idaho limited liability company
  By: Millenkamp Family LLC, its Member

  By: _____
     Signature                     Date
     William J. Millenkamp, Manager

  By: _____
     Signature                     Date
     Susan J. Millenkamp, Manager

Millenkamp Properties, L.L.C.,
an Idaho limited liability company
  By: Millenkamp Family LLC, its Member

  By: _____
     Signature                     Date
     William J. Millenkamp, Manager

  By: _____
     Signature                     Date
     Susan J. Millenkamp, Manager

East Valley Cattle, LLC,
an Idaho limited liability company

_____
Signature                     Date
William J. Millenkamp, Member

Idaho Jersey Girls Jerome Dairy LLC,
an Idaho limited liability company

_____
Signature                     Date
William J. Millenkamp, Managing Member

_____
Signature                     Date
Susan J. Millenkamp, Managing Member

William J. Millenkamp,
an individual

_____
Signature                     Date
William J. Millenkamp

*[Sign Originals Only]*

---

MULTISTATE FIXED RATE NOTE - UNIFORM INSTRUMENT

5

PAY TO THE ORDER OF
**Rooster Capital IV LLC**
WITHOUT RECOURSE

**Conterra Agricultural Capital, LLC**

_____
Signature
**Mark A. Smith, COO & General Counsel**

---

MULTISTATE FIXED RATE NOTE - UNIFORM INSTRUMENT

6

EXHIBIT 6　　　　Page 6 of 7

## Allonge to Promissory Note

Loan # R4014

For purposes of further endorsement of the following described Note, this Allonge is affixed and becomes a permanent part of said Note:

Note Date: **October 20, 2022**

Original Amount: **$2,549,750.00**

Borrower Names: **Millenkamp Cattle, Inc., Millenkamp Family LLC, Millenkamp Properties II LLC, Millenkamp Properties, L.L.C., East Valley Cattle, LLC, Idaho Jersey Girls Jerome Dairy LLC, and William J. Millenkamp**

Property Address: **80 +/- Acres of Agricultural Land**, Jerome County, Idaho

PAY TO THE ORDER OF

**Rooster Capital IV LLC, a Delaware limited liability company**

WITHOUT RECOURSE

**Conterra Agricultural Capital, LLC**

_____
Signature
**Mark A. Smith, COO & General Counsel**

Allonge to Promissory Note

1

EXHIBIT 6    Page 7 of 7