## MILK CHECK ASSIGNMENT AGREEMENT FOR GLANBIA FOODS, INC.

1. **DATE, NAMES OF PARTIES AND ADDRESSES**
   1.1 **Date.** This Agreement is made as of October 26, 2022
   1.2 **Buyer.** Glanbia Foods, Inc., an Idaho corporation, whose address is 121 4th Ave S., Twin Falls, Idaho 83301, is referred to as the "Buyer".
   1.3 **Producer.** The name and address of the "Producer" is:
   Idaho Jersey Girls Jerome Dairy
   #6468
   The Producer's telephone number is: 208-324-2350
   The Producer's social security or federal identification number is: 81-4713431
   1.4 **Creditor.** The name and address of the "Creditor" is:

   Conterra Agricultural Capital, LLC
   5465 Mills Civic Parkway, Suite 201
   West Des Moines, IA 50266
   855-381-3451
   Creditor's social security or federal identification number is: 46-3023816

2. **Assignment.**
   2.1 Buyer may purchase milk from Producer. In the event that Buyer purchases milk from Producer, Buyer pays for milk delivered by Producer from the 1st through the 15th of the month on the 1st day of the following month and for milk delivered by Producer from the 16th through the last day of the month, on the 18th day of the following month.
   2.2 Producer hereby assigns to Creditor all or a specified portion of Producer's milk payments from Buyer as set forth in Section 3 below.

3. **Scope of Authority and Assignment.** Pursuant to this Agreement, Buyer is authorized to deduct the sum of $25,029.45 [ X ] leach month, or [ ] from each semi-monthly check *[check only one box]*, out of monies due from Buyer to Producer. Buyer agrees to pay such sum to Creditor, subject to the terms of this Agreement. Buyer shall never be obligated to pay Creditor more than is due and owing by Buyer to Producer.

4. **Covenant Not to Sue.** In consideration of Buyer entering into this Agreement, Creditor covenants not to sue Buyer on a conversion or other similar claim with respect to Buyer's purchase of Producer's milk.

5. **Effective Date.** The assignment provided for herein shall be effective for milk payments made after November 10, 2022. A fully completed and executed original of this Agreement shall be delivered to Buyer not later than 15 days prior to the "Effective Date."

6. **Perfection of Creditor's Security Interest.** Creditor represents that it has perfected its security interest in Producer's milk by, among other things, filing a properly completed and duly executed Farm Products Financing Statement (Form UCC-1F) with the Idaho Secretary of State prior to the date hereof. Creditor has attached its UCC-1F, stamped to evidence filing, to this Agreement. Creditor further represents that its security interest is the senior perfected security interest in Producer's milk. Creditor agrees that during the pendency of this Agreement it shall take all necessary action to ensure that its security interest shall remain perfected and in first priority. Should Creditor's security interest appear at anytime, in Buyer's sole discretion, not to be perfected or in first priority, Buyer shall not be obligated under Sections 2 or 3 of this Agreement. Creditor and Producer agree that they shall provide Buyer copies of the relevant documentation pertaining to the security interest upon Buyer's request. Creditor acknowledges and agrees that the validity, extent and priority of its security interests in Producer's milk shall be determined in accordance with applicable law, and that the validity, extent and priority of its security interests in Producer's milk are not determined by this Agreement.

7. **Representation and Warranties of Producer and Creditor.** The names, addresses and social security and/or federal identification numbers of the Producer and the Creditor are true, complete and correct.

MILK CHECK ASSIGNMENT AGREEMENT FOR GLANBIA FOODS, INC. -1

EXHIBIT 10                                                                                          Page 1 of 3

Revised 2/2006

8. **Amendments and Notices.** This Agreement can only be amended by a writing, signed by the Buyer, Producer and Creditor. Notwithstanding the foregoing or anything else herein, in the event that Creditor delivers Buyer a valid notice under Idaho Code Section 28-9-607(a) or similar law, the first sentence of Section 3 hereof shall be deemed to be overridden by such notice.

9. **Termination or Lapse.** The assignment provided for herein shall terminate on the earlier of **October 20, 2024**, or receipt by Buyer of written notice of termination signed and dated by Creditor.

10. **No Buyer Liability.** Buyer accepts this Agreement as a courtesy to Producer and Creditor. Buyer shall not be liable for any claims of any person which may be made against Buyer as a result of this Agreement or payments it makes, or fails to make, hereunder. Producer and Creditor, individually and jointly, agree to indemnify and hold Buyer harmless of and from any and all such claims or damages, including costs and attorney's fees Buyer may incur in connection with defending itself against such claims. In the event that Buyer needs legal services in order to determine a course of conduct relating to, or in light of, this Agreement, then Buyer and Producer, individually and jointly, agree to pay Buyer its costs and attorneys' fees incurred. In the event that Buyer determines, in its sole discretion, that it is necessary that it place disputed funds into an interpleader action, Producer and Creditor, individually and jointly, agree to pay Buyer its costs and attorney's fees incurred in such action. Buyer shall be entitled to include additional payees on the checks delivered to Creditor under this Agreement should Buyer deem it advisable to do so, in its sole discretion.

11. **Setoff.** Creditor agrees that Buyer may set off any obligation of Producer to it against its payments to Producer and that Buyer's right of setoff shall be senior to Creditor's security interest and Creditor's rights under this Agreement.

12. **Choice of Law.** This Agreement shall be interpreted in accordance with the laws and statutes of the State of Idaho, without giving effect to any choice of law provision that would result in the application of the substantive law of another jurisdiction.

13. **Partial Invalidity.** In the event any provision of this Agreement or part thereof shall be determined invalid, void or otherwise unenforceable, the remaining provisions shall remain in full force and effect, and shall in no way be affected, impaired or invalidated, it being understood that such remaining provisions shall be construed in a manner most closely approximating the intention of the parties with respect to the invalid, void or unenforceable provision or part thereof.

14. **Headings.** The headings of the sections in this Agreement shall not be used by any court or fact-finder to interpret the language of the Agreement.

_____
Print Producer's Name

_____
Signature/Title of Producer's Authorized Agent

ACCEPTED ON _____, 20__.

GLANBIA FOODS, INC.

By:_____

_____
Print Name and Title

Mark A Smith, COO & General Counsel
Print Creditor's Name

*[signature]*
Signature/Title of Cred        orized Agent

35067 73_2.DOC
MILK CHECK ASSIGNMENT AGREEMENT FOR GLANBIA FOODS, INC. -2
Revised 2/2006

EXHIBIT 10                                                                    Page 2 of 3

8. **Amendments and Notices.** This Agreement can only be amended by a writing, signed by the Buyer, Producer and Creditor. Notwithstanding the foregoing or anything else herein, in the event that Creditor delivers Buyer a valid notice under Idaho Code Section 28-9-607(a) or similar law, the first sentence of Section 3 hereof shall be deemed to be overridden by such notice.

9. **Termination or Lapse.** The assignment provided for herein shall terminate on the earlier of <u>October 20, 2024</u>, or receipt by Buyer of written notice of termination signed and dated by Creditor.

10. **No Buyer Liability.** Buyer accepts this Agreement as a courtesy to Producer and Creditor, Buyer shall not be liable for any claims of any person which may be made against Buyer as a result of this Agreement or payments it makes, or fails to make, hereunder, Producer and Creditor, individually and jointly, agree to indemnify and hold Buyer harmless of and from any and all such claims or damages, including costs and attorney's fees Buyer may incur in connection with defending itself against such claims. In the event that Buyer needs legal services in order to determine a course of conduct relating to, or in light of, this Agreement, then Buyer and Producer, individually and jointly, agree to pay Buyer its costs and attorneys' fees incurred. In the event that Buyer determines, in its sole discretion, that it is necessary that it place disputed funds into an interpleader action, Producer and Creditor, individually and jointly, agree to pay Buyer its costs and attorney's fees incurred in such action. Buyer shall be entitled to include additional payees on the checks delivered to Creditor under this Agreement should Buyer deem it advisable to do so, in its sole discretion.

11. **Setoff.** Creditor agrees that Buyer may set off any obligation of Producer to it against its payments to Producer and that Buyer's right of setoff shall be senior to Creditor's security interest and Creditor's rights under this Agreement.

12. **Choice of Law.** This Agreement shall be interpreted in accordance with the laws and statutes of the State of Idaho, without giving effect to any choice of law provision that would result in the application of the substantive law of another jurisdiction.

13. **Partial Invalidity.** In the event any provision of this Agreement or part thereof shall be determined invalid, void or otherwise unenforceable, the remaining provisions shall remain in full force and effect, and shall in no way be affected, impaired or invalidated, it being understood that such remaining provisions shall be construed in a manner most closely approximating the intention of the parties with respect to the invalid, void or unenforceable provision or part thereof.

14. **Headings.** The headings of the sections in this Agreement shall not be used by any court or fact-finder to interpret the language of the Agreement.

Print Producer's Name: *MillenKamp Cattle, Inc. / Idaho Jersey Girls Lorom Dairy*

Signature/Title of Producer's Authorized Agent: *Bill Miller*

Print Creditor's Name: _____

Signature/Title of Creditor's Authorized Agent: _____

ACCEPTED ON *Nov 17*, 20*22*

GLANBIA FOODS, INC.

By: *Russ De Kruyf*

Print Name and Title: *Russ De Kruyf - Sr. Dir Milk Procurement*

35067 73_2.DOC
MILK CHECK ASSIGNMENT AGREEMENT FOR GLANBIA FOODS, INC. -2
Revised 2/2006

EXHIBIT 10                    Page 3 of 3